Omni Innovations LLC v. Ascentive LLC et al
Case 2:06-cv-01284-JCC   Document 4   Filed 10/03/2006   Page 1 of 4
Doc. 4

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington Limited Liability company; EMILY ABBEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ASCENTIVE, LLC, a Delaware limited liability company; ADAM SCHRAN, individually and as part of his marital community; JOHN DOES, I-X,<br><br>Defendants, | NO. 06-01284<br><br>DECLARATION OF JAMES S. GORDON, JR. IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL |

James S. Gordon, Jr. declares as follows:

1) I, James S. Gordon, Jr., am the principal member and owner of Omni Innovations, LLC ("Omni") the Plaintiff in the above captioned lawsuit. I am over the age of 18 and am otherwise competent to testify.

2) In 2002, I retained the legal services of Floyd E. Ivey to assist me in drafting contracts for Omni among other matters. Mr. Ivey's firm

-1
DECLARATION OF JAMES S. GORDON, JR.
IN SUPPORT OF MOTION TO DISQUALIFY DEFENDANTS'
COUNSEL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

invoiced me, and I paid them, for those services. Subsequently, and periodically over the next several years I also disclosed and discussed the business strategy of bringing anti-spam lawsuits in order to enforce my rights under the anti-spam laws, take action against the scourge of spam, and generate business income. I even discussed particular possible target defendants who had spammed me numerous times with Mr. Ivey. I was told by Mr. Ivey that he was very interested in the spam lawsuits. He even quoted me a cost to pursue them. I explained at the time that I expected to be paid by a former partner and could pay his fee with those funds. There was no doubt in my mind at the time that I had established an attorney-client relationship with Mr. Ivey. I certainly expected that all of my discussions, and the confidences I had shared with Mr. Ivey would be held in absolute confidentiality.

3) Mr. Ivey and I corresponded and talked (face-to-face) about spam lawsuits for approximately six months. It appears that I was being "strung along". Mr. Ivey said/did nothing to contraindicate his "very interested" comment to me.

4) Although I do not believe that I have retained all of the relevant documents and writings, some of the documents which substantiate my contention that I had established an attorney-client relationship with Mr. Ivey include: **Exhibit 1** – email dated 9/22/03; **Exhibit 2** – email dated 9/25/03; **Exhibit 3** – dated 9/30/03; **Exhibit 4** – dated 9/30/03 to Jamila Gordon; **Exhibit 5** –

-2
DECLARATION OF JAMES S. GORDON, JR.
IN SUPPORT OF MOTION TO DISQUALIFY DEFENDANTS'
COUNSEL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

dated 12/30/03; **Exhibit 6** – dated 4/4/05.

5) In early 2005 I advised my attorney, Douglas E. McKinley, Jr. that Mr. Ivey had represented me on another matter, and that we had also discussed strategies for bringing spam lawsuits. Mr. McKinley did not know during our first conversation the extent of the representation, and that an attorney-client relationship had been established, nor that substantial email communications existed between myself and Mr. Ivey.

6) The matter of Mr. Ivey's conflict of interest re-surfaced in 2005 with the advent of a second and third lawsuit in which Mr. Ivey undertook representation of those defendants, i.e. Gordon v. Ascentive and Gordon v. eFinancial. However, on this occasion I had located the emails that were exchanged with Mr. Ivey. Upon reading these emails, Mr. McKinley advised me that in his opinion there was a definite conflict. I was directed to the Washington State Bar Assn. (WSBA). My conversation with the individuals there led me to believe that the only recourse the WSBA had was to disbar Mr. Ivey. That outcome was too drastic. – so I did not pursue it at the time.

7) Upon Mr. Siegel's appearance on my and Omni's behalf in some of my cases, we put Mr. Ivey on notice of the conflict of interest, and requested that he disqualify himself voluntarily from pending cases, a request he declined.

8) I have made good faith efforts to challenge Mr. Ivey's

-3
DECLARATION OF JAMES S. GORDON, JR.
IN SUPPORT OF MOTION TO DISQUALIFY DEFENDANTS'
COUNSEL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

representation against me in these spam lawsuits, but he has refused to disqualify himself. Mr. Ivey never communicated to me about a potential conflict of interest, nor did he ever request that I execute a waiver of any conflict.

9) Now, particularly with Omni as a plaintiff, Mr. Ivey's continued representation of parties with adverse interests to Omni's and mine has become completely intolerable and unacceptable. Consequently, I ask that the Court act to disqualify him from further representation adverse to my and Omni's interests.

I declare under penalty of perjury under the laws of the State of Washington and of the United States that the foregoing is true and correct. Signed this 29th day of September, 2006

_____
James S. Gordon, Jr. for Omni Innovations, LLC
as its owner and managing member.

-4
DECLARATION OF JAMES S. GORDON, JR.
IN SUPPORT OF MOTION TO DISQUALIFY DEFENDANTS'
COUNSEL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717