1   FLOYD E. IVEY
    Liebler, Ivey, Connor, Berry & St. Hilaire
2   P. O. Box 6125
    Kennewick, WA 99336-0125
3   509-735-3581
    Attorneys for Defendant
4   Impulse Marketing Group, Inc.
    and Third Party Plaintiff

5

6   Klein, Zelman, Rothermel, & Dichter, L.L.P.
    By:    Sean Moynihan, Esq.; Peter Glantz
6   485 Madison Avenue
7   New York, New York 10022
    Telephone Number (212) 935-6020
8   Facsimile Number (212) 753-8101
    Attorneys for Defendant
9   Impulse Marketing Group, Inc.
    and Third Party Plaintiff

10

11  ROBERT SIEGEL
    Attorney At Law
    Attorney for Plaintiff

12

13                  UNITED STATES DISTRICT COURT FOR THE

14                  EASTERN DISTRICT OF WASHINGTON

15

16  JAMES S. GORDON, JR.,                    )        No. CV-04-5125-FVS
                                             )
17          Plaintiff,                       )
                                             )        DEFENDANT AND THIRD PARTY
18  vs.                                      )        PLAINTIFF'S INITIAL
                                             )        MEMORANDUM RESPONSE TO
18  IMPULSE MARKETING GROUP,                 )        THIRD PARTY PLAINTIFF'S
    INC.,                                    )        MOTIONS TO COMPEL AND TO
19                                           )        EXPEDITE
          Defendant                          )
20  _____         )        AND
                                             )
21  IMPULSE MARKETING GROUP,                 )        INITIAL MEMORANDUM
    INC.,                                    )        RESPONSE TO THIRD PARTY
22                                           )        DEFENDANT'S MOTION TO
            Third-Party Plaintiff,           )        DISQUALIFY COUNSEL
23  vs.                                      )
                                             )
24  BONNIE GORDON, et al.,                   )        WITHOUT ORAL ARGUMENT
                                             )
25          Third-Party Defendants.          )

26

27

28

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to
Disqualify - Page 1 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

INTRODUCTION

Third Party Defendants Mrs. Bonnie Gordon and Ms. Jamila Gordon have filed Motion to Compel or Amended Motion to Compel which incorporate within the body of the Motion to Compel a Motion to Disqualify Defendant Counsel Mr. Floyd E. Ivey.

Defendant and Third Party Plaintiff will move to bifurcate the Motion to Compel and the Motion to Disqualify.

## A. THIRD PARTY DEFENDANTS' MOTIONS TO COMPEL AND TO EXPEDITE

Third Party Defendants Mr. Pritchett and Mrs. Bonnie Gordon have noted Motions to Compel and to Expedite with hearings as early as March 9, 2006. The Court has denied Motions to Expedite and has set Mr. Pritchett's Motion to Compel for April 7, 2006 and Mrs. Bonnie Gordon's Motion to Compel for April 6, 2006.

Ms. Jamila Gordon has more recently noted a Motion to Compel for March 17, 2006 and a related Motion to Expedite for March 14, 2006.

All Third Party Defendants, other than James Gordon III, either unilaterally offered extensions for filing of Discovery Responses or agreed, on request, to extensions. All Responses were timely filed within the time allowed by such extensions. Responses to the Discovery from Mr. James Gordon III was served contemporaneously with a Motion for Extension of Time to File which is set for hearing in April.

Third Party Plaintiff has responded to all Third Party Defendant Discovery other than Discovery Propounded by Ms. Abbey which, as best judged by the envelope mailing stamp, was due on or about March 15, 2006. However, Ms. Abbey has communicated by email an extension of two weeks for responding by the Third Party Plaintiff.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    Specific issues of concern regarding the Motions to Compel by Mr.

2  Pritchett, Mrs. Bonnie Gordon and Ms. Jamila Gordon include the following:

3    1.  The Motions to Compel have not been preceded by the requisite

4  discovery conference and no certificate of conferring is found in the Motions to

5  Compel.

6    2.  The Discovery, including Interrogatories and Requests for Production, is

7  primarily directed to issues which would be of interest to the original Plaintiff

8  herein, Mr. James Gordon.

9    3.  The Discovery, including the Interrogatories and Requests for

10  Production primarily do not address issues related to the allegations raised in

11  Third Party Plaintiff's Complaint against the Third Party Defendants.

12    4.  Plaintiff Mr. James Gordon purports to represent his adult children Ms.

13  Jamila Gordon, Mr. Jonathan Gordon and Mr. James Gordon III via a Power of

14  Attorney and has executed discovery for each of these individuals.

15    5.  Third Party Defendants Mr. Pritchett, Ms. Jamila Gordon, Mr. Jonathan

16  Gordon and Mr. James Gordon III have filed, without leave of Court, Additional

17  Answer and Counterclaims against Third Party Plaintiff.  The Counterclaims

18  include RICO and Anti-SLAPP causes of action.

19

20    To the extent not rescheduled by the Court, Third Party Plaintiff Impulse

21  requests that the Motions to Expedite be denied and that the Motions to Compel be

22  consolidated for consideration on a single date in April.

23

24

25  B.  THIRD PARTY DEFENDANTS' MOTIONS TO DISQUALIFY COUNSEL

26    FOR DEFENDANT AND THIRD PARTY PLAINTIFF

27

28    Mrs. Bonnie Gordon and Ms. Jamila Gordon have filed, on March 9, 2006,

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  pleadings which implicitly constitute Motions to Disqualify counsel Floyd E. Ivey.

2  EXHIBITS A AND B to Declaration of Ivey.

3      The matter of attorney Ivey having provided limited services to Mr. James

4  Gordon, in the past, was discussed with Mr. Gordon's Counsel, Mr. McKinley, at

5  the earliest time in this matter.  Declaration of Ivey at page 2.  No objection was

6  made.

7      Attorney McKinley, in an email argument, on November 2, 2005, regarding

8  Plaintiff Mr. Gordon's execution of documents on behalf of Third Party

9  Defendants, commented on his review of volumes of email between attorney Ivey

10  and Mr. Gordon relative to electronic mail cases.  However, he advised that Mr.

11  Gordon declined to raise any question.  The email of November 2, 2005 is

12  annexed as EXHIBIT C to the Declaration of Ivey.

13      Attorney Siegel, in a letter of February 23, 2006, advises of a pending bar

14  complaint by Mr. Gordon and a Motion to Disqualify by Mr. Siegel.  Mr. Siegel's

15  letter is annexed as EXHIBIT G to the Declaration of Ivey.

16      These assertions of Disqualification follow Attorney Ivey's appearance in

17  the matters of Gordon v. Impulse, Gordon v. Ascentive and Gordon v. Efinancials,

18  LLC.  As of March 12, 2006, more than 255 filings have been made in the

19  Impulse case with all filings on behalf of Impulse made by Ivey.  In the Ascentive

20  case all filings for Ascentive have been made by attorney Ivey including the

21  Ascentive Motion to Dismiss for Lack of Jurisdiction.  In the Efinancials LLC

22  case all filings have been made by Ivey including a successful motion to change

23  venue from Benton County State of Washington to King County.  Filings in the

24  cases of Impulse, Ascentive and Efinancials are addressed at EXHIBITS D, E

25  AND F as annexed to the Declaration of Ivey.

26

27      C.  LAW AND ARGUMENT REGARDING DISQUALIFICATION

28      Third Party Defendants' Mrs Bonnie Gordon and Ms. Jamila Gordon's

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to
Disqualify - Page 4 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  references to Disqualification implicitly raise the issue of Disqualification of

2  Attorney Ivey.  The assertions bring into consideration Ethical Rule 1.9 which

3  states the following:

4      CONFLICT OF INTEREST; FORMER CLIENT

5      A lawyer who has formerly represented a client in a matter shall not thereafter:

6      **(a)** Represent another person in the same or a substantially related matter in

7      which that person's interests are materially adverse to the interests of the

8      former client unless the former client consents in writing after consultation

9      and a full disclosure of the material facts; or

10     **(b)** Use confidences or secrets relating to the representation to the

11     disadvantage of the former client, except as rule 1.6 would permit.

12

13     1. HAS THERE BEEN PRIOR REPRESENTATION BY IVEY

14         Has attorney Ivey represented Plaintiff James Gordon on issues relative to

15  the issues of Impulse, Ascentive and or Efinancials?  If representation did exist

16  relative to issues of these cases, has the Plaintiff Waived the conflict?  These

17  issues are addressed by the Washington State Supreme Court and the Ninth

18  Circuit.

19         The exchange of information between attorney Ivey and Mr. Gordon is

20  suggested by Third Party Defendants and Mr. McKinley to be voluminous.

21  However the email possessed by attorney Ivey indicates only a very limited

22  exchange of general statements, in three email messages seen as EXHIBITS H, I

23  AND J.  The cases filed by Mr. Gordon, in Benton County Superior Court were

24  filed Pro Se.  There are only comments, not constituting evidence, found in the

25  Motions by Mrs. Bonnie Gordon and Ms. Jamila Gordon in their Motions to

26  Compel with reference to Disqualification.

27         Attorney Ivey also, early in this litigation, reviewed Benton County

28  Superior Court filings by Mr. Gordon regarding Electronic Mail issues.  The cases

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to
Disqualify - Page 5 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   there reviewed are indicated by EXHIBITS K, L, M, N AND O as annexed to the

2   Declaration of Ivey.  The cases did not suggest prior representation when reviewed

3   by attorney Ivey.

4        Limited contact, neither evidence that confidential information has been

5   obtained from Plaintiff Mr. Gordon   nor used in litigation to affect a ruling, and

6   no evidence of prejudice leads to the conclusion that there has not been

7   representation of issues which constitute a violation of any Rule of Ethics.  *First*

8   *Small Business Inv. Co. of California v. Intercapital,* 108 Wash.2d 324, 332 738

9   P.2d 263, 267 (1987).

10        The relevant test for disqualification is whether the former representation is

11   "substantially related" to the current representation.  *Gas-A-Tron of Arizona v.*

12   *Union Oil Co. of California, 534 F.2d 1322, 1325 (9th Cir.),* cert. denied, 429

13   U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976); *Westinghouse Electric Co. v. Gulf*

14   *Oil Corp.*, 588 F.2d 221, 223 (7th Cir. 1978); *Government of India v. Cook*

15   *Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978). The interest to be preserved by

16   preventing attorneys from accepting representation adverse to a former client is

17   the protection and enhancement of the professional relationship in all its

18   dimensions. It is necessary to preserve the value attached to the relationship both

19   by the attorney and by the client. These objectives require a rule that prevents

20   attorneys from accepting representation adverse to a former client if the later case

21   bears a substantial connection to the earlier one. *NCK Org'n Ltd. v. Bergman,* 542

22   F.2d 128 (2nd Cir. 1976). Substantiality is present if the factual contexts of the

23   two representations are similar or related.  *Trone v. Smith* 621 F.2d 994, 998

24   (C.A.Cal., 1980).

25        Attorney Ivey asserts that there has been no representation of any issue of

26   interest in the cases of Impulse, Ascentive and or Efinancials.  Attorney Ivey

27   asserts that there is no violation of Rule 1.9. or of any Rule of Ethics.

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    2. DOES PLAINTIFF'S DELAY CONSTITUTE A WAIVER?

2    If prior representation is found has Plaintiff James Gordon waived the

3    conflict?  A motion to disqualify should be made with reasonable promptness after

4    a party discovers the facts which lead to the motion. The court will not allow a

5    litigant to delay filing a motion to disqualify in order to use the motion later as a

6    tool to deprive his opponent of counsel of his choice after substantial preparation

7    of a case has been completed.  *First Small Business Inv. Co. of California v.*

8    *Intercapital,* supra at 337; *Central Milk Producers Coop. v. Sentry Food Stores,*

9    *Inc.,* 573 F.2d 988, 992 (8th Cir.1978).

10    In the instant matter of Impulse, the matter of conflict was discussed

11    between attorney Ivey and Plaintiff's Counsel McKinley in likely January, 2005.

12    Mr. Gordon was aware of Mr. Ivey. Mr. Ivey then appeared and litigated in

13    Impulse, Ascentive and Efinancials.  Delay alone is a basis to find waiver and is

14    sufficient is sufficient for the Court to deny a Motion to Disqualify.  *First Small*

15    *Business*  at 337.

16    The moving parties had reason to know of the existence of the basis for the

17    potential disqualification for 14 months before they filed their disqualification

18    motion.  Substantial litigation has occurred in the three cases of Impulse,

19    Ascentive and Efinancials.  A failure to act promptly in filing a motion for

20    disqualification may warrant denial of a motion. *First Small Business* at 337;

21    *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 244, 629 P.2d 231

22    (1980) (and cases cited therein); *First Small* also cited at by *Ellwein v. Hartford*

23    *Acc. and Indem. Co.* 142 Wash.2d 766, 778 15 P.3d 640 (Wash.,2001).

24    The former client may expressly or impliedly waive his objection and

25    consent to the adverse representation by failing to object within a reasonable time.

26    *Trone v. Smith,* 621 F.2d 994, 998-999 (9th Cir.1980); *Trust Corporation of*

27    *America v. Piper Aircraft Corporation,* 701 F.2d 85, 87-88 (9th Cir.1983).

28    It is well settled that a former client who is entitled to object to an attorney

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to
Disqualify - Page 7 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   representing an opposing party on the ground of conflict of interest but who
2   knowingly refrains from asserting it promptly is deemed to have waived that right.
3   *Central Milk Producers Co-op v. Sentry Food Stores,* 573 F.2d 988, 992 (CA8
4   1978); *Redd v. Shell Oil Co.,* 518 F.2d 311, 315 (CA10 1975). The record in this
5   case is clear that if prior representation existed that Gordon knew of the
6   representation at the commencement of representation relative to the three cases of
7   Impulse, Ascentive and Efinancials.  Under these circumstances Gordon's failure
8   to object within a reasonable time, coupled with the long delay in filing a motion
9   to disqualify, constitute a *de facto* consent to the continued representation of these
10  Defendants by Ivey. *Trust Corp. of Montana v. Piper Aircraft Corp.* 701 F.2d 85,
11  87-88 (C.A.Mont.,1983).
12
13              D.  PRIOR CASE OF SANDERS V. WOODS
14          Mrs. Bonnie Gordon's Amended Motion to Compel and for Sanctions and
15  Affidavit re: Discovery, attached as EXHIBIT A to the Declaration of Ivey, has
16  appended the Washington Court of Appeals case of Sanders v. Woods 121 Wn.
17  App. 593(2004) wherein attorney Ivey and his firm were disqualified.  The case of
18  Sanders v. Woods is irrelevant to the question of disqualification in the instant
19  matter except for is assistance as legal authority.  The facts of the present Gordon
20  cases against Impulse, Ascentive and Efinancials, as they relate to
21  Disqualification, stand alone and apart from the facts of Sanders v. Woods.
22          However, the matter of Disqualification in Sanders v. Woods was, following
23  20 plus hours of research by attorney Ivey re: disqualification issues, argued twice
24  before the Honorable Benton-Franklin County Superior Court Judge Craig
25  Matheson.  Judge Matheson denied the Motion to Disqualify.  Thereafter the case
26  was dismissed on Defendant's Motion for Summary Judgment.  On appeal
27  Plaintiff included the issue of Disqualification and the Dismissal was reversed
28  with attorney Ivey and the firm disqualified.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1       Plaintiff Mr. Sanders had filed a complaint with the Washington State Bar

2   Association and the WSBA case investigation had covered all materials and

3   individuals having awareness of the case. The WSBA was prepared to dismiss the

4   bar complaint prior to Plaintiff's Appeal. The WSBA then suspended its

5   considerations until the conclusion of the Appeal. Following the decision by the

6   Court of Appeals the WSBA Dismissed the Complaint. The Dismissal is

7   appended to the Declaration of Ivey as EXHIBIT P.

8

9       E.  PRO SE THIRD PARTY DEFENDANTS AND REPRESENTATION BY

10                      PLAINTIFF MR. JAMES GORDON

11      The Third Party Defendants are not represented by counsel. Third Party

12  Defendants Jamila Gordon, Jonathan Gordon and James Gordon III assert that

13  they have granted Powers of Attorney to their father, Plaintiff Mr. James Gordon,

14  and that all contact regarding these Third Party Defendant's must be via Plaintiff.

15  Defendant counsel has advised Plaintiff counsel that there will be no direct contact

16  by counsel for Defendant with the Plaintiff Mr. Gordon. The assertion of such

17  role, on the part of Plaintiff Mr. Gordon is seen recently in the Motion to Compel

18  of Ms. Jamila Gordon found at EXHIBIT B. The matter of Mr. Gordon's role is

19  described by former counsel Mr. McKinley at EXHIBIT C.

20      The discovery propounded by Third Party Defendants Ms. Jamila Gordon,

21  Mr. Jonathan Gordon and Mr. James Gordon III are all signed by Plaintiff Mr.

22  James Gordon. The interrogatories and Requests for Production primarily do not

23  address causes of action against the Third Party Defendants but rather as broad

24  reaching inquiries into Impulse.

25      The Motion to Compel of Ms. Jamila Gordon, bearing the assertion of

26  Disqualification of attorney Ivey, is signed by Plaintiff Mr. James Gordon.

27      Plaintiff Mr. James Gordon's assistance to these Third Party Defendants

28  appears to extend beyond the mere service and filing of pleadings and gives an

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    appearance of Legal Representation.  The broad scope of the interrogatories and

2    Requests for Production, from these Third Party Defendants, combined with the

3    Motions to Compel without compliance with Court Rules and with the implicit

4    Motion to Disqualify, is suggestive of at least Discovery Abuse.

5         The insertion of a Motion to Disqualify within a Motion to Compel, brought

6    fourteen months following commencement of representation in the Impulse matter

7    and following appearance, by attorney Ivey in the Ascentive and Efinancials cases,

8    suggests a litigation strategy to impede the opposing party by removal of counsel.

9    Court's have recognized that the filing of a motion to disqualify is a tool which

10   can deprive the opponent of counsel of the opponent's choice and that such is of

11   concern specifically when substantial preparation of a case has been completed.

12   *First Small Business Inv. Co. of California v. Intercapital,* supra at 337; *Central*

13   *Milk Producers Coop. v. Sentry Food Stores, Inc.,* 573 F.2d 988, 992 (8th

14   Cir.1978).

15        Defendant and Third Party Plaintiff anticipates filing Motions to bifurcate

16   the Motion to Compel from the Motions to Disqualify and to argue abuse of

17   discovery and other remedies.  Since receipt of the letter from attorney Mr. Siegel,

18   EXHIBIT G, attorney Ivey has expended 12 hours in research and drafting this

19   Response, the Declaration of Ivey and in the assembly of Exhibits in support of

20   this Response.  This time is charged at $265/hour.  Defendant will make

21   appropriate arguments re: sanctions as these motions are heard.

22

23   CONCLUSION

24

25        The Motion to Disqualify should be denied.

26

27

28                              DATED this 13th day of  March, 2006.

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to
Disqualify - Page 10 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

**LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE**

2

3

**s/ FLOYD E. IVEY**

4

**Floyd E. Ivey, WSBA #6888**
**Attorneys for the Defendant Impulse**

5

6

    I hereby certify that on March 13, 2006, I electronically filed **Defendant's**

7

**Initial Response to Third Party Defendant's Motions to Compel and to Third Party Defendants' Motion to Disqualify** with the Clerk of the Court using the

8

CM/ECF System which will send notification of such filing to Robert Siegel, Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I have served the foregoing

9

to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily Abbey and Jamila

10

Gordon.

11

                         **S/ FLOYD E. IVEY**

12

**FLOYD E. IVEY**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to
Disqualify - Page 11 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  FLOYD E. IVEY
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  P. O. Box 6125
   Kennewick, WA 99336-0125
3  509-735-3581
   Attorneys for Defendant
4  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
5
   Klein, Zelman, Rothermel, & Dichter, L.L.P.
6  By:   Sean Moynihan, Esq.; Peter Glantz
   485 Madison Avenue
7  New York, New York 10022
   Telephone Number (212) 935-6020
8  Facsimile Number (212) 753-8101
   Attorneys for Defendant
9  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
10
   ROBERT SIEGEL
11 Attorney At Law
   1325 Fourth Avenue, Suite 940
12 Seattle, WA 98101-2509
   Attorney for Plaintiff
13

14

15              UNITED STATES DISTRICT COURT FOR THE

16              EASTERN DISTRICT OF WASHINGTON

17 JAMES S. GORDON, JR.,                )         No. CV-04-5125-FVS
                                        )
18            Plaintiff,                )
                                        )
19 vs.                                  )         DECLARATION OF FLOYD E. IVEY
                                        )         RE: ISSUES OF
20 IMPULSE MARKETING GROUP,             )         DISQUALIFICATION; INITIAL
   INC.,                                )         RESPONSE
21                                      )
              Defendant                 )
22 _____        )         WITHOUT ORAL ARGUMENT
                                        )
23 IMPULSE MARKETING GROUP,             )
   INC.,                                )
24                                      )
              Third-Party Plaintiff,    )
25 vs.                                  )
                                        )
26 BONNIE GORDON, et al.,               )
                                        )
27            Third-Party Defendants.   )

28            ATTORNEY FLOYD E. IVEY'S DECLARATION RE: ISSUES OF

Declaration Ivey re: Disqualification - Page 1 of 9

## DISQUALIFICATION

I am local Counsel for Impulse Marketing Group, Inc. (hereafter Impulse) in the above entitled matter. I appeared for the Defendant on January 26, 2005.

Mrs. Bonnie Gordon and Ms. Jamila Gordon have filed, on March 9, 2006, pleadings which implicitly constitute Motions to Disqualify counsel Floyd E. Ivey.

Mrs. Bonnie Gordon filed, on March 9, 2006, a pleading entitled "Amended Motion to Compel and For Sanctions and Affidavit re: Discovery." Mrs. Gordon, commencing at Page 2, addresses acts of Floyd E. Ivey which she deems to violate ethical obligations of counsel. ATTACHED AS EXHIBIT A, pages 10-20.

Ms. Jamila Gordon's pleading is entitled Third-Party Defendant Jamila Gordon's Motion to Compel and for Sanctions and Affidavit re: Discovery. Ms. Jamila Gordon, commencing at the bottom of page 2 recites prior representation of Mr. James Gordon, by counsel Floyd E. Ivey, and asserts that Mr. James Gordon "...discussed and corresponded about suing spammers - an apparent breach of ethics Mr. Ivey - I have copies of the 15 or more emails between Mr. Ivey and my father." ATTACHED AS EXHIBIT B, pages 21-29.

## PRIOR SERVICES TO MR. GORDON BY ATTORNEY FLOYD E. IVEY

I was initially contacted by attorneys Mr. Sean Moynihan and or Mr. Peter Glantz, attorneys for Impulse in approximately November or December, 2004. I advised that I knew Mr. James Gordon and had assisted briefly in matters wholly unrelated to electronic mail issues. I also advised that Mr. Gordon had contacted me regarding electronic mail issues but that I had not assisted Mr. Gordon relative to electronic mail.

In approximately December 2004 or January 2005 I contacted attorney Mr. Douglas McKinley, Jr., counsel for Mr. Gordon in the Impulse matter, and told him that I had been requested to be local counsel in the Impulse defense, that I had known Mr. James Gordon and had assisted him in matters unrelated to electronic

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  mail.

2      I also told Mr. McKinley that Mr. Gordon had contacted me, in

3  approximately 2003, requesting assistance regarding electronic mail. I told Mr.

4  McKinley that I had not assisted Mr. Gordon regarding electronic mail.

5      I asked attorney Mr. McKinley to determine and advise if there was any

6  contention of a conflict. Mr. McKinley, within a short time, advised that Mr.

7  Gordon did not object to my appearance on behalf of Impulse.

8      I subsequently also appeared as defense in the matter of Gordon v.

9  Ascentive, Eastern District of Washington, CV 05-0579-FVS and as local counsel

10  Gordon v. Efinancials, LLC, Benton County Case 05-2-01489-7.

11

12  ASSISTANCE TO MR. GORDON UNRELATED TO ELECTRONIC MAIL

13      Matters where contact occurred between attorney Ivey and Mr. James

14  Gordon included the following:

15      1. providing, in likely May 2002, a blank Confidentiality Agreement to Mr.

16  Gordon with the name "MEDIA LOGIC" indicated. I do not find a file related to

17  this issue but solely a computer file copy of the in blank CDA;

18      2. on May 3, 2002 I received an email from Mr. Gordon regarding the

19  patenting process. I have not assisted Mr. Gordon re: patenting;

20      3. in an email response to Mr. Gordon on May 3, 2002, I noted his use of a

21  Trademark and commented that this raised trademark issues. I do not find that I

22  provided any Trademark Services to Mr. Gordon;

23      4. email of 7/16/02, 8/28/02, 11/2/02 and 11/19/02 regarded his business

24  with Dancing Wolf, Inc. I do not find that any action was taken.

25      I do not find that files were opened for these matters. My assistance to Mr.

26  Gordon, re: these matters, was minimal.

27

28  CONTACTS BY MR. GORDON REGARDING ELECTRONIC MAIL

Declaration Ivey re: Disqualification  - Page 3 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Separately I recalled receiving email from Mr. Gordon re: his irritation with

2  the receipt of electronic mail messages.  I recalled advising Mr. Gordon that I was

3  not interested in assisting him relative to electronic mail issues.  I reviewed files

4  and did not find any file opened relative to any electronic mail issue.  I reviewed

5  email and did not find email from or to Mr. Gordon re: the issues of electronic

6  mail.

7

8  DISQUALIFICATION SUGGESTED BY PLAINTIFF COUNSEL MCKINLEY

9  On November 2, 2005, I advised Mr. McKinley, by email, that Mr. James

10  Gordon was signing pleadings on behalf of Third Party Defendants, that it

11  appeared that Mr. James Gordon was representing the Third Party Defendants, that

12  this matter had been discussed between attorney Ivey and McKinley and that the

13  Defendant counsel would have no direct contact with Plaintiff Mr. James Gordon.

14  In a series of email, annexed hereto as EXHIBIT C, pages 30-34, Mr.

15  McKinley stated that Mr. Gordon was not representing his children.  I persisted

16  indicating that Defendant required full mailing addresses for the Third Party

17  Defendants and that it appeared that Mr. Gordon was representing the parties in

18  Federal Court.

19  Mr. McKinley responded, refuting representation by Mr. Gordon, and, in a

20  second paragraph which I initially overlooked, stated that:

21  "...You should appreciate this, as it helps move this case toward a

22  resolution, and your suggestion that this constitutes providing legal

23  representation" is ridiculous.  However, if you really want to discuss what

24  constitutes "providing legal representation," lets' start with the voluminous

25  correspondence between you and Mr. Gordon, where you and he discussed

26  the same emails and the same companies that form the basis for Mr.

27  Gordon's complaint, prior to you entering an appearance for the other side."

28  Mr. McKinley's comment is found in EXHIBIT C, pages 30-34, in the email

Declaration Ivey re: Disqualification - Page 4 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  of November 2, 2005 at 3:27 p.m.

2

3       At 5:51 p.m. November 2, 2005, I noted the comment and responded to Mr.

4  McKinley stating in part: "Let's immediately address this comment".

5       I summarized my assistance to Mr. Gordon. I noted that Mr. Gordon had

6  sent email to me regarding electronic mail issues and that I had declined to assist.

7  At the time of this email on November 2, 2005, I found no email or files relating to

8  electronic mail issues. I so advised Mr. McKinley following a review of files and

9  email over a period of approximately two hours. I reminded Mr. McKinley that

10 the issue of conflict had been raised with Mr. McKinley at the earliest time of my

11 involvement and that Mr. McKinley had indicated no objection to my appearance

12 for Impulse. These comments are seen at EXHIBIT C, pages 30-34.

13      On November 2, 2005, at 7:29 p.m. Mr. McKinley responded, indicated a

14 difference of recollection but confirmed that "...Mr. Gordon has indicated that it is

15 his present desire is to bring IMG to account for their actions, not to cause you

16 problems in your law practice. Accordingly, I have not raised any further concern.

17 Parenthetically, Mr. Gordon has shown me email traffic back and forth between

18 Mr. Gordon and you related to initiating a spam suit against CMG, including

19 emails from you to Mr. Gordon. Based on my renew of this correspondence and

20 your representations below, it would appear to me that your records are

21 incomplete." As seen in EXHIBIT C, pages 30-34, I forwarded the exchange of

22 EXHIBIT C, pages 30-34, to my co-counsel Mr. Moynihan and Mr. Glantz.

23

24      Mr. McKinley's comments were made approximately 11 months following

25 my appearance in the Impulse Case. The activity, by November 2, 2005, in the

26 Impulse case, the Ascentive Case and the Efinancials LLC case were as follows:

27      1.  Impulse - one-hundred forty-nine (149) filings had been made in Impulse

28          with attorney Ivey making all of the Impulse filings. (ATTACHED AS

Declaration Ivey re: Disqualification - Page 5 of 9

1    EXHIBIT D, pages 35-50)

2        2.  Ascentive - By November 3, 2005, ten (10) filings including the

3    Ascentive Motion to Dismiss for lack of Jurisdiction.  (ATTACHED AS

4    EXHIBIT E, pages 51-54)

5        3.  Efinancials LLC - by October 25, 2005 filings including Defendant's

6    Motion to Change Venue.  (This Motion has been granted and the case will be

7    transferred to King County).  (ATTACHED AS EXHIBIT F, pages 55-58)

8

9    DISQUALIFICATION RAISED BY PLAINTIFF COUNSEL SIEGEL

10       By letter of February 24, 2006, substituting Counsel, Mr. Robert Siegel,

11   raised disqualification.  Mr. Siegel's letter is annexed hereto as EXHIBIT G, pages

12   59-60.  Mr. Siegel suggests a bar grievance and a Motion to Disqualify.

13       Upon receipt of Mr. Siegel's letter I again spent some 5 hours reviewing

14   email in archived Inbox and Sent email.  There I found three email message

15   interchanges with Mr. Gordon relative to electronic email issues.  These three

16   messages are annexed hereto as

17       1.  EXHIBIT H, pages 61-63 -.  Email September 22, 2003 from Gordon at

18   8:15 a.m. and to Gordon at 10:29 a.m.

19       2.  EXHIBIT I, pages 64-65 - Email September 22, 2003 from Gordon at

20   3:19 p.m. transmitting Mr. Gordon's letter to the Attorney General and to Gordon

21   from Ivey at 8:20 a.m. on September 23, 2003.

22       3.  EXHIBIT J, pages 66-69 - Email September 25, 2003 from Gordon at

23   9:09 a.m. and to Gordon from Ivey at 9:38 a.m.

24       In EXHIBIT J, pages 66-69, I advised Mr. Gordon that I was not interested

25   in assisting in his electronic mail issues.  I advised that Attorneys General would

26   likely be pursuing such cases and encouraged him to seek other routes.

27       I did not find any particular Defendant identified in Mr. Gordon's email.

28   Ms. Jamila Gordon, in her "Disqualifying Remarks" states that she has 15 or more

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    emails between Ivey and Gordon.  I find 16 emails to and from Gordon.  All other

2    than the above three concern matters unrelated to electronic mail.  The issues to

3    which remaining email relates are summarized in my email exchange with Mr.

4    McKinley on November 2, 2005 and found here as EXHIBIT C, pages 30-34.

5

6    OTHER RESEARCH PRIOR TO COMMENCING REPRESENTATION

7        Co-counsel, Mr. Moynihan or Mr. Glantz told me that Mr. Gordon had filed

8    cases in Benton County alleging violations of RCW 19.190 relative to electronic

9    mail.  After my discussion with Mr. McKinley and my association with co-counsel

10   for the Defense of Impulse, I reviewed Mr. Gordon's cases at the Benton County

11   Superior Court which I believe to be limited to the following:

12       1.  Gordon v. Commonwealth Marketing Group, Benton County Case No.

13   03-2-02677-5 filed December 15, 2003; Removed to Federal Court Eastern

14   District, Washington, 04-cv-05003-AAM; ANNEXED AS EXHIBIT K, pages 70-

15   71.

16       2. Gordon v. American Homeowners Association, Benton County Case No.

17   03-2--02647-3 filed on or about December 10, 2003; ANNEXED AS EXHIBIT L,

18   pages 72-74.

19       3. Gordon v. Ayanian, Benton County Case No. 03-2-02728-3, date of filing

20   unknown.    ANNEXED AS EXHIBIT M, pages 75-82.

21       4.  Gordon v. Theodore Hansson Company, Benton Case No. 03-2-02676-7;

22   date of filing unknown; ANNEXED AS EXHIBIT N, pages 83-84, and

23       5.  Gordon v. Kane, Benton Case No. 03-2-02729-1, date of filing unknown.

24   ANNEXED AS EXHIBIT O, page 85.

25       Mr. James Gordon appears to have initially filed pro se in each of these

26   cases.  In the matter of Commonwealth Marketing Group attorney Mr. McKinley

27   filed, on behalf of Mr. Gordon, a First Amended Complaint on June 24, 2004.

28   The review of these cases did not reveal Parties or issues familiar to me.  I had no

Declaration Ivey re: Disqualification - Page 7 of 9

1  reaction of familiarity with the cases and do not believe that they were ever

2  discussed between attorney Ivey and Mr. Gordon.

3

4

5  SANDERS V. WOODS

6      In the matter of Sanders v. Woods, attorney Ivey appeared for Defendant

7  Woods.  Plaintiff moved to Disqualify.  I researched disqualification issues for 20

8  plus hours and submitted multiple memorandum opposing the Motion.  The matter

9  was  argued twice before the Honorable Benton-Franklin County Superior Court

10  Judge Craig Matheson.  Judge Matheson denied the Motion to Disqualify.

11  Thereafter the case was dismissed on Defendant's Motion for Summary Judgment.

12  On appeal Plaintiff included the issue of Disqualification and the Dismissal was

13  reversed with attorney Ivey and the firm disqualified.  This law office and I did not

14  realize a path of appeal with the Disqualification and additionally viewed an

15  appeal as detrimental to the client.  The case was immediately refered to

16  Kennewick Attorney Mr. John Schultz.  My Schultz was told by counsel for Mr.

17  Sanders that Mr. Sanders had conferred with Mr. Schultz regarding the case and

18  that he was disqualified.  Mr. Schultz did not recall such consultation but

19  proceeded to refer the case elsewhere.  Attorney Mr. Schultz contact the Firm of

20  Rettig, Osborne of Kennewick and learned that Mr. Sanders had consulted with

21  that firm.  The case was eventually handled by Kennewick attorney Mr. Fauarolt.

22  The case was set for an early trial and counsel for Plaintiff dismissed the case at

23  the time of trial.  I understand that there was no settlement.

24      Plaintiff Mr. Sanders had filed a complaint with the Washington State Bar

25  Association and the WSBA case investigation had covered all materials and

26  individuals having awareness of the case prior to Plaintiff's appeal.  The WSBA

27  was prepared to dismiss the bar complaint prior to Plaintiff's Appeal.  The WSBA

28  then suspended its considerations until the conclusion of the Appeal.  Following

Declaration Ivey re: Disqualification - Page 8 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   the decision by the Court of Appeals the WSBA Dismissed the Complaint.  The

2   Dismissal is appended to the Declaration of Ivey as EXHIBIT P, pages 86-87.

3

4   RESPONDING TO MOTION TO DISQUALIFY

5         Counsel Ivey has expended 12 hours in research and drafting of Defendant's

6   and Third Party Plaintiff's Initial Response to Third Party Defendants' Mrs.

7   Bonnie Gordon and Ms. Jamila's Motion to Disqualify.  The rate charged for this

8   effort is $265/hour which is a reasonable fee for effort required to address the

9   issues asserted re: Disqualification.

10        I certify and declare, under penalty of perjury under the laws of the State of

11  Washington, that the foregoing is true and correct.  Signed at Kennewick,

12  Washington.

13                              DATED this 13th day of  March, 2006.

14

15                              **LIEBLER, IVEY, CONNOR, BERRY & ST.**
                                **HILAIRE**
16

17                              **s/ FLOYD E. IVEY**
18                              **Floyd E. Ivey, WSBA #6888**
                                **Attorneys for the Defendant Impulse**
19

20
        I hereby certify that on March 13, 2006, I electronically filed **Declaration**
21  **of Floyd E. Ivey regarding Issues of Disqualification** with the Clerk of the
    Court using the CM/ECF System which will send notification of such filing to
22  Robert Siegel, Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I have
    served the foregoing to the following non-CM/ECF participants by other means:
23  Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily
    Abbey and Jamila Gordon.
24

25                              S/ FLOYD E. IVEY
                                FLOYD E. IVEY
26

27

28

Declaration Ivey re: Disqualification - Page 9 of 9

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 09 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | AMENDED MOTION TO COMPEL AND FOR SANCTIONS AND AFFIDAVIT RE: DISCOVERY |
| Impulse Marketing Group, Inc., Defendant | |
| Impulse Marketing Group, Inc., Third-Party Plaintiff, | |
| v. | |
| Bonnie F. Gordon, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

*Attachment Declaration of Floyd Ivey Exhibit A*

10

1  This amended motion to compel was prompted by Mr. Floyd Ivey's

2  veiled threat to seek sanctions against me for improperly pleading this

3  motion and the motion to expedite. I do not appreciate the strong arm

4  tactics of Impulse's legal team.

5

6  Mr. Ivey appears to have a pattern of ethically-challenged decision-

   making in terms of his clients and former clients. Mr. Ivey has

7  represented my husband, James S. Gordon, Jr., the Plaintiff. My

8  husband has discussed and corresponded at length with Mr. Ivey

9  regarding suing spammers, including the Commonwealth Marketing

10 and Impulse Marketing cabal. Mr. Ivey took that knowledge and used it

11 for the benefit of his more financially fit client, Impulse. Within the last

12 5 years, Mr. Ivey has had another client sue and ultimately win a case

13 wherein Mr. Ivey should have disqualified himself. Exhibit 1

14

15 It is imperative that Mr. Ivey disqualify himself from any case involving

16 my husband. It is my position that appropriate sanctions should be

17 levied against Mr. Ivey. By the way, Glantz and Moynihan saw fit to

18 defend the repeat offender, Mr. Ivey.

19

20 Third Party Defendant moves the Court for Sanctions and to Compel

21 Third Party Plaintiff's Responses to Third Party Defendant's

22 Interrogatories and Request for Production of Documents. These

23 documents were placed in US Mail on or about January 17, 2006. I

   contacted Mr. Ivey to ensure the 30 day deadline was going to be met,

24 he instead sought a two-week extension. With that additional time,

25 Impulse still failed to meet its burden under FRCP 37 (a)(2) (3)(4).

1   At the status conference in the Fall of 2005, Impulse asked this Court
2   for 3+ additional months for discovery. It has yet to propound the first
3   question or request the first document from me. Due to this
4   disingenuous request of the Court by Impulse close to four months of
5   time has been squandered by Impulse.

6   Third Party Defendant's Motion to Compel is pursuant to FRCP 37(a)(2)
7   (3)(4). Impulse has failed to make the required Rule 26 disclosures to
8   the undersigned. Further, Impulse has provided evasive, incomplete
9   disclosure, answer, or response to discovery propounded by the
10  undersigned.

### Interrogatories

12  Examples of the non-responsive answers to interrogatories by Impulse
13  are the following:
14  INTERROGATORY NO. 1:

16  Please provide the full contact information (and URL or web address in the form of
    http://www.) for the owner of each opt-in web page that you allege that third party
17  defendant opted in at.

19  RESPONSE:

20  Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections.   The
21  information sought will not lead to the discovery of admissible evidence. Bushman
    v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-
22  Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Further, Bonnie Gordon does not
23  have standing to request information on behalf of all third party defendants.
    Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to the
24  attachment appended hereto as "Updated Gordon Opt-In Information."

25



In previous filings with this Court, Impulse has alleged my involvement in a scheme to defraud it. Two of the web sites that were mentioned were emailprize.com and home4freestuff.com, as I recall. Impulse posturing about needing information to defend itself is also true of my need to defend myself against specious — libelous accusations.

INTERROGATORY NO. 2:

Detail all personally identifying information which is collected by Impulse and/or its marketing partners

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to attachment appended hereto as "Updated Gordon Opt-in Information". This "document" appears to be a quickly thrown together Excel spreadsheet with information scattered about on it — no source is cited for the data.

Impulse informed the Court that I allegedly placed false information into web pages, I am simply asking for evidence of this claim.



INTERROGATORY NO. 3:

List all IP addresses and domains wherein marketing emails (spam) was sent from since August 1, 2003.

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to the attachment appended hereto as "Updated Gordon Opt-In Information."

In order to defend myself against false claims regarding emails that were sent to an address bearing my name, I must have this information.

INTERROGATORY NO. 18:

Provide full captioned information regarding all lawsuits that you have been a party to since 8/1/03.

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

This is discoverable information, which can aid my self-defense.

The Request for Production (RFP) by Impulse is exemplified by the following: Responding to Request 1-6, Impulse states, "This Third Party Defendant Bonnie Gordon has no standing to propound discovery on



1  behalf of Plaintiff or other Third Party Defendant's (sic).
2  Notwithstanding this Objection, as to Third Party Plaintiff Bonnie
3  Gordon, continues its location of written documents and will
4  supplement this production" In RFP 7-8, Impulse states, in part, "A
5  response to this request for production will not lead to discovery of
6  admissible evidence". No. 9 is simply called "irrelevant".

7
8  Impulse wants to get information, but refuses to give information. I
9  trust that the Court will assist me in obtaining full responses and
10 answers to the discovery propounded to Impulse.

11
12 Third party Defendant asks the Court to award Sanctions per FRCP
13 37(a)(4) in an amount equal to or greater than the Sanctions demanded
14 by Impulse of Plaintiff. Or, in the alternative, simply require/order
15 compliance with the rules.

16
17 I declare under penalty of perjury under the laws of the United States
18 that the foregoing is true and correct.

19
20 Bonnie F. Gordon, Pro Se
21 9804 Buckingham Drive
22 Pasco, WA 99301
23 509-210-1069
24 EXECUTED this 9th day of March, 2006.
25

1

## Certificate of Service

2

I, hereby, certify that on March 9, 2006, I filed this motion with this
3   Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan,
    Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon,
4   Emily Abbey, and Robert Pritchett by other means.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 2:04-cv-05125-FVS    Document 274    Filed 03/09/2006 Exhibit 1

## Washington Court of Appeals Reports

SANDERS v. WOODS, *121 Wn. App. 593* (2004)

*89 P.3d 312*

RICHARD SANDERS d/b/a HOTEL LAMINATES, Appellant, v. TERESA WOODS and JOHN

DOE WOODS, a marital community, and TNT ENTERPRISES, a Washington

Business, Respondents and Cross-Appellants.

No. 21829-5-III.

The Court of Appeals of Washington, Division Three.

Panel Seven.

Filed: May 6, 2004.

Page 594

   Nature of Action: A business owner sought damages from a former employee and an order restraining her from directly competing with his business. The plaintiff alleged violation of a covenant not to compete, misappropriation of trade secrets, unfair competition in violation of the Consumer Protection Act, breach of duties of trust and confidence, conversion, and tortious interference with contractual relationships and expectancies. The attorney representing the employee had represented the plaintiff in the past, and the plaintiff alleged that the attorney's partner had, on a recent occasion, reviewed for the plaintiff drafts of the plaintiff's noncompete and confidentiality agreements.

   Superior Court: After denying the plaintiff's motion to disqualify the employee's attorney, the Superior Court for Benton County, No. 01-2-02256-1, Craig J. Matheson, J., on January 30, 2003, entered a summary judgment in favor of the employee, but denied her motion for attorney fees under CR 11.

   Court of Appeals: Holding that the employee's attorney and the attorney's law firm are disqualified from representing the employee in the action, that the employee was not entitled to a summary judgment, and that trial court properly denied the employee's motion for attorney fees under CR 11, the court affirms the order denying attorney fees, reverses the judgment, and remands the case for further proceedings.

Page 595
Counsel for Appellant(s), Brandon L Johnson, Miller Mertens & Spanner, 1020 N Center Pkwy Ste B, Kennewick, WA 99336-7161.

Bruce Alan Spanner, Miller Mertens & Spanner PLLC, 1020 N Center Pkwy Ste B, Kennewick, WA 99336-7161.

Counsel for Respondent(s), Floyd Edwin Ivey, Attorney at Law, 1141 N Edison Ste C, PO Box 6125, Kennewick, WA 99336-0125.

Counsel for Respondent/Cross-Appellant, Floyd Edwin Ivey, Attorney at Law, 1141 N Edison Ste C, PO Box 6125, Kennewick, WA 99336-0125.

   SCHULTHEIS, J.

Richard Sanders, on behalf of Hotel Laminates, sued a former employee, Teresa Woods, after she started her own business, which allegedly competed directly with his business

of selling advertising directories to hotels. Although Mr. *Sanders* filed claims for: (1) violation of the covenant not to compete; (2) misappropriation of trade secrets; (3) unfair competition in violation of the Consumer Protection Act; (4) breach of duties of trust and confidence; (5) conversion; and (6) tortious interference with contractual relationships and expectancies, the claims were dismissed on Ms. Woods' motion for summary judgment. Mr. Sanders appeals, claiming the trial court erred when it denied his motion to disqualify Ms. Woods' attorney, Floyd Ivey, based on his former representation of Mr. *Sanders*. He also contends the trial court erroneously granted the summary judgment motion. Ms. Woods cross-appeals, arguing the trial court erred in denying her request for attorney fees pursuant to CR 11. Because we find the trial court erred in (1) failing to disqualify Mr. Ivey, and (2) granting summary judgment, we reverse. The trial court's denial of Ms. Woods' CR 11 motion for attorney fees is affirmed.  Page 596

FACTS

   Mr. Sanders owns a business called Hotel Laminates, which supplies laminated advertising booklets to hotels. Teresa Woods worked for Hotel Laminates both as an independent contractor in sales and marketing, and as an employee in the position of temporary office manager. Mr. Sanders claims he requires all employees and independent contractors to sign confidentiality agreements and independent contractor agreements. Three former salespeople refute this claim. Mr. Sanders also contends Ms. Woods signed both agreements but destroyed all evidence of such after she was terminated from his employ. This statement is flatly denied by Ms. Woods.

   By May 2001, Ms. Woods no longer provided independent contractor or office manager services for Hotel Laminates. Shortly thereafter, she started her own business selling advertising booklets to hotels, which, Mr. Sanders argues, competes directly with Hotel Laminates' services.

   Mr. Sanders filed a lawsuit in Benton County Superior Court contending, among other things, that Ms. Woods had violated a covenant not to compete and had misappropriated trade secrets. He also successfully obtained a court order that temporarily restrained Ms. Woods from operating her business in direct competition with Hotel Laminates.

   To defend her interests, Ms. Woods hired Floyd Ivey, a local patent attorney who was knowledgeable about trade secret claims. Mr. Sanders immediately objected to Mr. Ivey's representation since he had represented Mr. Sanders in the past. Mr. Sanders also claimed Mr. Ivey's business partner had professionally reviewed a noncompete agreement for Mr. Sanders and Hotel Laminates in the recent past, which created a conflict of interest for Mr. Ivey. Mr. Sanders' motion to disqualify Mr. Ivey was denied after the court determined the prior representation was not substantially similar to the claim for which Ms. Woods had hired him to defend.
Page 597

   After discovery was underway, Ms. Woods filed a motion for summary judgment dismissal of Mr. Sanders' claims. She also filed a CR 11 motion for attorney fees, claiming the underlying suit was commenced and continued in bad faith. The court granted the summary judgment dismissal but ultimately denied the motion for attorney fees after hearing oral arguments on the matter.

   On appeal, Mr. Sanders claims the trial court erred when it denied his motion to disqualify Mr. Ivey as counsel and when it granted the summary judgment dismissal. Ms. Woods cross-appeals, arguing the CR 11 motion was improperly decided.

ANALYSIS
1. Motion to Disqualify

   We first determine whether the trial court erred when it denied Mr. Sanders' motion to disqualify Ms. Woods' legal counsel on the basis of conflict of interest pursuant to the Rules of Professional Conduct (RPC) 1.9. Review of a court's decision to grant or deny a motion to disqualify counsel is a legal question that is reviewed de novo. Eriks v. Denver, <u>118 Wn.2d 451</u>, <u>457-58</u>, <u>824 P.2d 1207</u> (1992).

RPC 1.9 provides: A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation and a full disclosure of the material facts; or

(b) Use confidences or secrets relating to the representation to the disadvantage of the former client, except as rule 1.6 would permit.

In order to successfully disqualify a lawyer from representing an adversary, a former client must show that the
Page 598
matters currently at issue are substantially related to the subject matter of the former representation. RPC 1.9; State v. Hunsaker, 74 Wn. App. 38, 43, 873 P.2d 540 (1994). To determine whether the two representations are substantially related, we must: (1) reconstruct the scope of the facts of the former representation; (2) assume the lawyer obtained confidential information from the client about all these facts; and (3) determine whether any former factual matter is sufficiently similar to a current one that the lawyer could use the confidential information to the client's detriment. Id. at 44. The decision turns on whether the lawyer was so involved in the former representation that he can be said to have switched sides. Id. at 46. If one individual in a law firm is precluded by RPC 1.9 from representing a particular client, then all members of the firm are also prohibited from representing the client pursuant to RPC 1.10. Id. at 41-42.

We need not delve very deeply into the Hunsaker analysis to make our decision. The facts of this case reveal that Mr. Ivey initially represented Mr. Sanders and Hotel Laminates in a copyright and trademark infringement lawsuit commenced in the state of Oregon. Additionally, in 1997, Mr. Ivey wrote a demand letter to a former employee of Hotel Laminates, asking him to cease and desist conducting business in direct competition to Hotel Laminates. In 2000, Mr. Ivey's business partner also wrote demand letters to two former employees of Hotel Laminates. Mr. Sanders complains the substance of those letters is exactly what is at issue here. We agree.

In July 2000, Mr. Ivey's business partner sent Mr. Sanders a letter containing suggestions for contracts used by Hotel Laminates, specifically the 'Noncompete and Confidentiality Clauses.'[fn1] In that letter, counsel states he reviewed the independent contractor agreements provided by Mr. Sanders, which appeared adequate. Counsel concluded the letter by offering suggestions regarding additional language that could be utilized if Mr. Sanders chose to do so.

Page 599
We conclude Mr. Ivey's representation of Ms. Woods is substantially related to his previous representation of Mr. Sanders. It makes no difference whether actual confidences were disclosed to Mr. Ivey. Teja v. Saran, 68 Wn. App. 793, 799, 846 P.2d 1375 (1993). The similarities between Mr. Ivey's former representation and the current one are unmistakable. The demand letters establish this fact. The fact that some of the letters were written by Mr. Ivey's business partner is irrelevant. Hunsaker, 74 Wn. App. at 41-42. The most flagrant conflict is the fact that Mr. Ivey's business partner reviewed the draft of the very noncompete and confidentiality agreements that are alleged to be at issue here. The matters of the prior representation and the current one are similar and therefore substantially related. "Substantially related" requires only that the representations "are relevantly interconnected or reveal the client's pattern of conduct." Id. at 44 (quoting Koch v. Koch Indus., 798 F. Supp. 1525, 1536 (D. Kan. 1992)). As stated by another court: `[T]he underlying concern is the possibility, or the appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought.' Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980).

The facts of Mr. Ivey's former representation and the more recent representation by Mr. Ivey's business partner provide, at a minimum, the appearance of the possibility that

confidential information was disclosed. The prohibition against attorneys 'side switching' is based both on the RPC prohibiting the disclosure of confidences and also on the duty of loyalty the attorney owes his or her clients. Teja, 68 Wn. App. at 798-99.

Mr. Ivey should have voluntarily withdrawn after Mr. Sanders timely objected to his appearance on behalf of Ms. Woods. Since he did not, the trial court should have ordered it. We reverse the trial court decision to the contrary and order the immediate disqualification of Mr. Ivey and his law firm from any further representation of Ms. Woods. Page 600

### 2. Summary Judgment Dismissal

The next issue presented is whether the trial court erred when it granted Ms. Woods' motion for summary judgment dismissal of the claims filed against her. We review the court's decision de novo. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment under CR 56(c) is proper only when the pleadings, affidavits, depositions, and admissions on file, viewed in the light most favorable to the nonmoving party (Mr. Sanders), show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Iwai v. State, 129 Wn.2d 84, 95-96, 915 P.2d 1089 (1996). To defeat summary judgment, Mr. Sanders' evidence must set forth specific, detailed, and disputed facts; speculation, argumentative assertions, opinions, and conclusory statements will not suffice. Suarez v. Newquist, 70 Wn. App. 827, 832, 855 P.2d 1200 (1993).

Mr. Sanders claims summary judgment was improperly granted since the record contains evidence of several genuine issues of material fact in dispute, including whether or not Ms. Woods signed a covenant not to compete and Hotel Laminates' confidentiality agreement. He says she signed them; she says she did not. Under the circumstances, a credibility determination needs to be made by a fact finder before the dispute can be resolved. The trial court erred when it made the credibility decision for the parties on summary judgment.

Mr. Sanders raises other issues for our consideration. Because his first assignment of error provides grounds for reversal of the summary judgment order, we need not reach the merits of those other issues.

### 3. Cross-Appeal

Regarding her cross-appeal, we find the trial court did not abuse its discretion when it denied Ms. Woods' CR 11 motion for attorney fees. Page 601

CONCLUSION

Mr. Ivey and his firm are disqualified from representing Ms. Woods in this matter and the court's order denying Mr. Sanders' motion to disqualify is reversed. The summary judgment dismissal in favor of Ms. Woods is also reversed. The trial court's denial of Ms. Woods' motion for attorney fees is affirmed.

KATO, C.J. KURTZ, J., concur.

[fn1] Clerk's Papers at 979-81.

Copyright © 2005 Loislaw.com, Inc. All Rights Reserved

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 0 9 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

James S. Gordon, Jr., Plaintiff,

     vs.

Impulse Marketing Group, Inc.,

Defendant

Impulse Marketing Group, Inc.,

Third-Party Plaintiff,

    v.

Jamila E. Gordon, Third-Party

Defendant

Case No.: CV-04-5125-FVS

THIRD-PARTY DEFENDANT,
JAMILA E. GORDON'S MOTION
TO COMPEL AND FOR
SANCTIONS AND AFFIDAVIT
RE: DISCOVERY

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

Exhibit B


1 Third Party Defendant moves the Court for Sanctions and to Compel
2 Third Party Plaintiff's Responses to Third Party Defendant's
3 Interrogatories and Request for Production of Documents. These
4 documents were placed in US Mail on or about January 17, 2006. I
5 contacted Mr. Ivey to ensure the 30 day deadline was going to be met,
6 he instead sought a two-week extension. With that additional time,
7 Impulse still failed to meet its discovery obligations per FRCP 37 (a) (2)
8 (3) (4).

9 At the status conference in the Fall of 2005, Impulse asked this Court
10 for 3+ additional months for discovery. It has yet to propound the first
11 question or request the first document from me. Due to this
12 disingenuous request of the Court by Impulse close to four months of
13 time has been squandered by Impulse.

14

15 Third Party Defendant's Motion to Compel is pursuant to FRCP 37(a)(2)
16 (3)(4). Impulse has failed to make the required Rule 26 disclosures to
17 the undersigned. Further, Impulse has provided evasive, incomplete
18 disclosure, answer, or response to discovery propounded by the
19 undersigned.

20

21 Again, Impulse via its attorney is threatening me (and us) with
22 sanctions for exercising our rights. Mr. Ivey stated after the
23 teleconference with this Court that he would seek sanctions if we did
24 not withdraw our motion to compel as it was not properly plead. I trust
25 that such intimidation is not rewarded by the Court. Mr. Ivey is the
same attorney that represented my dad in one or more legal matters



1  and turned around and represented Impulse and other parties even

2  though my dad had discussed and corresponded about suing spammers

3  – an apparent breach of ethics Mr. Ivey - I have copies of the 15 or more

4  emails between Mr. Ivey and my father.

5

6  My father, has a power of attorney that I have executed in Benton

7  County, OR. Mr. Ivey has this document. I have asked my father, James

   S. Gordon, Jr. to represent my interests in this matter. Thus, Mr. Ivey

8  shall interact directly with my father or develop another workaround as

9  I do not wish to be contacted by Impulse or its attorneys in any manner.

10

11                          **Interrogatories**

12  Examples of the non-responsive answers to interrogatories by Impulse

13  are the following:

14  **Interrogatory #11:** Who actually sets up and sends email on behalf of

15  Impulse?

16

17  **Response:** Impulse asserts the Ambiguity, Irrelevancy, and

18  Overbreadth Objections. The inquiry is not relevant to the issues

19  alleged in the Third Party Complaint. The information sought will not

20  lead to the discovery of admissible evidence. Bushman v. New Holland,

21  83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield

22  Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

23

24  As Impulse has alleged that I was part of a scheme to defraud it and

25  that I allegedly opted into its marketing partners' web sites, I have a


right to know if the offending emails were sent by the marketing partners or someone in its direct employ and control.

**Interrogatory #16:** List all IP addresses that you have used to send email from for the past 5 years – list all domains that you have used – who owned them during this period of time?

**Response:**

Impulse asserts the Ambiguity, Irrelevancy, and Overbreadth Objections. The interrogatory is irrelevant to the Third party Causes of action. The information sought will not lead to the discovery of admissible evidence. Further, this Interrogatory No. 16 comprises a mutipart interrogatory and thus comprises more that one interrogatories for the purpose of complying with the rules limitation of 25 interrogatories. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974) Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

Again, the analysis of the emails which bear my name are at issue, I have a right to know the genesis of same.

**Interrogatory #17:** Please provide evidence of all opt-ins for the domain, gordonworks.com, including personally identifiable information from each opt-in.

**Response:**



Impulse assers the ambiguity, Irrelevancy, and Overbreadth Objections. The interrogatory is irrelevant to the Third Party Causes of Action against this Third party Defendant. The information sought will not lead to the discovery of admissible evidence. <u>Bushman v. New Holland,</u> 83 Wn. 2d 429, 433-34 (1974) Felix A. Thillet, Inc. v. <u>Kelly-Springfield Tire Co.,</u> 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing, Jamila Gordon is referred to the opt-in spreadsheet produced to her in response th her request for documents.

Impulse claims that I opted into web sites or participated in a scheme, I am entitled to know of any and all instances that I allegedly opted in per its records or the records of its agents.

### Requests for Production

In the following actual list of requests my me for documents, I will use "key words" [in brackets] from the responses by Impulse – including "irrelevant", "lack standing", or other as a synopsis of Impulse's objection.

1. Produce all correspondence – from and to IMG since 8/1/2003 - internal and external regarding the regulation, restriction, and quality control of email. **[Lacks Standing]**
2. Provide copies of all marketing contracts executed by Impulse and all marketing partners since 8/1/2003. **[Lacks Standing]**
3. Provide documentation pertaining to the discipline of any and all employees who have been disciplined regarding email abuse. **[Lacks Standing]**
4. Provide documentation pertaining to the discipline of any and all marketing partners who have been disciplined regarding email abuse. **[Lacks Standing]**



5.  Provide documentation or correspondence regarding due diligence conducted on each prospective email marketer that you have contracted with. **[Irrelevant]**

6.  Produce lists of all users (individuals) of the following domains: (List Omitted from this display) **[ Irrelevant]**

7.  Produce an organization chart for IMG and any subsidiary and/or parent organizations. **[Lacks Standing]**

8.  Produce documentary evidence of all quality control measures pertaining to email marketing. **[Irrelevant]**

**9.**  Produce all documents on which IMG relied on that led to excessive costs and expenses as a result of plaintiff's and third party defendants' alleged actions. **[Impulse did not acknowledge this request for production]**

10.  Produce a chronological list of all marketing partners and full contact information for each including the IP addresses and domains used by them. **[Impulse did not acknowledge this request for production]**

11.  Provide documents which represent false representations by plaintiff and/or third party defendants. **[Impulse did not acknowledge this request for production]**

12.  Produce contracts and other documents which detail a business relationship with the owners of the opt-in web sites wherein it is alleged that third party defendants opted in to receive email from defendant or its agents or marketing partners. **[Impulse did not acknowledge this request for production]**

13.  Produce documentary evidence of all quality control measures pertaining to email marketing implemented by Impulse and/or its marketing partners. **[Impulse did not acknowledge this request for production]**

Third party Defendant asks the Court to award Sanctions per FRCP 37(a)(4) in an amount equal to or greater than the Sanctions demanded by Impulse of Plaintiff. Or, in the alternative, simply require/order compliance with the rules.

1  I declare under penalty of perjury under the laws of the United States
2  that the foregoing is true and correct.

3
4  Jamila E. Gordon, Pro Se
5  9804 Buckingham Drive
6  Pasco, WA 99301
7  509-210-1069
8
9  EXECUTED this 9th day of March, 2006.
10  _____
11
12              Certificate of Service
13  I, hereby, certify that on March 9, 2006, I filed this motion with this
    Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan,
14  Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon,
    Emily Abbey, and Robert Pritchett by other means.
15  _____
16
17
18
19
20
21
22
23
24
25

Case 2:04-cv-05125-FVS     Document 270     Filed 03/09/2006

1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
9              DISTRICT OF WASHINGTON AT RICHLAND
10
11   James S. Gordon, Jr., Plaintiff,      )   Case No.: CV-04-5125-FVS
12          vs.                            )   ORDER ON THIRD PARTY
                                           )   DEFENDANT'S MOTION TO
13   Impulse Marketing Group, Inc.,        )   COMPEL AND FOR
                                           )   SANCTIONS.
14   Defendant                             )
                                           )
15                                         )
                                           )
16   Impulse Marketing Group, Inc.,        )
                                           )
17   Third-Party Plaintiff,
18     v.
19   Jamila E. Gordon, Third-Party
20   Defendant
21
22   _____
     TO: Clerk of the Court
23   AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff
24
25             RECEIVED

              MAR 0 9 2006

          CLERK, US DISTRICT COURT
            RICHLAND, WASHINGTON

1    The Court having considered Third party Defendant's Motion to Compel

2    and for Sanctions – said Order is hereby (granted) _____ (denied)

3    _____. Impulse is Ordered to Respond in full to Third Party

4    Defendant's Discovery by _____, 2006. Sanctions are awarded in

5    the amount of $_____ and are to be paid to Third Party

6    Defendant or to this Court by Impulse by _____, 2006.

7

8    Dated this _____ day of _____, 2006

9

10   _____

11   JUDGE VAN SICKLE

12

13

14

15                          Certificate of Service

16   I, hereby, certify that on March 9, 2006, I filed this Order on Third
     Party Defendant's Motion to Compel and for Sanctions with this Court.
17   I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E.
     Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon, Emily
     Abbey, and Robert Pritchett by other means.

18
                    _____  P DA
19

20

21

22

23

24

25

Floyd Ivey

| | |
|---|---|
| **From:** | Floyd E. Ivey [feivey@3-cities.com] |
| **Sent:** | Thursday, November 03, 2005 9:24 AM |
| **To:** | (pglantz@kzrd com); seanm@kzrd.com |
| **Subject:** | FW: [Fwd: RE: Gordon v. Impulse] |

Sean and Peter,

See following re: McKinley's oblique approach to conflict. This was discussed very early with McKinley. I understand that there will be no other comment. I'm sure that any possible conflict would have been waived by this time had plaintiff pursued with a motion.

I believe that I discussed with KZRD representatives, likely Sean or Peter, the fact that I had had contact with Gordon in years past. I do not recall or have any file which suggests any advancement of a SPAM claim on the part of Gordon.

Floyd E. Ivey

-----Original Message-----
From: Douglas E. McKinley, Jr. [mailto:doug@mckinleylaw.com]
Sent: Wednesday, November 02, 2005 7:29 PM
To: Floyd E. Ivey
Subject: [Fwd: RE: Gordon v. Impulse]

*McKinley to Ivey 11/2/05*

Floyd:

Your recollection and mine about our prior conversations differ. As I recall, you and I disagreed about what level of interaction between a lawyer and a client is required to create an attorney/client relationship, and thus a conflict. I told you that I thought you were much closer to the line than I would ever wish to be, and we left it at that. Mr. Gordon has indicated that it is his present desire is to bring IMG to account for their actions, not to cause you problems in your law practice. Accordingly, I have not raised any further concern.

Parenthetically, Mr. Gordon has shown me email traffic back and forth between Mr. Gordon and you related to initiating a spam suit against CMG, including emails from you to Mr. Gordon. Based on my review of this correspondance and your representations below, it would appear to me that your records are incomplete.

--
Douglas E. McKinley, Jr.
Attorney at Law
PO Box 202
Richland, Washington 99352
voice (509) 628-0809
fax (509) 628-2307

The information contained in this e-mail message may be privileged, confidential and protected from disclosure under the attorney-client privilege or work product doctrine. If this message contains legal advice, please limit dissemination in order to preserve its privileged and confidential nature. If you are not the intended recipient, please return the message to doug@mckinleylaw.com and remove any copies, together with any attachments, from your system

-------- Original Message --------
Subject: RE: Gordon v. Impulse
Date:    Wed, 2 Nov 2005 17:51:15 -0800
From:    Floyd E. Ivey <feivey@3-cities.com>
To:      'Douglas E. McKinley, Jr.' <doug@mckinleylaw.com>

*Exhibit C*

*30*

CC:     <pglantz@kzrd.com>

*11/2/05*
*Dicy to*
*McKinley*

Doug,

I replied to the following email without having completely reviewed you message. I noted the comments about the children and documents. I did not see the comment relating to any prior relationship between Mr. Gordon and me. You conclude the prior message by stating:

> However, if you really want to discuss what constitutes "providing legal representation," lets' start with the voluminous correspondance between you and Mr.    Gordon, where you and he discussed the same emails and the same companies that form the basis for Mr. Gordon's complaint, prior to you entering an appearance for the other side.

Let's immediately address this comment.

In years past I provided very limited assisted to Mr. Gordon. I see that I likely provided Mr. Gordon with a Confidentiality Agreement for his use with others. This assistance appears to have been in May 2002 and it likely involved my email to him of the agreement in blank..

I see that I received an email from Mr. Gordon on May 3, 2002 regarding a question Mr. Gordon had re: an invention and the matter of patenting. I have not provided patent services to Mr. Gordon.

I also see an email from Mr. Gordon on May 3, 2002 where I replied and advised that his use of a product or company name raised Trademark Issues. I do not find evidence that I provided Trademark Services to Mr. Gordon.

I see also email from Mr. Gordon 7/16/2002, 8/28/2002, 11/2/2002 and 11/19/2001 re: his business with Dancing Wolf, Inc. I do not find that any action was taken on Mr. Gordon's behalf.

I do not find files opened for any of these matters. The assistance was minimimal.

However, none of these contacts relate to any SPAM issue..

At a date in the past, likely 2003, Mr. Gordon contacted me several times, without my solicitation, with email asking of my interest in assisting him with SPAM. I was not interested. I find none of that email communication. I do not know if I ever replied to Mr. Gordon. I find nothing which would substantiate your comment.

However, at the earliest stage of my involvement with the defense of Impulse, you and I spoke about the fact that I had known Mr. Gordon. You initially indicated that I would have a conflict. However, you stated that you would discuss with Mr. Gordon any concern that there might be with my involvement. You did not thereafter raise any concern. You have never, until this email, made any suggestion that there is a conflict of interest.

Your reference now to the past suggests your thought that I did have a conflict. Why have you waited these many months to make this comment? Unsolicited communications do not create conflict. I ask that you clarify immediately.

Thank you,

Floyd E. Ivey

-----Original Message-----
From: Douglas E. McKinley, Jr. [mailto:doug@mckinleylaw.com]
Sent: Wednesday, November 02, 2005 3:27 PM
To: Floyd E. Ivey
Subject: Re: Gordon v. Impulse

Floyd:

With respect to Jamila, you already have her actual address. Please
note her notice of appearance. With respect to Jonathan, you also
already have his actual address. Again, please note his notice of
appearance. The fact that he lives with Mr. Gordon at Mr. Gordon's
home shouldn't present a problem, simply address his mail to Jonathan.
 With respect to James III, I note that you originally "served" him in
this lawsuit by leaving a copy of your answer with his father at Mr.
Gordon's home. James III then graciously agreed to accept this
defective service at your request. Is it your position that having
availed yourself of his hospitality in accepting service of the original
answer when you left it with his father, you want to turn around and now
refuse to send any further papers to his father at this same address?
That would seem to be a pretty one sided deal.

There is absolutely nothing improper about a child empowering their
parent to sign legal documents on their behalf, and it happens every
day. Mr. Gordon's signing on behalf of his children simply provides a
convenience, helping to insure that documents are filed with the court
in a timely manner. You should appreciate this, as it helps move this
case toward a resolution, and your suggestion that this constitutes
"providing legal representation" is ridiculous. However, if you really
want to discuss what constitutes "providing legal representation," lets'
start with the voluminous correspondance between you and Mr. Gordon,
where you and he discussed the same emails and the same companies that
form the basis for Mr. Gordon's complaint, prior to you entering an
appearance for the other side.

Douglas E. McKinley, Jr.
Attorney at Law
PO Box 202
Richland, Washington 99352
voice (509) 628-0809
fax (509) 628-2307

The information contained in this e-mail message may be privileged,
confidential and protected from disclosure under the attorney-client
privilege or work product doctrine. If this message contains legal
advice, please limit dissemination in order to preserve its privileged
and confidential nature. If you are not the intended recipient, please
return the message to doug@mckinleylaw.com and remove any copies,
together with any attachments, from your system

Floyd E. Ivey wrote:

3

>Doug,
>
>These grants from James Jr., James III and Jamila and the filing of Status
>Certificates give the distinct appearance that Mr. Gordon is providing
legal
>representation in Federal Court.
>
>There will be no direct communication by Defendant with your client, Mr.
>Gordon, for the purposes you and he propose. The Defendant requires the
>address at which each resides for the purpose of service by mail. Please
>advise if you and Mr. Gordon refuse to provide this information.
>
>Floyd E. Ivey
>
>
>-----Original Message-----
>From: Douglas E. McKinley, Jr. [mailto:doug@mckinleylaw.com]
>Sent: Wednesday, November 02, 2005 8:26 AM
>To: Floyd E. Ivey
>Subject: Re: Gordon v. Impulse
>
>Floyd:
>
>Mr. Gordon is most assuredly not "representing" his children. Rather,
>he has been given a power of attorney to sign documents on their behalf
>including those related to this litigation. They remain pro se
>defendants. I've included a copy of each of their powers of attorney.
>Please mail documents intended for them to Mr. Gordon at
>
>Jim Gordon
>9804 Buckingham Drive
>Pasco, WA 99301
>
>Mr. Gordon has further requested that you include a separate set of
>documents for each of them, as is required by the Court Rules, so that
>he will have enough copies to distribute them to each of his children.
>
>Douglas E. McKinley, Jr.
>Attorney at Law
>PO Box 202
>Richland, Washington 99352
>voice (509) 628-0809
>fax (509) 628-2307
>
>The information contained in this e-mail message may be privileged,
>confidential and protected from disclosure under the attorney-client
>privilege or work product doctrine. If this message contains legal
>advice, please limit dissemination in order to preserve its privileged
>and confidential nature. If you are not the intended recipient, please
>return the message to doug@mckinleylaw.com and remove any copies,
>together with any attachments, from your system
>
>
>
>Floyd E. Ivey wrote:
>
>
>
>>Doug,
>>
>>

*no communication with Mr. Gordon*

*Representation*

4

*Mr. Gordon's*
*role re:*
*3rd party defendants*

>>
>>Note that Mr. Gordon, Plaintiff, is signing documents on behalf of
>>Third Party Defendants. This suggests that Mr. Gordon is representing
>>these Third Party Defendants. Ms. Jamila Gordon has indicated that
>>contact is to be through Mr. Gordon. You and I have discussed this
>>issue with the understanding that I will have no direct contact with
>>Mr. Gordon. Please insure that the address information for James
>>Gordon III, Jamila Gordon and Jonathan Gordon is provided to Defendant.
>>
>>
>>
>>Floyd E. Ivey
>>
>>Attorney at Law
>>
>>Liebler, Ivey, Connor, Berry & St. Hilaire
>>
>>Box 6125
>>
>>1141 N. Edison, Suite C
>>
>>Kennewick, Wa 99336
>>
>>509 735 3581
>>
>>509 735 3585(fax)
>>
>>509 948 0943(cell)
>>
>>feivey@3-cities.com
>>
>>
>>
>>
>>
>
>
>
>
>

34

## Notices

2:04-cv-05125-FVS Gordon v. Impulse Marketing Group Inc

*Select the appropriate event(s) to which your event relates:*

☐ 11/23/2004 1    COMPLAINT against Impulse Marketing Group Inc ( Filing fee $ 150;
Receipt # 059961). Summons issued. Jury Demand. Filed by James S Gordon
Jr. (Attachments: # (1) Civil Cover Sheet)(CR, Case Administrator) (Entered:
11/24/2004)

☐ 01/26/2005 3    NOTICE of Appearance *of Sean A. Moynihan, Peter J. Glantz & Floyd E.
Ivey* by Floyd Edwin Ivey on behalf of Impulse Marketing Group Inc (Ivey,
Floyd)

☐ 01/26/2005 4    MEMORANDUM *in support of Motion to dismiss* by Impulse Marketing
Group Inc. (Ivey, Floyd)

☐ 01/26/2005 5    DECLARATION by David O. Klein in Support re [2] First MOTION to
Dismiss *Defendant* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 01/26/2005 6    DECLARATION by Phil Huston in Support re [2] First MOTION to Dismiss
*Defendant* filed by Impulse Marketing Group Inc. (Attachments: # (1) # (2) #
(3) # (4) # (5) # (6) # (7) # (8) # (9) # (10))(Ivey, Floyd)

☐ 01/26/2005 7    NOTICE of Hearing on Motion re [2] First MOTION to Dismiss *Defendant*:
Motion Hearing set for 2/25/2005 at 08:30 Telephonic Argument for [2],
Motion Hearing set for 2/25/2005 at 08:30 AM Telephonic Argument for [2],
before Chief Judge Fred Van Sickle (Ivey, Floyd)

☐ 01/26/2005 8    STATEMENT *Rule 7.1* by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 02/03/2005 9    AFFIDAVIT by James Gordon Jr. in Opposition re [2] First MOTION to
Dismiss *Defendant* filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 02/03/2005 10   MEMORANDUM of Points and Authorities in Opposition re [2] First
MOTION to Dismiss *Defendant* filed by James S Gordon, Jr. (McKinley,
Douglas)

☐ 02/10/2005 11   NOTICE of Appearance *of David O. Klein* by Floyd Edwin Ivey on behalf of
Impulse Marketing Group Inc (Ivey, Floyd)

☐ 02/10/2005 15   NOTICE of Hearing on Motion re [13] MOTION for Leave to Appear Pro Hac
Vice *by David O. Klein*, [14] MOTION for Leave to Appear Pro Hac
Vice *by Sean A. Moynihan*, [12] MOTION for Leave to Appear Pro Hac Vice
*by Peter J. Glantz*: Motion Hearing set for 2/18/2005 at 06:30 PM Without
Oral Argument for [13] and for [14] and for [12], before Chief Judge Fred
Van Sickle (Ivey, Floyd)

☐ 02/10/2005 16   DECLARATION by Peter J. Gantz in Support re [12] MOTION for Leave to
Appear Pro Hac Vice *by Peter J. Glantz* filed by Impulse Marketing Group
Inc. (Ivey, Floyd)

☐ 02/10/2005 17   DECLARATION by David O. Klein in Support re [13] MOTION for Leave
to Appear Pro Hac Vice *by David O. Klein* filed by Impulse Marketing Group
Inc. (Ivey, Floyd)

☐ 02/10/2005 18   DECLARATION by Sean A. Moynihan in Support re [14] MOTION for
Leave to Appear Pro Hac Vice *by Sean A. Moynihan* filed by Impulse

Marketing Group Inc. (Ivey, Floyd)

☐ 02/10/2005 19 Praecipe filed by Impulse Marketing Group Inc: Re [16] Declaration in
Support of Motion, [12] MOTION for Leave to Appear Pro Hac Vice *by
Peter J. Glantz*. (Ivey, Floyd)

☐ 02/10/2005 20 Praecipe filed by Impulse Marketing Group Inc: Re [13] MOTION for Leave
to Appear Pro Hac Vice *by David O. Klein*, [17] Declaration in Support of
Motion. (Ivey, Floyd)

☐ 02/10/2005 21 Praecipe filed by Impulse Marketing Group Inc: Re [14] MOTION for Leave
to Appear Pro Hac Vice *by Sean A. Moynihan*, [18] Declaration in Support of
Motion. (Ivey, Floyd)

☐ 02/11/2005 Payment Received: Receipt #060619 in the amount of $300.00 from Klein
Zelman Rothermel re Pro Hac Vice for Peter Glantz, David Klein & Sean
Moynihan re motions [12], [13] & [14]. (SAP, Case Administrator) (Entered:
02/14/2005)

☐ 02/14/2005 22 REPLY MEMORANDUM re [2] First MOTION to Dismiss *Defendant 's
Reply to Plaintiff's Response to Defendant's Motion to Dismiss* filed by
Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 02/15/2005 23 RESPONSE to Motion re [13] MOTION for Leave to Appear Pro Hac Vice
*by David O. Klein*, [14] MOTION for Leave to Appear Pro Hac Vice *by Sean
A. Moynihan*, [12] MOTION for Leave to Appear Pro Hac Vice *by Peter J.
Glantz* filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 02/15/2005 24 RESPONSE to Motion re [13] MOTION for Leave to Appear Pro Hac Vice
*by David O. Klein*, [14] MOTION for Leave to Appear Pro Hac Vice *by Sean
A. Moynihan*, [12] MOTION for Leave to Appear Pro Hac Vice *by Peter J.
Glantz Certificate of Service Corrected* filed by James S Gordon, Jr.
(McKinley, Douglas)

☐ 02/16/2005 25 CERTIFICATION *of Service* by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 02/23/2005 26 *Defendant's* NOTICE of Hearing on Motion re [2] First MOTION to Dismiss
*Defendant*: Motion Hearing set for 3/31/2005 at 10:30 AM Telephonic
Argument for [2], before Chief Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/23/2005 27 REPLY MEMORANDUM re [2] First MOTION to Dismiss *Defendant* filed
by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 03/01/2005 28 ORDER GRANTING PERMISSION TO APPEAR PRO HAC VICE-
granting [12] Motion, granting [13] Motion & granting [14] Motion for
Attorneys Peter Glantz, David Klein & Sean Moynihan to appear for
defendant Impulse Marketing Group Inc . Signed by Judge Fred Van Sickle.
(SAP, Case Administrator)

☐ 03/25/2005 29 ORDER . Signed by Judge Fred Van Sickle. (RF, Case Administrator)

☐ 03/28/2005 30 DECLARATION by Douglas E. McKinley, Jr. *and request to appear in
person to argue pending motion to dismiss* re [29] Order by James S Gordon,
Jr. (McKinley, Douglas)

☐ 03/28/2005 31 RESPONSE *TO PLAINTIFF'S DECLARATION REGARDING PERSONAL
APPEARANCE OR TELEPHONE CONFERENCE* by Impulse Marketing
Group Inc. (Attachments: # (1))(Ivey, Floyd)

☐ 03/31/2005 32 Minute Entry for TELEPHONIC proceedings held before Judge Lonny R.
Suko : Motion Hearing held on 3/31/2005 re [2] First MOTION to Dismiss
filed by Impulse Marketing Group Inc. (CP, Courtroom Deputy)

| | | |
|---|---|---|
| ☐ 03/31/2005 | 33 | ORDER reserving ruling on [2] Motion to Dismiss . Signed by Judge Fred Van Sickle. (RF, Case Administrator) |
| ☐ 04/21/2005 | 34 | MEMORANDUM in Opposition re [2] First MOTION to Dismiss *Defendant second reply responsive to Court's Order of March 31, 2005* filed by James S Gordon, Jr. (McKinley, Douglas) |
| ☐ 05/05/2005 | 35 | RESPONSE to Motion re [2] First MOTION to Dismiss *Defendant further response* filed by Impulse Marketing Group Inc. (Ivey, Floyd) |
| ☐ 05/20/2005 | 36 | MEMORANDUM of Points and Authorities in Support re [2] First MOTION to Dismiss *Defendant Defendant's Additional Supplemental Response Re: Defendant's Motion to Dismiss* filed by Impulse Marketing Group Inc. (Ivey, Floyd) |
| ☐ 05/20/2005 | 37 | MEMORANDUM in Opposition re [2] First MOTION to Dismiss *Defendant Third Response* filed by James S Gordon, Jr. (McKinley, Douglas) |
| ☐ 07/11/2005 | 38 | ORDER DENYING DEFENDANT'S [2] MOTION TO DISMISS. Defendant shall file answer to complaint within 20 days of the entry of this order. Signed by Judge Fred Van Sickle. (SAP, Case Administrator) |
| ☐ 08/01/2005 | 39 | *Defendant's* ANSWER to Complaint with jury demand. *Third-Party Plaintiff*, THIRD PARTY COMPLAINT against Emily Abbey, James S Gordon III, Bonnie Gordon, Jamila Gordon, Jonathan Gordon, Robert Pritchett, Lew Reed, COUNTERCLAIM against James S Gordon, Jr by Impulse Marketing Group Inc.(Ivey, Floyd) |
| ☐ 08/17/2005 | 40 | First MOTION to Dismiss *counterclaims and Third Party Defendants* by all plaintiffs. (Attachments: # (1))(McKinley, Douglas) |
| ☐ 08/17/2005 | 41 | MEMORANDUM in Support re [40] First MOTION to Dismiss *counterclaims and Third Party Defendants* filed by James S Gordon, Jr. (McKinley, Douglas) |
| ☐ 08/17/2005 | 42 | DECLARATION by Eric Castelli in Support re [40] First MOTION to Dismiss *counterclaims and Third Party Defendants* filed by James S Gordon, Jr. (McKinley, Douglas) |
| ☐ 08/17/2005 | 43 | DECLARATION by James S. Gordon, Jr. in Support re [40] First MOTION to Dismiss *counterclaims and Third Party Defendants* filed by James S Gordon, Jr. (McKinley, Douglas) |
| ☐ 08/17/2005 | 44 | NOTICE of Hearing on Motion Oral Argument Requested re [40] First MOTION to Dismiss *counterclaims and Third Party Defendants*: Motion Hearing set for**9/28/05 CORRECTION TO DATE SET 9/21/2005 at 02:00 PM Richland for [40]**, before Judge Fred Van Sickle (McKinley, Douglas) Modified on 8/17/2005 (VR, Case Administrator). |
| ☐ 08/17/2005 | 45 | Docket Annotation - Re Filing Error: [44] Notice of Hearing on Motion, CORRECTION TO DATE HEARING SET (should be 9/28/05 at 2:00 pm) (VR, Case Administrator) |
| ☐ 08/23/2005 | 47 | DECLARATION by Floyd E. Ivey in Support re [46] MOTION for Extension of Time to File Response/Reply filed by Impulse Marketing Group Inc. (Ivey, Floyd) |
| ☐ 08/23/2005 | 48 | NOTICE of Hearing on Motion re [46] MOTION for Extension of Time to File Response/Reply: Motion Hearing set for 8/29/2005 at 06:30 PM Without Oral Argument for [46], before Judge Fred Van Sickle (Ivey, Floyd) |
| ☐ 08/23/2005 | 49 | ORDER granting [46] Motion for Extension of Time to File |

*37*

Response/Reply . Text-only entry; no PDF document will issue. This text-only entry constitutes the court order or notice on the matter.Signed by Judge Fred Van Sickle. (CP, Courtroom Deputy)

☐ 09/01/2005 51  DECLARATION by Floyd E. Ivey in Support re [50] MOTION to Dismiss *Third Party Defendant Lew Reed* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/01/2005 52  MEMORANDUM in Support re [50] MOTION to Dismiss *Third Party Defendant Lew Reed* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/01/2005 53  NOTICE of Hearing on Motion re [50] MOTION to Dismiss *Third Party Defendant Lew Reed*: Motion Hearing set for 9/28/2005 at 06:30 PM Without Oral Argument for [50], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 09/06/2005 55  DECLARATION by Floyd E. Ivey in Support re [54] Second MOTION for Extension of Time to File Response/Reply *to Plaintiff's Motion to Dismiss or for Summary Judgment* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/06/2005 56  MEMORANDUM in Support re [54] Second MOTION for Extension of Time to File Response/Reply *to Plaintiff's Motion to Dismiss or for Summary Judgment* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/06/2005 57  NOTICE of Hearing on Motion re [54] Second MOTION for Extension of Time to File Response/Reply *to Plaintiff's Motion to Dismiss or for Summary Judgment*: Motion Hearing set for 9/7/2005 at 06:30 PM Without Oral Argument for [54], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 09/06/2005 58  *First Amended* ANSWER to Counterclaim , *Answer and Third Party Complaint* with jury demand., THIRD PARTY COMPLAINT against Robert Pritchett, COUNTERCLAIM against James S Gordon, Jr by Impulse Marketing Group Inc.(Ivey, Floyd)

☐ 09/07/2005 59  ORDER AND NOTICE OF HEARING; granting in part and denying in part [54] Motion for Extension of Time to File Response/Reply; dft shall file response to pltf's motion to dismiss or for summary judgment [40] by 9/23/05 at 5:00 p.m. & pltf's reply ddl 9/30/05 at 5:00 p.m.; Pltf's Motion to Dismiss [40] is STRICKEN and RESET to 10/12/05 at 2:00 p.m. in Richland, WA unless a joint written stipulation is provided requesting a telephonic hearing; dft's motion for dismissal [50] is set for hearing on 10/12/05 at 2:00 p.m. Richland, WA unless a written stipulation is proivded requesting a telephonic hearing. Signed by Judge Fred Van Sickle. (LE, Case Administrator)

☐ 09/07/2005 60  Non-Compliance Notice To Peter J. Glantz dated September 7, 2005 - Electronic Filing and Service Required (LE, Case Administrator)

☐ 09/07/2005 61  Non-Compliance Notice To David O. Klein dated September 7, 2005 - Electronic Filing and Service Required (LE, Case Administrator)

☐ 09/07/2005 62  Non-Compliance Notice To Sean A. Moynihan dated September 7, 2005 - Electronic Filing and Service Required (LE, Case Administrator)

☐ 09/08/2005 64  NOTICE of Hearing on Motion re [63] MOTION to Expedite *Motion to Strike Plaintiff's Motion to Dismiss or for Clarification*: Motion Hearing set for 9/9/2005 at 06:30 PM Without Oral Argument for [63], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 09/08/2005 66  DECLARATION by Floyd E. Ivey in Support re [65] MOTION to Strike *Plaintiff's Motion to Dismiss and in the Alternative for Clarification of the Pleading which is Subject to Plaintiff's Motion* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/08/2005 67   MEMORANDUM in Support re [65] MOTION to Strike *Plaintiff's Motion to Dismiss and in the Alternative for Clarification of the Pleading which is Subject to Plaintiff's Motion* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/08/2005 68   NOTICE of Hearing on Motion re [65] MOTION to Strike *Plaintiff's Motion to Dismiss and in the Alternative for Clarification of the Pleading which is Subject to Plaintiff's Motion*: Motion Hearing set for 9/9/2005 at 06:30 PM Without Oral Argument for [65], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 09/08/2005 69   MEMORANDUM in Opposition re [65] MOTION to Strike *Plaintiff's Motion to Dismiss and in the Alternative for Clarification of the Pleading which is Subject to Plaintiff's Motion including stipulation that pending motion applies to Defendant's amended answer* filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 09/12/2005 70   ORDER OF CLARIFICATION; Granting [63] Defendant's Motion to Expedite; Granting in Part and Denying in Part [65] Motion to Strike and in the Alternative, for Clarification (Plaintiff's [40] MOTION to Dismiss *Counterclaims and Third Party Defendants* SHALL APPLY TO DEFENDANT'S AMENDED ANSWER). Signed by Judge Fred Van Sickle. (CV, Case Administrator)

☐ 09/12/2005 71   Non-Compliance Notice To Peter J. Glantz dated 9/12/05 - Electronic Filing and Service Required (CV, Case Administrator)

☐ 09/12/2005 72   Non-Compliance Notice To David O. Klein dated 9/12/05 - Electronic Filing and Service Required (CV, Case Administrator)

☐ 09/12/2005 73   Non-Compliance Notice To Sean A. Moynihan dated 9/12/05 - Electronic Filing and Service Required (CV, Case Administrator)

☐ 09/13/2005 74   NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL on behalf of Defendant Impulse Marketing Group Inc. Attorney David O. Klein is withdrawing. Floyd Edwin Ivey is substituted as counsel for Defendant. (Ivey, Floyd) Modified on 9/13/2005 **The wrong event was used to file this document. This is a withdrawal by David O. Klein and is not a Substitution of Counsel. (LE, Case Administrator).**

☐ 09/13/2005 76   NOTICE of Hearing on Motion re [75] MOTION to Expedite *for Consideration of Defendant's Motion for Telephonic Oral Argument*: Motion Hearing set for 9/16/2005 at 06:30 PM Without Oral Argument for [75], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 09/13/2005 78   MEMORANDUM in Opposition re [77] MOTION Telephonic Oral Argument on Plaintiff's Motion to Dismiss and in the alternative for Terms filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/13/2005 79   DECLARATION by Floyd E. Ivey in Support re [77] MOTION Telephonic Oral Argument on Plaintiff's Motion to Dismiss and in the alternative for Terms filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/13/2005 80   DECLARATION by Sean Moynihan in Support re [77] MOTION Telephonic Oral Argument on Plaintiff's Motion to Dismiss and in the alternative for Terms filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/13/2005 81   NOTICE of Hearing on Motion re [77] MOTION Telephonic Oral Argument on Plaintiff's Motion to Dismiss and in the alternative for Terms: Motion Hearing set for 9/16/2005 at 06:30 PM Without Oral Argument for [77], before Judge Fred Van Sickle (Ivey, Floyd)

09/14/2005 82    SCHEDULING CONFERENCE NOTICE : Telephonic Scheduling Conference set for 11/4/2005 09:00 AM before Judge Fred Van Sickle. (Attachments: # (1) Consent)(CP, Courtroom Deputy)

09/15/2005 83    SCHEDULING CONFERENCE NOTICE : Telephonic Scheduling Conference set for 11/4/2005 09:00 AM before Judge Fred Van Sickle. **(CORRECTED PDF attached)** (Attachments: # (1) Consent)(CP, Courtroom Deputy)

09/15/2005 84    ORDER GRANTING MOTION FOR TELEPHONIC HEARING; granting dft's [75] Motion to Expedite; granting dft's [77] Motion for Telephonic Argument; the 10/12/05 hrg on pltf's Motion to Dismiss Counterclaims & Third Party Dfts [40] and dft's Motion for Dismissal of Third-Party Dft Lew Reed [50] will be conducted via telephonic conference with counsel for dft Impulse Marketing Group to initiate the call. Signed by Judge Fred Van Sickle. (LE, Case Administrator)

09/19/2005    Summons Issued as to Third-Party Defendants Emily Abbey, James S Gordon III, Bonnie Gordon, Jamila Gordon, Jonathan Gordon and Robert Pritchett. (CV, Case Administrator)

09/20/2005 85    NOTICE of Hearing on Motion - By Court - Text entry; no PDF document. Telephonic Argument Requested re [50] MOTION to Dismiss Third Party Defendant Lew Reed [40] First MOTION to Dismiss Counterclaims and Third Party Defendants: TELEPHONIC Motion Hearing set for 10/12/2005 at 02:00 PM Telephonic Argument for [50] and for [40], before Judge Fred Van Sickle per Order (Ct. Rec. 84). Defendant shall initiate the call.(CP, Courtroom Deputy)

09/23/2005 86    DECLARATION by James A. Bodie in Opposition re [40] First MOTION to Dismiss *counterclaims and Third Party Defendants* filed by Impulse Marketing Group Inc. (Attachments: # (1))(Ivey, Floyd)

09/23/2005 87    MEMORANDUM of Points and Authorities in Opposition re [40] First MOTION to Dismiss *counterclaims and Third Party Defendants* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

09/26/2005 88    NOTICE of Appearance Pro Se by Robert Pritchett (SAP, Case Administrator) (Entered: 09/27/2005)

09/28/2005 89    NOTICE of Appearance (Pro Se) by Jonathan Gordon (SAP, Case Administrator) (Entered: 09/29/2005)

09/28/2005 90    NOTICE of Appearance (Pro Se) by Bonnie Gordon (SAP, Case Administrator) (Entered: 09/29/2005)

09/29/2005 91    DECLARATION by Floyd E. Ivey *of Filing* re [86] Declaration in Opposition to Motion, [87] Memorandum of Points and Authorities in Opposition to Motion by Impulse Marketing Group Inc. (Ivey, Floyd)

09/29/2005 92    SUMMONS Returned Executed by Impulse Marketing Group Inc re Bonnie Gordon. (Ivey, Floyd)

09/29/2005 93    SUMMONS Returned Executed by Impulse Marketing Group Inc re James S Gordon III. (Ivey, Floyd)

09/29/2005 94    SUMMONS Returned Executed by Impulse Marketing Group Inc re Robert Pritchett. (Ivey, Floyd)

09/29/2005 95    DECLARATION by Floyd E. Ivey *of Returns of Service* re [92] Summons Returned Executed, [93] Summons Returned Executed, [94] Summons





Returned Executed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 09/30/2005 96   REPLY MEMORANDUM re [40] First MOTION to Dismiss *counter-claims and Third Party Defendants* filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 09/30/2005 97   STATEMENT OF FACTS re [40] First MOTION to Dismiss *counter-claims and Third Party Defendants* filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 10/03/2005 98   SUMMONS Returned Executed by Impulse Marketing Group Inc re Jonathan Gordon. (Ivey, Floyd)

☐ 10/03/2005 99   DECLARATION by Floyd E. Ivey *of Filing* re [98] Summons Returned Executed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 10/03/2005 100  NOTICE of Appearance (Pro Se) by James S Gordon III (SAP, Case Administrator)

☐ 10/06/2005 102  MEMORANDUM in Support re [101] MOTION for Leave to File *Response to Plaintiff's Statement of Material Facts and for Rescheduling of Telephonic Argument* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 10/06/2005 103  NOTICE of Hearing on Motion re [101] MOTION for Leave to File *Response to Plaintiff's Statement of Material Facts and for Rescheduling of Telephonic Argument*: Motion Hearing set for 10/10/2005 at 06:30 PM Without Oral Argument for [101], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 10/06/2005 104  ORDER GRANTING MOTION [50] FOR DISMISSAL OF THIRD-PARTY DEFENDANT LEW REED. Party Lew Reed is Dismissed Without Prejudice. Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 10/06/2005 105  MEMORANDUM in Opposition re [101] MOTION for Leave to File *Response to Plaintiff's Statement of Material Facts and for Rescheduling of Telephonic Argument* filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 10/07/2005 106  ORDER GRANTING DEFENDANT'S MOTION [101] FOR AUTHORITY TO RESPOND TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AND RESCHEDULING TELEPHONIC HEARING. Telephonic Hearing is reset for 11/2/2005 02:00 PM in Telephonic Argument before Judge Fred Van Sickle. Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 10/10/2005 107  NOTICE BY CLERK: Attorney Sean A. Moynihan is now registered for electronic filing and noticing. THIS IS A TEXT-ONLY NOTICE - NO PDF WILL ISSUE (VH, Intake Clerk)

☐ 09/19/2005 108  NOTICE BY CLERK: Attorney Peter J. Glantz is now registered for electronic filing and noticing. THIS IS A TEXT-ONLY NOTICE - NO PDF WILL ISSUE (VH, Intake Clerk) (Entered: 10/10/2005)

☐ 10/14/2005 109  RESPONSE re [97] Statement of Facts *Disputed by Impulse as Material Facts and Motion to Strike Statement of Facts* by Impulse Marketing Group Inc. (Attachments: # (1))(Ivey, Floyd)

☐ 10/14/2005 110  DECLARATION by Peter Glantz *in Support of Motion to Strike Statement of Material Facts* re [109] Response by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 10/17/2005 112  NOTICE of Hearing on Motion re [111] MOTION to Expedite *to File Motion for Extension of Time for filing Defendant's Statement of Material Facts*: Motion Hearing set for 10/18/2005 at 06:30 PM Telephonic Argument for

[111], before Judge Fred Van Sickle (Ivey, Floyd)

10/17/2005 114 DECLARATION by Floyd E. Ivey in Support re [113] MOTION for
Extension of Time to File *Statement of Material Facts Supportive of
Defendant's Cross Motion for Summary Judgment* filed by Impulse
Marketing Group Inc. (Ivey, Floyd)

10/17/2005 115 NOTICE of Hearing on Motion re [113] MOTION for Extension of Time to
File *Statement of Material Facts Supportive of Defendant's Cross Motion for
Summary Judgment*: Motion Hearing set for 10/18/2005 at 06:30 PM Without
Oral Argument for [113], before Judge Fred Van Sickle (Ivey, Floyd)

10/17/2005 116 MEMORANDUM in Opposition re [113] MOTION for Extension of Time to
File *Statement of Material Facts Supportive of Defendant's Cross Motion for
Summary Judgment* filed by James S Gordon, Jr. (McKinley, Douglas)

10/18/2005 117 ORDER Granting [111] Motion to Expedite and Granting [113] Motion for
Extension of Time to File Statement of Material Facts . Signed by Judge Fred
Van Sickle. (SAP, Case Administrator)

10/18/2005 118 DECLARATION by Floyd E. Ivey *of Filing Declaration of Peter J. Glantz* re
[110] Declaration by Impulse Marketing Group Inc. (Ivey, Floyd)

10/18/2005 120 NOTICE of Hearing on Motion re [119] MOTION to Expedite *Motion to
Reschedule or Strike Plaintiff's Motion for Summary Judgment*: Motion
Hearing set for 10/25/2005 at 06:30 PM Without Oral Argument for [119],
before Judge Fred Van Sickle (Ivey, Floyd)

10/18/2005 122 MEMORANDUM in Support re [121] MOTION to Strike [40] First
MOTION to Dismiss *counterclaims and Third Party Defendants or
Reschedule* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

10/18/2005 123 DECLARATION by Floyd E. Ivey in Support re [121] MOTION to Strike
[40] First MOTION to Dismiss *counterclaims and Third Party Defendants or
Reschedule* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

10/18/2005 124 NOTICE of Hearing on Motion re [121] MOTION to Strike [40] First
MOTION to Dismiss *counterclaims and Third Party Defendants or
Reschedule*: Motion Hearing set for 10/25/2005 at 06:30 PM Without Oral
Argument for [121], before Judge Fred Van Sickle (Ivey, Floyd)

10/20/2005 126 SUMMONS Returned Executed by Impulse Marketing Group Inc re Emily
Abbey. (Ivey, Floyd)

10/20/2005 127 SUMMONS Returned Executed by Impulse Marketing Group Inc re Jamila
Gordon. (Ivey, Floyd)

10/20/2005 128 DECLARATION by Floyd E. Ivey *of Filing* re [127] Summons Returned
Executed, [126] Summons Returned Executed by Impulse Marketing Group
Inc. (Ivey, Floyd)

10/20/2005 129 MEMORANDUM in Opposition re [121] MOTION to Strike [40] First
MOTION to Dismiss *counterclaims and Third Party Defendants or
Reschedule* filed by James S Gordon, Jr. (McKinley, Douglas)

10/21/2005 130 NOTICE of Hearing on Motion re [125] MOTION to Withdraw [109]
Response *Cross-Motion for Summary Judgment within Defendant's Response
to Statement of Material Facts*: Motion Hearing set for 10/21/2005 at 06:30
PM Without Oral Argument for [125], before Judge Fred Van Sickle
(Attachments: # (1))(Ivey, Floyd)

10/21/2005 131 REPLY MEMORANDUM re [121] MOTION to Strike [40] First MOTION

to Dismiss *counterclaims and Third Party Defendants or Reschedule* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 10/19/2005 132 NOTICE of Appearance by Emily Abbey (Pro Se) (SAP, Case Administrator) (Entered: 10/21/2005)

☐ 10/19/2005 133 CERTIFICATE OF SERVICE by Jonathan Gordon re [89] Notice of Appearance (SAP, Case Administrator) (Entered: 10/21/2005)

☐ 10/21/2005 134 STATEMENT OF *Reply to Defendant's Counter Statement of Facts under LR 7.1(c)* FACTS re [40] First MOTION to Dismiss *counterclaims and Third Party Defendants* filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 10/19/2005 135 CERTIFICATE OF SERVICE by Bonnie Gordon re [90] Notice of Appearance (SAP, Case Administrator) (Entered: 10/21/2005)

☐ 10/21/2005 136 REPLY re [109] Response *Reply to Defendant's "motion" to strike contained within Defendant's Counter Statement of Facts but not noted for hearing* by James S Gordon, Jr. (McKinley, Douglas)

☐ 10/24/2005 137 ORDER GRANTING [125] MOTION TO WITHDRAW DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE. Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 10/19/2005 138 CERTIFICATE OF SERVICE by James S Gordon III re [100] Notice of Appearance (SAP, Case Administrator) (Entered: 10/24/2005)

☐ 10/19/2005 139 CERTIFICATE OF SERVICE by Robert Pritchett re [88] Notice of Appearance (SAP, Case Administrator) (Entered: 10/24/2005)

☐ 10/25/2005 140 ORDER GRANTING [121] MOTION TO RESCHEDULE and Granting [119] Motion to Expedite . The 11/2/05 telephonic hearing is Stricken. Issue of rescheduling plaintiff's motion will be addressed at the scheduling conference on 11/4/05. Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 10/26/2005 141 NOTICE of Appearance by Jamila Gordon (Pro Se) (SAP, Case Administrator)

☐ 10/28/2005 143 DECLARATION by Floyd E. Ivey in Support re [142] MOTION for Entry of Default as to *Robert Pritchett, Bonnie Gordon, James S. Gordon, III and Jonathan Gordon* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 10/28/2005 144 STATUS REPORT *Joint Status Certificate and Rule 26(f) Discovery Plan* by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 10/27/2005 145 JOINT STATUS Certificate and Rule 26(f) Discovery Plan by Jamila Gordon. (SAP, Case Administrator) (Entered: 10/28/2005)

☐ 10/27/2005 146 JOINT STATUS Certificate and Rule 26(f) Discovery Plan by James S Gordon III. (SAP, Case Administrator) (Entered: 10/28/2005)

☐ 10/27/2005 147 JOINT STATUS Certificate and Rule 26(f) Discovery Plan by Jonathan Gordon. (SAP, Case Administrator) (Entered: 10/28/2005)

☐ 10/27/2005 148 JOINT STATUS Certificate and Rule 26(f) Discovery Plan by Bonnie Gordon. (SAP, Case Administrator) (Entered: 10/28/2005)

☐ 10/28/2005 149 JOINT STATUS Certificate and Rule 26(f) Discovery Plan by Emily Abbey. (SAP, Case Administrator)

☐ 11/03/2005 150 NOTICE by James S Gordon, Jr re [82] Scheduling Conference Notice, [83] Scheduling Conference Notice *Plaintiffs instructions for all parties to participate in telephonic scheduling/status conference* (McKinley, Douglas)





11/03/2005 151 PROOF OF SERVICE by James S Gordon, Jr re [149] Status Report (LE, Case Administrator) (Entered: 11/04/2005)

11/07/2005 152 Minute Entry for TELEPHONIC proceedings held before Judge Fred Van Sickle : Scheduling Conference held on 11/7/2005. (Reported by: Mark Snover) (CP, Courtroom Deputy)

11/07/2005 153 SCHEDULING CONFERENCE ORDER: Pretrial Conference set for **9/12/2006 08:30 AM in Richland** before Judge Fred Van Sickle. Jury Trial set for **10/2/2006 09:00 AM in Richland** before Judge Fred Van Sickle.. Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

11/07/2005 154 JOINT STATUS CERTIFICATE and Rule 26(f) Discovery Plan by Robert Pritchett. (SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 155 MOTION to Dismiss by Jonathan Gordon. (Attachments: # (1) Text of Proposed Order)(SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 156 THIRD-PARTY DEFENDANT'S MEMORANDUM OF AUTHORITIES re [155] MOTION to Dismiss filed by Jonathan Gordon. (SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 157 NOTICE of Hearing on Motion re [155] MOTION to Dismiss: Motion Hearing set for 12/12/2005 at 06:30 PM Without Oral Argument for [155], before Judge Fred Van Sickle (SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 158 MOTION to Dismiss by Bonnie Gordon. (Attachments: # (1) Text of Proposed Order)(SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 159 THIRD-PARTY DEFENDANT'S MEMORANDUM of Authorities re [158] MOTION to Dismiss filed by Bonnie Gordon. (SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 160 NOTICE of Hearing on Motion re [158] MOTION to Dismiss: Motion Hearing set for 12/7/2005 at 06:30 PM Without Oral Argument for [158], before Judge Fred Van Sickle (SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 161 MOTION to Dismiss by Robert Pritchett. (Attachments: # (1) Text of Proposed Order)(SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 162 THIRD-PARTY DEFENDANT'S MEMORANDUM of Authorities re [161] MOTION to Dismiss filed by Robert Pritchett. (SAP, Case Administrator) (Entered: 11/08/2005)

11/07/2005 163 NOTICE of Hearing on Motion re [161] MOTION to Dismiss: Motion Hearing set for 12/8/2005 at 06:30 PM Without Oral Argument for [161], before Judge Fred Van Sickle (SAP, Case Administrator) (Entered: 11/08/2005)

11/08/2005 164 MOTION to Dismiss by James S Gordon III. (Attachments: # (1) Text of Proposed Order)(SAP, Case Administrator) (Entered: 11/09/2005)

11/08/2005 165 THIRD-PARTY DEFENDANT'S MEMORANDUM of Authorities re [164] MOTION to Dismiss filed by James S Gordon III. (SAP, Case Administrator) (Entered: 11/09/2005)

11/08/2005 166 NOTICE of Hearing on Motion re [164] MOTION to Dismiss: Motion Hearing set for 12/19/2005 at 06:30 PM Without Oral Argument for [164], before Judge Fred Van Sickle (SAP, Case Administrator) (Entered: 11/09/2005)



☐ 11/08/2005 167 MOTION to Dismiss by Jamila Gordon. (Attachments: # (1) Text of Proposed Order)(SAP, Case Administrator) (Entered: 11/09/2005)

☐ 11/08/2005 168 THIRD-PARTY DEFENDANT'S MEMORANDUM of Authorities re [167] MOTION to Dismiss filed by Jamila Gordon. (SAP, Case Administrator) (Entered: 11/09/2005)

☐ 11/08/2005 169 NOTICE of Hearing on Motion re [167] MOTION to Dismiss: Motion Hearing set for 12/15/2005 at 06:30 PM Without Oral Argument for [167], before Judge Fred Van Sickle (SAP, Case Administrator) (Entered: 11/09/2005)

☐ 11/09/2005 171 NOTICE of Hearing on Motion re [170] MOTION Clarify Scheduling Order or in Alternative Extension of Time to File Response: Motion Hearing set for 11/14/2005 at 06:30 PM Spokane for [170], before Judge Fred Van Sickle (Attachments: # (1) Text of Proposed Order Order on Motion to Clarify Scheduling Order and in Alternative for Extension of time To File Response) (Ivey, Floyd)

☐ 11/09/2005 172 DECLARATION by Floyd E. Ivey in Support re [170] MOTION Clarify Scheduling Order or in Alternative Extension of Time to File Response *to Third Party Defendant Motion to Dismiss* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 11/09/2005 173 MEMORANDUM of Points and Authorities in Support re [170] MOTION Clarify Scheduling Order or in Alternative Extension of Time to File Response filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 11/09/2005 175 NOTICE of Hearing on Motion re [174] MOTION to Expedite *Motion for Clarification of Scheduling Order or in the Alternative for Extension of Time to file Response*: Motion Hearing set for 11/14/2005 at 06:30 PM Spokane for [174], before Judge Fred Van Sickle (Attachments: # (1) Text of Proposed Order)(Ivey, Floyd)

☐ 11/10/2005 176 ORDER OF CLARIFICATION Granting [174] Motion to Expedite and Granting in part and Denying in part [170] Motion to Clarify Scheduling Order and in the alternative, Motion for Extension of Time . Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 11/15/2005 177 MOTION to Dismiss by Emily Abbey. (Attachments: # (1) Text of Proposed Order)(SAP, Case Administrator)

☐ 11/15/2005 178 THIRD-PARTY DEFENDANT'S MEMORANDUM of Authorities re [177] MOTION to Dismiss filed by Emily Abbey. (SAP, Case Administrator)

☐ 11/15/2005 179 NOTICE of Hearing on Motion re [177] MOTION to Dismiss: Motion Hearing set for 12/12/2005 at 06:30 PM Without Oral Argument for [177], before Judge Fred Van Sickle (SAP, Case Administrator)

☐ 11/18/2005 181 DECLARATION by Floyd E. Ivey in Support re [180] MOTION for Entry of Default as to *Emily Abbey and Jamila Gordon* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 11/18/2005 183 MEMORANDUM in Support re [182] Second MOTION to Amend/Correct [58] Answer to Counterclaim, Third Party Complaint, filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 11/18/2005 184 NOTICE of Hearing on Motion re [182] Second MOTION to Amend/Correct [58] Answer to Counterclaim, Third Party Complaint,: Motion Hearing set for 11/28/2005 at 06:30 PM Without Oral Argument for [182], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 11/18/2005 185 Second AMENDED THIRD PARTY COMPLAINT *Against Bonnie Gordon, Jonathan Gordon, Jamila Gordon, Robert Pritchett and Emily Abbey* against James S Gordon III Filed by Impulse Marketing Group Inc.(Ivey, Floyd)

☐ 11/18/2005 187 NOTICE of Hearing on Motion re [186] MOTION to Expedite *Motion to Amend Third Party Complaint*: Motion Hearing set for 11/28/2005 at 06:30 AM Without Oral Argument for [186], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 11/18/2005 189 DECLARATION by Floyd E. Ivey in Support re [188] MOTION to Expedite *Motion for Extension* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 11/18/2005 190 NOTICE of Hearing on Motion re [188] MOTION to Expedite *Motion for Extension*: Motion Hearing set for 11/21/2005 at 06:30 PM Spokane for [188], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 11/18/2005 192 NOTICE of Hearing on Motion re [191] MOTION to Expedite *Defendant's Motion for Extension*: Motion Hearing set for 11/21/2005 at 06:30 PM Spokane for [191], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 11/18/2005 193 DECLARATION of Bonnie F. Gordon Regarding Third Party Plaintiff's Certification of Service by Bonnie Gordon. (SAP, Case Administrator) (Entered: 11/21/2005)

☐ 11/21/2005 194 Mail Returned as Undeliverable re [176]. Mail sent to Jamila Gordon (SAP, Case Administrator)

☐ 11/21/2005 196 NOTICE of Hearing on Motion re [195] MOTION to Withdraw [180] MOTION for Entry of Default as to *Emily Abbey and Jamila Gordon*, [142] MOTION for Entry of Default as to *Robert Pritchett, Bonnie Gordon, James S. Gordon, III and Jonathan Gordon*: Motion Hearing set for 11/21/2005 at 06:30 PM Without Oral Argument for [195], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 11/21/2005 198 NOTICE of Hearing on Motion re [197] MOTION for Extension of Time to File Response/Reply *to Third Party Defendants Motion to Dismiss*: Motion Hearing set for 11/21/2005 at 06:30 PM Spokane for [197], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 11/21/2005 199 Praecipe filed by Impulse Marketing Group Inc: Re [197] MOTION for Extension of Time to File Response/Reply *to Third Party Defendants Motion to Dismiss attach corrected image*. (Ivey, Floyd)

☐ 11/21/2005 200 NOTICE of Change of Address by Jamila Gordon (SAP, Case Administrator) (Entered: 11/22/2005)

☐ 11/21/2005 201 RESPONSE to Third Party Plaintiff's Memorandum in Support of Defendant and Third Party Plaintiff's Motion to Amend Third Party Complaint re [182] MOTION to Amend filed by Bonnie Gordon. (SAP, Case Administrator) (Entered: 11/22/2005)

☐ 11/21/2005 202 RESPONSE to Third Party Plaintiff's Motions to Amend Its Amended Complaint and Motion to Expedite filed by Bonnie Gordon. (SAP, Case Administrator) (Entered: 11/22/2005)

☐ 11/21/2005 203 AFFIDAVIT of Third-Party Defendant, Bonnie F. Gordon by Bonnie Gordon. (SAP, Case Administrator) (Entered: 11/22/2005)

☐ 11/21/2005 204 DECLARATION Regarding Third Party Plaintiff's Certification of Service by James S. Gordon III. (SAP, Case Administrator) (Entered: 11/22/2005)

☐ 11/21/2005 205 RESPONSE to Third Party Plaintiff's Memorandum in Support of Defendant





and Third Party Plaintiff's Motion to Amend Third Party Complaint re [182] MOTION to Amend filed by Robert Pritchett. (SAP, Case Administrator) (Entered: 11/22/2005)

11/21/2005 206 RESPONSE to Third Party Plaintiff's Motions to Amend Its Amended Complaint and Motion to Expedite filed by Robert Pritchett. (SAP, Case Administrator) (Entered: 11/22/2005)

11/21/2005 207 AFFIDAVIT of Third-Party Defendant Robert L. Pritchett by Robert Pritchett. (SAP, Case Administrator) (Entered: 11/22/2005)

11/21/2005 208 DECLARATION Regarding Third Party Plaintiff's Certification of Service by Robert Pritchett. (SAP, Case Administrator) (Entered: 11/22/2005)

11/21/2005 209 RESPONSE to Third Party Plaintiff's Memorandum in Support of Defendant and Third Party Plaintiff's Motion to Amend Third Party Complaint re [182] MOTION to Amend filed by Jonathan Gordon. (SAP, Case Administrator) (Entered: 11/22/2005)

11/21/2005 210 RESPONSE to Third Party Plaintiff's Motions to Amend Its Amended Complaint and Motion to Expedite filed by Jonathan Gordon. (SAP, Case Administrator) (Entered: 11/22/2005)

11/21/2005 211 AFFIDAVIT of Third-Party Defendant Jonathan K. Gordon by Jonathan Gordon. (SAP, Case Administrator) (Entered: 11/22/2005)

11/21/2005 212 DECLARATION Regarding Third Party Plaintiff's Certification of Service by Jonathan Gordon. (SAP, Case Administrator) (Entered: 11/22/2005)

11/23/2005 213 MEMORANDUM in Opposition re [167] MOTION to Dismiss, [161] MOTION to Dismiss, [155] MOTION to Dismiss, [177] MOTION to Dismiss, [158] MOTION to Dismiss, [164] MOTION to Dismiss *Regarding all Third Party Defendants* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

11/23/2005 214 DECLARATION by Peter Glantz in Opposition re [167] MOTION to Dismiss, [155] MOTION to Dismiss, [158] MOTION to Dismiss, [161] MOTION to Dismiss, [177] MOTION to Dismiss, [164] MOTION to Dismiss *Regarding all Third Party Defendants* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

11/23/2005 215 RESPONSE TO THIRD PARTY PLAINTIFF'S MOTIONS TO AMEND ITS AMENDED COMPLAINT AND MOTION TO EXPEDITE; re [186] MOTION to Expedite *Motion to Amend Third Party Complaint*; re [182] Second MOTION to Amend/Correct [58] Answer to Counterclaim, Third Party Complaint, filed by Jamila Gordon. (LE, Case Administrator) (Entered: 11/28/2005)

11/23/2005 216 RESPONSE TO THIRD PARTY PLAINTIFF'S MEMORANDUM IN SUPPORT OF DEFENDANT AND THIRD PARTY PLAINTIFF'S MOTION TO AMEND THIRD PARTY COMPLAINT; re defendant's [183] Memorandum in Support of Motion to Amend, by Jamila Gordon. (LE, Case Administrator) (Entered: 11/28/2005)

11/23/2005 217 RESPONSE TO THIRD PARTY PLAINTIFF'S MOTIONS TO AMEND ITS AMENDED COMPLAINT AND MOTION TO EXPEDITE; re [186] MOTION to Expedite *Motion to Amend Third Party Complaint*; re [182] Second MOTION to Amend/Correct [58] Answer to Counterclaim, Third Party Complaint, filed by James S Gordon III. (LE, Case Administrator) (Entered: 11/28/2005)

☐ 11/23/2005 218 RESPONSE TO THIRD PARTY PLAINTIFF'S MEMORANDUM IN SUPPORT OF DEFENDANT AND THIRD PARTY PLAINTIFF'S MOTION TO AMEND THIRD PARTY COMPLAINT; re Dft & 3rd Party Pltf's [183] Memorandum in Support of Motion, by James S Gordon III. (LE, Case Administrator) (Entered: 11/28/2005)

☐ 11/23/2005 219 AFFIDAVIT OF THIRD-PARTY DEFENDANT, JAMES S. GORDON, III, by James S Gordon III. (LE, Case Administrator) (Entered: 11/28/2005)

☐ 11/28/2005 220 CERTIFICATION re [214] Declaration in Opposition to Motion, *of Service* by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 11/28/2005 221 ORDER GRANTING MOTION TO WITHDRAW; granting dft's [195] Motion to Withdraw Defendant's Motion for Orders of Default Regarding All Third Party Defendants; [142] Motion for Entry of Default is WITHDRAWN; [180] Motion for Entry of Default is WITHDRAWN. Signed by Judge Fred Van Sickle. (cc third-party defendants) (LE, Case Administrator)

☐ 11/28/2005 222 RESPONSE to Motion to Oppose Third Party Motion to Dismiss Motion to Strike Peter J Glantz's Declaration and Affidavit [121] MOTION to Strike [40] First MOTION to Dismiss *counterclaims and Third Party Defendants or Reschedule*, [177] MOTION to Dismiss filed by Jamila Gordon, James S Gordon, Jr. (RF, Case Administrator) (Entered: 11/29/2005)

☐ 11/29/2005 224 DECLARATION by Floyd E. Ivey in Support re [223] MOTION for Extension of Time to File Response/Reply as to [167] MOTION to Dismiss, [155] MOTION to Dismiss, [158] MOTION to Dismiss, [161] MOTION to Dismiss, [177] MOTION to Dismiss, [164] MOTION to Dismiss filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 11/30/2005 225 NOTICE of Hearing on Motion re [223] MOTION for Extension of Time to File Response/Reply as to [167] MOTION to Dismiss, [155] MOTION to Dismiss, [158] MOTION to Dismiss, [161] MOTION to Dismiss, [177] MOTION to Dismiss, [164] MOTION to Dismiss: Motion Hearing set for 12/5/2005 at 06:30 PM Spokane for [223], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 12/01/2005 226 ORDER Granting [223] Motion to Extend Time for Filing of Defendant's Response to Third-Party Defendants' Motions to Dismiss; Finding as Moot [197] Motion to Extend Time, Granting [188] Motion to Expedite, Granting [191] Motion to Expedite. Response deadline 5:00 PM on 12/5/05 and Reply deadline 5:00 PM on 12/12/05. Motions [40], [155], [158], [161], [164], [167] & [177] set for hearing without oral argument on 12/23/05 . Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 12/01/2005 227 ORDER Granting [182] Second Motion to Amend/Correct Third-Party Complaint, Granting [186] Motion to Expedite . Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 12/02/2005 228 RESPONSE to Motion to Oppose Third Party Motion to Dismiss-Second Affidavit of Third-Party Defendant, Bonnie F. Gordon filed by Bonnie Gordon. (SAP, Case Administrator) (Entered: 12/05/2005)

☐ 12/02/2005 229 RESPONSE to Motion to Oppose Third Party Motion to Dismiss, Motion to Strike Peter J. Glantz's Declaration, and Affidavit filed by Emily Abbey. (SAP, Case Administrator) (Entered: 12/05/2005)

☐ 12/02/2005 230 RESPONSE to Third Party Plaintiff's Motions to Amend Its Amended

Complaint and Motion to Expedite filed by Emily Abbey. (SAP, Case Administrator) (Entered: 12/05/2005)

☐ 12/02/2005 231 RESPONSE to Third Party Plaintiff's Memorandum in Support of Defendant and Third Party Plaintiff's Motion to Amend Third Party Complaint by Emily Abbey. (SAP, Case Administrator) (Entered: 12/05/2005)

☐ 12/12/2005 232 REPLY/RESPONSE TO DEFENDANT AND THIRD PARTY PLAINTIFF'S SECOND AMENDED THIRD PARTY COMPLAINT AND THIRD AFFIDAVIT OF THIRD PARTY DEFENDANTS BONNIE F GORDON, JAMILA GORDON, JAMES S. GORDON III AND JONATHAN GORDON by James S Gordon III, Bonnie Gordon, Jamila Gordon, Jonathan Gordon, (RF, Case Administrator) (Entered: 12/13/2005)

☐ 12/13/2005 233 Docket Annotation - Re Filing Error: [232] Reply/Response not filed by James Gordon Jr. (RF, Case Administrator)

☐ 12/15/2005 234 CORRECTION TO REPLY/RESPONSE TO DEFENDANT AND THIRD PARTY PLAINTIFF'S SECOND AMENDED THIRD PARTY COMPLAINT AND THIRD AFFIDAVIT OF THIRD-PARTY DEFENDANTS AND RESPONSE TO THIRD PARTY PLAINTIFF'S MEMORANDUM IN SUPPORT OF DEFENDANT AND THIRD PARTY PLAINTIFF'S MOTION TO AMEND THIRD PARTY COMPLAINT OF BONNIE F. GORDON, JAMILA GORDON, JAMES S. GORDON III AND JONATHAN GORDON re [232] Reply, by James S Gordon III, Bonnie Gordon, Jamila Gordon, Jonathan Gordon. (RF, Case Administrator) (Entered: 12/16/2005)

☐ 02/21/2006 235 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions* by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 02/21/2006 236 DECLARATION by Floyd E. Ivey in Support re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions in support of Motion to Compel and For sanctions* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 02/21/2006 237 MEMORANDUM in Support re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 02/21/2006 238 NOTICE of Hearing on Motion re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions*: Motion Hearing set for 2/28/2006 at 06:30 PM Without Oral Argument for [235], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/21/2006 239 Praecipe filed by Impulse Marketing Group Inc: Re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions Order on Defendant's First Motion to compel and for sanctions.* (Attachments: # (1))(Ivey, Floyd)

☐ 02/21/2006 241 NOTICE of Hearing on Motion re [240] First MOTION to Expedite *Defendant's Motion to Compel and for Sanctions*: Motion Hearing set for 2/28/2006 at 06:30 PM Without Oral Argument for [240], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/22/2006 243 MEMORANDUM in Support re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions Supplemental* filed by Impulse Marketing Group Inc. (Ivey, Floyd)

☐ 02/22/2006 244 DECLARATION by Floyd E. Ivey in Support re [235] First MOTION to



Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions Supplemental* filed by Impulse Marketing Group Inc. (Attachments: # (1)) (Ivey, Floyd)

☐ 02/22/2006 245 *Re-Noting* NOTICE of Hearing on Motion Oral Argument Requested re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions*: Motion Hearing set for 3/8/2006 at 01:30 PM Telephonic Argument for [235], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/22/2006 247 NOTICE of Hearing on Motion Oral Argument Requested re [246] MOTION to Expedite *Renote to March 8, 2006*: Motion Hearing set for 3/8/2006 at 01:30 PM Telephonic Argument for [246], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/23/2006 248 Docket Annotation - Re Filing Error: [242] MOTION to Compel *Supplemental* DOCUMENT FILED IN ERROR, DUPLICATE OF DECLARATION OF FLOYD E. IVEY [244] (SAP, Case Administrator)

☐ 02/28/2006 249 ORDER Granting [240] Motion to Expedite and Granting [246] Motion to Expedite . Motion to Compel [235] is noted for telephonic hearing on 3/8/06 at 1:30 PM. Defendant shall initiate the call. Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 03/02/2006 250 AMENDED NOTICE OF HEARING on Motion [235] to Compel: Motion Hearing set for 3/8/2006 at 02:30 PM Telephonic Argument for [235] before Judge Fred Van Sickle. Defendant shall initiate the call. Signed by Judge Fred Van Sickle. (SAP, Case Administrator)

☐ 03/03/2006 251 NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL on behalf of Plaintiff James S Gordon, Jr. Attorney Douglas McKinley is withdrawing. Robert J Siegel is substituted as counsel for Plaintiff. (Siegel, Robert)

☐ 03/03/2006 252 RESPONSE to Motion re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions* filed by James S Gordon, Jr. (Siegel, Robert)

☐ 03/03/2006 253 PROOF OF SERVICE by James S Gordon, Jr re [251] Attorney Withdrawal & Substitution (Siegel, Robert)

☐ 03/03/2006 254 PROOF OF SERVICE by James S Gordon, Jr re [252] Response to Motion (Siegel, Robert)

☐ 03/03/2006 255 MEMORANDUM in Support re [235] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery and for Sanctions SECOND SUPPLEMENTAL MEMORANDUM* filed by Impulse Marketing Group Inc. (Attachments: # (1) # (2) # (3) # (4))(Ivey, Floyd)

[ Next ]  [ Clear ]

Notices

2:05-cv-05079-FVS Gordon v. Ascentive LLC


*Select the appropriate event(s) to which your event relates:*


☐ 07/20/2005 1  COMPLAINT against Ascentive LLC ( Filing fee $ 250; Receipt # 062017).
Summons issued. Jury Demand. Filed by James S Gordon, Jr. (Attachments:
# (1) Civil Cover Sheet)(CR, Case Administrator)

☐ 08/24/2005 2  AFFIDAVIT of Service for summons and complaint *Served August 8, 2005*
served on Debbie Sealund, administrative assistant for registered agent
National Registered Agents, Inc., filed by James S Gordon, Jr. (McKinley,
Douglas)

☐ 08/29/2005 4  AFFIDAVIT by Douglas E. McKinley, Jr. in Support re [3] MOTION for
Entry of Default as to *Ascentive, LLC* filed by James S Gordon, Jr.
(Attachments: # (1) Exhibit Defendant Ascentive LLC's website showing
mailing address# (2) Exhibit Delaware Dept. of Corps. website showing
defendant Ascentive LLC's registered agent)(McKinley, Douglas)

☐ 08/29/2005 5  NOTICE by James S Gordon, Jr re [3] MOTION for Entry of Default as to
*Ascentive, LLC*, [4] Affidavit in Support of Motion, *Clerk's action requested*
(McKinley, Douglas)

☐ 09/12/2005 6  NOTICE of Appearance by Floyd Edwin Ivey on behalf of Ascentive LLC
(Ivey, Floyd)

☐ 09/12/2005 7  *Defendant's General Denial* ANSWER to Complaint by Ascentive LLC.
(Ivey, Floyd)

☐ 09/14/2005 8  SCHEDULING CONFERENCE NOTICE : Telephonic Scheduling
Conference set for 11/4/2005 09:00 AM before Judge Fred Van Sickle.
(Attachments: # (1) Consent)(CP, Courtroom Deputy)

☐ 10/28/2005 9  STATUS REPORT *Joint Status Certificate and Rule 26(f) Discovery Plan* by
Ascentive LLC. (Ivey, Floyd)

☐ 11/03/2005 11  MEMORANDUM in Support re [10] MOTION to Dismiss for Lack of
Jurisdiction filed by Ascentive LLC. (Ivey, Floyd)

☐ 11/03/2005 12  DECLARATION by Adam Schran in Support re [10] MOTION to Dismiss
for Lack of Jurisdiction filed by Ascentive LLC. (Ivey, Floyd)

☐ 11/03/2005 13  NOTICE of Hearing on Motion re [10] MOTION to Dismiss for Lack of
Jurisdiction: Motion Hearing set for 12/5/2005 at 09:00 AM Telephonic
Argument for [10], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 11/04/2005 14  DECLARATION by Adam Schran in Support re [10] MOTION to Dismiss
for Lack of Jurisdiction *Second* filed by Ascentive LLC. (Ivey, Floyd)

☐ 11/04/2005 16  MEMORANDUM in Support re [15] MOTION to Amend/Correct [7]
Answer to Complaint filed by Ascentive LLC. (Ivey, Floyd)

☐ 11/04/2005 17  NOTICE of Hearing on Motion Oral Argument Requested re [15] MOTION
to Amend/Correct [7] Answer to Complaint: Motion Hearing set for
12/5/2005 at 09:00 AM Telephonic Argument for [15], before Judge Fred
Van Sickle (Ivey, Floyd)

☐ 11/04/2005 18  *First Amended* ANSWER to Complaint by Ascentive LLC.(Ivey, Floyd)

*Exhibit F*

☐ 11/04/2005 19 Minute Entry for TELEPHONIC proceedings held before Judge Fred Van Sickle : Scheduling Conference held on 11/4/2005. (Not Reported) (CP, Courtroom Deputy) (Entered: 11/07/2005)

☐ 11/07/2005 20 SCHEDULING ORDER: Pretrial Conference set for 7/11/2006 08:30 AM in Richland before Judge Fred Van Sickle. Jury Trial set for 7/31/2006 09:00 AM in Richland before Judge Fred Van Sickle. Signed by Judge Fred Van Sickle. (LMS, Case Administrator)

☐ 11/08/2005 21 SUPPLEMENT *to Discovery Plan* by Ascentive LLC. (Ivey, Floyd)

☐ 11/17/2005 22 ORDER Granting Defendant's [15] Motion to Amend Defendant's Answer. Signed by Judge Fred Van Sickle. (LMS, Case Administrator)

☐ 11/17/2005 23 MEMORANDUM in Opposition re [10] MOTION to Dismiss for Lack of Jurisdiction filed by James S Gordon, Jr. (Attachments: # (1) State v. Heckle) (McKinley, Douglas)

☐ 11/17/2005 24 DECLARATION by James S. Gordon, Jr. in Opposition re [10] MOTION to Dismiss for Lack of Jurisdiction filed by James S Gordon, Jr. (McKinley, Douglas)

☐ 11/21/2005 25 ORDER AND NOTICE OF HEARING [10] MOTION to Dismiss for Lack of Jurisdiction: Motion Hearing set for 12/9/2005 at 01:30 PM Telephonic Argument for [10], before Judge Fred Van Sickle Signed by Judge Fred Van Sickle. (LMS, Case Administrator)

☐ 11/25/2005 27 MEMORANDUM in Support re [26] MOTION to Strike [24] Declaration in Opposition to Motion *of James S. Gordon Jr. of November 17, 2005* filed by Ascentive LLC. (Ivey, Floyd)

☐ 11/25/2005 28 NOTICE of Hearing on Motion re [26] MOTION to Strike [24] Declaration in Opposition to Motion *of James S. Gordon Jr. of November 17, 2005*: Motion Hearing set for 12/9/2005 at 01:30 PM Telephonic Argument for [26], before Judge Fred Van Sickle (Ivey, Floyd)**Incorrect image. Attorney to file praecipe.**

☐ 11/25/2005 29 REPLY MEMORANDUM re [10] MOTION to Dismiss for Lack of Jurisdiction filed by Ascentive LLC. (Ivey, Floyd)

☐ 11/25/2005 30 DECLARATION by Adam Schran in Support re [10] MOTION to Dismiss for Lack of Jurisdiction *Third Declaration of Adam Schran* filed by Ascentive LLC. (Ivey, Floyd)

☐ 11/30/2005 31 Praecipe filed by Ascentive LLC: Re [28] Notice of Hearing on Motion, *Amended, to Strike Portions of Declaration of James Gordon Jr..* (Ivey, Floyd)

☐ 12/08/2005 32 MEMORANDUM in Opposition re [26] MOTION to Strike [24] Declaration in Opposition to Motion *of James S. Gordon Jr. of November 17, 2005*, [10] MOTION to Dismiss for Lack of Jurisdiction filed by James S Gordon, Jr. (Attachments: # (1))(McKinley, Douglas)

☐ 12/09/2005 33 Minute Entry for TELEPHONIC proceedings held before Judge Fred Van Sickle : Motion Hearing held on 12/9/2005 re [26] MOTION to Strike [24] filed by Ascentive LLC, [10] and MOTION to Dismiss for Lack of Jurisdiction filed by Ascentive LLC. (Reported by: Mark Snover) (CP, Courtroom Deputy)

☐ 12/15/2005 34 ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION; Denying [10] Motion to Dismiss for Lack of Jurisdiction,

Granting In Part and Denying In Part [26] Motion to Strike. Signed by Judge Fred Van Sickle. (LMS, Case Administrator)

☐ 02/21/2006 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* by Ascentive LLC. (Attachments: # (1))(Ivey, Floyd)

☐ 02/21/2006 36 DECLARATION by Floyd E. Ivey in Support re [35] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by Ascentive LLC. (Ivey, Floyd)

☐ 02/21/2006 37 MEMORANDUM of Points and Authorities in Support re [35] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by Ascentive LLC. (Ivey, Floyd)

☐ 02/21/2006 38 NOTICE of Hearing on Motion re [35] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery*: Motion Hearing set for 2/28/2006 at 06:30 PM Without Oral Argument for [35], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/21/2006 40 NOTICE of Hearing on Motion re [39] MOTION to Expedite *Defendant's Motion to Compel and for Sanctions*: Motion Hearing set for 2/28/2006 at 06:30 PM Without Oral Argument for [39], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/28/2006 41 *Re-note* NOTICE of Hearing on Motion Oral Argument Requested re [35] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery*: Motion Hearing set for 2/8/2006 at 02:00 PM Telephonic Argument for [35], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/28/2006 42 *Renote* NOTICE of Hearing on Motion Oral Argument Requested re [39] MOTION to Expedite *Defendant's Motion to Compel and for Sanctions*: Motion Hearing set for 2/8/2006 at 02:00 PM Telephonic Argument for [39], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/28/2006 43 *Correction of Renote* NOTICE of Hearing on Motion Oral Argument Requested re [35] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery*: Motion Hearing set for 3/8/2006 at 02:00 PM Telephonic Argument for [35], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/28/2006 44 *Correction of Renote* NOTICE of Hearing on Motion Oral Argument Requested re [39] MOTION to Expedite *Defendant's Motion to Compel and for Sanctions*: Motion Hearing set for 3/8/2006 at 02:00 PM Telephonic Argument for [39], before Judge Fred Van Sickle (Ivey, Floyd)

☐ 02/28/2006 45 ORDER AND NOTICE OF HEARING granting [39] Motion to Expedite. Defendant's Motion to Compel is set 3/8/06 at 2:00 pm with telephonic argument. Signed by Judge Fred Van Sickle. (RF, Case Administrator)

☐ 03/02/2006 46 AMENDED NOTICE OF HEARING. Defendant's Motion to Compel [35] is noted for 3:00 on March 8, 2006 with telephonic hearing. Signed by Judge Fred Van Sickle. (RF, Case Administrator)

☐ 03/03/2006 47 NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL on behalf of Plaintiff James S Gordon, Jr. Attorney Douglas McKinley is withdrawing. Robert J Siegel is substituted as counsel for Plaintiff. (Siegel, Robert)

☐ 03/03/2006 48 RESPONSE to Motion re [35] First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by James S Gordon, Jr. (Siegel, Robert)

☐ 03/03/2006 49 PROOF OF SERVICE by James S Gordon, Jr re [47] Attorney Withdrawal &

Substitution (Siegel, Robert)

☐ 03/03/2006 50 PROOF OF SERVICE by James S Gordon, Jr re [48] Response to Motion
   (Siegel, Robert)

[ Next ]  [ Clear ]

Z:\ fPClient\ EFinancial\ Pleadings\ Answer

| Name | Size | Type | Last Modified |
|---|---|---|---|
| Answer | 31KB | WordPerfect 12 Document | 10/24/2005 2:10 PM |
| Answer.DefendantsGeneralDenial051024 | 34KB | Microsoft Word Document | 10/24/2005 1:18 PM |
| Answer.GeneralDenial.051025.1025101032 | 162KB | Adobe Acrobat 7.0 Document | 10/26/2005 7:40 AM |

Exhibit F

55

**Z:\IPClient\EFinancial\Pleadings\Motion Attorney Fees**

| Name | Size | Type | Last Modified |
|------|------|------|---------------|
| Declaration of Alicia Berry 051215.1 | 13KB | WordPerfect 12 Document | 12/15/2005 4:11 PM |
| Declaration of Floyd Ivey 051215 | 15KB | WordPerfect 12 Document | 12/15/2005 9:22 AM |
| Declaration of Floyd Ivey 051215.1 | 15KB | WordPerfect 12 Document | 12/15/2005 1:28 PM |
| Memorandum attorney fees | 34KB | WordPerfect 12 Document | 12/15/2005 3:13 PM |
| Order | 21KB | WordPerfect 12 Document | 12/15/2005 2:55 PM |
| Order 060105 | 18KB | WordPerfect 12 Document | 1/5/2006 10:11 AM |

56

**Z: \ IPClient \ EFinancial \ Pleadings \ Motion**

| Name | Size | Type | Last Modified |
|------|------|------|---------------|
| Declaration of Michael Rowell Support Change of Venue 051025 | 21KB 10/25/2005 9:29 AM | | WordPerfect 12 Document |
| Defendants Mtn for Change of Venue 051025 | 19KB | WordPerfect 12 Document | 10/25/2005 12:17 PM |
| Memo.DefendantResponsetoPlaintiffMotRE consideration.051116 | 55KB 11/17/2005 9:28 AM | | WordPerfect 12 Document |
| Memo.DefendantResponsetoPlaintiffMotRE consideration.051117 | 54KB 11/17/2005 11:51 AM | | WordPerfect 12 Document |
| memo of law in support of motion to change venue (00073987)FINAL | 41KB Microsoft Word Document | | 10/21/2005 1:04 PM |
| memo of law in support of motion to change venue (00073987)TrackChange1 | 41KB Microsoft Word Document | | 10/20/2005 10:44 AM |
| memo of law in support of motion to change venueFINAL051024 (00073987) | 44KB Microsoft Word Document | | 10/24/2005 1:28 PM |
| memo of law in support of motion to change venueFINAL051024 (00073987)TrackChange1 | 44KB Microsoft Word Document | | 10/24/2005 10:02 AM |
| memo of law re change of venue FINAL(00074072) (2) | 45KB 10/24/2005 1:27 PM | | Microsoft Word Document |
| Memo Support Change of Venue 051025 | 31KB | WordPerfect 12 Document | 10/25/2005 12:24 PM |
| Memo.ReplyToPlaintiffResponseVenue.051031 | 31KB | WordPerfect 12 Document | 11/4/2005 8:50 AM |
| Motion.Change.Venue.051025.1025144741 | 186KB | Adobe Acrobat 7.0 Document | 10/26/2005 7:41 AM |
| Motion.ChangeOfVenue.051024 | 31KB | Microsoft Word Document | 10/24/2005 9:02 AM |
| Motion.Reconsider.ORDER.DENYING.051206.1206085808 Document | 78KB 12/6/2005 9:27 AM | | Adobe Acrobat 7.0 |
| Motion.ReconsiderAndSupportingDocs.051109.1109102956 Document | 1,803KB 11/9/2005 10:58 AM | | Adobe Acrobat 7.0 |
| MotionReconsider.DefendantOpposMemo.051117.1118084143 Document | 1,071KB 11/18/2005 9:03 AM | | Adobe Acrobat 7.0 |
| Note for Motion Docket | 17KB | WordPerfect 12 Document | 1/12/2006 10:16 AM |
| Note for Motion Docket 051025 | 18KB | WordPerfect 12 Document | 10/25/2005 8:19 AM |
| Note for Motion Docket 051215 | 17KB | WordPerfect 12 Document | 12/15/2005 1:51 PM |
| Proposed Order Mtn to Change Venue | 16KB | WordPerfect 12 Document | 10/25/2005 1:50 PM |
| rowell declaration in support of motion to change venue (00073994)TrackChange1 | 44KB Microsoft Word Document | | 10/20/2005 10:43 AM |



**Z: \ IPClient \ EFinancial \ Pleadings**

| Name | Size | Type | Last Modified |
|---|---|---|---|
| Affidavit of Mailing 051102 | 18KB | WordPerfect 12 Document | 11/2/2005 1:40 PM |
| Affidavit of Mailing 051216 | 18KB | WordPerfect 12 Document | 12/16/2005 11:55 AM |
| Affidavit of Prejudice | 23KB | WordPerfect 12 Document | 10/24/2005 2:17 PM |
| Affidavit Personal Service 051216 | 11KB | WordPerfect 12 Document | 12/16/2005 8:30 AM |
| AffidavitPrejudice.051025.1025100908 | 202KB | Adobe Acrobat 7.0 Document | 10/26/2005 7:38 AM |
| Caption | 20KB | WordPerfect 12 Document | 12/14/2005 1:40 PM |
| Discovery.Plaintiff.witnesses.051206.1206090855 | 76KB | Adobe Acrobat 7.0 Document | 12/6/2005 9:28 AM |
| JuryDemand.051104.1107090845 | 93KB | Adobe Acrobat 7.0 Document | 11/7/2005 9:31 AM |
| Notice of Appearance 051024 | 18KB | WordPerfect 12 Document | 10/24/2005 2:09 PM |
| NoticeAppearance.051025.1025100949 | 140KB | Adobe Acrobat 7.0 Document | 10/26/2005 7:39 AM |
| Plaintiff Memorandum Reconsider | 1,601KB | Adobe Acrobat 7.0 Document | 11/17/2005 1:54 PM |
| pldg index | 18KB | WordPerfect 12 Document | 1/12/2006 10:10 AM |



**Floyd Ivey**

| | |
|---|---|
| **From:** | Bob Siegel [bob@msfseattle.com] |
| **Sent:** | Thursday, February 23, 2006 12:43 PM |
| **To:** | 'Floyd E. Ivey' |
| **Cc:** | 'Jim Gordon'; bob@msfseattle.com |
| **Subject:** | Conflict of Interest |
| **Attachments:** | SDOC3823.pdf |

<<...>>

Please see attached letter

Exhibit

3/11/2006

# MERKLE SIEGEL & FRIEDRICHSEN, P.C.

ATTORNEYS AT LAW

DANIEL R. MERKLE
ROBERT J. SIEGEL
*TIMOTHY M. FRIEDRICHSEN

1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

*OF COUNSEL

February 23, 2006

**Via Email and Fax Only: 509-735-3585**
Liebler, Ivey, Connor, Berry & St. Hilaire
Floyd Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336-0125

Re: **Conflict of Interest: Gordon v. Impulse; Gordon v. Ascentive.**

Dear Mr. Ivey,

As you know, I have only recently commenced representation of Mr. Gordon. Aside from the case specific litigation in which we are involved with you as defense counsel, it has been brought to my attention that there may be a serious conflict of interest issue underlying these cases. That is, that you have previously, provided advice and representation to Jim Gordon on several business matters, including but not limited to extensive discussions about lawsuits against spammers such as your Ascentive and IMG clients. I am also advised that there has been no disclosure of the conflict by you, nor any waiver by Mr. Gordon.

Frankly, from what I already know, it appears clear to me that there is a glaring conflict of interest in blatant violation of RPC 1.9 and 1.10, and that you should disqualify yourself and your firm from all cases in which you represent parties with adverse interests to Mr. Gordon's. In light of the decision in the Sanders v. Woods case (121 Wn. App. 593) you should be well aware and sensitive to such conflicts.

In any event, in light of the sensitivity of this matter, I have asked Mr. Gordon to hold off filing a grievance with the Bar, and prior to filing a motion to disqualify you, as a courtesy I thought that I would provide you with an opportunity to offer an explanation, or to voluntarily withdraw.

Feel free to call me directly to discuss this matter if you prefer.

Sincerely,

Bob Siegel

cc: client

60

**Floyd Ivey**

| | |
|---|---|
| **From:** | floyd ivey [feivey@3-cities.com] |
| **Sent:** | Monday, September 22, 2003 10:29 AM |
| **To:** | Jim Gordon |
| **Subject:** | Re: Help With District Courts Complaints |

Jim,

Thanks for the interesting note. I certainly have an interest but will first point you to direct contact with the Attorney General's office. They may be able to indicate the extent of their efforts and may have an interest in your work.

Moving a positive result in District Court to a meaningful prospect of gaining dollars will likely be difficult. The Attorney General may have a clear perspective of the possibility of having success via litigation.

Please let me know the nature of any contact you might have with the AG.

Floyd E. Ivey

----- Original Message -----
From: "Jim Gordon" <res08nqc@verizon.net>
To: <feivey@3-cities.com>
Sent: Monday, September 22, 2003 8:15 AM
Subject: Help With District Courts Complaints

> Floyd:
>
> I would like you to consider the following information as I will need help
> completing the work that I have outlined, below...
>
> I have taken the following affirmative steps to reduce the 600+ emails
that
> I have been receiving every day since 1998:
>
> 1. I purchased forensic software to allow me to trace the origin of
emails.
> 2. Mailed demand letters to individuals and entities that have spammed me.
> Each letter contained the following info:
>        a. A two page copy of RCW 19.190 - WA anti-spam statute
>        b. Copies of the unlawful headers from the email that the
spammers
> sent to me.
>        c. Demand for damages of $500 per violation - the threshold for
> sending a letter was 10 violations or more
> 3. Mailed a total of 30 demand letters to the most egregious violators of
> this law.
>
> Currently, I have drafted a complaint - the draft was based on a template
> from a successful defense of RCW 19.190 in Western WA. I am seeking an
> attorney to "perfect" my complaint so that I may file it in District
Court.
> In the alternative, I may want to hire an attorney to represent me in
court.
>
> An interesting side note is since the demand letters were delivered to
> these spammers, a few have continued to send their spam "flaunting" our
> law. I believe that there is a second cause of action (perhaps harassment)
> for those that have been notified that they are violating the law and that

1

> continue to do so. Yet, they persist...I, even. have records of spammers
> resuming their spam after I have unsubscribed from their newsletters.
>
> In each of the 30 cases that I have worked on, I have the unlawful email
> and the name and address of the person or entity, which is "responsible"
> for sending the email. There are 30 distinct cases with violations ranging
> from $5,000 to $39,000 each.
>
> Regards,
> Jim Gordon
> 308-0085
> 943-4715
>
> NOTES
>
> A Washington State judge ruled that a company is liable and responsible
for
> the illegal unsolicited electronic mail of its independent
representatives.
> See Ben de Lisle v. Top Secrets, King County District Court, Bellevue
> Division, Cause Number 9801417.
>
> The Washington State Attorney General has initiated lawsuits for
violations
> of the unsolicited commercial e-mail law. See:
>     * State Of Washington v. Jason Heckel [of Oregon], doing business as
> Natural Instincts, Superior Court of The State Of Washington, King County,
> Cause number 98-2-25480-7SEA;
>     * State of Washington v. Sam Khuri [of Georgia], doing business as
> Benchmark Print Supply, Superior Court of The State Of Washington, King
> County, Cause number 99-2-03549-6SEA.
> The Washington State Supreme Court upheld RCW 19.190 (STATE v. HECKEL,
> Cause No. 69416-8) and further substantiated that Washington courts have
> jurisdiction over out-of-state defendants doing business in Washington
State.
>
>
> Cases Where Washington State Small Claims Courts
> Have Accepted Jurisdiction Over Out-Of-State Defendants
> (I will file in District Court for most of my complaints)
>
> ----------
> Kitsap County District Court
> T. Hooper v Galee Industries Y2-1765 (WA) Judgement of $2029 to the
Plaintiff
> T. Hooper v Zing Wireless Y2-943 (CA)
> T. Hooper v Laptop Training Solutions Y2-944 (UT)
> In regards to the above two cases, Judge Holman raised 3.66.100(2) stating
> service out of state is disallowed in District Court. Hooper countered
with
> argument that 19.86.160 does allow it. The Judge said he would consider it
> based on which law is more specific. Apparently the judge concluded
> 19.86.160 is relevant and that 3.66.100 does not pre-empt 19.86.160.
>
> T. Hooper v Laptop Training Solutions Y2-554 (won on default) (UT)
> T. Hooper v National Accounts Inc Y2-492 (continuance til May 9th) (NJ)
> T. Hooper v CD Micro Inc Y2-553 (Plaintiff awarded $1,000 judgement) (OR)
>
> King County District Court, Bellevue Divison
> Y15833 Peacefire & Bennett Haselton v. Red Moss Media Inc. (dba
> Funnymoney.com) (CA)
> Y15935 against Power Email Systems Inc.

2



> Y15937 against On-Site Trading
> Y15939 against Bulk ISP Corporation
> Y15940 against Alan Batts
> Y16068 Peacefire & Bennett Haselton v. Richard Schueler (FL)
> Y17135 Peacefire & Bennett Haselton v. Paulann Allison (ME)
> Y20109 Peacefire & Bennett Haselton v. Keith Gilbert (CA)
>
> King County District Court, Seattle Divison
> Y1-000834 Innovative Access v. National Business & Tax Reduction Services
(MD)
> Y1-5056 Innovative Access v. Stock Communications Group (TX)
> Y1-5058 Innovative Access v. E-Financial Inc.com (NV)
> Y1-6528 Ben Livingston v. Satellite Systems Network (CA)
> Y1-6529 Innovative Access v. Print Doctor (FL)
>

**Floyd Ivey**

| | |
|---|---|
| From: | floyd ivey [feivey@3-cities.com] |
| Sent: | Tuesday, September 23, 2003 8:20 AM |
| To: | Jim Gordon |
| Subject: | Re: RCW 19.190 Follow-up |

Jim. thank you.

Floyd

----- Original Message -----
From: "Jim Gordon" <res08nqc@verizon.net>
To: <feivey@3-cities.com>
Sent: Monday, September 22, 2003 3:19 PM
Subject: Fwd: RCW 19.190 Follow-up


> Floyd, this is the letter to the AG - no answer yet, Jim
>
>
> >Date: Thu, 11 Sep 2003 07:14:36 -0700
> >To: emailago@atg.wa.gov
> >From: Jim Gordon <res08nqc@verizon.net>
> >Subject: Fwd: RCW 19.190 Follow-up
> >
> >Attorney General Gregoire:
> >
> >Best Wishes for your complete recovery from surgery. My wife spent 11
days
> >in the hospital just two months ago. I feel a real empathy for you and
> >your family/friends.
> >
> >The purpose of this email is to update you on the emails that I forwarded
> >to you in July.
> >
> >Best Regards,
> >Jim Gordon
> >
> >
> >
> >>Date: Wed, 10 Sep 2003 18:13:26 -0700
> >>To: delvin_je@leg.wa.gov; hale_pa@leg.wa.gov; hankins_sh@leg.wa.gov
> >>From: Jim Gordon <res08nqc@verizon.net>
> >>Subject: RCW 19.190 Follow-up
> >>
> >>The Honorable Shirley Hankins;
> >>The Honorable Patricia Hale;
> >>The Honorable Jerome Delvin:
> >>
> >>
> >>During the last 30 days, I have received over 12,000 Unsolicited
> >>Commercial Email (UCE or spam). I have researched the "origin" of some
of
> >>these spam. To date, I have identified the origin of 805 spam. As a
> >>result, I mailed "demand letters" to the senders, which cited RCW 19.190
> >>and offered to settle the "spam offenses", out-of-court. It is likely
> >>that most of these cases will end up in Small Claims Court.
> >>
> >>The reason for writing each of you is to "suggest" that Washington State

64                                                    1

> >>has a financial interest in making senders of UCE pay. In my case, the
> >>805 spam would yield $1,610,000 to Washington State. The cost to
> >>"prosecute" these offenders and collect could end up being as high as
> >>5-10% of the total - not a bad investment of time and resources. By the
> >>way, I have sorted out over 3,000 additional spam, which appear to be in
> >>violation of this state's statute pertaining to spam.
> >>
> >>Last month, I spoke with a business that receives 30,000 or so spam
every
> >>day. I suggested that they turn this spam into a profit center.
> >>Converting just 1% of these 30,000 daily emails would pay the salaries
of
> >>the Information Systems staff that is charged with spam abatement for a
> >>whole year. That 1% figure (300 emails) when multiplied over a full year
> >>turns into a significant number (109,500). And the resulting fines
> >>(109,500 X $2000 = $219 million) also turn into a potential healthy
> >>infusion of funds to the state - all from one organization. Think of the
> >>1000s of organizations that probably have a spam problem.
> >>
> >>I'm suggesting to you as my local representatives that we turn this
> >>proverbial lemon into lemonade - making spam a "profit center" for the
> >>State of Washington as well as other organizations within the State.
> >>
> >>Sincerely,
> >>Jim Gordon
> >>509-308-0085 (cell)
> >>509-943-4715 (home)
>

65

## Floyd Ivey

| | |
|---|---|
| **From:** | floyd ivey [feivey@3-cities.com] |
| **Sent:** | Thursday, September 25, 2003 9:38 AM |
| **To:** | Jim Gordon |
| **Subject:** | Re: Article from Wired World |

Jim,

The problem with present resistance to spam is the cost.  That is, it will cost $225/hour for me to explore with no clear ability to find a solution.
Further, should you actually locate a spammer there would be doubt regarding the ability to collect on any judgment.

In the mean time someone has commenced such a lawsuit.  I haven't heard re:
the status for months.  And the Attorney Generals of many states are likely looking at the issue.

Thus others are doing the work at no expense to you.  There will be a real budget needed for you to commence the effort.  Please advise if you want to examine the prospect of going forward.

Floyd


----- Original Message -----
From: "Jim Gordon" <res08nqc@verizon.net>
To: <feivey@3-cities.com>
Sent: Thursday, September 25, 2003 9:09 AM
Subject: Article from Wired World


> Floyd:
>
> My domain name - gordonworks.com is under siege. Whether we consider my
> domain name intellectual PROPERTY or personal PROPERTY, this property is
> being encroached upon - to the tune of 4MB+ every day. This encroachment
> displaces my computer's memory with unsolicited - even unlawful commercial
> email.
>
> I have kept records of this spam since 8/6/03. In that time (51 days), I
> have received 122MB of spam. In the past 24 hours, I have received 4.6MB
of
> spam. I am feeling a since of urgency...
>
> One might ask why I don't simply filter and delete these email. I have
been
> filtering and deleting email since 1998. During that time, my daily volume
> of email approached 1500 messages per day. I found that filters can be
> defeated/circumvented - so I spent time revising and updating my filters.
> My collection of spam (over 20,000 messages) now serves one purpose - that
> of being evidence against those who spam me and millions of others.
>
> My spam problem was an imposition on my business and it is an imposition
on
> my personal use of the Internet. Therefore, I have chosen to stop running
> and hiding from spam. I believe that Washington's anti-spam statute was
> designed to prevent much of the abuse that I am experiencing.
>
> The article below discusses the concept of "trespass" as it pertains to
> spam...I experience this sense of being trespassed upon each time that I
> check my email - 6+ times per day.
>



Exhibit J

1

> Thanks for considering my issues.
>
> Best Regards,
> Jim Gordon
>
>
>
>
> Trespassing or Free Speech?
>
> By <http://www.wired.com/news/feedback/mail/1,2330,742,00.html>Ryan
>
Singel<http://www.wired.com/news/feedback/mail/1,2330,742,00.html>5c7a64.jpg
>
> Story location:
>
<http://www.wired.com/news/business/0,1367,58330,00.html>http://www.wired.co
m/news/business/0,1367,58330,00.html
>
> 02:00 AM Apr. 03, 2003 PT
>
> The California Supreme Court heard arguments Wednesday in an appeal to
> determine whether an ex-Intel employee's barrage of e-mails to his former
> colleagues constitutes illegal trespassing on the company's computer
system.
>
> The case, which has been closely watched as a potential test of legal
> limits to free speech on the Internet, was originally
>
<http://appellatecases.courtinfo.ca.gov/search/mainCaseScreen.cfm?dist=0&doc
_id=188342&rc=1>filed
> by Intel against Ken Hamidi, an engineer who sent a series of scathing
> e-mails about Intel's employment practices to company employees after he
> was fired in 1996.
>
> "The case involves whether the Internet is a medium everyone can use in a
> democratic way, or whether a few very large corporations can control the
> Internet and impoverish free speech," said Karl Olson, one of Hamidi's pro
> bono lawyers. "The court took a big chunk out of the First Amendment."
>
> Intel counters that Hamidi's e-mails reduced employees' productivity, made
> them worry that their jobs were in danger and forced the IT department to
> spend hours trying to block his e-mails.
>
> A 2-1 decision by the December 2001 state appeals court agreed with Intel,
> declaring in a majority opinion that "Intel proved more than its
> displeasure with Hamidi's message, it showed it was hurt by the loss of
> productivity...."
>
> Still, Hamidi's attorneys emerged hopeful that California's highest court
> will rule in their favor.
>
> "The majority of the justices seemed to focus on ... whether sending
> someone an e-mail can constitute a trespass, even where there is no
> allegation of damage to the receiving computer," said Gregory Lastowka,
one
> of the attorneys representing Hamidi.
>
> Hamidi's attorneys noted that during Wednesday's hearing, Justice Joyce
> Kennard asked rhetorically whether Intel was claiming damage to its
> computer equipment or that its employees were its property.
>

2

> in a brief submitted to state Supreme Court justices, Intel discounted
> Hamidi's free speech objections, saying the appeals court ruling "properly
> protects private property without impinging on free speech conducted off
of
> that property." Intel did not respond to requests for comment.
>
> The dispute centers on a bulk e-mailing campaign by Hamidi, who sent six
> messages to a list of more than 30,000 Intel employees over a two-year
> period. In the e-mails Hamidi, who believes he was unfairly fired, asked
> employees to join his <http://www.faceintel.com>anti-Intel group and
> suggested they leave the company.
>
> One e-mail asked, "Are you tired of being victimized, ... redeployed or
> targeted for termination?" Each e-mail included an opt-out provision,
> which, according to Hamidi, only 450 employees used.
>
> After filing suit, Intel obtained a court injunction to stop Hamidi's
> e-mails by using a little-known legal provision called "trespass to
> chattels." By sending the e-mails, the company argued that Hamidi was, in
> effect, trespassing on company property.
>
> State appellate judges upheld the application of the trespass statute to
> the Internet. "The common law adapts to human endeavor," the opinion
> stated. "For example, if rules developed through judicial decisions for
> railroads prove nonsensical for automobiles, courts have the ability and
> duty to change them."
>
> Lastowka, one of Hamidi's lawyers, says the decision suggests the court is
> creating a new law. He argues that the ruling could let companies control
> who hyperlinks to or downloads Web pages from their servers.
>
> Intel rebutted this argument in a recent brief that said there is "little
> substance to Hamidi's alarmist prediction that speech on the Internet
hangs
> in the balance'" and that "Hamidi points to no flood of trespass to
> chattels lawsuits, nor any genuine degradation of the Internet as a
vehicle
> for public debate and discourse."
>
> Lastowka points out that California already has a strict antispam law --
> and that Hamidi's e-mails are implicitly legitimate under that law.
>
> "When the California legislature considered the shape of an antispam
> statute, they decided it was limited to commercial speech," said Lastowka.
>
> Hamidi's lawyers also argue that the trespass statute doesn't apply
because
> Hamidi's e-mails didn't unduly burden Intel's servers, as Intel itself
> admits. In previous cases, AOL and Hotmail used the same statute to sue
> spammers who had overwhelmed their servers and customers' e-mail accounts.
>
> Lee Tien of the <http://www.eff.org>Electronic Frontier Foundation says
> that Hamidi's e-mails don't fall into the same category.
>
> "They weren't commercial, they weren't very bulk, and they were targeted
> only to Intel employees," Tien said.
>
> Before today's hearing, privacy advocates were heartened by the simple
fact
> that the court decided to review the Court of Appeals 2-1 decision.
>
> "Why would they take it unless they are going to reverse it?" asked Tien.

3

> After the hearing, however, Tien was reluctant to declare victory.
>
> The California Supreme Court is expected to issue its ruling in two to
> eight months.
>
> Tien drew some encouragement, however, from Wednesday's hearing, in which
> some questions seemed influenced by a dissenting opinion in the case
> written by a state appeals justice. In the dissent, Justice Daniel Kolkey
> argued that "Intel seeks not merely to invoke the common law, but to
modify
> it in a way that ... would affect the free flow of communication on the
> Internet."
>
> Prior to the hearing, Hamidi's lawyers had suggested it was more likely,
> however, that the Court will reverse on the grounds that Hamidi's e-mails
> have federal labor-law protections. These laws generally allow unions and
> aggrieved employees use of a company's bulletin board, phone system and
> inter-office mail to communicate with other employees.
>
> "The fundamental clash is: What does the Internet mean?" Tien said. "Is
the
> Internet a feudal collection of computers that happen to be connected, or
> is it a network where everyone is connected to everyone?"
>
> 5c7cdb.jpg
>
>
>

4

1
2
3          E. KAY STAPLES
           BENTON COUNTY CLERK
4          JAN - 8 2004
5               FILED
6
7
8
          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
9            IN AND FOR THE COUNTY OF BENTON

10   JAMES S. GORDON, JR.,                    )
                                              )
11              Plaintiff,                    )   No. 03-2-02677-5
                                              )
12       v.                                   )   Notice of Removal of Action to
                                              )   United States District Court for the
13   COMMONWEALTH MARKETING GROUP,            )   Eastern District of Washington
     INC.,                                    )
14                                            )
                Defendant.                    )
15

16   TO:   THE CLERK OF THE SUPERIOR COURT OF THE STATE OF
           WASHINGTON IN AND FOR THE COUNTY OF BENTON
17
18   AND TO:    JAMES S. GORDON, JR., PLAINTIFF,

19   AND TO:    PLAINTIFF'S COUNSEL OF RECORD,

20   AND TO:    ALL OTHER INTERESTED PERSONS:

21
          PLEASE TAKE NOTICE that on January 8, 2004, Defendant Commonwealth
22
     Marketing Group, Inc. filed a Notice of Removal in the United States District Court for the
23
     ///
24
     ///
25
26
27

     NOTICE OF REMOVAL - 1

     0219v1 88-88

     ORIGINAL

     Davis Wright Tremaine LLP
     LAW OFFICES
     2600 Century Square · 1501 Fourth Avenue
     Seattle, Washington 98101-1688
     (206) 622-3150 · Fax: (206) 628-7699

1    Eastern District of Washington, removing this matter to Federal Court, pursuant to 42

2    U.S.C. § 1332.  A copy of said Notice of Removal is attached hereto.

3        DATED this 8th day of January, 2004.

4                                    Davis Wright Tremaine LLP
                                     Attorneys for Defendant
5                                    *Commonwealth Marketing Group, Inc.*

6

7                            By _____

8                                Dan Waggoner, WSBA #09439
                                 Randy Gainer, WSBA #11823
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

E. KAY STAPLES
BENTON COUNTY CLERK

DEC 1 0 2003

FILED

James S. Gordon, Jr.,

Plaintiff,

     vs.

American Homeowners Association,

Defendant

Case No.: 03-2-0 2647-3

COMPLAINT

Case #:

COMPLAINT FOR INJUNCTIVE AND ADDITIONAL RELIEF UNDER THE

UNFAIR BUSINESS PRACTICES--CONSUMER PROTECTION ACT, THE

COMMERCIAL ELECTRONIC MAIL STATUTE AND THE UNLAWFUL

HARASSMENT STATUTE

COMES NOW, plaintiff, James S. Gordon, Jr., and brings this action against

defendant named herein. Plaintiff alleges the following on information and belief:

Summary of Pleading - 1

1
2
3
        E. KAY STAPLES
        BENTON COUNTY CLERK
4
        JAN - 8 2004
5
        FILED
6
7

8     IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
        IN AND FOR THE COUNTY OF BENTON
9

10   JAMES S. GORDON, JR.,          )

11            Plaintiff,     )  No. 03-2-02647-3
                          )
12        v.                 )  Notice of Removal of Action to
                          )  United States District Court for the
13   AMERICAN HOMEOWNERS  )  Eastern District of Washington
     ASSOCIATION,           )
14                          )
            Defendant.    )
15

16   TO:   THE CLERK OF THE SUPERIOR COURT OF THE STATE OF
17         WASHINGTON IN AND FOR THE COUNTY OF BENTON

18   AND TO:    JAMES S. GORDON, JR., PLAINTIFF,

19   AND TO:    PLAINTIFF'S COUNSEL OF RECORD,

20   AND TO:    ALL OTHER INTERESTED PERSONS:
21

22         PLEASE TAKE NOTICE that on January 8, 2004, Defendant American

23  Homeowners Association, filed a Notice of Removal in the United States District Court for

24  ///

25  ///

26

27

NOTICE OF REMOVAL - 1      **ORIGINAL**

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

SEA 50194v1 88-88

SCANNED

1  the Eastern District of Washington, removing this matter to Federal Court, pursuant to 42

2  U.S.C. § 1332.  A copy of said Notice of Removal is attached hereto.

3       DATED this ___8th___ day of January, 2004.

4

5                           Davis Wright Tremaine LLP
                         Attorneys for Defendant

6                           *American Homeowners Association*

7

8       By _____

9           Dan Waggoner, WSBA #09439
         Randy Gainer, WSBA #11823

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 2

SEA 1450194v1 88-88

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

E. KAY STAPLES
BENTON COUNTY CLERK

JAN 1 3 2004

FILED

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON

JAMES SAMUEL GORDON, JR,        )
                                )
                Petitioner,     ) No. 03-2-02728-3
                                )
        v.                      ) RESPONSE TO PETITION FOR
                                ) PROTECTION ORDER
BRUNO A. AYANIAN,               )
                                )
                Respondent.     )
_____)

## I.    Introduction

Mr. Ayanian, the Respondent in this action, asks the Court to dismiss the petition for a protection order for three reasons. *First*, Petitioner is misusing the protection order statute to address conduct, the transmission of commercial emails, that the statute was not intended to address. *Second*, Petitioner has not alleged and cannot prove facts necessary to satisfy the statutory requirements for obtaining a protection order. *Third*, if the Court were to issue an order precluding Mr. Ayanian's employer from sending commercial emails to Petitioner, it would violate his employer's free speech rights.

## II.    Facts

Petitioner's request for a protection order was filed against a person who never sent him a single email message. The affidavit of Mr. Ayanian shows that Mr. Ayanian and his employer have not directly sent any email messages to Petitioner. Affidavit of Bruno A. Ayanian ("Ayanian Aff."), ¶ 2.

RESPONSE TO PETITION FOR PROTECTION ORDER - 1
SEA 2101v1 65318-2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

SCANNED

ORIGINAL

1    Mr. Ayanian is Vice President and Chief Operating Officer of American

2 Homeowners Association ("AHA" or the "Company"). Ayanian Aff., ¶ 1. The Company

3 offers homeowners and aspiring homeowners a membership program that provides them

4 with proprietary content on homeownership along with discounted services and benefits,

5 such as 24/7 emergency home repair assistance or contractor referral service. *Id.* at ¶ 3.

6 AHA utilizes online marketing to attract new members. *Id.* at ¶ 4.  Neither Mr. Ayanian

7 nor any other AHA employee sent emails to Petitioner. *Id.* at ¶ 2.  AHA does not directly

8 transmit email advertisements to consumers, choosing instead to contract with third-party

9 contractors who maintain their own email lists and are responsible for distributing messages

10 to potential AHA members. *Id.* at ¶ 4.

11    Email marketing messages sent on behalf of AHA are obviously not intended to

12 harass the company's potential customers; rather they are intended to attract new business.

13 The emails contain no pornographic or other offensive content; they are intended to

14 persuade consumers to become AHA members, not to coerce, intimidate or humiliate people

15 who receive the emails. *Id.* at ¶ 4. The emails are standard commercial advertisements,

16 which invite recipients to take advantage of AHA 30-day trial offer in the membership

17 programs. *Id.*

18    Petitioner must have "opted in" to receive emails from AHA's contractors.  *Id.* at ¶

19 5. AHA requires each contractor to transmit messages *only* to individuals who have *elected*

20 to receive emails from the contractor. *Id.*  Each email must include a sentence explaining

21 how the recipient opted in. *Id.*  Because Petitioner has not disclosed the full content of any

22 message allegedly sent on behalf of AHA, AHA has not been able to view the source of the

23 emails and thereby determine who the third-party contractor is and how Petitioner opted in

24 to receive emails. *Id.*

25    Contrary to Petitioner's claim that Mr. Ayanian personally sent him emails, all

26 emails appear to have originated with one of AHA's third-party contractors.  Upon being

27



RESPONSE TO PETITION FOR PROTECTION ORDER - 2

SEA 1452101v1 65318-2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1   notified by Respondent by letter in September 2003, Mr. Ayanian attempted to ensure that

2   AHA's contractors send Petitioner no email messages. *Id.* at ¶ 6 and Ex. I. AHA maintains

3   a "Suppression List" containing email addresses of individuals who ask not to receive offers

4   on behalf of the company. *Id.* This list is circulated to AHA email contractors at least once

5   a month. *Id.* The contractors are contractually obligated to stop sending emails to addresses

6   on the list. *Id.* When Petitioner wrote a letter to AHA in September 2003 to complain about

7   commercial email messages, only five email addresses ending in "@gordonworks.com"

8   were referenced in the attachments to his letter. *Id.* Mr. Ayanian added to the Suppression

9   List any address ending in the "gordonworks" domain and circulated the list to AHA's

10   email contractors. *Id.* If Petitioner is receiving email at addresses ending in other domains,

11   it is because he has not provided any of the addresses to Mr. Ayanian to add to the

12   Suppression List. *Id.* Mr. Ayanian also offered to intercede on Petitioner's behalf with any

13   AHA email contractor shown to be sending emails to Petitioner. Petitioner has not

14   responded to Mr. Ayanian's offer of assistance. *Id.* at ¶ 7.

### III.    Argument

#### A.  The Legislature Did Not Intend RCW Ch. 10.14 to Apply to Commercial Email.

15
16
17

18       The Washington Legislature adopted RCW Ch. 10.14 to address "serious, personal

19   harassment . . . designed to coerce, intimidate or humiliate the victim." RCW 10.14.010.

20   Petitioner bases his petition solely on his claim that he received commercial emails from

21   AHA. Commercial email is not "personal," nor is it intended to "coerce, intimidate or

22   humiliate." Petitioner sued AHA in a separate action that will determine whether it was

23   lawful under Washington's anti-spam statute for AHA's contractors to send the emails. *See*

24   *Gordon v. American Homeowners Association,* Benton County Superior Court

25   No. 03-2-02647-3, removed on January 8, 2003 to the United States District Court for the

26   Eastern District of Washington, No. CV-04-5002-AAM .

27

RESPONSE TO PETITION FOR PROTECTION ORDER - 3

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1        Attorneys for Mr. Ayanian have located no court decision from Washington or from

2  any other state holding that commercial emails directed at large numbers of consumers may

3  be addressed through protection order proceedings.  Protection order proceedings should be

4  reserved for the victims of physical violence, threats, and intimidation who regularly use these

5  proceedings to seek the Court's assistance.  The Court should not countenance Petitioner's

6  unprecedented attempt to use protection order proceedings for purposes not intended by the

7  Legislature.

8      **B.**    **Petitioner Sued the Wrong Respondent and Cannot Prove Facts Necessary To Obtain a Protection Order.**

9

10           **1.**  **Mr. Ayanian Did Not Send Petitioner Any Emails.**

      A protection order is a means to end "all further unwanted contact between the victim

11 and the perpetrator." RCW 10.14.010.  Such an order is appropriate only if the alleged

12 perpetrator is the respondent.  *See* RCW 10.14.030(3) and (5) ("respondent's course of

13 conduct . . . ."); RCW 10.14.030(4) ("respondent is acting . . . ."); RCW 10.14.030(6)

14 ("Contact by the respondent . . . .").

15       In *State v. Noah*, 103 Wn. App. 29, 39, 9 P.3d 858, 865-866 (2000), *review denied*,

16 142 Wn.2d 1024 (2001), the Court of Appeals noted that RCW Ch. 10.14 was intended to

17 address actions by identified harassers against their victims: "The harassment statute is

18 different.  It authorizes the court to protect a specific victim against contact *by a harasser*."

19 103 Wn. App. at 43 (emphasis added).

20       To enter a protection order, the Court must find "by a preponderance of the evidence

21 that unlawful harassment exists." RCW 10.14.080(3).  Mr. Ayanian's affidavit shows that he

22 did not send *any* email messages to Petitioner.  On the contrary, although AHA's contractors

23 may have sent emails to Petitioner after he opted in to receive messages, when Petitioner

24 contacted Mr. Ayanian to complain about commercial emails, Mr. Ayanian attempted to

25 assure that AHA's contractors sent *no* email messages to Petitioner.

26

27 

RESPONSE TO PETITION FOR PROTECTION ORDER - 4

SEA 1452101v1 65318-2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    It makes no sense to order Mr. Ayanian not to do something he has not done.  The

2    petition should be denied because Mr. Ayanian is not a proper respondent.

3          **2.  Petitioner Did Not Suffer Substantial Emotional Harm.**

4          Another requirement that Petitioner must meet to obtain a protection order is to prove

5    that Mr. Ayanian's "course of conduct shall be such as would cause a reasonable person to

6    suffer substantial emotional distress, and shall actually cause substantial emotional distress to

7    the petitioner . . . ." RCW 10.14.020. This requirement "attempts to accommodate the

8    vagueness problem which has plagued antiharassment legislation in the past . . . ." *Burchell v.*

9    *Thibault*, 74 Wn. App. 517, 521, 874 P.2d 196 (1994), *citing Everett v. Moore*, 37 Wn. App.

10   862, 863, 683 P.2d 617 (1984).  In *Everett*, the Court held that an ordinance that prohibited

11   people from "engag[ing] in a course of conduct that alarms or seriously annoys another

12   person and which services no legitimate purpose" was unconstitutionally vague.  37 Wn. App.

13   at 866-67.

14         Petitioner failed to allege in his petition that he suffered *any* emotional distress.  Even

15   if Petitioner were allowed to amend his petition to allege that he has suffered substantial

16   emotional distress, he cannot satisfy the objective prong of the substantial emotional harm

17   test.  There is no evidence that Mr. Ayanian, AHA or its contractors sent Petitioner any

18   offensive emails.  Commercial solicitations are ubiquitous in many media, including

19   newspapers, billboards, television, radio and standard mail.  Commercial email causes no

20   more emotional distress than other advertisements.  A reasonable person who is annoyed by

21   unwanted emails would deploy email filtering software or simply delete unwanted messages

22   without reading them.

23         Email that is nonthreatening, is not abusive and is not hostile, even when it is from an

24   ex-boyfriend, cannot satisfy a statutory requirement that an act cause substantial emotional

25   distress before the act may be enjoined.  *See Ravitch v. Whelan*, 851 So.2d 273, 276 (Fla. Ct.

26   App. 2003).  Petitioner cannot show that a reasonable person would suffer substantial

27

RESPONSE TO PETITION FOR PROTECTION ORDER - 5

SEA 1452101v1 65318-2

1 emotional distress from receiving the standard commercial emails that Petitioner claims he

2 received.

3       The type of substantial emotional distress that RCW Ch. 10.14 was intended to

4 address is illustrated by cases in which protection orders have been upheld. *See, e.g.,*

5 *Shinaberger ex rel. Campbell v. LaPine*, 109 Wn. App. 304, 306, 34 P.2d 1253 (2001)

6 (protection order issued against school aide affirmed where aide "taunted" student and

7 physically prevented her from moving down a pathway); *State v. Noah*, supra, 103 Wn. App.

8 at 39 (upholding protection order based on evidence that respondent physically trespassed on

9 petitioner's property, made a harassing phone call, and telephoned petitioner's landlord,

10 causing petitioner to objectively and subjectively suffer substantial emotional distress); and

11 *McIntosh v. Nafziger*, 69 Wn. App.906, 908, 851 P.2d 713 (1993) (protection order affirmed

12 where respondent repeatedly made alarming phone calls and threatened bodily harm to

13 petitioner and his family over a two-year period). Any distress that Petitioner suffered is

14 unlike the distress suffered by the petitioners in these cases.

15       Because Petitioner did not allege that he suffered substantial emotional distress and

16 cannot prove that a reasonable person would suffer such distress from receiving commercial

17 emails, the petition should be dismissed.

18     **C.**    **Issuing a Protection Order Would Violate AHA's Free Speech Rights.**

19       The right to free speech is one of the most fundamental individual rights guaranteed

20 by the First Amendment and by the Washington Constitution. *State Public Disclosure*

21 *Comm'n v. 119 Vote No! Comm.*, 135 Wn.2d 618, 624, 957 P.2d 691 (1998) ("uninhibited

22 speech is the single most important element upon which this nation has thrived") (internal

23 citations and quotations omitted); *Nelson v. McClatchy Newspapers, Inc.*, 131 Wn. 2d 523,

24 535-536, 936 P.2d 1123 (1997) ("the free speech clauses of the federal and state constitutions

25 have always held a revered position in our society"). Both the United States Supreme Court

26

27

RESPONSE TO PETITION FOR PROTECTION ORDER - 6

SEA 1452101v1 65318-2

1   and the Washington Supreme Court have determined that commercial speech is entitled to

2   First Amendment and free speech protections.

3     The United States Supreme Court has repeatedly held that commercial speech is

4   protected by the First Amendment.  As the Court observed in *Rubin v. Coors Brewing Co.*, a

5   "'consumer's interest in the free flow of commercial information . . . may be as keen, if not

6   keener by far, than his interest in the day's most urgent political debate.'" 514 U.S. 476, 481-

7   82 (1995), *quoting Virginia Bd. of Pharm. v. Virginia Citizens Consumer Council, Inc.*, 425

8   U.S. 748, 763 (1976)).  *See also Central Hudson Gas & Electric Corp. v. Public Serv.*

9   *Comm'n*, 447 U.S. 557, 561-562 (1980) ("Commercial expression not only serves the

10  economic interest in the fullest possible dissemination of information.").

11

12    While the Supreme Court has articulated numerous tests for determining whether

13  speech qualifies as "commercial," the Court "usually defined [commercial speech] as speech

14  that does no more than propose a commercial transaction." *United States v., United Foods*,

15  533 U.S. 405, 409 (2001); *see also Lorillard Tobacco Co.*, 533 U.S. at 554; *Edenfield v.*

16  *Fane*, 507 U.S. 761, 767 (1993); *Virginia Pharmacy*, 425 U.S. at 762.

17

18    The Washington Supreme Court follows the United Supreme Court's approach in

19  defining commercial speech. *National Federated of Retired Persons v. Insurance*

20  *Commissioner*, 120 Wn.2d 101, 114, 838 P.2d 680, 686 (1992) ("commercial speech has been

21  defined as expression related solely to the economic interests of the speaker and its audience.

22  It has also been defined as speech proposing a commercial transaction.") (citing *Central*

23  *Hudson Gas*, 447 U.S. 557 at 561, 562).

24

25    The commercial emails Petitioner received from AHA's contractors qualify as

26  "commercial speech" under the United States Supreme Court's and the Washington Supreme

27

RESPONSE TO PETITION FOR PROTECTION ORDER - 7
SEA 1452101v1 65318-2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Court's definition.  They are protected under the First Amendment and the Washington Constitution.  The emails contained offers inviting Petitioner to enter commercial transactions and to take advantage of business opportunities.  Preventing AHA from disseminating commercial emails through its contractors by issuing a protection order would violate AHA's right to free speech.

**IV.    Conclusion**

For the foregoing reasons, Respondent Bruno Ayanian asks the Court to dismiss the petition for a protection order.

Davis Wright Tremaine LLP
Attorneys for Bruno Ayanian

By _____
Daniel M. Waggoner, WSBA No. 9439
Randy Gainer, WSBA No. 11823
Jill Ballo, WSBA No. 32877

RESPONSE TO PETITION FOR PROTECTION ORDER - 8

SEA 1452101v1 65318-2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

DISMISSAL

E. KAY STAPLES
BENTON COUNTY CLERK

APR 29 2004

FILED

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON

JAMES S. GORDON, JR.,

      Plaintiff,

  vs.

THEODORE HANSSON COMPANY,

      Defendant

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 03-2-02676-7

ORDER OF DISSMISSAL

THIS MATTER having come on for hearing before the Honorable _____ on April 29th, 2004; the defendant appearing through counsel and the plaintiff appearing pro se; the Court having considered the Motion to Dismiss for Improper Service, the Declaration of Counsel, the Memorandum in Support of Motion, the responsive pleadings as well as the other pleadings filed in relation to this matter; and having heard argument of the parties; the Court finding (1) that personal service on the Defendant corporation has not occurred and, (2) that more than 90 days have elapsed since the filing of the complaint, the Court:

    HEREBY ORDERS ADJUDGES AND DECREES that this matter be dismissed for

/// /// ///

/// /// ///

*Exhibit N*

ORDER OF DISMISSAL - 1

HAMES, ANDERSON & WHITLOW, P.S.
601 W. KENNEWICK AVE.
KENNEWICK, WA 99336-0498
(509)586-7797 (509)586-3674 fax



SCANNED



1  failure of service without cost to either party.

2         DONE BY THE COURT this 29th day of April, 2004.

3

4                                      _____
                                       JUDGE/COURT COMMISSIONER

5  Presented by:

6  HAMES, ANDERSON & WHITLOW, P.S.
   Attorneys for Defendant

7

8  By:_____

9      John W. O'Leary, WSBA # 33004

10

11 Approved as to form:

12

13 _____

14 James S. Gordon, Jr., Pro se Plaintiff

15

16

17

18

19

20

21

22

23

24

25

ORDER OF DISMISSAL - 2

E. KAY STAPLES
BENTON COUNTY CLERK

JAN 1 5 2004

FILED

# DISMISSAL

SUPERIOR  COURT OF WASHINGTON
FOR   BENTON COUNTY

_James S. Gordon , Jr._ 3/20/5
Petitioner,
        vs.
_Robert E. Kane_
Respondent.

NO. _03-2-02729-1_
**DENIAL/DISMISSAL ORDER**
(Optional Use)
☐ Domestic Violence
☒ Antiharassment
(ORDYMT)

**THIS MATTER** having come on for hearing upon the request of the moving party (requester) for a ☐ temporary order for protection ☐ order for protection ☐ order modifying/terminating order for protection, ☐ other: _____,
and the court finding:
☐ Petitioner ☐ Respondent did not appear.
☐ Petitioner ☐ Respondent requested dismissal of the petition or application.
☐ The court does not find a basis to enter the requested ex parte order.
☐ The court does not find a basis to modify or terminate the existing order.
☒ After testimony and notice, the court finds the burden of proof has not been met.
☐ No notice of this request has been made or attempted to the other party.
☐ Other:_____

IT IS THEREFORE ORDERED that:
☐ The request for an ex parte order is denied.
☐ The motion to modify/terminate is denied.
☒ The case is dismissed.
☐ The moving party (requester) shall have all parties served with a copy of this order.
☐ Other:_____

Dated: _1/15/04_  at  _11:00_ am/pm    _Carrie Runge_
                                        JUDGE/COURT COMMISSIONER
Copy Received:                          Copy Received:
_____  _1/15/04_               _____
Petitioner        Date                 Respondent          Date

DENIAL/DISMISSAL ORDER (ORDYMT) - Page 1 of 1
WPF DV-6.020  (6/2002) - RCW 26.50, RCW 10.14

SCANNED 65                              Exhibit O

15



## WASHINGTON STATE BAR ASSOCIATION
### DISCIPLINARY BOARD
2101 Fourth Avenue – Suite 400  ·  Seattle, Washington 98121-2330
Telephone: (206) 727-8280  ·  Fax: (206) 727-8320

MARCELLA F. REED
Chair of the Disciplinary Board

## NOTICE

Attached is a copy of the Findings and Order of the Review Committee of the Disciplinary Board. Please note the appropriate section below for information on the findings, conclusions and order of your grievance:

☒  **Dismissal**

If the review committee orders the grievance be dismissed with no further actions, the grievance will be dismissed. The decision of the Review Committee is not appealable.

☐  **Advisory Letter**

When a Review Committee dismisses a grievance, it also may send the lawyer an advisory letter cautioning the lawyer about his or her conduct. An advisory letter is not a finding of misconduct, is not a disciplinary sanction, and is not public information. It is intended to warn and educate the lawyer about conduct that could result in similar grievances.

☐  **Admonition**

If the Review Committee determined that there was sufficient misconduct under the Rules for Enforcement of Lawyer Conduct (ELC) to warrant the issuance of an Admonition under Rule 13.5 of the Rules for Enforcement of Lawyer Conduct, a written Admonition will be issued shortly, and made a part of the lawyer's records with the Washington State Bar Association. An admonition is public information. ELC 3.1(b).

The respondent lawyer may file a protest of the Admonition within 30 days of service of the Admonition. Upon receipt of a timely protest, the Admonition is rescinded, and the grievance is considered to have been ordered to a public hearing by the Review Committee issuing the Admonition. The grievant will be notified if a protest is filed by the respondent lawyer. A grievant may not protest or appeal the issuance of an Admonition.

☐  **Order to Hearing or for Further Investigation**

If the Review Committee has ordered a public hearing or returned for further investigation, and you have any questions, please contact the Disciplinary Counsel in charge of the file or the Office of Disciplinary Counsel at (206) 727-8207.

☐  **Other:** _____

If you have any questions, please contact the Disciplinary Counsel in charge of the file or the Office of the Disciplinary Counsel at (206) 727-8207. The decision of the Review Committee is not appealable.

Date: 1/5/05                              File Number: 02-00767

**Mailed To:  Richard Sanders,     Floyd E. Ivey**

Exhibit P

86

BEFORE THE DISCIPLINARY BOARD OF THE
WASHINGTON STATE BAR ASSOCIATION
Mike Spencer (Chair), Thomas Bothwell and Joni Montez
FINDING AND ORDER OF REVIEW COMMITTEE III

Respondent Lawyer: FLOYD E. IVEY                    W.S.B.A FILE NO.: 02-00767

Respondent's Counsel:                              Grievant: Richard Sanders

     Having reviewed the materials regarding the above captioned grievance, Review Committee III of the Disciplinary Board of the WSBA hereby makes the following findings, conclusions and order pursuant to the authority granted by Rules 2.4, 5.3, 5.6 and 8.2 of the Rules for Enforcement of Lawyer Conduct (ELC):

( )  There is sufficient evidence of unethical behavior to take further action, and IT IS ORDERED:  that a hearing should be held on the allegations of the grievance.
     ( )  and consolidated with other grievances against this lawyer.

(X)  There is no evidence or insufficient evidence of unethical behavior to prove misconduct by a clear preponderance of the evidence, and IT IS ORDERED: that the grievance should be dismissed with no further action. Should there be a judicial finding of impropriety, the grievant may request that the grievance be reopened.

( )  The allegations in the grievance do not constitute misconduct under the Rules of Professional Conduct. Hence, the WSBA does not have the authority to take further action, and IT IS ORDERED:  that the grievance should be dismissed with no further action.

( )  The allegations in the grievance do not constitute a sufficient degree of misconduct which would warrant further action except IT IS ORDERED: that an admonition should be issued to the lawyer. (ELC 13.5)

( )  There is not sufficient evidence of unethical behavior to prove misconduct by a clear preponderance of the evidence, and it is ORDERED that the grievance is dismissed, but an advisory letter be sent to the lawyer pursuant to ELC 5.7 cautioning the lawyer regarding

_____

_____

( )  There is a need for further information and IT IS ORDERED that further investigation be conducted in the area of: _____

_____

( )  There is pending civil or criminal action which involves substantially similar allegations and IT IS ORDERED that investigation and review of this grievance should be deferred pending resolution of the civil or criminal litigation.

( )  IT IS ORDERED under ELC 5.3(f) that respondent lawyer pay $          in total costs and expenses in connection with his or her failure to cooperate with the disciplinary investigation(s), as documented in the Report to Review Committee.

( )  and IT IS ORDERED_____

_____

Dated this _____21st_____ day of ___December___ 2004

The vote was ___3-0___

Mike Spencer, Chairperson of Review Committee III

