The Hon. Thomas Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| **OMNI INNOVATIONS, LLC, a Washington Limited Liability company; EMILY ABBEY, an individual,** | **NO. 06-01284** |
| **Plaintiffs,** | **REPLY RE** |
| v. | **MOTION TO DISQUALIFY DEFENSE COUNSEL** |
| **ASCENTIVE, LLC, a Delaware limited liability company; ADAM SCHRAN, individually and as part of his marital community; JOHN DOES, I-X,** | |
| **Defendants,** | |

**1.    This Issue Has Not Been Previously Decided - The Eastern District Did Not Rule On *This* Issue.**    In his apparent desperation to hold on to this case, Mr. Ivey attempts to confuse the issue, and mislead the Court by arguing that the issue of his prior representation of Mr. Gordon, and particularly of Omni has been decided previously by Judge VanSickle of the Eastern District in other litigation (Gordon v. Impulse CV-04-5125-FVS).  What Mr. Ivey fails to explain, but what this Court has likely

.
PLAINTIFF'S REPLY RE
MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

recognized, is that the prior request for disqualification was brought by pro se, third-parties to that litigation, who themselves had no established attorney-client relationship with Mr. Ivey.  The case for disqualification was admittedly not well made by those parties.  However, here, based upon the direct evidence and testimony from Mr. Gordon on behalf of Omni, there should be no reasonable doubt that both Mr. Gordon and his LLC, Omni Innovations, had an established attorney-client relationship with Mr. Ivey. Thus, the fact that a judge in the Eastern District, deciding the issue brought by different parties with no direct attorney-client relationship with Mr. Ivey is neither dispositive of, nor necessarily applicable to the issue presented here.


**2.    Mr. Ivey Has Not Overcome The Presumption In Favor Of An Attorney-Client Relationship.**    Mr. Ivey's patently self-serving statement that "…it is with certainty that I have not engaged in any effort regarding Omni Innovations LLC and any issue in the case of Omni Innovations LLC." is neither convincing nor controlling. This statement lies in stark contrast to the testimony of Mr. Gordon whose Declaration specifically explains that Mr. Ivey assisted in preparing some of Omni's initial contracts, to wit "In 2000, I retained the legal services of Floyd E. Ivey to assist me in drafting contracts for Omni among other matters. Mr. Ivey's firm invoiced me, and I paid them, for those services…"   (See Declaration of James S. Gordon, Jr. submitted herewith attaching a copy of the invoice from Mr. Ivey's firm - recently found)

PLAINTIFF'S REPLY RE
MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

2

In *BOHN v. CODY*, 119 Wn.2d 357, P.2d 71 (1992), as discussed in Plaintiff's

Motion, the Washington Supreme Court effectively established a presumption in favor of

finding that an attorney-client relationship exists, based upon the subjective belief and

understanding of the client, and the attendant circumstances.  Here, although Mr. Ivey

may have conveniently forgotten his legal representation of Omni, Mr. Gordon has

clearly not.  Moreover, the evidence that Mr. Gordon paid Mr. Ivey for legal work as far

back as August, 2000 lends credibility to Mr. Gordon's position that he believed that

both he individually, as well as his LLC, Omni, had an established attorney-client

relationship with Mr. Ivey.  Thus, both the subjective belief of the Mr. Gordon, the client,

and the attendant circumstances present here weight heavily in favor of finding that an

attorney-client relationship did indeed exist as to both Mr. Gordon individually and Omni.

Moreover, as per Mr. Gordon's Declaration, Omni, through Mr. Gordon, did share

certain confidential information with Mr. Ivey during his representation of Omni, thereby

creating a "substantial risk" that those confidences would be disclosed, which in the

context of adversarial litigation of this type, could certainly create prejudice and harm to

Omni. In determining when to exercise its discretion to disqualify counsel in cases

involving loss of the protection of privilege, Court should resolve any doubts in favor of

disqualification.  *Richards v. Jains,* 168 F. Supp. 2nd 1195 (2001), and cases cited

therein.  In light of the circumstances described by Mr. Gordon on behalf of Omni, the

former client, the breach of confidence "should be presumed" for purposes of

.
PLAINTIFF'S REPLY RE
MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

3

1  disqualification. This is particularly so in light of the early stage of this litigation and the

2  lack of substantial prejudice to defendants in this case.

3

4      **3.    Mr. Ively Fails To Address His Non-Disclosure Of The Potential**

5  **Conflict, And His Failure To Obtain A Waiver.**

6      As discussed in Plaintiff's Motion, the one exception in this area is where the

7  attorney fully discloses the potential conflict, and obtains a written waiver of the conflict

8  from his/her former client. However, here, although admitting at least some minimal

9  contact with and representation of Mr. Gordon, Mr. Ivey completely fails to even proffer

10  a reason or argument as to why he neglected to advise Mr. Gordon of a potential

11  conflict of interest and request a waiver. Consistent with his past conduct in these

12  matters, he simply chooses to ignore his duty to provide informed consent to his client,

13  and then proceeds to engage in representation of interests directly adverse to his client

14  in blatant disregard of the Rules of Professional Conduct prohibiting such conduct.

15

16      With all due respect, Mr. Ivey should be disqualified.

17

18      RESPECTFULLY SUBMITTED, this 1st day of November, 2006.

19  MERKLE SIEGEL & FRIEDRICHSEN, P.C.          DOUGLAS E. MCKINLEY, JR
                                                Attorney at Law
20

21  /S/ Robert J. Siegel                        /S/ Douglas E. McKinley, Jr.
    Robert J. Siegel, WSBA #17312               Douglas E. McKinley, Jr., WSBA
22  #20806
    Attorney for Plaintiffs                     Attorney for Plaintiffs
23

24

25  -
    PLAINTIFF'S REPLY RE                        **MERKLE SIEGEL & FRIEDRICHSEN**
    MOTION TO DISQUALIFY DEFENDANTS' COUNSEL    1325 Fourth Ave., Suite 940
                                                Seattle, WA 98101
                                                Phone: 206-624-9392
                                                Fax: 206-624-0717

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATE OF SERVICE

I hereby certify that on _November 1_, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  Floyd E. Ivey,

I hereby further certify that I have mailed by United States Postal Service, first-class postage prepaid, the foregoing document to the following non-CM/ECF participants:

MERKLE, SIEGEL, & FRIEDRICHSEN, P.C.

DATE: _November 1_, 2006

BY: /s/ ROBERT J. SIEGEL
ROBERT J. SIEGEL
WASHINGTON BAR NO. 17312
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WA 98101
TELEPHONE: 206.624.9392
FAX: 206.624.0717
BOB@MSFSEATTLE.COM

PLAINTIFF'S REPLY RE
MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

5