1

2    Floyd E. Ivey                                    Hon. Judge T. S. Zilly
     Liebler, Ivey, Connor, Berry & St. Hilaire
3    1141 N. Edison, Suite C
     P.O. Box 6125
4    Kennewick, WA 99336
     Telephone (509) 735-3581
5    Fax (509) 735-3585
     Attorneys for Defendant
6
     DOUGLAS E. MCKINLEY, JR.
7    Attorney At Law
     P.O. Box 202 Richland, Washington 99352
8    509-628-0809
     Fax (509) 628-2307
9    Attorney for Plaintiff

10   ROBERT J. SIEGEL
     1325 4th Ave Ste 940
11   Seattle, WA
     98101-2509
12

13

14              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF WASHINGTON
15

16   OMNI INNOVATIONS LLC et al          )     NO.  CV-06-01284-TSZ
                                         )
17                                       )     MEMORANDUM RE:
                  Plaintiffs             )     MOTION FOR CHANGE OF
18                                       )     VENUE
     ASCENTIVE, LLC                      )
19   a Delaware Limited Liability Company, )
                                         )
20                Defendant              )
     _____)
21

22

23        **HISTORY OF GORDON/OMNI AND ASCENTIVE/SCHRAN**

24        Venue of this case should be changed to The Eastern District of

25   Washington.  Gordon v. Ascentive LLC, CV-05-5079-FVS, was filed in the

26   Eastern District in 2005.  Gordon is the owner of Omni Innovations LLC, the

27   Plaintiff in Omni Innovations LLC v. Ascentive (Exhibit 1 hereto "Declaration of

28   James S. Gordon, Jr. In Support of Plaintiff's Motion for Leave to File First

Defendant's Memorandum supporting Motion for Change of Venue      LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
- 1.                                                                        Attorneys at Law
Z:\IPClient\Ascentive  LLC  v.  Gordon\Ascentive  v.  Omni                    P.O. Box 6125
Innovations\Motions\Motion Venue\Motion for Change.Venue.MEMO.061101.wpd   Kennewick, Washington 99336-0125
                                                                           (509) 735-3581   Dockets.Justia.com

1  attached as pages 7 to 9). Gordon was denied the addition of Omni as an

2  additional Plaintiff in the Eastern District.

3      The Court in the Eastern District has ruled on many issues which will be

4  identical to those to be considered in the Western District. Exhibit 2 hereto,

5  attached as pages 10 to 20, is the Docket Sheet from the Eastern District. The

6  Eastern District Docket Sheet in the companion matter of Gordon v. Impulse

7  Marketing Group Inc, CV-04-5125-FVS shows 422 separate transactions. The

8  Eastern District, in Gordon v. Ascentive, has entered orders as follows:

9

10  **ORDERS FROM EASTERN DISTRICT**

11      Exhibit 3: Order Denying Motion to Dismiss for Lack of Jurisdiction. The

12  Court concludes that jurisdiction will be determined at trial. Attached as pages 21

13  to 30, Order P. 10.

14      Exhibit 4: Order on Plaintiff's Motion to amend to First Amended

15  Complaint. The Court denied addition of an additional plaintiff Omni Innovations

16  LLC and Vacating the Scheduling Order. Seen at Order P. 3 and attached hereto

17  pages 31 to 34.

18      Exhibit 5: Order Appointing Special Discovery Master. Attached hereto as

19  Pages 35 to 37.

20

21  **MOTIONS PENDING IN THE EASTERN DISTRICT**

22      Exhibit 6, attaches as pages 38 to 57: Defendant's Motion to Compel is

23  pending before the Discovery Master and was, until 10 A.M. November 1, 2006,

24  scheduled for a telephonic hearing on Wednesday, November 1, 2006 at 11 A.M.

25  On advice from Defendant of pending Motions to Dismiss First Amended

26  Complaint in both Gordon v. Ascentive and in Gordon v. Impulse, the Discovery

27  Master has stricken the hearing of November 1, 2006, pending resolution of the

28

Defendant's Memorandum supporting Motion for Change of Venue
- 2.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionVenue\Motion for Change.Venue.MEMO.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Motions to Dismiss.

2      Exhibit 7, attached as pages 58 to 121: Defendant's Motion to Dismiss

3  Plaintiffs' First Amended Complaint set for hearing November 10, 2006 without

4  oral argument.

5

6  **RELATED MATTERS IN THE EASTERN DISTRICT**

7      Plaintiff Ms. Abbey is a Third Party Defendant in Gordon v. Impulse

8  Marketing Group Inc. Eastern District CV-04-5125-FVS.

9      The Court in Gordon v. Impulse Marketing Group Inc. Eastern District CV-

10  04-5125-FVS has ruled on and Denied Third Party Defendant Bonnie Gordon's

11  Motion to Disqualify Attorney Floyd E. Ivey. Plaintiffs' like Motion to Disqualify

12  Attorney Floyd E. Ivey is pending in the Western District and is presently set for

13  hearing on Friday, November 3, 2006. The Eastern District Order Denying Motion

14  to Disqualify is appended hereto as Exhibit 8, pages 122 to 133.

15

16  **COMMONALITY IN COMPLAINTS**

17      Plaintiffs' First Amended Complaint in the Western District, Exhibit 9

18  attached hereto pages 134 to 138, recites Causes of Action in common with

19  Gordon's First Amended Complaint in the Eastern District, Exhibit 10 attached

20  hereto as pages 139 to 150.

21      Plaintiffs' Summons in the Western District matter of Omni Innovations

22  LLC v. Ascentive in the Western District is titled JAMES S. GORDON...V.

23  ASCENTIVE LLC... and is appended hereto as Exhibit 11, page 151.

24

25  **LAW AND ARGUMENT**

26  **VENUE**

27      Venue of Omni Innovations LLC v. Ascentive should be in the Eastern

28

Defendant's Memorandum supporting Motion for Change of Venue
- 3.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionVenue\Motion for Change.Venue.MEMO.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    District.  The Western District has the authority to transfer this case to the Eastern

2    District pursuant to 28 U.S.C.A. § 1404: (a) For the convenience of parties and

3    witnesses, in the interest of justice, a district court may transfer any civil action to

4    any other district or division where it might have been brought.

5          In Addition to the foregoing, the following factors support the contention

6    that venue should be in the Eastern District:

7          1.  Mr. Gordon, the owner of Omni Innovations LLC lives in the Eastern

8    District.

9          2.  Mr. Gordon has common issue cases pending in the Eastern District.

10          3.  Ms. Abbey is a Third Party Defendant in the Eastern District case of

11    Gordon v. Impulse.

12          4.  The Court in the Eastern District has considered and ruled on many issues

13    which will be present in the matter of Omni.

14          5.  Gordon's previous motion to add Omni in the Eastern District was

15    denied.  Thereafter the Scheduling Order in the Eastern District was vacated.  The

16    appropriate response by Gordon, re: Omni, was to ask the Court, upon vacation of

17    the Scheduling Order, to add Omni as an additional Plaintiff in the Eastern District.

18

19          6.  Defendant Omni's counsel Mr. McKinley resides in the Eastern District

20    and previously represented Mr. Gordon in the Eastern District matter of Gordon v.

21    Ascentive.

22          Continuation of this matter in the Western District will increase the expense

23    of Defense by required travel of counsel from the Eastern District or by the

24    Defendants' engagement of new counsel in the Western District thereby requiring

25    new counsel to again learn of the Defendants circumstances.

26          Transfer to the Eastern District will be to the place of residence of Mr.

27    Gordon, owner of Omni, and to the place of residence of Plaintiff's counsel Mr.

28

Defendant's Memorandum supporting Motion for Change of Venue
- 4.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionVenue\Motion for Change.Venue.MEMO.061101.wpd

1   McKinley.  The Western District will not be required to address afresh issues

2   addressed and decided by the Eastern District thereby recognizing the importance

3   of serving judicial economy.

4        Transfer to the Eastern District will provide opportunity to consolidate with

5   the existing Eastern District case where related motions are presently pending.  *J-R*

6   *Distributors, Inc. v. Eikenberry* 725 F.2d 482, 485 footnote 3 (9th Cir. Wash. 1984).

7   Transfer to the Eastern District will be wise Judicial Administration.  *Moses H.*

8   *Cone Memorial Hosp. v. Mercury Const. Corp.* 460 U.S. 1, 2  103 S.Ct. 927, 929

9   (U.S.N.C.,1983).

10

11  **FORUM SHOPPING**

12        Plaintiffs' choice of the Western District, seeking anew consideration of

13  issues addressed in the Eastern District, is forum shopping.  Plaintiff's initial

14  Complaint did not include Plaintiff Abbey.  The addition of Plaintiff Abbey was

15  solely a forum shopping tactic as illustrated by Plaintiffs' counsel's email of

16  Monday September 11, 2006, Exhibit 12, appended hereto as page 152.  It is

17  recalled that Ms. Abbey is a Third Party Defendant in the Eastern District Gordon

18  v. Impulse.  The prevention of forum shopping promotes wise judicial

19  administration.  *American Intern. Underwriters (Philippines), Inc. v. Continental*

20  *Ins. Co.* 843 F.2d 1253, 1259 (9th Cir. Cal. 1988).

21

22              **CONCLUSION**

23        The Eastern District has considered and has expended considerable judicial

24  expense in addressing issues which will be common to this matter filed in the

25  Western District.  The Eastern District has considered Defendant's Motion to

26  Dismiss, Defendant's Motion to Compel with the matter of complex discovery

27  issues moved to a Discovery Master pursuant to LR 37.1(f) and the Motion to

28

Defendant's Memorandum supporting Motion for Change of Venue
- 5.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\Motion Venue\Motion for Change.Venue.MEMO.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Disqualify Counsel.

2      Defendants' are presently before the Discovery Master re: Defendants'

3  Motion to Compel and Defendants' Motion to Dismiss Plaintiff's First Amended

4  Complaint is scheduled for hearing on November 10, 2006.

5      The Eastern District presently has jurisdiction over Plaintiff Abbey. The

6  offices of Omni Innovation LLC are resident in the Eastern District per Exhibit 13,

7  attached pages 153 to 154. Mr. Gordon and Plaintiff's counsel Mr. McKinley

8  resides in the Eastern District.

9      The Eastern District has suspended all scheduling of the matter of Gordon et

10  al v. Ascentive LLC in the Eastern District. Plaintiffs filing of the present matter

11  in the Western District is judicially inefficient, will require the Western District to

12  duplicate efforts considered in detail and ruled upon by the Eastern District.

13      Defendants ask the Court to Change Venue or to Transfer this Western

14  District case to the Eastern District.

15      Dated this 1st day of November, 2006.

16

17                          S/FLOYD E. IVEY
                            FLOYD E. IVEY, WSBA 6888
18                          Attorneys for Defendants

19

20          I hereby certify that on November 1, 2006, I electronically filed
21  **Defendant's Memorandum in Support of Defendants' Motion to Change
    Venue** with the Clerk of the Court using the CM/ECF System which will send
22  notification of such filing to Plaintiffs' counsel Robert J. Siegel and Douglas
    McKinley.
23                          S/ FLOYD E. IVEY
                            FLOYD E. IVEY
24

25

26

27

28

Defendant's Memorandum supporting Motion for Change of Venue          LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
- 6.                                                                              Attorneys at Law
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni                              P.O. Box 6125
Innovations\Motions\MotionVenue\Motion for Change.Venue.MEMO.061101.wpd      Kennewick, Washington 99336-0125
                                                                                    (509) 735-3581

Case 2:05-cv-05079-FVS     Document 60     Filed 03/28/2006

MERKLE SIEGEL &
FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, Washington 98101-2509
Phone (206)-624-9392
Fax (206) 624-0717

THE HONORABLE FRED VAN SICKLE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

JAMES S. GORDON, JR,
an individual

        Plaintiff,

v.

ASCENTIVE, LLC
a Delaware Limited Liability
Company

        Defendant.

NO. CV-05-5079-FVS

DECLARATION OF JAMES S.
GORDON, JR. IN SUPPORT OF

PLAINTIFF'S MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT

[NOTED FOR HEARING WITHOUT ORAL
ARGUMENT ON APRIL , 2006]

[Jury Trial Demanded]

I James S. Gordon, Jr. state and declare as follows:

1.    I am the plaintiff in the above entitled action.

2.    I am the owner of Omni Innovations, LLC., a Washington limited liability company ("Omni"). Omni in turn owns the internet email domain server which hosts the Gordonworks.com domain, among others. After the commencement of this lawsuit, and only recently did I discover that numerous unlawful emails from Defendant Ascentive reside on Omni's server.

NO. CV-05-5079-FVS
GORDON DECLARATION IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND

Page 1 of 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

Exhibit 1

7

3.    Omni has not previously been a party to this action, but I believe that Omni is entitled to make claims for statutory damages for violations as set forth in my First Amended Complaint.

4.    Further, I feel obligated to advise the Court that Floyd Ivey, Defendant's local counsel, in addition to having extensive discussions with me in contemplation of spam lawsuits, formally represented Omni in the drafting of its LLC contracts, and I believe that a conflict of interest exists with Mr. Ivey's representation adverse to me and to Omni.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed this 28th day of March, 2006, at Pasco, Washington.

_James S. Gordon, Jr._

**Certificate of Service**

We, hereby, certify that on March 28th 2006, we filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of this Notice to: Floyd E. Ivey.

_Adana Lloyd_
Adana Lloyd
Legal Assistant

NO. CV-05-5079-FVS
DECLARATION OF JAMES S. GORDON, JR.

Page 2 of 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

Case 2:05-cv-05079-FVS   Document 60   Filed 03/28/2006

3.    Omni is of the opinion and belief in a position in this action that Omni is entitled to make claims for statutory damages for violations as set forth in my First Amended Complaint.

4.    Further, I feel obligated to advise the Court that Floyd Ivey, Defendant's local counsel, in addition to having extensive discussions with me in contemplation of spam lawsuits, formally represented Omni in the drafting of its LLC contracts, and I believe that a conflict of interest exists with Mr. Ivey's representation adverse to me and to Omni.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed this 28th day of March, 2006, at Pasco, Washington.

James S. Gordon, Jr.

**Certificate of Service**

We, hereby, certify that on March _____ 2006, we filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of this Notice to: Floyd E. Ivey.

NO. CV-05-5079-FVS
DECLARATION OF JAMES S. GORDON, JR.

Page 2 of 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

JURY, LC02

## Eastern District of Washington
## U.S. District Court (Spokane)
## CIVIL DOCKET FOR CASE #: 2:05-cv-05079-FVS

Gordon v. Ascentive LLC
Assigned to: Judge Fred Van Sickle
Cause: 28:1331 Fed. Question

Date Filed: 07/20/2005
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Discovery Master**

**Harold D Clarke**

represented by **Harold D Clarke**
Algeo Clarke & Erickson
Discovery Master
E 102 Baldwin
Spokane, WA 99207
509-328-6123
PRO SE

**Plaintiff**

**James S Gordon, Jr**
*a married individual
doing business as*
Gordonworks.com

represented by **Douglas E McKinley, Jr**
Douglas McKinley Law office
P O Box 202
Richland, WA 99352
509-628-0809
Email: doug@mckinleylaw.com
*TERMINATED: 03/03/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J Siegel**
Merkle Siegel and Friedrichsen PC
1325 Fourth Avenue
Suite 940
Seattle, WA 98101
US
206-624-9392
Email: bob@msfseattle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ascentive LLC**
*a Delaware Limited Liability Company*

represented by **Floyd Edwin Ivey**
Liebler Ivey & Connor PS

Exhibit 2

10

1141 N Edison Suite C
P O Box 6125
Kennewick, WA 99336-0125
509-735-3581
Fax: 15097353585
Email: feivey@3-cities.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Adam Schran**                          represented by   **Floyd Edwin Ivey**
*Individually and as part of his marital*                 (See above for address)
*community*                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**John Does**
*I-X*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/18/2006 | 102 | TEXT ORDER (no pdf) Counsel for plaintiff shall provide to Discovery Master, Judge Harold Clarke, a paper copy of Exhibit A to Ct. Rec. 81 on or before the close of business Monday, October 23, 2006 at E 102 Baldwin, Spokane, WA 99207. . Signed by Judge Fred Van Sickle. (KJH, Judicial Assistant) (Entered: 10/18/2006) |
| 10/03/2006 | 101 | NOTICE of Hearing on Motion re 98 First MOTION to Dismiss *First Amended Complaint*: Motion Hearing set for 11/10/2006 at 06:30 PM Without Oral Argument for 98, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 10/03/2006) |
| 10/03/2006 | 100 | MEMORANDUM in Support re 98 First MOTION to Dismiss *First Amended Complaint* filed by Adam Schran, Ascentive LLC. (Ivey, Floyd) (Entered: 10/03/2006) |
| 10/03/2006 | 99 | DECLARATION by Floyd E. Ivey in Support re 98 First MOTION to Dismiss *First Amended Complaint* filed by Adam Schran, Ascentive LLC. (Ivey, Floyd) (Entered: 10/03/2006) |
| 10/03/2006 | 98 | First MOTION to Dismiss *First Amended Complaint* by Adam Schran, Ascentive LLC. (Ivey, Floyd) (Entered: 10/03/2006) |
| 06/06/2006 | 97 | NOTICE by James S Gordon, Jr *Notice of Unavailability* (Siegel, Robert) (Entered: 06/06/2006) |
| 05/24/2006 | 96 | AFFIDAVIT of Service for First Amended Complaint served on Adam Schran, filed by James S. Gordon, Jr. (CS, Case Administrator) (Entered: 05/26/2006) |
| 05/24/2006 | 95 | ORDER striking 90 Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint; granting 93 Defendant's Motion to Strike First |

| | | |
|---|---|---|
| | | Motion to Dismiss Portions of Plaintiff's First Amended Complaint. Signed by Judge Fred Van Sickle. (CS, Case Administrator) (Entered: 05/24/2006) |
| 05/22/2006 | 94 | NOTICE of Hearing on Motion re 93 MOTION to Strike 90 First MOTION to Dismiss *Portions of Plaintiff's First Amended Complaint*: Motion Hearing set for 5/22/2006 at 06:30 PM Without Oral Argument for 93, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 05/22/2006) |
| 05/22/2006 | 93 | MOTION to Strike 90 First MOTION to Dismiss *Portions of Plaintiff's First Amended Complaint* by Ascentive LLC. (Ivey, Floyd) (Entered: 05/22/2006) |
| 05/18/2006 | 92 | NOTICE of Hearing on Motion Oral Argument Requested re 90 First MOTION to Dismiss *Portions of Plaintiff's First Amended Complaint*: Motion Hearing set for 8/1/2006 at 10:00 AM Telephonic Argument for 90, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 05/18/2006) |
| 05/18/2006 | 91 | MEMORANDUM in Support re 90 First MOTION to Dismiss *Portions of Plaintiff's First Amended Complaint* filed by Ascentive LLC. (Ivey, Floyd) (Entered: 05/18/2006) |
| 05/18/2006 | 90 | First MOTION to Dismiss *Portions of Plaintiff's First Amended Complaint* by Ascentive LLC. (Ivey, Floyd) (Entered: 05/18/2006) |
| 05/15/2006 | 89 | NOTICE of Appearance by Floyd Edwin Ivey on behalf of Adam Schran (Ivey, Floyd) (Entered: 05/15/2006) |
| 05/12/2006 | 88 | TEXT ORDER VACATING SCHEDULING CONFERENCE: The scheduling conference set for 5/26/06 is vacated and will be rescheduled in due course.. Signed by Judge Fred Van Sickle. (KJH, Judicial Assistant) (Entered: 05/12/2006) |
| 04/14/2006 | | Remark: Mailed a copy of Ct. Rec. #87 to Judge Harold D. Clarke, (Order Appointing Special Discovery Master) (VJ, Case Administrator) (Entered: 04/14/2006) |
| 04/14/2006 | 87 | ORDER APPOINTING SPECIAL DISCOVERY MASTER - Judge Harold D. Clarke is hereby appointed Special Discovery Master in this case. To resolve the Plaintiff's Motion to Compel Discovery, Ct. Rec. 35, and related discovery disputes. . Signed by Judge Fred Van Sickle. (VJ, Case Administrator) (Entered: 04/14/2006) |
| 04/13/2006 | 86 | First AMENDED COMPLAINT against Ascentive LLC. Jury Demand. Filed by James S Gordon, Jr.(Siegel, Robert) (Entered: 04/13/2006) |
| 04/12/2006 | 85 | SCHEDULING CONFERENCE NOTICE : Telephonic Scheduling Conference set for 5/19/2006 09:00 AM in Spokane before Judge Fred Van Sickle. (Attachments: # 1 Consent)(CP, Courtroom Deputy) (Entered: 04/12/2006) |
| 04/12/2006 | 84 | ORDER Accordingly, **IT IS HEREBY ORDERED** Motion for Extension of Time to Complete Discovery 67 is **GRANTED**. granting in part and denying in part 58 Motion to Amend/Correct.The Scheduling |

| | | |
|---|---|---|
| | | Order is **VACATED**. Signed by Judge Fred Van Sickle. (VR, Case Administrator) (Entered: 04/12/2006) |
| 04/12/2006 | 83 | Minute Entry for T proceedings held before Judge Fred Van Sickle : Motion Hearing held on 4/12/2006 re 35 First MOTION to Compel filed by Ascentive LLC, 67 First MOTION for Extension of Time to Complete Discovery filed by James S Gordon, Jr, 58 First MOTION to Amend/Correct 1 Complaint filed by James S Gordon, Jr. (Not Reported) (CP, Courtroom Deputy) (Entered: 04/12/2006) |
| 04/10/2006 | 82 | Additional Attachments to Main Document re 81 Response to Motion *Part 3 Exhibit A* by James S Gordon, Jr. (Siegel, Robert) (Entered: 04/10/2006) |
| 04/10/2006 | 81 | RESPONSE to Motion re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by James S Gordon, Jr. (Attachments: # 1 Exhibit Part 1 Exhibit A# 2 Exhibit Part 2 Exhibit A) (Siegel, Robert) (Entered: 04/10/2006) |
| 04/10/2006 | 80 | *Joint Report 26.1by Plaintiff and Defendant Regarding Extension of Discovery, Scheduling and Motion to Amend Complaint* Report *Joint Report 26.1by Plaintiff and Defendant Regarding Extension of Discovery, Scheduling and Motion to Amend Complaint*. (Ivey, Floyd) (Entered: 04/10/2006) |
| 04/07/2006 | 79 | ORDER: the Court will not entertain a hearing on the merits of dft's 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by Ascentive LLC, during the telephonic hearing set for 4/12/06; instead, the Court will discuss the scheduling of a hearing for dft's motion to compel . Signed by Judge Fred Van Sickle. (LE, Case Administrator) (Entered: 04/07/2006) |
| 04/06/2006 | 78 | NOTICE OF HEARING Plaintiff's Motion 58 to Amend Complaint: set for 4/12/2006 at 09:30 AM Telephonic Argument for before Judge Fred Van Sickle. Signed by Judge Fred Van Sickle. (VR, Case Administrator) (Entered: 04/06/2006) |
| 04/04/2006 | 77 | *Defendant's Re-Note of Defendant's Motion to Compel to Be heard contemporaneous with Motion for Extension of time* NOTICE of Hearing on Motion Oral Argument Requested re 67 First MOTION for Extension of Time to Complete Discovery: Motion Hearing set for 4/12/2006 at 09:30 Telephonic Argument Motion Hearing set for 4/12/2006 at 09:30 Telephonic Argument for 67, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 04/04/2006) |
| 04/04/2006 | 76 | DECLARATION by Floyd E. Ivey in Support re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery RENOTE OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO FIRST AND SECOND DISCOVERY* filed by Ascentive LLC. (Attachments: # 1)(Ivey, Floyd) (Entered: 04/04/2006) |
| 04/04/2006 | 75 | MEMORANDUM in Opposition re 58 First MOTION to Amend/Correct 1 Complaint filed by Ascentive LLC. (Ivey, Floyd) (Entered: |

13

| | | |
|---|---|---|
| | | 04/04/2006) |
| 03/31/2006 | 74 | MEMORANDUM in Opposition re 63 First MOTION to Expedite *Motion for Leave to File Plaintiff's First Amended Complaint Defendant's Objection to Plaintiff's Motion to Expedite Plaintiff's Motion to Amend Complaint* filed by Ascentive LLC. (Ivey, Floyd) (Entered: 03/31/2006) |
| 03/30/2006 | 73 | ORDER re NOTICE OF HEARING Setting Hearing on Motion 67 to Extend the Discovery Deadline: Motion Hearing set for 4/12/2006 at 09:30 AM Telephonic Argument for 67, before Judge Fred Van Sickle. The Court will initiate the call. Joint Report deadline 4/11/06 12:00 PM. Motion 70 to Expedite is Moot. Signed by Judge Fred Van Sickle. (SAP, Case Administrator) (Entered: 03/30/2006) |
| 03/30/2006 | 72 | ORDER Granting 63 Motion to Expedite. Plaintiff's 58 Motion for Leave to File First Amended Complaint shall be noted for hearing without oral argument on 4/7/06 . Signed by Judge Fred Van Sickle. (SAP, Case Administrator) (Entered: 03/30/2006) |
| 03/29/2006 | 71 | NOTICE of Hearing on Motion re 70 First MOTION to Expedite: Motion Hearing set for 3/31/2006 at 06:30 PM Without Oral Argument for 70, before Judge Fred Van Sickle (Siegel, Robert) (Entered: 03/29/2006) |
| 03/29/2006 | 70 | First MOTION to Expedite by James S Gordon, Jr. (Attachments: # 1 Text of Proposed Order Order on Motion to Expedite)(Siegel, Robert) (Entered: 03/29/2006) |
| 03/29/2006 | 69 | NOTICE of Hearing on Motion re 67 First MOTION for Extension of Time to Complete Discovery: Motion Hearing set for 5/1/2006 at 06:30 PM Without Oral Argument for 67, before Judge Fred Van Sickle (Siegel, Robert) (Entered: 03/29/2006) |
| 03/29/2006 | 68 | DECLARATION by Robert J. Siegel in Support re 67 First MOTION for Extension of Time to Complete Discovery filed by James S Gordon, Jr. (Attachments: # 1 Exhibit Notice of Deposition# 2 Exhibit Correspondence# 3 Exhibit Correspondence# 4 Exhibit Amended Complaint)(Siegel, Robert) (Entered: 03/29/2006) |
| 03/29/2006 | 67 | First MOTION for Extension of Time to Complete Discovery by James S Gordon, Jr. (Attachments: # 1 Text of Proposed Order Order on Motion to Extend)(Siegel, Robert) (Entered: 03/29/2006) |
| 03/29/2006 | 66 | Praecipe filed by James S Gordon, Jr: Re 60 Declaration in Support of Motion *Corrected Signature on Certificate of Service*. (Siegel, Robert) (Entered: 03/29/2006) |
| 03/28/2006 | 65 | NOTICE of Hearing on Motion re 63 First MOTION to Expedite *Motion for Leave to File Plaintiff's First Amended Complaint*: Motion Hearing set for 3/31/2006 at 06:30 PM Without Oral Argument for 63, before Judge Fred Van Sickle (Siegel, Robert) (Entered: 03/28/2006) |
| 03/28/2006 | 64 | SUPPLEMENT re 63 First MOTION to Expedite *Motion for Leave to* |

14

| | | *File Plaintiff's First Amended Complaint Order on Motion to Expedite* by James S Gordon, Jr. (Siegel, Robert) (Entered: 03/28/2006) |
|---|---|---|
| 03/28/2006 | 63 | First MOTION to Expedite *Motion for Leave to File Plaintiff's First Amended Complaint* by James S Gordon, Jr. (Siegel, Robert) (Entered: 03/28/2006) |
| 03/28/2006 | 62 | SUPPLEMENT re 58 First MOTION to Amend/Correct 1 Complaint *Proposed Order* by James S Gordon, Jr. (Siegel, Robert) (Entered: 03/28/2006) |
| 03/28/2006 | 61 | NOTICE of Hearing on Motion re 58 First MOTION to Amend/Correct 1 Complaint: Motion Hearing set for 5/1/2006 at 06:30 PM Without Oral Argument for 58, before Judge Fred Van Sickle (Siegel, Robert) (Entered: 03/28/2006) |
| 03/28/2006 | 60 | DECLARATION by James S. Gordon, Jr. in Support re 58 First MOTION to Amend/Correct 1 Complaint filed by James S Gordon, Jr. (Siegel, Robert) Modified on 3/29/2006--**PRAECIPE TO BE FILED, NO S/SIGNATURE OF ATTORNEY** (SAP, Case Administrator). (Entered: 03/28/2006) |
| 03/28/2006 | 59 | DECLARATION by Robert J. Siegel in Support re 58 First MOTION to Amend/Correct 1 Complaint filed by James S Gordon, Jr. (Attachments: # 1 Exhibit Microsoft v. JDO Media Order)(Siegel, Robert) (Entered: 03/28/2006) |
| 03/28/2006 | 58 | First MOTION to Amend/Correct 1 Complaint by James S Gordon, Jr. (Attachments: # 1 Exhibit Plaintiff's First Amended Complaint# 2 Exhibit Declaration of James Gordon)(Siegel, Robert) (Entered: 03/28/2006) |
| 03/09/2006 | 57 | ORDER denying 35 Motion to Compel with leave to renew, denying 52 Motion to Expedite, granting 54 Motion to Expedite Defendant's Motion to Shorten Time. Signed by Judge Fred Van Sickle. (RF, Case Administrator) (Entered: 03/09/2006) |
| 03/08/2006 | 56 | Minute Entry for TELEPHONIC proceedings held before Judge Fred Van Sickle : Motion Hearing held on 3/8/2006 re 35 First MOTION to Compel Plaintiff's Response to Defendant's Discovery filed by Ascentive LLC. (Reported by: Topper Baker) (CP, Courtroom Deputy) (Entered: 03/08/2006) |
| 03/06/2006 | 55 | NOTICE of Hearing on Motion Oral Argument Requested re 54 MOTION to Expedite *Defendant's Motion to Shorten Time for Plaintiff's Answers to Defendant's Second Discovery*: Motion Hearing set for 3/8/2006 at 03:00 PM Telephonic Argument for 54, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 03/06/2006) |
| 03/06/2006 | 54 | MOTION to Expedite *Defendant's Motion to Shorten Time for Plaintiff's Answers to Defendant's Second Discovery* by Ascentive LLC. (Ivey, Floyd) (Entered: 03/06/2006) |
| 03/06/2006 | 53 | NOTICE of Hearing on Motion Oral Argument Requested re 52 First |

*15*

| | | MOTION to Expedite *Shorten Time for Plaintiff's Response to Defendant's Second Discovery*: Motion Hearing set for 3/8/2006 at 03:00 PM Telephonic Argument for 52, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 03/06/2006) |
|---|---|---|
| 03/06/2006 | 52 | First MOTION to Expedite *Shorten Time for Plaintiff's Response to Defendant's Second Discovery* by Ascentive LLC. (Ivey, Floyd) (Entered: 03/06/2006) |
| 03/06/2006 | 51 | MEMORANDUM in Support re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery SUPPLEMENTAL MEMORANDUM* filed by Ascentive LLC. (Attachments: # 1)(Ivey, Floyd) (Entered: 03/06/2006) |
| 03/03/2006 | 50 | PROOF OF SERVICE by James S Gordon, Jr re 48 Response to Motion (Siegel, Robert) (Entered: 03/03/2006) |
| 03/03/2006 | 49 | PROOF OF SERVICE by James S Gordon, Jr re 47 Attorney Withdrawal & Substitution (Siegel, Robert) (Entered: 03/03/2006) |
| 03/03/2006 | 48 | RESPONSE to Motion re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by James S Gordon, Jr. (Siegel, Robert) (Entered: 03/03/2006) |
| 03/03/2006 | 47 | NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL on behalf of Plaintiff James S Gordon, Jr. Attorney Douglas McKinley is withdrawing. Robert J Siegel is substituted as counsel for Plaintiff. (Siegel, Robert) (Entered: 03/03/2006) |
| 03/02/2006 | 46 | AMENDED NOTICE OF HEARING. Defendant's Motion to Compel 35 is noted for 3:00 on March 8, 2006 with telephonic hearing. Signed by Judge Fred Van Sickle. (RF, Case Administrator) (Entered: 03/02/2006) |
| 02/28/2006 | 45 | ORDER AND NOTICE OF HEARING granting 39 Motion to Expedite. Defendant's Motion to Compel is set 3/8/06 at 2:00 pm with telephonic argument. Signed by Judge Fred Van Sickle. (RF, Case Administrator) (Entered: 02/28/2006) |
| 02/28/2006 | 44 | *Correction of Renote* NOTICE of Hearing on Motion Oral Argument Requested re 39 MOTION to Expedite *Defendant's Motion to Compel and for Sanctions*: Motion Hearing set for 3/8/2006 at 02:00 PM Telephonic Argument for 39, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 02/28/2006) |
| 02/28/2006 | 43 | *Correction of Renote* NOTICE of Hearing on Motion Oral Argument Requested re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery*: Motion Hearing set for 3/8/2006 at 02:00 PM Telephonic Argument for 35, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 02/28/2006) |
| 02/28/2006 | 42 | *Renote* NOTICE of Hearing on Motion Oral Argument Requested re 39 MOTION to Expedite *Defendant's Motion to Compel and for Sanctions*: Motion Hearing set for 2/8/2006 at 02:00 PM Telephonic Argument for 39, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 02/28/2006) |

16

| 02/28/2006 | 41 | Re-note NOTICE of Hearing on Motion Oral Argument Requested re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery*: Motion Hearing set for 2/8/2006 at 02:00 PM Telephonic Argument for 35, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 02/28/2006) |
| --- | --- | --- |
| 02/21/2006 | 40 | NOTICE of Hearing on Motion re 39 MOTION to Expedite *Defendant's Motion to Compel and for Sanctions*: Motion Hearing set for 2/28/2006 at 06:30 PM Without Oral Argument for 39, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 02/21/2006) |
| 02/21/2006 | 39 | MOTION to Expedite *Defendant's Motion to Compel and for Sanctions* by Ascentive LLC. (Attachments: # 1)(Ivey, Floyd) (Entered: 02/21/2006) |
| 02/21/2006 | 38 | NOTICE of Hearing on Motion re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery*: Motion Hearing set for 2/28/2006 at 06:30 PM Without Oral Argument for 35, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 02/21/2006) |
| 02/21/2006 | 37 | MEMORANDUM of Points and Authorities in Support re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by Ascentive LLC. (Ivey, Floyd) (Entered: 02/21/2006) |
| 02/21/2006 | 36 | DECLARATION by Floyd E. Ivey in Support re 35 First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* filed by Ascentive LLC. (Ivey, Floyd) (Entered: 02/21/2006) |
| 02/21/2006 | 35 | First MOTION to Compel *Plaintiff's Response to Defendant's Discovery* by Ascentive LLC. (Attachments: # 1)(Ivey, Floyd) (Entered: 02/21/2006) |
| 12/15/2005 | 34 | ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION; Denying 10 Motion to Dismiss for Lack of Jurisdiction, Granting In Part and Denying In Part 26 Motion to Strike. Signed by Judge Fred Van Sickle. (LMS, Case Administrator) (Entered: 12/15/2005) |
| 12/09/2005 | 33 | Minute Entry for TELEPHONIC proceedings held before Judge Fred Van Sickle : Motion Hearing held on 12/9/2005 re 26 MOTION to Strike 24 filed by Ascentive LLC, 10 and MOTION to Dismiss for Lack of Jurisdiction filed by Ascentive LLC. (Reported by: Mark Snover) (CP, Courtroom Deputy) (Entered: 12/09/2005) |
| 12/08/2005 | 32 | MEMORANDUM in Opposition re 26 MOTION to Strike 24 Declaration in Opposition to Motion *of James S. Gordon Jr. of November 17, 2005*, 10 MOTION to Dismiss for Lack of Jurisdiction filed by James S Gordon, Jr. (Attachments: # 1)(McKinley, Douglas) (Entered: 12/08/2005) |
| 11/30/2005 | 31 | Praecipe filed by Ascentive LLC: Re 28 Notice of Hearing on Motion, *Amended, to Strike Portions of Declaration of James Gordon Jr.*. (Ivey, Floyd) (Entered: 11/30/2005) |
| 11/25/2005 | 30 | DECLARATION by Adam Schran in Support re 10 MOTION to Dismiss |

*17*

|  |  |  |
|---|---|---|
|  |  | for Lack of Jurisdiction *Third Declaration of Adam Schran* filed by Ascentive LLC. (Ivey, Floyd) (Entered: 11/25/2005) |
| 11/25/2005 | 29 | REPLY MEMORANDUM re 10 MOTION to Dismiss for Lack of Jurisdiction filed by Ascentive LLC. (Ivey, Floyd) (Entered: 11/25/2005) |
| 11/25/2005 | 28 | NOTICE of Hearing on Motion re 26 MOTION to Strike 24 Declaration in Opposition to Motion *of James S. Gordon Jr. of November 17, 2005*: Motion Hearing set for 12/9/2005 at 01:30 PM Telephonic Argument for 26, before Judge Fred Van Sickle (Ivey, Floyd)**Incorrect image. Attorney to file praecipe.** (Entered: 11/25/2005) |
| 11/25/2005 | 27 | MEMORANDUM in Support re 26 MOTION to Strike 24 Declaration in Opposition to Motion *of James S. Gordon Jr. of November 17, 2005* filed by Ascentive LLC. (Ivey, Floyd) (Entered: 11/25/2005) |
| 11/25/2005 | 26 | MOTION to Strike 24 Declaration in Opposition to Motion *of James S. Gordon Jr. of November 17, 2005* by Ascentive LLC. (Attachments: # 1 Text of Proposed Order)(Ivey, Floyd) (Entered: 11/25/2005) |
| 11/21/2005 | 25 | ORDER AND NOTICE OF HEARING 10 MOTION to Dismiss for Lack of Jurisdiction: Motion Hearing set for 12/9/2005 at 01:30 PM Telephonic Argument for 10, before Judge Fred Van Sickle Signed by Judge Fred Van Sickle. (LMS, Case Administrator) (Entered: 11/21/2005) |
| 11/17/2005 | 24 | DECLARATION by James S. Gordon, Jr. in Opposition re 10 MOTION to Dismiss for Lack of Jurisdiction filed by James S Gordon, Jr. (McKinley, Douglas) (Entered: 11/17/2005) |
| 11/17/2005 | 23 | MEMORANDUM in Opposition re 10 MOTION to Dismiss for Lack of Jurisdiction filed by James S Gordon, Jr. (Attachments: # 1 State v. Heckle)(McKinley, Douglas) (Entered: 11/17/2005) |
| 11/17/2005 | 22 | ORDER Granting Defendant's 15 Motion to Amend Defendant's Answer. Signed by Judge Fred Van Sickle. (LMS, Case Administrator) (Entered: 11/17/2005) |
| 11/08/2005 | 21 | SUPPLEMENT *to Discovery Plan* by Ascentive LLC. (Ivey, Floyd) (Entered: 11/08/2005) |
| 11/07/2005 | 20 | SCHEDULING CONFERENCE ORDER: Pretrial Conference set for 7/11/2006 08:30 AM in Richland before Judge Fred Van Sickle. Jury Trial set for 7/31/2006 09:00 AM in Richland before Judge Fred Van Sickle. Signed by Judge Fred Van Sickle. (LMS, Case Administrator) (Entered: 11/07/2005) |
| 11/04/2005 | 19 | Minute Entry for TELEPHONIC proceedings held before Judge Fred Van Sickle : Scheduling Conference held on 11/4/2005. (Not Reported) (CP, Courtroom Deputy) (Entered: 11/07/2005) |
| 11/04/2005 | 18 | *First Amended* ANSWER to Complaint by Ascentive LLC.(Ivey, Floyd) (Entered: 11/04/2005) |
|  |  |  |

*18*

| | | |
|---|---|---|
| 11/04/2005 | 17 | NOTICE of Hearing on Motion Oral Argument Requested re 15 MOTION to Amend/Correct 7 Answer to Complaint: Motion Hearing set for 12/5/2005 at 09:00 AM Telephonic Argument for 15, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 11/04/2005) |
| 11/04/2005 | 16 | MEMORANDUM in Support re 15 MOTION to Amend/Correct 7 Answer to Complaint filed by Ascentive LLC. (Ivey, Floyd) (Entered: 11/04/2005) |
| 11/04/2005 | 15 | MOTION to Amend/Correct 7 Answer to Complaint by Ascentive LLC. (Attachments: # 1)(Ivey, Floyd) (Entered: 11/04/2005) |
| 11/04/2005 | 14 | DECLARATION by Adam Schran in Support re 10 MOTION to Dismiss for Lack of Jurisdiction *Second* filed by Ascentive LLC. (Ivey, Floyd) (Entered: 11/04/2005) |
| 11/03/2005 | 13 | NOTICE of Hearing on Motion re 10 MOTION to Dismiss for Lack of Jurisdiction: Motion Hearing set for 12/5/2005 at 09:00 AM Telephonic Argument for 10, before Judge Fred Van Sickle (Ivey, Floyd) (Entered: 11/03/2005) |
| 11/03/2005 | 12 | DECLARATION by Adam Schran in Support re 10 MOTION to Dismiss for Lack of Jurisdiction filed by Ascentive LLC. (Ivey, Floyd) (Entered: 11/03/2005) |
| 11/03/2005 | 11 | MEMORANDUM in Support re 10 MOTION to Dismiss for Lack of Jurisdiction filed by Ascentive LLC. (Ivey, Floyd) (Entered: 11/03/2005) |
| 11/03/2005 | 10 | MOTION to Dismiss for Lack of Jurisdiction by Ascentive LLC. (Attachments: # 1)(Ivey, Floyd) (Entered: 11/03/2005) |
| 10/28/2005 | 9 | STATUS REPORT *Joint Status Certificate and Rule 26(f) Discovery Plan* by Ascentive LLC. (Ivey, Floyd) (Entered: 10/28/2005) |
| 09/14/2005 | 8 | SCHEDULING CONFERENCE NOTICE : Telephonic Scheduling Conference set for 11/4/2005 09:00 AM before Judge Fred Van Sickle. (Attachments: # 1 Consent)(CP, Courtroom Deputy) (Entered: 09/14/2005) |
| 09/12/2005 | 7 | *Defendant's General Denial* ANSWER to Complaint by Ascentive LLC. (Ivey, Floyd) (Entered: 09/12/2005) |
| 09/12/2005 | 6 | NOTICE of Appearance by Floyd Edwin Ivey on behalf of Ascentive LLC (Ivey, Floyd) (Entered: 09/12/2005) |
| 08/29/2005 | 5 | NOTICE by James S Gordon, Jr re 3 MOTION for Entry of Default as to *Ascentive, LLC*, 4 Affidavit in Support of Motion, *Clerk's action requested* (McKinley, Douglas) (Entered: 08/29/2005) |
| 08/29/2005 | 4 | AFFIDAVIT by Douglas E. McKinley, Jr. in Support re 3 MOTION for Entry of Default as to *Ascentive, LLC* filed by James S Gordon, Jr. (Attachments: # 1 Exhibit Defendant Ascentive LLC's website showing mailing address# 2 Exhibit Delaware Dept. of Corps. website showing defendant Ascentive LLC's registered agent)(McKinley, Douglas) |

*19*

| | | (Entered: 08/29/2005) |
|---|---|---|
| 08/29/2005 | 3 | MOTION for Entry of Default as to *Ascentive, LLC* by James S Gordon, Jr. (Attachments: # 1 Text of Proposed Order)(McKinley, Douglas) (Entered: 08/29/2005) |
| 08/24/2005 | 2 | AFFIDAVIT of Service for summons and complaint *Served August 8, 2005* served on Debbie Sealund, administrative assistant for registered agent National Registered Agents, Inc., filed by James S Gordon, Jr. (McKinley, Douglas) (Entered: 08/24/2005) |
| 07/20/2005 | 1 | COMPLAINT against Ascentive LLC ( Filing fee $ 250; Receipt # 062017). Summons issued. Jury Demand. Filed by James S Gordon, Jr. (Attachments: # 1 Civil Cover Sheet)(CR, Case Administrator) (Entered: 07/20/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/31/2006 14:47:54 | | |
| **PACER Login:** li0331 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 2:05-cv-05079-FVS |
| **Billable Pages:** 7 | **Cost:** | 0.56 |

*20*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON, JR., an
individual,

              Plaintiff,

       v.

ASCENTIVE, LLC, a Delaware
Limited Liability Company,

            Defendant.

No. CV-05-5079-FVS

ORDER DENYING MOTION TO
DISMISS FOR LACK OF
JURISDICTION

**BEFORE THE COURT** is Defendant's Motion to Dismiss for Lack of
Jurisdiction, Ct. Rec. 10, and Defendant's Motion to Strike Portions
of the Declaration of James Gordon, Jr., Ct. Rec. 26.  The Court
heard oral argument on December 9, 2005.  Defendant was represented
by Floyd Ivey.  Plaintiff was represented by Douglas McKinley.

**I.    BACKGROUND**

    Defendant, Ascentive, LLC, is a Delaware limited liability
company that makes personal computer software.  The company has a web
site through which its customers can purchase its products.
Customers can also call the telephone number on the web site and
place an order.  Defendant's principle place of business is
Philadelphia, Pennsylvania, and it does not have an office in
Washington.

    Plaintiff, James Gordon, is a Washington resident and the

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 1

*Exhibit 3*

1    registered user of the internet domain name "Gordonworks.com."

2    Plaintiff alleges Defendant violated Washington's Commercial

3    Electronic Mail Act, RCW § 19.190 et seq., and Washington's Consumer

4    Protection Act, RCW § 19.86 et seq., by initiating and/or conspiring

5    with others to initiate unsolicited commercial emails to Plaintiff.

6    Complaint, at ¶ 2.3.

7    **II.  DISCUSSION**

8        Defendant moves to dismiss Plaintiff's Complaint under Federal

9    Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

10   Defendant also moves to strike a portion of Plaintiff's declaration

11   submitted in opposition to Defendant's motion to dismiss.

12       **A.   *Motion to Strike***

13       Defendant moves to strike the following statement from

14   Plaintiff's declaration submitted in opposition to Defendant's motion

15   to dismiss:  "I subsequently received over 500 email messages sent by

16   the Defendant and/or others acting on behalf of the Defendant, each

17   of which advertised the Defendant's software products."  Declaration

18   of James S. Gordon, Jr., at ¶ 5.  Defendant moves to strike this

19   statement on the basis that it "comprises legal conclusions,

20   statements of opinions, is without foundation, does not demonstrate

21   personal knowledge or show competency to provide such testimony."

22   The Court determines Plaintiff is competent to testify that he

23   received email messages from the Defendant and such testimony would

24   be within Plaintiff's personal knowledge.  But Plaintiff does not

25   have personal knowledge as to whether someone, acting on behalf of

26   the Defendant, sent Plaintiff emails.  Thus, the Court strikes the

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 2

following portion from Plaintiff's statement:  "and/or others acting

on behalf of Defendant."

**B.    Procedure for Resolving Jurisdiction Dispute**

Plaintiff bears the burden of establishing that personal

jurisdiction exists. *Rio Props., Inc. v. Rio Int'l Interlink*, 284

F.3d 1007, 1019 (9th Cir. 2002)(citation omitted).  Where, as here,

the Court is asked to resolve the motion on the parties' briefs and

affidavits, rather than hold an evidentiary hearing, Plaintiff need

only make a prima facie showing of personal jurisdiction. *Rano v.*

*Sipa Press, Inc.*, 987 F.2d 580 n. 3 (9th Cir. 1993).  "That is, the

plaintiff need only demonstrate facts that if true would support

jurisdiction over the defendant." *Doe v. Unocal Corp.*, 248 F.3d 915,

922 (9th Cir. 2001) (quotations and citation omitted).  In

determining whether Plaintiff has made a prima facie showing, the

Court is bound by the following principles: (1) uncontroverted

allegations in Plaintiff's Complaint are taken as true; (2) conflicts

between the facts contained in the parties' affidavits must be

resolved in Plaintiff's favor; and (3) all evidentiary materials are

construed in the light most favorable to Plaintiff. *Ochoa v. J.B.*

*Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002).

**C.    Governing Law**

The Court's exercise of personal jurisdiction over a nonresident

must comport both with Washington's long-arm statute and with federal

constitutional requirements of due process. *Chan v. Soc'y*

*Expeditions*, 39 F.3d 1398, 1404-05 (9th Cir. 1994).  Washington's

long-arm statute confers personal jurisdiction to the extent federal

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 3

1  due process allows. *Id.* at 1405. Thus, the jurisdictional inquiry

2  collapses into a single analysis of due process. *Id.* Absent

3  traditional bases for personal jurisdiction (physical presence,

4  domicile or consent), due process requirements are satisfied when the

5  defendant has "certain minimum contacts with the forum such that the

6  maintenance of the suit does not offend traditional notions of fair

7  play and substantial justice." *Helicopteros Nacionales de Columbia*

8  *S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d

9  (1984)(quotations omitted) (citing *Int'l Shoe Co. v. Washington*, 326

10  U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). Personal

11  jurisdiction may be general or specific. *Sher v. Johnson*, 911 F.2d

12  1357, 1361 (9th Cir. 1990)(citations omitted).

13      D.    ***General Versus Specific Jurisdiction***

14          General jurisdiction over a nonresident defendant exists when

15  the defendant's activities in the state are "so substantial and

16  continuous that justice allows the exercise of jurisdiction even for

17  claims not arising from the defendant's contacts with the state."

18  *Raymond v. Robinson*, 104 Wash. App. 627, 633, 15 P.3d 697, 699 (Div.

19  2, 2001); *Helicopteros Nacionales*, 466 U.S. at 414-16, 104 S.Ct. at

20  1872. RCW 4.28.080(10) authorizes general jurisdiction over a

21  nonresident defendant if the defendant is transacting substantial and

22  continuous business within Washington. *See e.g., Hein v. Taco Bell,*

23  *Inc.*, 60 Wash. App. 325, 38-29, 803 P.2d 329 (1991) (noting that RCW

24  4.28.080(10) creates general jurisdiction). On the other hand,

25  specific jurisdiction requires a showing that the Defendant purposely

26  established significant contacts with Washington, and that the cause

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 4

1    of action arises out of or is related to those contacts. *Burger King*

2    *Corp. v. Rudzewicz*, 471 U.S. 462, 471-73, 105 S.Ct. 2174, 2181-83, 85

3    L.Ed.2d 528 (1985). Specific jurisdiction is created by RCW

4    4.28.185. *See e.g., Raymond*, 104 Wash. App. at 636-37, 15 P.3d at

5    701-02 (2001).

6        In the present case, neither party addresses the distinctions

7    between general and specific jurisdiction. Therefore, since the

8    assertion of specific jurisdiction requires a lower threshold of

9    contacts than does general jurisdiction, the Court only addresses

10   whether it can exercise specific jurisdiction. Plaintiff argues

11   jurisdiction exists under Washington's long-arm statute, RCW

12   4.28.185(1)(a), because Defendant regularly transacts business within

13   the State of Washington. Complaint, at ¶¶ 2.1 and 2.2. RCW

14   4.28.185(1)(a) provides in part:

15           (1) Any person, whether or not a citizen or resident of
             this state, who in person or through an agent does any of
16           the acts in this section enumerated, thereby submits said
             person ... to the jurisdiction of the courts of this state
17           as to any cause of action arising from the doing of any of
             the said acts:
18           (a) The transaction of any business within this state.

19       To establish that specific jurisdiction exits under the

20   transaction of business portion of Washington's long-arm statute, RCW

21   4.28.185(1)(a), Plaintiff must establish three factors: (1) Defendant

22   must have purposefully done some act or consummated some transaction

23   in Washington; (2) Plaintiff's cause of action must arise from, or be

24   connected with, such act or transaction; and (3) the exercise of

25   jurisdiction must be reasonable in that it must not offend

26   traditional notions of fair play and substantial justice. *Raymond*,

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 5

1  104 Wash.App. at 637, 15 P.3d at 702 (citing *Shute v. Carnival Cruise*

2  *Lines*, 113 Wash.2d 763, 767, 783 P.2d 78 (1999)).  Plaintiff bears

3  the burden of satisfying the first two prongs of the test, and if he

4  succeeds, the burden shifts to Defendant to present a compelling case

5  that the exercise of jurisdiction would be unreasonable.

6  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.

7  2004).

8       1.  **Purposeful Act**

9       To satisfy the first factor, Plaintiff must establish that

10  Defendant purposefully availed itself of the privilege of conducting

11  activities in Washington state, thereby invoking the benefits and

12  protections of its laws.  *Raymond*, 104 Wash. App. at 636, 15 P.3d at

13  702; *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183.  The focus of

14  this inquiry is on the quality and nature of Defendant's activities

15  in Washington, rather than the number of acts within the state or

16  some other mechanical standard.  *Raymond*, 104 Wash. App. at 636, 15

17  P.3d at 702.  (citation omitted).  This protects against a non-

18  resident defendant being haled into local courts solely as the result

19  of "random, fortuitous or attenuated" contacts.  *Burger King*, 471

20  U.S. at 475, 105 S.Ct. at 2183.

21       Here, Plaintiff alleges the Court should exercise specific

22  jurisdiction over Defendant because the Defendant allegedly sent

23  multiple commercial email messages to Plaintiff.  Plaintiff further

24  alleges Defendant had actual knowledge that Plaintiff was a

25  Washington resident and that Defendant's emails violated Washington

26  law.  To support this argument, Plaintiff points to the following

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 6

email he received from Mr. Schram, Manager of Ascentive.  The email

reads, in pertinent part:

> Thank you for forwarding your spam complaint.  As a
> software company based in Philadelphia, we have a number of
> marketers that buy advertising to promote our software.  We
> are totally opposed to UCE (we rarely email our own
> customers) and terminate partners that receive well-
> grounded UCE complaints.  For example, see
> http://www.ascedntive.com/run/click/karizma

> We have terminated over 20 partner accounts for spamming to
> date.  Could you please forward the entire original email,
> if you still have it, in HTML format (if that's how you
> received it?) So we can investigate the source of the
> email.  I have on my desk the message headers for the UCE's
> you received.  Please feel free to call me at the # below
> if you have any questions.

> Best regards,

> Adam Schran, CEO
> Ascentive - http://www.ascentive.com

Plaintiff received this email in response to a letter he wrote

informing Defendant that Plaintiff was a Washington resident who was

receiving commercial email messages sent by Defendant.  Plaintiff

alleges that after this exchange between the parties, he

"subsequently received over 500 email messages sent by the Defendant

... each of which advertised the Defendant's software products."

Declaration of James S. Gordon, Jr., at ¶ 5.

Although Defendant denies sending commercial emails to

Plaintiff, conflicts between the facts contained in the parties'

affidavits must be resolved in Plaintiff's favor.  *Ochoa*, 287 F.3d at

1187.  Plaintiff's declaration demonstrates the existence of facts

that, if proven, are sufficient to satisfy the purposeful availment

requirement for the exercise of personal jurisdiction.  Assuming the

truth of the allegations in Plaintiff's Complaint, Defendant was

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 7

1  "doing business" in Washington when it sent unsolicited commercial

2  emails advertising its products to Plaintiff in an attempt to solicit

3  business for its website.  Thus, Defendant committed a purposeful act

4  that occurred in Washington, just as if it had sent a letter to

5  Plaintiff advertising a particular product or service.  Further,

6  Plaintiff has alleged Defendant sent these emails after being

7  notified that Plaintiff was a Washington resident and that the emails

8  were in violation of Washington law.  Therefore, Defendant should

9  have reasonably expected to be haled into a court in Washington for

10  violation of its laws.  Thus, the Court concludes Plaintiff has made

11  a prime facie showing that Defendant purposefully availed itself of

12  doing business within Washington state.

13        2.  **Arising From**

14      Washington courts apply the "but for" test to determine whether

15  a claim against a nonresident business arises from, or is connected

16  with, its solicitation of business within Washington, thereby

17  satisfying the second prong of the specific jurisdiction test.

18  *Raymond*, 104 Wash. App. at 640, 15 P.3d at 703 (citations omitted).

19  This factor is established if the events giving rise to the claim

20  would not have occurred "but for" the defendant's actions within the

21  forum state.  *Id.*  The "but for" test preserves the requirement that

22  there be some nexus between the cause of action and the defendant's

23  activities in the forum state.  *Id.*

24      Here, Plaintiff has satisfied the "but for" test since it is the

25  very act of sending commercial emails to Plaintiff at a Washington

26  email address that gives rise to Plaintiff's cause of action under

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 8

*28*

1  RCW 19.190 et seq.  Thus, Plaintiff's cause of action arises from

2  Defendant's actions in Washington state.

3           3.  **Personal Jurisdiction is Reasonable**

4       Finally, due process requires that the exercise of personal

5  jurisdiction over a nonresident defendant be reasonable.  Defendant

6  bears the burden of demonstrating unreasonableness and must put on a

7  "compelling case."  *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th

8  Cir. 1991); *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2185.

9  However, Defendant has not met this burden and the Court is unaware

10  of any factors demonstrating a compelling case for why the Court's

11  exercise of personal jurisdiction over Defendant would be

12  unreasonable.

13  **III. CONCLUSION**

14       Plaintiff has established a prima facie case that specific

15  jurisdiction exits under the transaction of business portion of

16  Washington's long-arm statute, RCW 4.28.185(1)(a).  Thus, Plaintiff's

17  allegations set forth in his declaration are sufficient to avoid a

18  motion to dismiss.  *Data Disc, Inc. v. Sys. Tech. Assocs. Inc.*, 557

19  F.2d 1280, 1285 (9th Cir. 1977).  Accordingly, Defendant's motion to

20  dismiss for lack of personal jurisdiction is denied.  However, since

21  the affidavits submitted by Defendant raise disputed questions of

22  fact with regard to jurisdiction, the Court has the discretion to

23  hold an evidentiary hearing prior to a trial on the merits in order

24  to resolve the contested issues.  *Stewart v. Ragland*, 934 F.2d 1033,

25  1036 n. 5 (9th Cir. 1991).  In that situation, Plaintiff would bear

26  the burden of proving facts supporting the exercise of personal

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 9

1  jurisdiction by a preponderance of the evidence.  *Data Disc*, 557 F.2d

2  at 1285.  Since the jurisdictional issues here are intertwined with

3  the merits, the Court will determine the jurisdiction issue at trial,

4  where Plaintiff "may present his case in a coherent, orderly fashion

5  and without the risk of prejudicing his case on the merits."  *Id*. at

6  1285 n. 2.

7      **IT IS HEREBY ORDERED:**

8      1.  Defendant's Motion to Dismiss for Lack of Jurisdiction, **Ct.**

9  **Rec. 10,** is **DENIED.**

10      2.  Defendant's Motion to Strike Portions of the Declaration of

11  James Gordon, Jr., **Ct. Rec. 26,** is **GRANTED IN PART AND DENIED IN**

12  **PART.**

13      **IT IS SO ORDERED.**  The District Court Executive is hereby

14  directed to enter this Order and furnish copies to counsel.

15      **DATED** this 15th day of December, 2005.

16

17                    s/ Fred Van Sickle
                      Fred Van Sickle
18                United States District Judge

19

20

21

22

23

24

25

26

ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION - 10

*30*

1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF WASHINGTON

3

4

5   JAMES S. GORDON, JR., an
    individual,                              No. CV-05-5079-FVS

6                    Plaintiff,

7

8         v.                                 **ORDER**

9   ASCENTIVE, LLC, a Delaware

10  Limited Liability Company,

11                   Defendant.

12       **BEFORE THE COURT** is Plaintiff's Motion for Extension of Time to

13  Complete Discovery (Ct. Rec. 67) and Plaintiff's Motion to Amend

14  Complaint (Ct. Rec. 58).  This Order is intended to memorialize and

15  supplement the Court's oral ruling made during a telephonic

16  conference held on April 12, 2006.  Plaintiff was represented by

17  Robert Siegel and Defendant was represented by Floyd Ivey.

18       *Motion to Amend Complaint*

19       When an answer has been filed, a plaintiff may amend its

20  complaint "only by leave of court or by written consent of the

21  adverse party ...."  Fed.R.Civ.P. 15(a).  The decision of whether to

22  grant a motion for leave to amend a complaint rests in the sound

23  discretion of the trial court.  *Swanson v. United States Forest*

24  *Service*, 87 F.3d 339, 343 (9th Cir. 1996).  Leave to amend "shall be

25  freely given when justice so requires."  *Id*.  In exercising its

26  discretion, the Court is to be guided by the purpose of Rule 15,

    ORDER - 1

which is to facilitate decisions on the merits rather than a determination based on pleadings or technicalities. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Thus, the Ninth Circuit has held like other courts that the rule is to be applied with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). However, application of this policy is subject to the qualification that the amendment not cause the defendant undue prejudice, is not sought in bad faith, and is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Additionally, the Court may consider the factor of undue delay. *Id.* at 758. Undue delay by itself is insufficient to justify denying a motion to amend. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (reversing denial of motion for leave to amend where court made a finding of undue delay but did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party or futility of amendment). It is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1051 (citations omitted). The opposing party "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, Plaintiff's Amended Complaint seeks to add claims under the Federal Can-Spam Act, Washington's Deceptive Offers statute, and Washington's Identity Crimes statute. The Amended Complaint also seeks to name an additional defendant, Adam Schran, the CEO and managing member of the Defendant LLC. Plaintiff alleges Mr. Schran

ORDER - 2

1   is personally liable because he had knowledge of, participated in,

2   and/or approved the alleged unlawful conduct by the Defendant

3   Ascentive, LLC.  Finally, the Amended Complaint seeks to name an

4   additional plaintiff, Omni Innovations, LLC, ("Omni") a Washington

5   company that owns the servers on which the domains hosting some of

6   the email addresses that received some of the alleged unlawful emails

7   at issue in this action.  Plaintiff contends Omni is entitled to

8   assert claims under the Federal Can-Spam Act.

9        Defendant argues it will be unduly prejudiced by the filing of

10  Plaintiff's Amended Complaint because additional causes of action and

11  the naming of additional parties will require additional discovery.

12  The Court recognizes that allowing Plaintiff to file an amended

13  complaint will necessarily extend the discovery process.  However,

14  the parties are currently engaged in an ongoing discovery dispute

15  involving the existing claims.  Further, this discovery dispute

16  necessarily requires the Court to extend the current discovery

17  deadline, regardless of whether the Court allows Plaintiff to file an

18  amended complaint.  Therefore, in light of the Ninth Circuit's

19  command that Rule 15 is to be applied with "extreme liberality", *see*

20  *supra*, the Court grants Plaintiff's request to file an amended

21  complaint asserting additional causes of action and naming an

22  additional party defendant.  However, Plaintiff's request to name an

23  additional party plaintiff is denied.  Accordingly,

24       **IT IS HEREBY ORDERED:**

25       1.  Plaintiff's Motion for Extension of Time to Complete

26  Discovery (**Ct. Rec. 67**) is **GRANTED.**  The Scheduling Order is **VACATED.**

ORDER - 3

1       2.  Plaintiff's Motion to Amend Complaint **(Ct. Rec. 58)** is

2    **GRANTED IN PART AND DENIED IN PART.**

3       **IT IS SO ORDERED.**  The District Court Executive is hereby

4    directed to enter this Order and furnish copies to counsel.

5       **DATED** this <u>12th</u> day of April, 2006.

6

7                    <u>s/ Fred Van Sickle</u>
                          Fred Van Sickle
8                  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER – 4

```
 1                 UNITED STATES DISTRICT COURT

 2               EASTERN DISTRICT OF WASHINGTON

 3

 4

 5   JAMES S. GORDON, JR., an
     individual,                        No. CV-05-5079-FVS
 6
                    Plaintiff,
 7
                                        ORDER APPOINTING SPECIAL
 8         v.                           DISCOVERY MASTER

 9
     ASCENTIVE, LLC, a Delaware
10   Limited Liability Company,

11                  Defendant.

12

13       The Court concludes the interests of justice require the

14   appointment of a Special Discovery Master to resolve Defendant's

15   Motion to Compel and the parties' ongoing discovery dispute.

16   Accordingly,

17       IT IS HEREBY ORDERED:

18       1.  Judge Harold D. Clarke is hereby appointed Special Discovery

19   Master in this case pursuant to Local Rule 37.1(f) and Federal Rule

20   of Civil Procedure 53.

21       2.  The Special Discovery Master is directed to resolve the

22   Plaintiffs' Motion to Compel Discovery, Ct. Rec. 35, and any related

23   discovery disputes.  The Special Discovery Master is authorized to

24   conduct hearings when he deems appropriate, to resolve discovery

25   disputes in a more informal manner when he deems appropriate, and to

26   do whatever is reasonably required to assure that discovery proceeds
```

ORDER APPOINTING SPECIAL DISCOVERY MASTER - 1

*Exhibit 5*

35

1    in this case within the spirit of the rules.

2        3.   The Special Discovery Master shall file and serve a copy of

3    the written recommendation upon the parties and the Court.

4        4.   All matters reported on by the Special Master in the written

5    report are recommendations subject to the district court's de novo

6    review.  *See* Fed.R.Civ.P. 53(g)(3),(4).

7        5.   The Court directs that the Special Master shall be

8    compensated at his customary hourly rate for services of this nature

9    and may enlist and bill for the reasonable assistance of associates

10   and support staff at their customary hourly rates and for reasonable

11   disbursements.  The Court directs that the parties shall each pay

12   fifty percent of the fees and costs of the Special Discovery Master,

13   unless he recommends otherwise, and that the Special Master shall

14   invoice the parties' counsel directly at the end of each month in

15   which the Special Master incurs fees or costs.

16       **IT IS SO ORDERED.**  The District Court Executive is hereby

17   directed to enter this Order and furnish copies to counsel and to:

18           Judge Harold D. Clarke
             Algeo, Clark & Erickson
19           102 E. Baldwin Ave.
             Spokane, WA 99207
20           (509) 328-6123

21       **DATED** this <u>14th</u> day of April, 2006.

22

                    s/ Fred Van Sickle
23                  Fred Van Sickle
                    United States District Judge
24

25

26


ORDER APPOINTING SPECIAL DISCOVERY MASTER - 2

## Gina Swift

| | |
|---|---|
| **From:** | waed_cmecf@waed.uscourts.gov |
| **Sent:** | Friday, April 14, 2006 11:05 AM |
| **To:** | waed_cmecf@waed.uscourts.gov |
| **Subject:** | Activity in Case 2:05-cv-05079-FVS Gordon v. Ascentive LLC "Remark" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### Eastern District of Washington

### U.S. District Court

Notice of Electronic Filing

The following transaction was received from VJ, Case Administrator entered on 4/14/2006 at 11:05 AM PDT and filed on 4/14/2006

**Case Name:**      Gordon v. Ascentive LLC
**Case Number:**    2:05-cv-5079
**Filer:**
**Document Number:**

**Docket Text:**
Remark: Mailed a copy of Ct. Rec. #87 to Judge Harold D. Clarke, (Order Appointing Special Discovery Master) (VJ, Case Administrator)

The following document(s) are associated with this transaction:

**2:05-cv-5079 Notice will be electronically mailed to:**

Floyd Edwin Ivey      feivey@3-cities.com, gswift@licbs.com

Robert J Siegel    bob@msfseattle.com, adana@msfseattle.com

**2:05-cv-5079 Notice will be delivered by other means to:**

Harold D Clarke
Algeo Clarke & Erickson
Discovery Master
E 102 Baldwin
Spokane, WA 99207

*37*

1

2  Floyd E. Ivey                                    Hon. Harold Clarke
   Liebler, Ivey, Connor, Berry & St. Hilaire
3  1141 N. Edison, Suite C
   P.O. Box 6125
4  Kennewick, WA 99336
   Telephone (509) 735-3581
5  Fax (509) 735-3585
   Attorneys for Defendant
6
   Mr. Robert J. Siegel
7  1325 4th Ave Ste 940
   Seattle, WA 98101-2509
8  Telephone (206) 624-9392
   Fax (206) 624-0717
9  Attorney for Plaintiff

10

11             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF WASHINGTON
12

13  JAMES S. GORDON, JR., an individual,    )    NO.  CV-05-5079-FVS
                                            )
14                                          )
                  Plaintiffs                )
15                                          )    DEFENDANT'S MOTION
                                            )    TO COMPEL
16  vs.                                     )
                                            )    FIRST PRESENTATION
17  ASCENTIVE, LLC                          )    TO THE DISCOVERY
    a Delaware Limited Liability Company,   )    MASTER - THIRD RE-NOTE
18                                          )    OF THE MOTION TO
                  Defendant                 )    COMPEL
19                                          )
                                            )    WITH ORAL ARGUMENT
20  _____ )    October 16, 2006

21        Defendants' Motion to Compel is now noted for, the first presentation before

22  the Discovery Master, on October 17, 2006.   This is the Third Re-Note of

23  Defendant's Motion to Compel.  Defendant moves to Compel Plaintiff to respond

24  fully to all Discovery propounded to Plaintiff in this matter.   Defendant seeks

25  sanctions pursuant to FRCP 37.

26

27        Dated this 14th day of September, 2006

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

38

*Exhibit 6*

1    LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

2
     By s/ Floyd E. Ivey
3        FLOYD E. IVEY, WSBA#6888
         Attorneys for Defendant
4
        I hereby certify that on September 15, 2006, I filed Motion to Compel with
5    Plaintiff's Counsel Mr. Robert Siegel.

6        S/ FLOYD E. IVEY
         FLOYD E. IVEY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Compel before Discovery Master - 2

39

1

2    Floyd E. Ivey                                        Honorable Discovery Master
     Liebler, Ivey, Connor, Berry & St. Hilaire          Harold Clarke
3    1141 N. Edison, Suite C
     P.O. Box 6125
4    Kennewick, WA 99336
     Telephone (509) 735-3581
5    Fax (509) 735-3585
     Attorneys for Defendant
6
     Mr. Robert J. Siegel
7    1325 4th Ave Ste 940
     Seattle, WA  98101-2509
8    Telephone (206) 624-9392
     Fax (206) 624-0717
9    Attorney for Plaintiff

10

11              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON

12

13   JAMES S. GORDON, JR., an individual,     )      NO.  CV-05-5079-FVS
                                              )
14                 Plaintiffs                 )      NOTICE OF HEARING OF
                                              )      DEFENDANT'S MOTION
15                                            )      TO COMPEL BEFORE
                                              )      DISCOVERY MASTER
16   vs.                                      )      HAROLD CLARKE
                                              )
17   ASCENTIVE, LLC                           )      Noted for Hearing October 17,
     a Delaware Limited Liability Company,    )      2006 With Oral Argument
18                                            )
                   Defendant                  )
19   _____ )

20        PLEASE TAKE NOTICE that the Defendants' earlier Motion to Compel is

21   renoted to be heard on October 17, 2006 at 2:00 p.m., or as soon thereafter as the

22   Discovery Master deems appropriate, with oral argument.

23        Dated this 145th day of September, 2006

24             LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

25

26        By s/ Floyd  E. Ivey
             FLOYD E. IVEY, WSBA#6888
             Attorneys for Defendant
27
          I hereby certify that on September 15, 2006, I filed **Note for Hearing Motion**
28

                                        LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
                                                     Attorneys at Law
     Note for Hearing - 1                             P.O. Box 6125
                                               Kennewick, Washington 99336-0125
                                                     (509) 735-3581

40

1    **to Compel** with the Plaintiff's counsel Mr. Robert Siegel.

2                                    S/ FLOYD E. IVEY
                                     FLOYD E. IVEY

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Note for Hearing - 2

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

41

1

2   Floyd E. Ivey                                          Hon. Harold Clarke
    Liebler, Ivey, Connor, Berry & St. Hilaire
3   1141 N. Edison, Suite C
    P.O. Box 6125
4   Kennewick, WA 99336
    Telephone (509) 735-3581
5   Fax (509) 735-3585
    Attorneys for Defendant
6
    Mr. Robert J. Siegel
7   1325 4th Ave Ste 940
    Seattle, WA 98101-2509
8   Telephone (206) 624-9392
    Fax (206) 624-0717
9   Attorney for Plaintiff

10

11          **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE EASTERN DISTRICT OF WASHINGTON**
12

13  JAMES S. GORDON, JR., an individual,    )    NO.  CV-05-5079-FVS
                                            )
14                                          )    DEFENDANT'S
                    Plaintiffs              )    MEMORANDUM RE:
15                                          )    MOTION TO COMPEL
                                            )
16  vs.                                     )
                                            )    FIRST PRESENTATION
17  ASCENTIVE, LLC                          )    TO THE DISCOVERY
    a Delaware Limited Liability Company,   )    MASTER - THIRD RE-NOTE
18                                          )    OF THE MOTION TO
                    Defendant               )    COMPEL
19                                          )
                                            )    WITH ORAL ARGUMENT
20  _____)    October 16, 2006

21          Plaintiff and Defendant have previously moved to compel.  The case has

22  been referred to Discovery Master Harold Clarke.  The parties have, in advance of

23  the preceding Motions to Compel, met and conferred pursuant to LR 37.1.  The

24  Defendant relies on all prior filings presented by Defendant in regard to Motions

25  to Compel.

26

27

28

Memorandum   Supporting   Defendant's  Motion  to  Compel  before          LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Discovery Master - 1                                                                    Attorneys at Law
                                                                                          P.O. Box 6125
                                                                              Kennewick, Washington 99336-0125
                                                                                        (509) 735-3581

42

1

**INDEX**

2        1. This First Presentation to the Discovery Master, Pages 1-16;

3        2. Defendant's Supplemental Memorandum in Support of Motion to

4    compel and for Sanctions; Defendant's Memorandum in Support of Motion to

5    Shorten Time for Answering Second Discovery, From Page 1 of the Memorandum

6    through page 40 of attachments.

7        3. Letter from attorney Ivey to attorney Siegel March 17, 2006. Three

8    pages.

9        4. Declaration of Floyd E. Ivey in Support of Defendant's Motion to

10   compel and for Sanctions Re-Noted for 4/12/06 9:30 A.M. With Oral Argument.

11   From Page 1 of the Declaration through page 45 of the attachments.

12

13   **DEFENDANT'S AWARENESS OF THE DISCOVERY MASTER'S**

14   **PROPOSED TELEPHONIC HEARING IN IMPULSE**

15       The issues in the matter of Gordon v. Impulse are very similar to those of

16   the present Discovery matter pursued by Defendant Ascentive.  The Discovery

17   Master indicates a task involving thousands of documents.

18       Defendant in this matter of Gordon v. Ascentive believes that the Discovery

19   Master need only require Plaintiff to address a few pages as the initial response to

20   Defendant Ascentive's discovery.  Plaintiff's response, sufficient to meet the

21   *Daubert* standard will likely allow Defendant to understand the case and in

22   responding to Plaintiff's Discovery or in moving for Summary Judgment.

23

24   **WHAT THE DEFENDANT SEEKS**

25       Defendant asks the Discovery Master for the following:

26       1. To find that Plaintiff's proposed Expert Testimony fails to meet the

27   *Daubert* standard and is excluded.

28

Memorandum    Supporting    Defendant's    Motion   to   Compel  before
Discovery Master - 2

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

*43*

1      2. To find that the Electronic Mail allegedly received by Plaintiff does not

2  comprise Plaintiff's Business Records.

3      3. To require Plaintiff to fully respond to Defendant's Interrogatories and to

4  specifically preclude Plaintiff from asserting the production of "Business Records"

5  as a proper response.

6      4. To impose sanctions against Plaintiff for the full cost to be imposed by

7  the Discovery Master and for all attorneys fees incurred by Defendant in pursuing

8  these Motions to Compel.

9      5. To require Plaintiff to notify Defendant of every continuing transmission

10  which Plaintiff contends it has received in 2006 and in time past which may not

11  have been revealed in this case.

12

13  **INTRODUCTION**

14      Plaintiff has brought claims against the Defendant under the Washington

15  State Commercial Electronic Mail Act, RCW 19.190 et seq.  An initial point for

16  consideration is that this case is not about SPAM.  Plaintiff and Plaintiff counsel

17  seem to be under the impression that SPAM is constrained by RCW 19.190.

18  SPAM is defined at spamhous.org as Unsolicited Bulk Email or UBE.  SPAM fills

19  the computers of Internet Service Providers and slows their transmission.

20      However, SPAM is not constrained by RCW 19.190.  Other constraints are

21  found in our statute.  Plaintiff and Plaintiff's counsel, absent the agreement of

22  Defendant, will never be allowed to refer to SPAM or use the word SPAM when

23  with a jury and each Judge or Discovery Master will be alerted to the distinction.

24      The Discovery Master is aware that the Plaintiff has other virtually identical

25  cases pending.  In the Eastern District there is the matter of Gordon v. Impulse.

26  The Plaintiff was denied an Amendment to Plaintiff's Complaint, in the Eastern

27  District in the present case as well as in the Impulse case, to add an additional

28

Memorandum    Supporting    Defendant's Motion to Compel before
Discovery Master - 3

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Plaintiff named Omni Innovations LLC. Plaintiff has now filed as Omni

2  Innovations LLC v. Ascentive in the Western District. Plaintiff's case of Gordon

3  v. Efinancials LLC was moved in venue from Benton to King County. Plaintiff

4  has brought other RCW 19.190 cases in Benton County.

5

6  **WHAT IS THE NATURE OF THE RCW 19.190 CASE?**

7        RCW 19.190 established specific criteria for the structure of email and, in

8  some instances, for the content of particular structure of portions of email. RCW

9  19.190.020 prohibits a person from transmitting Electronic Mail "... to an

10 electronic mail address that the sender knows, or has reason to know, is held by a

11 Washington resident..." that does any of the following:

12       1) Uses a third party's internet domain name without permission of the third

13       party;

14       2) misrepresents or obscures any information in identifying the point of

15       origin or the transmission path of a commercial electronic mail message; or

16       3) contains false or misleading information in the subject line.

17

18       RCW 19.190.010 also defines what it is to transmit or assist the

19 transmission of Electronic Mail as follows:

20       (1) "Assist the transmission" means *actions taken by a person* to provide
         substantial assistance or support *which enables any person to* formulate,
21       compose, send, originate, initiate, or *transmit a commercial electronic mail
         message* OR a commercial electronic text message *when the person
22       providing the assistance knows or consciously avoids knowing that the
         initiator of the commercial electronic mail message or the commercial
23       electronic text message is engaged, or intends to engage, in any practice
         that violates the consumer protection act.*

24       In the present case Plaintiff contends that approximately 600 email have

25 been received by Plaintiff which are in question. In the present case Plaintiff

26 contends that Defendant has breached some portion of RCW 19.190 relative to

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  one or more of each of the email thought to have been received by Plaintiff.

2       In the present case, with the exception of arguing that false or misleading

3  information is in the subject line, the Plaintiff has not identified, for even one of

4  the approximately 600 email any of the following:

5       1) evidence that Defendant transmitted or consciously avoided knowing that

6  others sent Electronic Mail in violation of the statute or

7       2) that other contended violations of RCW 19.190 occurred.

8       Plaintiff has only stated the conclusion that transmission was by Defendant

9  and that other violations exist.  Conclusions do not comprise competent evidence.

10  Not one line of any Electronic Mail Message, offered by Plaintiff, has been

11  identified as a basis on which to form the opinion of transmission or violation of

12  other sections of RCW 19.190.

13       There has been no instance where the Plaintiff has demonstrated a basis for

14  the opinion that any single email has been transmitted by Defendant.

15       Each email, when printed, may comprise more than one page of text and or

16  graphics.  In other Electronic Mail Message cases pursued by Plaintiff there are

17  thousands of pages of email which Plaintiff contends is in violation of some

18  portion of RCW 19.190.

19

20  **How Does the Medical Negligence Case Compare?**

21       The Discovery Master will likely have presided over medical negligence

22  trials.  The proof and discovery required in the medical negligence case is

23  analogous to that required in the Electronic Mail RCW 19.190 case.  In the

24  medical negligence case one or more health care provider will be named and will

25  defend.  Plaintiff's discovery will in part be satisfied by the medical records from

26  the indicated health care defendant.  Where there are multiple providers there will

27  be medical records sought from each.

28

Memorandum    Supporting    Defendant's  Motion  to  Compel  before
Discovery Master - 5

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581



1   Plaintiff's analysis will in part relate to disclosures found in the many pages

2   of these health care provider records.  A peer physician will review the records for

3   evidence of a violation of a standard of care.  Where such is found the peer

4   Plaintiff's expert medical expert will render an opinion.

5   As a matter of Defendant's discovery, the peer medical expert will convey

6   to Defendant the opinion and the basis of the opinion. A portion of that basis will

7   be to disclose the standard of care and specifically the evidence of the violation of

8   that standard of care.

9   In the matter of medical negligence that basis will include the specific page

10  or pages within the medical records upon which the peer expert witness relies in

11  forming the opinion.  It is quite plain that the Plaintiff, in responding to discovery

12  regarding such opinions and expert witness, will not be responsive in telling

13  Defendant to find the page which Plaintiff contends to be evidence of negligence.

14  The medical negligence case is additionally useful in considering the nature

15  of discovery required from and to be provided by Plaintiff to Defendant.  Many

16  medical negligence cases involve claims against more than a single health care

17  provider.  Thousands of pages of medical records may be involved.  In every

18  instance the Plaintiff will be required to identify the specific medical record, by

19  page and line, which Plaintiff's medical expert contends to evidence a violation of

20  the standard of care.

21  Defendant cannot develop it defense until the Plaintiff's medical testimony

22  and the basis thereof is known.  That is, Defendant cannot know where in its

23  records or which of its employees will have information relative to the case.  Until

24  the standard, contended to have been violated, is known and until the medical

25  evidence, including records are identified, the Defendant will not be able to

26  proceed.

27  The RCW 19.190 case is similar to the medical case.  But, in a particular

28

Memorandum    Supporting    Defendant's Motion to Compel before
Discovery Master - 6

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  manner, is more complex. That is for the medical negligence case there may be

2  one or two or a few health care providers involved. But in the RCW 19.190 case

3  each Electronic Mail Message is unique. Each is sent at a different time. Each

4  provides different address information. Each may state different subject matter.

5  Each Electronic Message is separate.

6       Now, in a particular manner, the RCW 19.190 case is less complex than the

7  medical case. That is, each Electronic Mail Message is likely to comprise no more

8  than three pages. Hence, application of the constraints of RCW 19.190 is greatly

9  limited relative to each message to only a few ten's of lines or a few graphics.

10       But the rub is that there are hundreds of unique Electronic Messages. And

11  each has a Subject Line and each has address information. And each is different. .

12  But that is the fact of RCW 19.190. Each separate Electronic Mail Message is

13  required to violate RCW 19.190.

14       How will Plaintiff respond to discovery in the RCW 19.190 case? When

15  will the Defendant have sufficient response to discovery so that the Defendant will

16  be able to develop it case? When will Defendant have sufficient response to

17  discovery to know what it has to respond to in Plaintiff's discovery and what it can

18  reasonably object to in Plaintiff's discovery.

19

20  **PLAINTIFFS' CONTINUING RECEIPT OF TRANSMISSIONS**

21       Plaintiff has advised Defendant that transmissions continue to be received

22  by Plaintiff which Plaintiff deem to violate the Statute. Defendant has made

23  repeated requests for the original email to be forwarded to Plaintiff for

24  Defendant's evaluation and for Defendant's action in terminating any transmission

25  over which Defendant has control and where any violation of RCW 19.190 appear

26  to occur.

27       Plaintiff's ability to forward such original email is of the utmost simplicity.

28

Memorandum    Supporting    Defendant's Motion to Compel before
Discovery Master - 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

48

1   Plaintiff can simply select "forward" at Plaintiff's email program, whether

2   Outlook, Eudora or other. Or Plaintiff can save in Native File Format, to a CD,

3   and forward the CD. The amendment to the Federal Rules, effective December 1,

4   2006, will require the production of electronic files in Native File Format.

5        Defendant requests the Discovery Master to require Plaintiff's production in

6   the manner indicated.

7

8   **WHAT IS THE BURDEN FOR THIS PLAINTIFF?**

9        Plaintiff contends that electronic communications have been sent by

10  Defendant to Plaintiff in violation of RCW 19.190 et seq. As the Discovery

11  Master will find, at least 805 pages of "email" has been produced by Plaintiff in

12  response to Defendant's Discovery. What has the Plaintiff revealed by its

13  production of documents? What is the Plaintiff required to reveal in response to

14  Defendant's Discovery?

15       The Discovery Master will find that Plaintiff's proof does not rely on fact

16  witnesses. There are no witnesses to the existence of stop signs or whether the

17  light was red, yellow or green. There will be no testimony of the estimated speed.

18       All testimony in this case, regarding the violation of RCW 19.190 et seq,

19  will be presented by expert witnesses. There will only be expert opinions to

20  support Plaintiff's case.

21       What is the test where expert opinions are proposed? The standard in

22  Federal Court is the Daubert standard. The Discovery Master, as a Judge of the

23  Superior Courts of the State of Washington, may have encountered the Frye test in

24  State Court. The Washington State Supreme Court has continued that test in State

25  Court.

26

27  **THE DAUBERT STANDARD**

28

Memorandum    Supporting    Defendant's Motion to Compel before
Discovery Master - 8

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

49

1    However, the Federal Court's apply the Daubert test or standard.

2  *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1001 (9th Cir.2001)

3  stating "As an initial matter, we reject Urie's contention that the admissibility test

4  articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113

5  S.Ct. 2786, 125 L.Ed.2d 469 (1993), does not bar Urie's proffered expert from

6  testifying under Fed.R.Evid. 702.  The Supreme Court "expressly extended

7  *Daubert's* standard of 'evidentiary reliability' to all experts, not just scientific

8  ones." *Jinro*, 266 F.3d at 1005 (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526

9  U.S. 137, 147-48, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

10    How will the Discovery Master test Plaintiff's production and discovery

11  responses to determine if a required response has been made?  In *Daubert*, the

12  Supreme Court set out the relevant standard by which courts should determine

13  whether to admit expert testimony into evidence. The Court held that the guiding

14  factors in this determination are whether the expert testimony reflects "(1)

15  scientific knowledge that (2) will assist the trier of fact to understand or determine

16  a fact in issue." *Daubert*, 509 U.S. at 592. The 9th Circuit has since described the

17  *Daubert* rule as requiring that the court focus its inquiry on the "principles and

18  methodology underlying the expert's testimony, not on the conclusion." *Kennedy*

19  *v. Collagen Corp.*, 161 F.3d 1226, 1228 (9th Cir.1998).

20    *Daubert* established that, faced with a proffer of expert scientific testimony,

21  the trial judge, in making the initial determination whether to admit the evidence,

22  must determine whether the expert's testimony reflects (1) "scientific knowledge,"

23  and (2) will assist the trier of fact to understand or determine a material fact at

24  issue. *Daubert*, 509 U.S. at 592, 113 S.Ct. 2786. This requires "a preliminary

25  assessment of whether the reasoning or methodology underlying the testimony is

26  scientifically valid and of whether that reasoning or methodology properly can be

27  applied to the facts in issue." *Id.* at 592-93, 113 S.Ct. 2786. The Court stated that

28

Memorandum   Supporting   Defendant's Motion to Compel before
Discovery Master - 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  many factors will bear on this inquiry. For example, a judge may consider whether

2  the theory has been subjected to peer review and publication, although in some

3  instances well-grounded but innovative theories will not have been published, and,

4  thus, should not be excluded on this basis alone. *Id.* at 593, 113 S.Ct. 2786. The

5  Court emphasized that the focus of the inquiry envisioned by Rule 702 must be on

6  the principles and methodology underlying an expert's testimony, not on the

7  conclusions. *Id.* at 506, 113 S.Ct. 2786. The Court later refined this language,

8  explaining that a district judge may reject expert testimony where the "analytical

9  gap" between the data and the expert's conclusion is too great. *Joiner,* 522 U.S.

10 136, 118 S.Ct. at 519.

11      When the Supreme Court remanded *Daubert,* the 9th Circuit added that,

12 where the proffered testimony is not based on independent research, in order to be

13 admissible as "scientific knowledge," it must be supported by "objective,

14 verifiable evidence that the testimony is based on 'scientifically valid principles.' "

15 *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311, 1318 (9th

16 Cir.1995); *Kennedy v. Collagen Corp.* 161 F.3d 1226, 1227-28 (9th Cir. Cal.

17 1998).

18      A district court's ruling admitting expert testimony, is reviewed on appeal,

19 for abuse of discretion. *United States v. Hankey,* 203 F.3d 1160, 1167 (9th Cir.2000).

20 Federal Rule of Evidence 702 provides the operative standard for the admissibility

21 of expert testimony, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S.

22 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), governs the application of Rule 702.

23 Under *Daubert,* a district court must "ensure that any and all [expert] testimony or

24 evidence admitted is not only relevant, but reliable." *Id.* at 589, 113 S.Ct. 2786. To

25 determine reliability, a district court must analyze whether "good grounds"

26 establish a sufficient amount of "evidentiary reliability" or "trustworthiness." *Id.* at

27 590-91 & n. 9, 113 S.Ct. 2786. "Good grounds" exist when "the reasoning or

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

51

1  methodology underlying the testimony is scientifically valid and ⋯ can be applied

2  to the facts in issue." *Id.* at 592-93, 113 S.Ct. 2786.

3  Rule 702 provides:

4     If scientific, technical, or other specialized knowledge will assist the trier of
   fact to understand the evidence or to determine a fact in issue, a witness
   qualified as an expert by knowledge, skill, experience, training, or

5     education, may testify thereto in the form of an opinion or otherwise, if (1)
   the testimony is based upon sufficient facts or data, (2) the testimony is the

6     product of reliable principles and methods, and (3) the witness has applied
   the principles and methods reliably to the facts of the case.

7

8     In *Daubert,* the Court suggested several factors that often play a role in a

9  Rule 702 inquiry, but cautioned that "[m]any factors will bear on the inquiry..." *Id.*

10  at 593, 113 S.Ct. 2786. The *Daubert* factors are:

11     (1) "whether [a theory or technique] can be (and has been) tested;"

12     (2) "whether the theory or technique has been subjected to peer review and

13     publication;"

14     (3) "the known or potential rate of error;"

15     (4) "the existence and maintenance of standards controlling the technique's

16     operation;" and

17     (5) "general acceptance ⋯ of a relevant scientific community." *Daubert.* at

18     593-94, 113 S.Ct. 2786.

19     District courts are to apply *Daubert* via case-by-case review rather than via

20  general pronouncements that particular forms of expert testimony are or are not

21  reliable. *United States v. Prime,* 363 F.3d 1028, 1033 (9th Cir.2004); *vacated on*

22  *other grounds by* 543 U.S. 1001, 125 S.Ct. 1005, 160 L.Ed.2d 1007 (2005). Even

23  within categories of experts or evidence, "[t]oo much depends upon the particular

24  circumstances of the particular case at issue" for Rule 702 rulings in certain cases

25  to govern all similar cases. *Kumho Tire v. Carmichael,* 526 U.S. 137, 150, 119

26  S.Ct. 1167, 143 L.Ed.2d 238 (1999). The Court, therefore, looks to the general

27  *Daubert* standards and the specific facts of the case.

28

Memorandum    Supporting    Defendant's Motion to Compel before
Discovery Master - 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

52

1    What practical tools does the Court employ in analyzing proffered expert

2  testimony.  Published articles may be reviewed, as a part of record evidence.

3  However, articles must be specific to be helpful.  Articles were not helpful and did

4  not meet the *Daubert* standard in *Harper v. Poway Unified School Dist.* 445 F.3d

5  1166, 1199 (9th Cir. Cal. 2006).

6

7  **BUSINESS RECORDS - FRCP 33(d) OR FED. R. EVID. 803(6)?**

8    Plaintiff says that the Electronic Mail, it alleges to have been transmitted by

9  Defendant, comprises the Plaintiff's business records.  Plaintiff states that such a

10  production, without response to the interrogatories calling for Expert Opinions and

11  the basis thereof, is compliance and exhaust all that is required of Plaintiff.

12    Plaintiff fundamentally misunderstands both the requirements of discovery

13  and what it is that comprises a Business Record.  Electronic Mail allegedly

14  received by Plaintiff clearly is not a Business Record for the purpose of FRCP

15  33(d) stating in pertinent part as follows:

16    (d) Option to Produce Business Records.  "[w]here the answer to an
    interrogatory may be derived or ascertained from the business records of the
17    party upon whom the interrogatory has been served … it is a sufficient
    answer to such interrogatory to specify the records from which the answer
18    may be derived or ascertained…" *Imax Corp. v. Cinema Technologies,
    Inc.* 152 F.3d 1161, 1165 (9th Cir. Cal. 1998).

19    The Court in *Imax Corp. Id at* 1164-66 addresses the circumstance where
20
    business records were offered as the response to an interrogatory requiring
21
    statement of a trade secret.
22
      Of particular interest is the analysis and holding in *Davis v. Fendler* 650
23
    F.2d 1154 (9th Cir. Ariz. 1981) where Defendant offered records from the Arizona
24
    state corporation commission in response to Plaintiff's Interrogatory and other
25
    state agencies and private corporations.  In *Davis, Id at* 1158-61 the Court
26
    addresses Defendant's refusal to answer Plaintiff's Interrogatory stating at 1158,
27

28

Memorandum    Supporting    Defendant's Motion to Compel before
Discovery Master - 12

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

53

1  Footnote 3 the following:

2  > It is apparent that the records of the first four of these places [state agencies
   > do not qualify as appellant's "business records". A party cannot, under the
3  > guise of Rule 33© resort to such tactics. This is the sort of behavior which
   > undoubtedly caused the trial judge to have legitimate doubts about
4  > appellant's blanket assertion of privilege.

5  Defendant's continued refusal to respond to Plaintiff's discovery resulted in

6  the Court's entry of default judgment.

7  The Electronic Mail messages Plaintiff offers as Business Records is

8  parallel to the Defendant's proffer of state agency records in *Davis*.  The

9  Electronic Mail is obviously not Business Records of the Plaintiff.  The Electronic

10  Mail offered by Plaintiff is not a record from which a summary may be derived.

11  Plaintiff's continued argument that its production of "Business Records" has

12  propelled this matter to the Discovery Master.

13  Defendant requests the Discovery Master to require Plaintiff's response to

14  discovery with specific instruction that the Plaintiff not offer Business Records

15  under FRCP 33(d) and that Plaintiff fully describe the basis for its Expert's

16  Opinions.

17

18  FED. R. EVID. 803(6) states in part:

19  > Records of Regularly Conducted Activity.--A memorandum, report, record,
   > or data compilation, in any form, of acts, events, conditions, opinions, or
20  > diagnoses, made at or near the time by, or from information transmitted by,
   > a person with knowledge, and if kept in the course of a regularly conducted
21  > business activity, and if it was the regular practice of that business activity
   > to make the memorandum, report, record or data compilation, all as shown
22  > by the testimony of the custodian or other qualified witness, ...

23

24  Electronic Mail received by Plaintiff is not a record "made" by "a person

   with knowledge" and "kept in the course or a regularly conducted business
25
   activity" of the plaintiff.  Electronic Mail received by Plaintiff cannot be said to be
26
   a "regular practice" of Plaintiff to "make".  Plaintiff's contention that the
27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

*54*

1   Electronic Mail it alleges to have received and alleges to have been sent by

2   Defendant comprises Plaintiff's Business Records clearly fails in light of Fed. R.

3   Evid. 803(6). *U.S. v. Ray* 930 F.2d 1368, 1371 (9th Cir. Cal. 1990).

4

5   **PLAINTIFF'S DISCOVERY PROPOUNDED TO DEFENDANT**

6           Plaintiff's discovery delves into matters which are business sensitive.

7   Plaintiff imagines, because a Complaint has been filed, the right to an

8   unconstrained fishing expedition.

9           Any response to Plaintiff's Discovery should be preceded by at least the

10  following two steps: first, until Plaintiff produces evidence that Electronic Mail

11  has been transmitted by Defendant there should be no response required of

12  Defendant.  Plaintiff can satisfy the Discovery Master that such has likely

13  happened by revealing the Expert Testimony which complies with the *Daubert*

14  standard.

15          Summary Judgment will be available to the Defendant first, absent

16  Plaintiff's demonstration of proof of transmissions likely in violation of the

17  Statute.  Or second, absent Plaintiff's demonstration of a transmission by some

18  person or entity separate from Defendant where Defendant consciously avoided

19  knowing of another's transmission in violation of the statute. *Hypertouch, Inc. v.*

20  *Kennedy-Western University* Slip Copy, 2006 WL 648688, (9th Cir. N.D.Cal.

21  2006).

22          Plaintiff's inquiry re: business practices, the identification of affiliates, the

23  identification of server computers, the number of transmissions and other similar

24  inquiries seeks information which is business sensitive and indeed, trade secret.

25  Such information will be of value to competitors.  Such information will reveal to

26  others the business development efforts of individuals and companies where such

27  information is wholly irrelevant to the issues of whether or not a Defendant has

28

Memorandum   Supporting   Defendant's Motion to Compel before
Discovery Master - 14

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   transmitted and whether or not a transmission violates any portion of RCW

2   19.190.

3          Hence, Defendant urges the Discovery Master to impose the burden of

4   discovery on Plaintiff prior to considering any obligation on the part of Defendant.

5   Defendant will not be able to evaluate discovery requests from Plaintiff until

6   Defendant has Plaintiff's responses to Defendant's discovery. Until Plaintiff has

7   responded Defendant will not be able to fully understand the case, find

8   information applicable to the discovery and formulate and support objections to

9   objectionable discovery.

10

11  **SANCTIONS PURSUANT TO FRCP 37(a)(4)(A)**

12         FRCP 37(a)(4) authorizes the Court to impose Sanctions for Discovery

13  abuse. Defendant has sought to Compel Plaintiff on two occasions before the

14  District Court. This matter is now brought to the attention of the Discovery

15  Master. Plaintiff's are without foundation in their refusal to respond to

16  Defendant's Discovery.

17         The Defendant asks the Discovery Master to impose against the Plaintiff the

18  entirety of the expense to be charged by the Discovery Master and to impose

19  sanctions against Plaintiff regarding the expense experienced by Defendant in

20  these efforts to obtain proper response from the Plaintiff.

21         Dated this 15th day of September, 2006

22                              LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

23

24

25         By s/ Floyd E. Ivey

26         FLOYD E. IVEY, WSBA#6888

27         Attorneys for Defendant

28

Memorandum    Supporting    Defendant's Motion to Compel before
Discovery Master - 15

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581



1      I hereby certify that on September 15, 2006, I filed Motion to Compel with

2  Plaintiff's Counsel Mr. Robert Siegel.

3

4                                    S/ FLOYD E. IVEY

5                                    FLOYD E. IVEY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

57