Omni Innovations LLC v. Ascentive LLC et al                                    Doc. 23 Att. 1
Case 2:06-cv-01284-JCC    Document 23-2    Filed 11/01/2006    Page 1 of 97
          Case 2:05-cv-05079-FVS    Document 98    Filed 10/03/2006

1  Floyd E. Ivey                                    Hon. Fred Van Sickle
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  1141 N. Edison, Suite C
   P.O. Box 6125
3  Kennewick, WA 99336
   Telephone (509) 735-3581
4  Fax (509) 735-3585
   Attorneys for Defendant
5
   Mr. Robert J. Siegel
6  1325 4th Ave Ste 940
   Seattle, WA  98101-2509
7  Telephone (206) 624-9392
   Fax (206) 624-0717
8  Attorney for Plaintiff

9

10          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON
11

12

13  JAMES S. GORDON, JR., a married,        )   NO.  CV-05-5079-FVS
    individual, d/b/a                       )
14  'GORDONWORKS.COM',                      )
                                            )   DEFENDANT'S MOTION
15              Plaintiffs                  )   TO DISMISS PLAINTIFFS'
                                            )   FIRST AMENDED
16  vs.                                     )   COMPLAINT
                                            )
17  ASCENTIVE, LLC, a Delaware limited      )
    liability company; ADAM SCHRAN,         )
18  individually and as part of his marital )
    community; JOHN DOES I-X,               )
19                                          )
                Defendant                   )
20  _____)

21

22          The Defendant Moves for Dismissal of Plaintiffs' First Amended Complaint

23  on the basis that Plaintiffs have failed to state a claim upon which relief may be

24  granted.

25          This Motion supported by Defendant's Memorandum of Authorities

26  Supporting Defendant's Motion to Dismiss and the Declaration of Floyd E. Ivey.

27

28  Defendants' Motion to Dismiss Plaintiff's First          LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
    Amended Complaint - 1.                                              Attorneys at Law
    Z:\IPClient\Ascentive LLC v.                                         P.O. Box 6125
    Gordon\Pleadings\MotionDismissFirstAmendedcomplaint.060927\MotionDismissFi    Kennewick, Washington 99336-0125
    rstAmended060518\MotionDismiss FAC.MOTION.First Amended                    (509) 735-3581
    Complaint.061002.wpd

58                                              Exhibit 7

1

2       DATED this 3rd day of October, 2006.

3                          LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

4

5                          s/ Floyd E. Ivey
                           By s/ FLOYD E. IVEY
6                              FLOYD E. IVEY, WSBA #6888
                               Counsel for Defendant
7                              1141 N. Edison, Suite C
                               Kennewick, WA 99336
8

9

10          I hereby certify that on October 3, 2006, I electronically filed **Defendants'
    Motion to Dismiss Plaintiff's First Amended Complaint** with the Clerk of the
11  Court using the CM/ECF System which will send notification of such filing to
    Robert J. Siegel.
12
                               S/ FLOYD E. IVEY
13                             FLOYD E. IVEY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Defendants' Motion to Dismiss Plaintiff's First                    LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
    Amended Complaint - 2.                                                            Attorneys at Law
    Z:\1PClient\Ascentive  LLC  v.                                                     P.O. Box 6125
    Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi         Kennewick, Washington 99336-0125
    rstAmended060518\MotionDismiss  FAC.MOTION.First  Amended                                 (509) 735-3581
    Complaint.061002.wpd

1

2

3    Floyd E. Ivey                                    Hon. Fred Van Sickle
     Liebler, Ivey, Connor, Berry & St. Hilaire
     1141 N. Edison, Suite C
4    P.O. Box 6125
     Kennewick, WA 99336
5    Telephone (509) 735-3581
     Fax (509) 735-3585
6    Attorneys for Defendant

7    Mr. Robert J. Siegel
     1325 4th Ave Ste 940
8    Seattle, WA  98101-2509
     Telephone (206) 624-9392
9    Fax (206) 624-0717
     Attorney for Plaintiff

10

11

12                    IN THE UNITED STATES DISTRICT COURT
13                   FOR THE EASTERN DISTRICT OF WASHINGTON

14

15

16   JAMES S. GORDON, JR., a married,     )    NO.  CV-05-5079-FVS
     individual, d/b/a                    )
17   'GORDONWORKS.COM',                   )
                                          )    DEFENDANT'S
18             Plaintiffs                 )    MEMORANDUM IN
                                          )    SUPPORT OF MOTION
19                                        )    TO DISMISS PLAINTIFF'S
        vs.                               )    FIRST AMENDED
20                                        )    COMPLAINT PURSUANT
                                          )    12(b)(1), (2) AND (6)
21   ASCENTIVE, LLC, a Delaware limited   )
     liability company; ADAM SCHRAN,      )
22   individually and as part of his marital )
     community; JOHN DOES I-X,            )
23                                        )
               Defendant                  )
24   _____ )

25

26

27

28
     Defendants' Memorandum in Support of Motion to         LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
     Dismiss Plaintiff's First Amended Complaint - 1.                  Attorneys at Law
     Z:\IPClient\Ascentive   LLC   v.                                    P.O. Box 6125
     Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi      Kennewick, Washington 99336-0125
     rstAmended060518\MotionDismissFAC.MEMO  Support  Mtn  Dismiss  First                (509) 735-3581
     Amended Complaint 061003.wpd

60

# TABLE OF CONTENTS

                                                                        Page

I.    PRELIMINARY STATEMENT ................................................................. 5

II.   INTRODUCTION & PROCEDURAL HISTORY ...................................... 5

III.  LEGAL ARGUMENT ........................................................................... 7

      A.    Plaintiff Failed to Comply with the Court's Order
            Denying His Request to Add New Plaintiffs by
            Adding "d/b/a 'Gordonworks.com'" .......................................... 7

      B.    Plaintiff Lacks Standing to Bring an Action on
            Behalf of an Unregistered d/b/a (Trade Name) ......................... 7

      C.    Plaintiff Lacks Standing to Bring a Cause of
            Action as an "Interactive Computer Service"
            Under CEMA and CPA ............................................................. 8

      D.    Plaintiff Lacks Standing to Bring a Cause of
            Action Under CAN-SPAM ......................................................... 9

      E.    Plaintiff Fails to State a Claim and Lacks Standing
            To Bring an Action Under the Prize Statute ............................. 10

      F.    Plaintiff's Amended Complaint Should be Dismissed
            Pursuant to FRCP 12(b)(6) for Failure to
            State a Claim ........................................................................ 10

      G.    If the Amended Complaint is not Dismissed,
            Plaintiff Should be Required to Provide a More
            Definite Statement Pursuant to FRCP 12(e) ............................ 13

IV.   CONCLUSION .................................................................................. 15

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 2.
Z:\IPClient\Ascentive LLC v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## TABLE OF AUTHORITIES

Page

### Cases & Secondary Sources

*Epstein v. Washington Energy Co.,* 83 F.3d 1136, 1140
(9th Cir. 1996) ............................................................... 11

*Roe v. Nevada,* 332 F.Supp. 2d 1331, 1339 (D. Nev. 2004) ........................ 11

*Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434
(6th Cir. 1988) ............................................................... 11

*W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981) .................... 11

*Washburn, et al. v. Moorman Manufacturing Co.,* 25 F.Supp 546,
546 (S.D. Cal. 1938) ......................................................... 14

### Statutes

CR 8(a) ......................................................................... 10, 14

CR 12(e) ........................................................................ 14

FRCP 8(a) ....................................................................... 10, 14

FRCP 12(b)(6) ................................................................... 5, 11, 13

FRCP 12(e) ...................................................................... 5, 15

FRCP 15 ......................................................................... 6, 7

RCW §19.170, *et seq.* .......................................................... 5, 14

RCW §19.170.030 ................................................................. 10

RCW §19.170.040 ................................................................. 10

RCW §19.170.060(1) .............................................................. 10

RCW §19.190.010(5) .............................................................. 8

RCW §19.190.010(14) ............................................................. 8

RCW §19.190.040(1) .............................................................. 8

RCW §19.190.040(2) .............................................................. 8

RCW §19.80.010(1) ............................................................... 7

RCW §19.80.040 .................................................................. 7

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 3.
Z:\IPClient\Ascentive LLC v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    15 U.S.C. §7701, *et seq.* ................................................................... 5

2    15 U.S.C. §7702(11) .......................................................................... 9

3    15 U.S.C. §7702(14) .......................................................................... 8

4    15 U.S.C. §7706(a) ............................................................................ 9

5    47 U.S.C. §231(e)(4) ......................................................................... 9

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 4.
Z : \ I P C l i e n t \ A s c e n t i v e  L L C  v .
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

*63*

**PRELIMINARY STATEMENT**

Defendants, Ascentive, LLC (Ascentive) and Adam Schran (Schran) submit this Memorandum of Law in support of their motion to dismiss portions of Plaintiff's complaint against them pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(1), (2) and (6) on the ground that Plaintiff has not stated and cannot state claims for which relief can be granted, or, in the alternative, for a more definite statement pursuant to FRCP 12(e).

**PROCEDURAL HISTORY**

On July 20, 2005 Plaintiff filed his original complaint.  On March 29, 2006, Plaintiff filed a motion for leave to amend his complaint.  That motion was granted in part on April 12, 2006 allowing Plaintiff to amend his complaint to add an additional defendant and additional causes of action.  Plaintiff subsequently filed his amended complaint on April 13, 2006 adding an additional defendant, additional causes of action, and an additional plaintiff.

**INTRODUCTION**

Plaintiff has failed in both his pleadings and his discovery to identify how Defendants allegedly violated CEMA, RCW § 1986, et seq. (collectively referred to as the Consumer Protection Act, or CPA for short), 15 U.S.C. § 7701 et seq. (collectively referred to as the "CAN-SPAM" act) and RCW § 19.170, et seq.

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 5.
Z:\IPClient\Ascentive LLC v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

64

(collectively referred to as the "Prize Statute"). In addition, the complaint fails to specify either a time frame during which the violations are alleged to have occurred or the number of e-mails alleged to have been sent by Defendants which violate the above. Plaintiff simply claims "numerous" emails (Amended Complaint 3.6) to "hundreds" of emails (Amended Complaint 4.1.1). In an attempt to understand the precise allegations, Ascentive served discovery requests on or about December 6, 2005. Plaintiff provided a disc of about 600 e-mails but failed to identify how they are related to this case. In general, plaintiff's responses were so evasive and incomplete that they provided no information on the allegations contained in their complaints. To date, Plaintiff has refused to properly respond to Ascentive's discovery requests to the point that a discovery master had to be appointed. It is apparent that Plaintiff is still grasping for enough information to prove his case at a tremendous financial burden to the Defendants.

As noted above, on April 13, 2006, Plaintiff filed his amended complaint naming one additional defendant, adding new causes of action, and adding an additional plaintiff without the court's permission. Plaintiff changed the plaintiff from James S. Gordon, Jr. to add a d/b/a Gordonworks.com. Plaintiff has completely ignored the requirements of FRCP 15 by attempting to bring new causes of action against Defendants on behalf of a d/b/a for which he failed to seek leave to add. Further, it is believed that the d/b/a is not properly registered as a trade name making Plaintiff unable to maintain an action in this state for Gordonworks.com.

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 6.
Z:\IPClient\Ascentive LLC v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1
2
3

### III. LEGAL ARGUMENT

4    <u>A. Plaintiff Violated FRCP 15 by Adding a New Plaintiff "d/b/a</u>
5    <u>'Gordonworks.com.'" Without Permission</u>

6        On or about April 12, 2006 this Court granted in part and denied in part
7    Plaintiff's motion to amend the original complaint. In its order, the Court specifically
8    denied Plaintiff's request to add new plaintiffs to the action. (Order, April 12, 2006.)
9    Nonetheless, Plaintiff ignored the Court order and unilaterally changed the caption to
10   read "d/b/a Gordonworks.com" in an attempt to transform his website into a plaintiff
11   in the action. Further, contrary to the requirements of FRCP15, Plaintiff, in his
12   motion to amend the original complaint, never sought leave of the Court to add "d/b/a
13   Gordonworks.com" as a plaintiff in the action. Such blatant disregard of the Federal
14   Rules and an order of this Court, and such deliberately improper tactics should not be
15   rewarded, and each of Gordon's causes of action asserted on behalf of
16   Gordonworks.com must be dismissed.

17       <u>B. Plaintiff Lacks Standing to Bring an Action on Behalf of an</u>
18   <u>Unregistered d/b/a (Trade Name).</u>

19       Even if we assume that Gordon had been permitted by this Court to add new
20   plaintiffs to the action, Gordon failed to properly register Gordonworks.com as a d/b/a
21   ("trade name") as required by the State of Washington Department of Licensing.
22   "Each person . . . who shall carry on, conduct or transact business in this state under
23   any trade name shall register that trade name with the department of licensing. . . ."
24   RCW §19.80.010(1). Pursuant to RCW §19.80.040, one <u>must</u> register a trade name
25   in order to maintain a lawsuit on behalf of said business. In short, in light of the
26   statutory provisions governing the registration of trade names, Gordonworks.com does
27   not exist as a legal entity. Therefore, James S. Gordon, Jr. May not maintain an action
28

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 7.
Z:\iPClient\Ascentive LLC v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581



1   in the State of Washington on behalf of unregistered trade name, Gordonworks.com.

2   As a result, the court should dismiss each of Plaintiff's causes of action asserted on

3   behalf of Gordonworks.com

4

5   C.  Plaintiff Lacks Standing to Bring a Cause of Action as an "Interactive
    Computer Service" under CEMA and CPA.

6

7       As an individual, James S. Gordon, jr. clearly does not qualify as an "interactive

8   computer service" under CEMA.  CEMA defines an "interactive computer service"

9   as "any information service, system, or access software provider that provides or

10  enables computer access by multiple users to a computer server, including specifically

11  a service or system that provides access to the internet and such systems operated or

12  services offered by libraries or educational institutions."  RCW §19.190.010(5).  In

13  addition to defining an "interactive computer service," CEMA was later amended to

14  define the terms "internet domain name" and "web page."  RCW §19.190.010(5);

15  RCW §19.190.010(14).  By providing distinct definitions for each term, the plain

16  language of the statute clearly states the legislative intent that an interactive computer

17  service is neither an internet domain name, nor a web page.  Therefore, neither

18  Gordon, the individual, nor the internet domain name Gordonworks.com qualifies as

19  an interactive computer service, as defined by CEMA.  There mere operation of a

20  website cannot transform Mr. Gordon into an interactive computer service.

21      In light of the foregoing, Plaintiff does not have statutory standing to assert his

22  Second and Third Causes of Action, except perhaps as an individual "recipient of a

23  commercial electronic mail message."  RCW §19.190.040(1).  Although the term

24  "recipient" is undefined in CEMA, the definition provided in Can-SPam is instructive.

25  Under the CAN-SPAM, the "recipient" of a commercial email message is defined as

26  the "authorized user of the electronic mail address to which the message was sent or

27  delivered."  15 U.S.C. §7702(14).  Thus, Gordon only has standing, if at all, to bring

28

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 8.
Z : \ l P C l i e n t \ A s c e n t i v e   L L C   v .
Gordon\Pleadings\MotionDismissFirstAmendedcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO  Support  Mtn  Dismiss  First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

67

1   his Second and Third Causes of Action based on emails sent to his personal email

2   address pursuant to RCW §19.190.040(1), and his Second and Third Causes of Action

3   brought pursuant to RCW §19.190.040(2) should be otherwise dismissed.

4

5       D.  Plaintiff Lacks Standing to Bring a Cause of Action Under
        CAN-SPAM.

6

7       CAN-SPAM adopts the definition provided in Section 231(3)(4) of the

    Communications Decency Act of 1934 (the "CDA"), which defines "internet access
8
    service" as "a service that enables users to access content, information, electronic mail
9
    or other services offered over the Internet, and may also include access to proprietary
10
    content, information, and other services as part of a package of services offered to
11
    consumers." 47 U.S.C. §231(e)(4); see 15 U.S.C. §7702(11). Common sense dictates
12
    that James S. Gordon, Jr., an individual person, clearly is not an internet access service
13
    as contemplated under CAN-SPAM.
14
        "CAN-SPAM gives a private right of action to only ISPs . . . [t]here is no
15
    private right of action for individuals, such as Mr. Gordon."  Kevin P. Cronin &
16
    Ronald N. Weikers, Data Security & Privacy Law: Combating Cyberthreats §9:47:110
17
    (2006).  Similarly, there is no private right of action for Internet domain names, such
18
    as Gordonworks.com.  Other than the limited instances in which ISPs may bring an
19
    action under CAN-SPAM, the provisions of CAN-SPAM are to be enforced by the
20
    Federal Trade Commission ("FTC").  15 U.S.C. §7706(a).  Commonly know ISPs
21
    who have been permitted to assert causes of action under CAN-SPAM include AOL,
22
    Microsoft and Earthlink.  Plaintiff, an individual, clearly cannot be categorized with
23
    the likes of AOL, Microsoft and/or Earthlink, and is not an internet access service
24
    (ISP) within the meaning of CAN-SPAM.
25
        In light of the foregoing, Plaintiff's First Cause of Action fails in its entirety
26
    because there is no private right of action for individuals and/or Internet domain
27

28  Defendants' Memorandum in Support of Motion to
    Dismiss Plaintiff's First Amended Complaint - 9.
    Z : \ I P C l i e n t \ A s c e n t i v e   L L C   v .
    Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
    rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
    Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581



Case 2:05-cv-05079-FVS    Document 100    Filed 10/03/2006

1  names under CAN-SPAM.  Therefore, Plaintiff's First Cause of Action should be

2  dismissed with prejudice.

3

4      E.  Plaintiff Fails to State a Claim and Lacks Standing to Bring an
       Action Under the Prize Statute.

5

6          In his Fourth Cause of Action, Plaintiff makes a blanket allegation that

7  "numerous email advertisements . . . which Defendants transmitted to Plaintiff . . .

   violated [the Prize Statute]." (Amended Complaint 4.3.2.)  Plaintiff then proceeds to
8
   parrot the requirements of RCW §19.170.030, inserting "and/or" in between each and
9
   every subsection, leaving Defendants clueless as to which, if any, requirement they
10
   are alleged to have violated.  Similarly, Plaintiff parrots the requirements of RCW
11
   §19.170.040 and simply states that Defendants failed to comply with each subsection.
12
   Nowhere in his Fourth Cause of Action does Plaintiff allege that he suffered any
13
   damage from the alleged violation(s), or that he even read or responded to any of the
14
   emails alleged to include promotional advertising.  The standing requirement to bring
15
   a private cause of action under the Prize Statute is specifically stated therein: "[a]
16
   person who suffers damage from an act of deceptive promotional advertising may
17
   bring an action against the sponsor or promotion of the advertising, or both."  RCW
18
   §19.170.060(1) (emphasis added).  According to the plain language of the statute,
19
   Plaintiff, who does not allege to have suffered any damage as a result of an alleged act
20
   of deceptive advertising, clearly fails to satisfy the standing requirement enumerated
21
   in RCW §19.170.060(1).  In light of the foregoing, Plaintiff's Fourth Cause of Action
22
   should be dismissed with prejudice.
23
       F.  Plaintiff's Amended Complaint Should be Dismissed Pursuant to
24         FRCP 12(b)(6) for Failure to State a Claim.

25         Assuming for argument's sake that Plaintiff had standing to bring any of his

26  causes of action, he has failed to satisfy the basic pleading requirements of CR 8(a)

27  and FRCP 8(a).  The original complaint consisted of vague and ambiguous blanket

28
Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 10.
Z:\1PClient\Ascentive  LLC  v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO  Support  Mtn  Dismiss  First
Amended Complaint 061003.wpd

69

1   allegations that Defendant violated "at least one" provision of CEMA. (Amended

2   Complaint 3.9.) Now again the amended complaint suffers from the same vagueness

3   and ambiguity. For example, Plaintiff alleges that "Defendants" sent "hundreds" of

4   emails in violation of CEMA (and CPA), and/or CAN-SPAM and/or the Prize Statute.

5        In order to survive a motion to dismiss under FRCP 12(b)(6), a "complaint must

6   contain either direct or inferential allegations respecting all the material elements to

7   sustain a recovery under some viable legal theory." *Roe v. Nev.,* 332 F.Supp. 2d 1331,

8   1339 (D. Nev. 2004) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434

9   (6th Cir. 1988). Although factual allegations set forth in the complaint "taken as true

10   and construed in the light most favorable to [p]laintiffs", the Ninth Circuit has

11   elaborated on this rule, explaining that "courts should only accept as true the well-

12   pleaded facts, and ignore 'legal conclusions,' 'unsupported conclusions,'

13   'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law' or

14   'sweeping legal conclusions case in the form of factual allegations.'" *Id.* (Emphasis

15   added) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th cir. 1996);

16   quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

17        As Plaintiff himself points out, each alleged email constitutes a separate

18   transaction and therefore a separate claim. (See Amended Complaint 4.2.4, 4.2.5.)

19   Notwithstanding the foregoing, Plaintiff fails to identify anywhere in his pleading the

20   number of emails alleged to have been sent by Defendants in violation of each

21   separate and distinct provision of the aforementioned statutes. (Amended Complaint

22   4.1.1.-4.1.2, 4.1.3, 4.2.2., 4.2.3., 4.3.2.) Further, Plaintiff fails to separate each

23   allegations made on behalf of Gordonworks.com from those allegations asserted by

24   the recipient of an email. Rather, Gordon simply lumps his claims on behalf of

25   unregistered trade name Gordonworks.com together with his claims arising out of

26   being an individual recipient of email, alleging collectively that "Defendants"

27   transmitted emails to "Plaintiff." (See Amended Complaint 4.2.3, 4.3.2.) Plaintiff

28

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 11.
Z : \ I P C l i e n t \ A s c e n t i v e   L L C   v .
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

70

1   even fails to identify a time during which such alleged violations are alleged to occur.[1]

2       Plaintiff's entire amended complaint consists of precisely those "facts" which

3   courts in the Ninth Circuit have suggested they should ignore – sweeping legal

4   conclusions that Defendants have violated CEMA, CPA, CAN-SPAM and/or the Prize

5   Statute, cast in the form of factual allegations.  There are virtually no "well-pleaded"

6   facts for the Court to accept as true.  Without limiting the foregoing, Defendants

7   address the following specific deficiencies and unsupported conclusions, *inter alia*,

8   in the order in which they appear in Plaintiff's amended complaint:

9       •   Plaintiff fails to distinguish between alleged violations by the individual

10          defendants and alleged violations by the corporate defendant;

11       •   Plaintiff states that he has received "hundreds of commercial email

12          messages from or on behalf of Defendants, sent to Plaintiff's electronic

13          mail server[2] located in Benton and Franklin Counties, Washington,

14          and/or its registered domain names, including 'gordonworks.com' in

15          violation of CAN-SPAM (Amended Complaint 4.1.1.), but fails to

16          identify the registered domain names alleged to have recived emails, the

17          specific email addresses alleged to have received the emails, the

18          provision of CAN-SPAM alleged to have been violated or the factual

19          basis for his conclusion that each or any email received violated any

20

21       [1]In the absence of such basic information, Defendants are unable to determine, *inter alia*,
    whether they are entitled to assert a statute of limitations defense.  Based upon Plaintiff's Amended
22   Complaint it is unclear when the emails in question were sent, and is therefore possible that they
    were sent before the enactment of the statutory provisions Plaintiff seeks to enforce.

23       [2]Although Plaintiff claims in this action to own the server, in a separate action against
    Virtumundo, Inc., gordon states that the server on which Gordonworks.com resides is owned by
24   third party Omni Innovations, LLC. However, in actuality, the domain Gordonworks.com is, upon
    information and belief, hosted by Webmasters.com, on a server located in Tampa, Florida. (Ivey
25   Decl. ¶7; Ex. B.)  In addition, upon information and belief, the internet domain server
    ns.gordonworks.com has been assigned by the registrar, go Daddy Software, Inc., the Internet
26   Protocol ("IP") address 68.178.150.119, and this IP address is believed to be located in Scottsdale,
    Arizona. (Ivey Decl. ¶9; Ex. B.)
27

28   Defendants' Memorandum in Support of Motion to
    Dismiss Plaintiff's First Amended Complaint - 12.
    Z : \ I P C l i e n t \ A s c e n t i v e   L L C   v
    Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
    rstAmended060518\MotionDismissFAC.MEMO   Support   Mtn   Dismiss   First
    Amended Complaint 061003.wpd

    LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
    Attorneys at Law
    P.O. Box 6125
    Kennewick, Washington 99336-0125
    (509) 735-3581

1    provision of CAN-SPAM;

2    •    Plaintiff alleges that his unsubscribed requests "went unheeded for a

3        substantial amount of time" (Amended Complaint 4.1.2), but fails to

4        identify the email address(es) on behalf of which such requests were

5        sent, to whom such requests were sent and for how long such requested

6        allegedly "went unheeded" or the email from which the request arose:

7    •    Plaintiff vaguely alleges that "at least one" email was sent by Defendants

8        to an address "most likely harvested from domain name registration

9        and/or by other means of anonymous information harvesting."

10        (Amended Complaint 4.1.3.) It is unclear from this statement whether

11        Plaintiff is even alleging that he believes Defendants harvested "an

12        address." Further, Plaintiff fails to identify the email address alleged to

13        have been harvested or the facts supporting his conclusion that such

14        email address was harvested.

15    Plaintiff has failed to properly state a claim under any of the statutory

16 provisions pursuant to which he attempts to bring his action. Instead, Plaintiff has

17 deliberately crafted a pleading consisting entirely of unsupported and sweeping legal

18 conclusions cast in the form of factual allegations. As a result, in line with previously

19 cited Ninth Circuit authority, Plaintiff's amended complaint should be dismissed

20 under FRCP 12(b)(6).

21

22    G. If the Amended Complaint is not Dismissed, Plaintiff Should be
      Required to Provide a More Definite Statement Pursuant to
23    FRCP 12(e).

24    With the filing of the amended complaint, Plaintiff continues his pattern of

25 filing vague and ambiguous pleadings. "If a pleading to which a responsive pleading

26 is permitted is so vague or ambiguous that a party cannot reasonably be required to

27 frame a responsive pleading, or if more particularity in the pleading will further the

28
Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 13.
Z:\IPClient\Ascentive LLC v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

72

1    <u>economical disposition of the case,</u> the party receiving the pleading may move for a

2    more definite statement before serving a responsible pleading." CR 12(e) (emphasis

3    added). Although notice pleading requires only that the complaint contain a short and

4    plain statement showing that the plaintiff is entitled to relief (CR 8(a); FRCP 8(a)),

5    this does not dispense with the necessity, as occasion may require, for a statement of

6    certain details which would enable the defendant more readily to prepare and file a

7    responsive pleading. Fed. Proc. §62:421 (2006). In fact, unless facts are "simply and

8    concisely stated in lucid fashion, and support [plaintiff's] conclusion" the action <u>fails.</u>

9    *Washburn, et al. v. Moorman Mfg. Co.*, 25 F.Supp. 546,(S.D. Cal. 1938).

10    <u>Nowhere</u> in the amended complaint does Plaintiff simply and concisely state

11    in lucid fashion the facts supporting the number of emails alleged to have been sent

12    by Defendants to Plaintiff or his belief that Defendants are responsible for sending the

13    alleged emails to Plaintiff. Plaintiffs amended complaint is intentionally replete with

14    vague and ambiguous allegations.    To date, as a result of Plaintiff's improper

15    pleading, over one (1) year into the action and over forty (40) docket entries later,

16    Defendants are no closer to being able to identify and defend the specific allegations

17    being lodged against them. As a result, Plaintiff's action should fail under the Court's

18    analysis in *Washburn.* However, if the Court does not dismiss the action, Plaintiff

19    should be required to provide a more definite statement.

20    In order to interpose a responsive pleading and to further the economical

21    disposition of the case, if necessary following this motion to dismiss, Defendants

22    require, at a minimum, the following additional details: the number of emails alleged

23    to have been sent in violation of each separate and distinct provision of CEMA and

24    CPA, CAN-SPAM and RCW §19.170, *et seq.*; the manner in which each email is

25    alleged to have violated any subsection of the aforementioned statutes (e.g., deceptive

26    subject line, etc.); to what specific email addresses each email is alleged to have been

27    sent; which claims are being asserted against the individuals and which claims are

28    Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 14.
Z : \ I P C l i e n t \ A s c e n t i v e    L L C    v .
Gordon\Pleadings\MotionDismissFirstAmendmentcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO  Support  Mtn  Dismiss  First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

73

1  being asserted against the corporate defendant; which claims are being asserted by

2  Plaintiff as an (alleged) interactive computer service, and which claims are being

3  asserted by Plaintiff as a recipient of an allegedly violative email.

4      In sum, if Plaintiff's action is not dismissed, Plaintiff should be required to state

5  for <u>each and every email</u>: 1) the email address to which it was sent; 2) the date on

6  which it was sent; 3) the specific ways in which the email is alleged to violate any

7  provision of any statute and the factual basis or bases for such a conclusion; and 4) the

8  factual basis upon which Plaintiff bases his conclusion that the email was sent or

9  initiated by or on behalf of a particular Defendant.

10                          **IV. CONCLUSION**

11      In light of the foregoing arguments, Plaintiff's amended complaint should be

12  dismissed in its entirety or, at a minimum, Plaintiff should be required to provide a

13  more definite statement pursuant to FRCP 12(e). Defendants respectfully request that

14  the Court: 1) dismiss Plaintiff's First Amended Complaint with prejudice, and award

15  Defendants their costs and fees incurred in responding to Plaintiff's First Amended

16  Complaint; or 2) grant Defendants' motion for a more definite statement, and award

17  Defendants their costs and fees incurred in responding to Plaintiff's First Amended

18  Complaint.

19      DATED this 3rd day of October, 2006.

20          LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

21

22          s/ Floyd E. Ivey
            By s/ FLOYD E. IVEY
23          FLOYD E. IVEY, WSBA #6888
            Counsel for Defendant
24          1141 N. Edison, Suite C
            Kennewick, WA 99336

25      I hereby certify that on October 3, 2006, I electronically filed **Defendants'**
    **Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's First**
26  **Amended Complaint** with the Clerk of the Court using the CM/ECF System which
    will send notification of such filing to Robert J. Siegel.
27

28
    Defendants' Memorandum in Support of Motion to              LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
    Dismiss Plaintiff's First Amended Complaint - 15.                        Attorneys at Law
    Z : \ I P C l i e n t \ A s c e n t i v e   L L C   v .                    P.O. Box 6125
    Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi      Kennewick, Washington 99336-0125
    rstAmended060518\MotionDismissFAC.MEMO  Support  Mtn  Dismiss  First              (509) 735-3581
    Amended Complaint 061003.wpd

1    S/ FLOYD E. IVEY
2    FLOYD E. IVEY

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Memorandum in Support of Motion to
Dismiss Plaintiff's First Amended Complaint - 16.
Z:\IPClient\Ascentive LLC v.
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.MEMO Support Mtn Dismiss First
Amended Complaint 061003.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Floyd E. Ivey
Liebler, Ivey, Connor, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Telephone (509) 735-3581
Fax (509) 735-3585
Attorneys for Defendant

Mr. Robert J. Siegel
1325 4th Ave Ste 940
Seattle, WA 98101-2509
Telephone (206) 624-9392
Fax (206) 624-0717
Attorney for Plaintiff

Hon. Fred Van Sickle

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON, JR., a married,
individual, d/b/a
'GORDONWORKS.COM',

                        Plaintiffs

vs.

ASCENTIVE, LLC, a Delaware limited
liability company; ADAM SCHRAN,
individually and as part of his marital
community; JOHN DOES I-X,

                        Defendant

NO.  CV-05-5079-FVS

DECLARATION OF
FLOYD E. IVEY IN
SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
PLAINTIFFS' FIRST
AMENDED COMPLAINT

WITHOUT ORAL
ARGUMENT
Noted for Hearing
November

Floyd E. Ivey, being counsel for Defendants herein and co-counsel in the

Eastern District matter of Gordon v. Impulse, CV-04-5125-FVS, declares as

follows:

1. With the exception of the matters alleged below as being based upon

Declaration of Floyd E. Ivey in support of Defendant's Motion to
Dismiss Plaintiffs First Amended Complaint - 1.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

76

1  information and belief, I am fully and personally familiar with the facts

2  and circumstances set forth herein. The Exhibits attached hereto as A, B and C,

3  are identical to those annexed to Defendant's Motion to Dismiss Plaintiff's First

4  Amended Complaint in the matter of Gordon v. Impulse.

5  2. Ths action was commenced by the filing of a summons and complaint

6  on July 20, 2005 against Ascentive LLC (the "Original Complaint").

7  3. The Original Complaint was vague in alleging that Ascentive had violated "at

8  least one" provision of RCW 19.190, *et seq.* (collectively referred to as "CEMA").

9  4. Plaintiff filed this First Amended Complaint on April 13, 2006.

10  5. Discovery in this matter has been referred to Discovery Master Harold Clarke.

11  Defendant Ascentive's Motion to Compel is noted before the Honorable Clarke on

12  October 17, 2006.

13  6. Despite ths Court's Order directly prohibiting Plaintiff from adding new

14  plaintiffs and in disregard of Fed. R. Civ. P. 15, Plaintiff amended

15  the caption to add "d/b/a Gordonworks.com" as a plaintiff. Plaintiff never sought

16  leave of the Court to add the alleged d/b/a Gordonworks.com as a plaintiff.

17  Further,upon information and belief, such d/b/a is not properly registered as a

18  trade name with the State of Washington Department of Licensing.

19  7. Both the Original Complaint and First Amended Complaint fail to specify

20  either a time frame during which such violations are alleged to have occurred, or

21  the number or emails alleged to have been sent by Defendants in violation of

22  CEMA, RCW 19.86, e t seq. (collectively referred to as "CPA"), 15 U.S.C. 7701,

23  et seq. (collectively referred to as "CAN-SPAM") and/or RCW 19.170, et seq.

24  (collectively referred to as the "Prize Statute").

25  8. Plaintiff has not, in pleadings or in discovery, to identify how Defendants

26  allegedly violated CEMA, CPA, CAN-SPAM and/or the Prize Statute.

27  9. Plaintiffs averments in his action contradict those made by Plaintiff in

28

Declaration of Floyd E. Ivey in support of Defendant's Motion to
Dismiss Plaintiffs First Amended Complaint - 2.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    other actions. Specifically, although Plaintiff claims in his action to own the

2    server, in a separate action against Virtumundo, Inc. Plaintiff stated that the server

3    on which the domain name Gordonworks.com resides is owned by third-party

4    Omni Innovations, LLC. However, upon information and belief, Gordonworks

5    .com is hosted by Webmasters.com on a server located in Tampa, Florida.  In

6    addition, the internet domain server ns.gordonworks.com has been assigned

7    Internet Protocol ("IP") address 68.178.150.119 by the domain name registrar Go

8    Daddy Software, Inc. This IP address is, upon information and belief, situated in

9    Scottsdale, Arizona. Attached hereto as Exhibit A is the DNS Lookup information

10    related to the domain name, server and IP address.

11    10.  James S. Gordon, Jr. is a professional plaintiff, whose tendency to

12    exaggerate has already been noted by Judge Coughenour of the Western District of

13    Washington.  Attached hereto as Exhibit B is a copy of Judge Coughenour's

14    decision in Gordon v. Virtumundo, Inc., Case No. CV06-0204JCC.

15    11.  Plaintiff admitted on his website that he has "developed a system that

16    shifts the 'financial' burden from [himself] back to those who choose to send [him]

17    spam. Attached hereto as Exhibit C is a print out of Plaintiffs website from March

18    2004 obtained from Internet Archive's Wayback Machine, as well as information

19    about the Wayback Machine.

20    12.  Plaintiffs scheme is further evidenced by the fact that, upon information

21    and belief, he has filed no fewer than eleven (11) lawsuits, not including the

22    present action, against email marketers since 2004.

23        The foregoing is true and correct to the best of my knowledge.  Signed in

24    Kennewick, Washington this 3rd day of October, 2006.

25

26                                S/FLOYD E. IVEY
                                 FLOYD E. IVEY, WSBA 6888
27                                Attorneys for Defendants

28

Declaration of Floyd E. Ivey in support of Defendant's Motion to
Dismiss Plaintiffs First Amended Complaint - 3.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

78

1

2          I hereby certify that on October 3, 2006, I electronically filed **Declaration
of Floyd E. Ivey in support of Defendants' Motion to Dismiss  Plaintiff's First**
3      **Amended Complaint** with the Clerk of the Court using the CM/ECF System
which will send notification of such filing to Robert J. Siegel.

4                       S/ FLOYD E. IVEY

5                       FLOYD E. IVEY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Floyd E. Ivey in support of Defendant's Motion to
Dismiss Plaintiffs First Amended Complaint - 4.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

# Exhibit A

MOYNIHAN DECL. - 5

80

# DNS Lookup: www.gordonworks.com ALL record

Generated by www.DNSstuff.com at 19:52:02 GMT on 30 Aug 2006.

**Pair 1 Hosting Plans**
High performance hosting plans from $269.
Request a quote online
www.dedicatedhosting.com

**Nibblers**
Trumpf power tools New Tools and
Replacement parts
www.emaxaction.com

**Free DNS Service**
Flexible DNS service for every domain - .com,
.net, .org, and more
www.pairNIC.com

How I am searching:
Searching for www.gordonworks.com ALL record at h.root-servers.net [128.63.2.53]: Got referral to j.gtld-serve
Searching for www.gordonworks.com ALL record at j.gtld-servers.net. [192.48.79.30]: Got referral to ns2.gordo
Searching for www.gordonworks.com ALL record at ns2.gordonworks.com. [68.178.150.119]: Got CNAME of gordonwor
Searching for gordonworks.com ALL record at a.root-servers.net [198.41.0.4]: Got referral to D.GTLD-SERVERS.NE
Searching for gordonworks.com ALL record at D.GTLD-SERVERS.NET. [192.31.80.30]: Got referral to ns1.gordonwor
Searching for gordonworks.com ALL record at ns1.gordonworks.com. [68.178.150.119]: Reports mail.gordonworks.co

Answer:

| Domain | Type | Class | TTL | Answer |
|---|---|---|---|---|
| gordonworks.com. | MX | IN | 86400 | mail.gordonworks.com. [Preference = 10] |
| gordonworks.com. | SOA | IN | 86400 | Primary DNS server: ns.gordonworks.com. |
| | | | | Responsible Name:    root@gordonworks.com. |
| | | | | Serial:              1117646086 |
| | | | | Refresh:             10800  (3h) |
| | | | | Retry:               3600   (1h) |
| | | | | Expire:              604800 (1w) |
| | | | | Minimum/NegTTL:      86400  (1d) |
| gordonworks.com. | NS | IN | 86400 | ns.gordonworks.com. |
| gordonworks.com. | A | IN | 86400 | 68.178.150.119 |
| mail.gordonworks.com. | A | IN | 86400 | 68.178.150.119 |
| ns.gordonworks.com. | A | IN | 86400 | 68.178.150.119 |

NOTE: One or more CNAMEs were encountered.  www.gordonworks.com is really gordonworks.com.

There is no need to *refresh* the page -- to see the DNS traversal, to make sure that all DNS servers are report
the same results, you can Click Here.

Note that these results are obtained in real-time, meaning that these are not cached results.
These results are what DNS resolvers all over the world will see right now (unless they have cached informatio

**Note about ANY/ALL lookups:**  The ANY/ALL record type is designed to show every DNS record for a hostname.
We display all DNS records that are returned to us.  There are two catches to ANY/ALL lookups, however.  The
first is that it only returns DNS records for the hostname that you enter, so if you enter 'example.com' you
will see the A record for example.com and MX record for example.com, but you will not see the A record for
www.example.com (this isn't possible without a zone transfer, which normally requires special permission).
The other catch is that some DNS servers are unfortunately set up to 'lie', *and* not return all the DNS record
for a hostname.  This behavior is the same no matter what you use to do the DNS lookup.

(C) Copyright 2000-2006 DNSstuff.com

MOYNIHAN DECL. - 6

81

# WHOIS results for 68.178.150.119

Generated by www.DNSstuff.com

Location: United States [City: Scottsdale, Arizona]

NOTE: More information appears to be available at NOC124-ARIN.

Using 0 day old cached answer (or, you can get fresh results).
Displaying E-mail address (use sparingly -- this will make it more likely that you will trigger our rate limiting system).

```
OrgName:      Go Daddy Software, Inc.
OrgID:        GDS-31
Address:      14455 N Hayden Road
Address:      Suite 226
City:         Scottsdale
StateProv:    AZ
PostalCode:   85260
Country:      US

NetRange:     68.178.128.0 - 68.178.255.255
CIDR:         68.178.128.0/17
NetName:      GO-DADDY-SOFTWARE-INC
NetHandle:    NET-68-178-128-0-1
Parent:       NET-68-0-0-0-0
NetType:      Direct Allocation
NameServer:   CNS1.SECURESERVER.NET
NameServer:   CNS2.SECURESERVER.NET
Comment:
RegDate:      2005-04-12
Updated:      2005-11-11

RAbuseHandle: ABUSE51-ARIN
RAbuseName:   Abuse Department
RAbusePhone:  +1-480-624-2505
RAbuseEmail:  abuse@godaddy.com

RNOCHandle:   NOC124-ARIN
RNOCName:     Network Operations Center
RNOCPhone:    +1-480-505-8809
RNOCEmail:    noc@godaddy.com

OrgAbuseHandle: ABUSE51-ARIN
OrgAbuseName:   Abuse Department
OrgAbusePhone:  +1-480-624-2505
OrgAbuseEmail:  abuse@godaddy.com

OrgNOCHandle: NOC124-ARIN
OrgNOCName:   Network Operations Center
OrgNOCPhone:  +1-480-505-8809
OrgNOCEmail:  noc@godaddy.com

OrgTechHandle: NOC124-ARIN
OrgTechName:   Network Operations Center
OrgTechPhone:  +1-480-505-8809
OrgTechEmail:  noc@godaddy.com

# ARIN WHOIS database, last updated 2006-08-29 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
```

When the server was last reloaded, we had 294380 IP addresses banned. We encourage you to view these pages in a browser or widget/extension.
You are not allowed to use automated programs to access this information, or you may be fined.

(C) Copyright 2000-2004 DNSstuff.com

MOYNIHAN DECL - 7

1 of 1

8/30/2006 3:52 PM

82

# City From IP

Generated by www.DNSstuff.com

**Buy Blue Coat Appliances**
Complete selection of Blue Coat Proxy & Anti-Spyware Appliances
www.EdgeBlue.com

**Proxy Server**
Half the global 500 uses HP Integrity servers—See why
www.Itanium-Integrity.com

```
IP:               68.178.150.119
Country:          United States
City:             Scottsdale, Arizona

Country Code:     US
Currency:         USD [United States Dollars]
Private IP?       No
Known Proxy?      No
```

Want to know more about geolocation? Check out our geolocation FAQ, or you can buy the geolocation database we use (for city, region, and country) from IP2Location.

Look up another IP: [          ]    [ Find City ]

When the server was last reloaded, we had 294080 IP addresses banned. We encourage you to view these pages in a browser or widget/extension.
You are not allowed to use automated programs to access this information, or you may be fined.

(C) Copyright 2000-2006 DNSstuff.com

MOYNIHAN DECL - 8

8/30/2006 3:53 PM

83

Search the whois database.    https://who.godaddy.com/whois.aspx?domain=gordonworks.com&p...





| Domains | Hosting & Servers | Email | Site Builders | Business | SSL Certificates | Domain Auctions | Reseller Plans |

Free African American Art
Free Educational Series About African
American Artists. Act Now!
Ontheweb-offer.com

Two Free Poker Books
Get Phil Gordon's Little Green Book or your
choice of any 2 poker books
ThePokerDeal.com

Au P'tit Bonheur
Galerie d'art Art gallery
www.auptitbonheur.com

GORDONWORKS.COM

The data contained in GoDaddy.com, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior
written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:
James S. Gordon, Jr.
9804 Buckingham Drive
Pasco, Washington 99301
United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: GORDONWORKS.COM
Created on: 18-May-98
Expires on: 18-May-07
Last Updated on: 01-Oct-05

Administrative Contact:
Gordon, Jim jim@gordonworks.com
1419 Jadwin Avenue
Richland, Washington 99352
United States
5092101069

Technical Contact:
Support, Technical support@webmasters.com
Webmasters.com
4465 W. Gandy Blvd., Suite 80
Tampa, Florida 33611
United States
8775655555

Domain servers in listed order:
NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

Registry Status: REGISTRAR-LOCK

Search again
Enter a domain name:
_____ .com    SEARCH

More About Domains
■ Compare our prices
■ Why our prices are so low
■ Transfer your domain to
  GoDaddy.com for just $6.95! Includes
  a 1-year extension.
■ Find out what this domain is worth

Available TLDs

| □ GORDONWORKS.NET | $8.99/yr |
| □ GORDONWORKS.ORG | $8.99/yr |
| □ GORDONWORKS.INFO | $5.99/yr SAVE! |
| □ GORDONWORKS.BIZ | $6.99/yr SAVE! |
| □ GORDONWORKS.US | $5.99/yr SAVE! |
| □ GORDONWORKS.NAME | $9.99/yr |
| □ GORDONWORKS.TV | $34.99/yr |
| □ GORDONWORKS.CC | $19.99/yr |

You might also consider:

| □ GORDONWORKSONLINE.COM | $8.95/yr |
| □ ONLINEGORDONWORKS.COM | $8.95/yr |
| □ GORDONWORKSHOME.NET | $8.99/yr |
| □ HOMEGORDONWORKS.NET | $8.99/yr |
| □ GORDONWORKSSITE.ORG | $8.99/yr |
| □ SITEGORDONWORKS.ORG | $8.99/yr |
| □ GORDONWORKSWEB.INFO | $5.99/yr SAVE! |
| □ WEBGORDONWORKS.INFO | $5.99/yr SAVE! |
| □ GORDONWORKSLIVE.BIZ | $6.99/yr SAVE! |
| □ LIVEGORDONWORKS.BIZ | $6.99/yr SAVE! |

REGISTER NOW!

MOYNIHAN DECL. - 9

84

Search the whois database.     https://who.godaddy.com/whoisask.aspx?domain=gordonworks.com&p...

Registry Status: clientDeleteProhibited
Registry Status: clientRenewProhibited
Registry Status: clientTransferProhibited
Registry Status: clientUpdateProhibited

See Underlying Registry Data
Report Invalid Whois

24/7 Sales and Support: (480) 505-8877     Billing Questions? Call (480)505-8855     Free Email Updates! Enter address     GO

Home | Contact Us | Catalog | Cart | How to Pay | Legal | Report Spam | Jobs | Site index | Whois | Affiliates | Link to Us

REVIEW PLACE       

GoDaddy.com is the world's No. 1 ICANN-accredited domain name registrar for .COM, .NET, .ORG, .INFO,
.BIZ and .US domain extensions. Source: Name Intelligence, Inc. 2006

Copyright © 1999 - 2006 GoDaddy.com, Inc. All rights reserved.

85

# Exhibit B

MOYNIHAN DECL - 11

Westlaw.

Slip Copy                                                                    Page 1
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
   United States District Court,W.D. Washington.
James S. GORDON, Jr., a married individual, d/b/a
'Gordonworks.com'; Omni Innovations, LLC., a
Washington limited liability company, Plaintiffs,
                           v.
VIRTUMUNDO, INC., a Delaware corporation,
d/b/a Adnowledgemail.com; Adknowledge, Inc., a
Delaware corporation, d/b/a Aknowledgemail.com;
Scott Lynn, an individual; and John Does, 1-X,
                      Defendants.
                 No. CV06-0204JCC.

                    May 24, 2006.

Robert J. Siegel, Merkle, Siegel & Friedrichsen,
Seattle, WA, for Plaintiffs.
Derek Alan Newman, Newman & Newman, Seattle,
WA, for Defendants.

                      ORDER
COUGHENOUR, J.
*1 This matter has come before the Court on
Defendants' Motion to Dismiss for Lack of Personal
Jurisdiction under Rule 12(b)(2) (Dkt. No. 8),
Plaintiffs' Opposition thereto (Dkt. No. 11), and
Defendants' Reply (Dkt. No. 17). The Court has
considered the briefs, declarations, and exhibits
submitted by the parties and determined that oral
argument is not necessary. For the reasons that
follow, the Court DENIES Defendants' motion to
dismiss.

                 I. BACKGROUND

Plaintiffs James S. Gordon, Jr. ("Gordon") and Omni
Innovations, LLC ("Omni") have brought this action
for alleged violations of the Federal Can-Spam Act of
2003, 15 U.S.C. § § 7701-11, the Washington
Commercial Electronic Mail Act ("CEMA"), Wash.
Rev.Code 19.190.010-110, and the Washington
Consumer Protection Act. Gordon is a Washington
resident and registrant of the internet domain
gordonworks.com ("Gordonworks"). Gordonworks is
an interactive computer service and internet access
service that, among other functions, provides e-mail
accounts to individuals. (Am.Compl.(Dkt. No. 15) ¶
3.4.) The internet domain server on which the

Gordonworks domain resides is owned by Omni. [FN1]

      FN1. Unless otherwise indicated, this
      Order's references to "Plaintiffs" includes
      both Gordon and Omni.

Defendants Virtumundo, Inc. ("Virtumundo") and
Adknowledge, Inc. ("Adknowledge") are non-
Washington-resident businesses that provide online
marketing services to third-party clients. Virtumundo
is a Delaware corporation with its principal place of
business in Kansas. Adknowledge is also a Delaware
corporation with its principal place of business in
Missouri. Virtumundo and Adknowledge are separate
corporate entities and currently have no relationship
with one another. [FN2] Virtumundo and Adknowledge
market products for their clients by transmitting e-
mails to interested consumers. Their services are
permission-based-meaning that consumers must
voluntarily provide their contact information to the
companies and must also specify the subject matter
of the ads that they are interested in receiving. In the
past two years, Virtumundo has derived a portion of
revenue from business activities conducted in
Washington. Defendant Scott Lynn ("Lynn") is a
Missouri citizen and serves as Chief Executive
Officer of Defendant Adknowledge. He is also the
sole shareholder of both companies. [FN3]

      FN2. Defendants specifically state that
      "Adknowledge, Inc. and Virtumundo, Inc.
      are two separate corporate entities and
      currently have no relationship to each
      other." (Defs.' Mot., Brandt Decl. ¶   7
      (emphasis added).) Defendants do not
      address whether the two entities formerly
      had a relationship to one another. Plaintiffs'
      allegations are that some relationship did
      exist between the two.

      FN3. Unless otherwise indicated, this
      Order's references to "Defendants" includes
      Acknowledge, Virtumundo, and Lynn.

Plaintiff Gordon alleges that between August 21,
2003, and February 15, 2006, he received
approximately 6000 misleading, unsolicited e-mail
ads from Defendants that were transmitted through
Omni's domain server to his e-mail address
"james@gordonworks.com," [FN4] as well as to other

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

87

Slip Copy                                                                                        Page 2
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

individuals using Gordonworks for domain hosting. (Pls.' Opp'n, Gordon Decl. ¶ 10; Am. Compl. ¶ 3.7.) Gordon alleges that he has sent approximately 200 direct e-mail requests to various Virtumundo e-mail addresses to cease transmission of all e-mails, but that the e-mails nevertheless persisted, even after the filing of the present action.[FN5] These e-mails allegedly were sent to various addresses under the Virtumundo domain name.[FN6]

> FN4. The record is not clear as to precisely how these e-mails were procured. While Plaintiff Gordon alleges that he had no prior business relationship with either Virtumundo or Adknowledge, he also states that he was "tricked" into subscribing to various prize websites.

> FN5. Defendants point out, and the Court has noted, Plaintiffs' tendency to exaggerate claims in its briefing. (E.g., compare Pls.' Opp'n 3 (claiming to have sent "literally thousands" of cease-and-desist e-mails), with Pls.' Opp'n, Gordon Decl. ¶ 7 (claiming to have sent 200 cease-and-desist e-mails).) While these exaggerations and inconsistencies are not fatal to Plaintiffs' efforts to defeat the instant motion, the Court is concerned with Plaintiffs' imprecision in their representations to the Court. Plaintiffs' Counsel is instructed to ensure that future filings comply with the dictates of Federal Rule of Civil Procedure 11(b).

> FN6. The addresses were abuse@virtumundo.com, legal@virtumundo.com, postmaster@virtumundo.com, and webmaster@virtumundo.com. Defendants deny ever having received these e-mails. Plaintiff Gordon alleges, however, that the e-mails never "bounced" back to him, suggesting that Defendant Virtumundo did receive these e-mails.

## II. ANALYSIS

### A. Applicable Legal Standards

\*2 When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff must only make a prima facie showing of

jurisdictional facts to withstand the motion to dismiss. *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1168 (9th Cir.2005). Under this standard, the plaintiff must provide evidence that, if believed, would support jurisdiction over the defendant. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003). Unless directly controverted, a plaintiff's version of the facts is to be taken as true. *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir.2001). Conflicts between the facts contained in the parties' affidavits, as well as all reasonable inferences, must be resolved in the plaintiff's favor. *Id.*

In order for a court to exercise jurisdiction over nonresident defendants, jurisdiction must be conferred by an applicable rule or statute. *Sec. Investor Prot. Corp. v. Vigman,* 764 F.2d 1309, 1313-14 (9th Cir.1985). Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Fed. R. Civ. P. 4(k)(1)(A); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003). In addition, an assertion of jurisdiction must accord with constitutional principles of due process. *Id.* Federal due process requires that a nonresident defendant have minimum contacts with the forum state of such a nature that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state, or (2) there is a strong relationship between the defendant's forum contacts and the cause of action. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 839 (9th Cir.1986). The former is known as "general" jurisdiction and the latter as "specific" jurisdiction. *See Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995).

### B. General Jurisdiction

A court may constitutionally assert general jurisdiction over a nonresident defendant only when the defendant's contacts with the forum state are so substantial and of such a nature as to justify suit in the forum state, even if the cause of action before the court arises from dealings entirely distinct from those activities. *Int'l Shoe Co.,* 326 U.S. at 318. Plaintiffs have not opposed Defendants' general jurisdiction

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                      Page 3
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

argument. Accordingly, this Court will only address the issue of specific personal jurisdiction.

## C. Specific Jurisdiction

This Court may only exercise specific jurisdiction over a nonresident defendant if jurisdiction is proper under Washington's long-arm statute and comports with federal due process principles. Washington's long-arm statute, Revised Code of Washington section 4.28.185, permits the assertion of personal jurisdiction to the extent permitted by due process, except where limited by the terms of the statute. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir.1995) (citing Deutsch v. W. Coast Mach., 80 Wash.2d 707, 497 P.2d 1311, 1314 (Wash.1972)). Accordingly, "the statutory and constitutional standards merge into a single due process test." Shute v. Carnival Cruise Lines, 897 F.2d 377, 380 (9th Cir.1990), rev'd on other grounds, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The Ninth Circuit has held that in order to establish specific jurisdiction, a plaintiff must demonstrate that (1) the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction would be reasonable. Omeluk, 52 F.3d at 270.

### 1. Purposeful Availment

*3  The purposeful availment requirement ensures that Defendants will not be "haled into a jurisdiction through random, fortuitous, or attenuated contacts." Ziegler, 64 F.3d at 473 (internal quotation omitted). In cases involving the assertion of personal jurisdiction primarily on the basis of internet activity, the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity over the internet. Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir.1997). In addition, in tort cases, personal jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state. Ziegler, 64 F.3d at 473.

At the outset, the Court notes that it is the nonresident defendant's contacts with the forum state that are relevant for purposes of a personal jurisdiction analysis. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207

(9th Cir.2006) ("In any personal jurisdiction case we must evaluate all of a defendant's contacts with the forum state ....") (emphasis added). Merely demonstrating that a nonresident defendant has limited-or no-contacts with a particular plaintiff does not dispose of the personal jurisdiction inquiry. Having clarified that it is Defendants' contacts with the state of Washington, and not merely contacts with Plaintiffs, that are significant, the Court finds that Plaintiffs have made a prima facie showing that Defendants' internet activity amounts to purposeful availment in Washington, as follows.

Plaintiffs have alleged that each defendant "aided, abetted, assisted, and conspired with the acts of each other defendant" (Am.Compl.¶¶ 1.6, 3.7), which has caused Plaintiffs to receive thousands of unsolicited e-mails through the Gordonworks domain. Defendants have attempted to attack the credibility of Plaintiffs' evidence, but otherwise have not directly controverted the allegations that they are sending mass unsolicited e-mails to Washington citizens. Rather, both Virtumundo and Acknowledge have directed-and continue to direct-marketing e-mails to Washington residents and are thus purposefully availing themselves of the forum state in a "knowing and repeated" manner through commercial transmissions over the internet. See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997) ("If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.").

Defendants' authority to the contrary is not on point. Defendants rely heavily on the recent Ninth Circuit opinion Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, in arguing that e-mail, like an internet website, is of a "passive nature" and can be accessed from locations outside of Washington. While both an internet website and e-mail may transmit information in analogous manners, the nature of the alleged unlawful conduct at issue here renders the comparison to Cybersell inappropriate because Defendants are alleged to have sent thousands of unsolicited e-mails to Plaintiff Gordon and other Washington residents. In contrast, Cybersell did not involve e-mail spammers. Defendants also cite a number of cases holding that contacts through e-mail, telephone, and fax are insufficient in and of themselves to constitute sufficient minimum contacts for the assertion of personal jurisdiction. (Defs.' Mot. 7, .10-12.) Several of these cases involve mere correspondence by e-mail, rather than e-mail of a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

89

Slip Copy                                                                Page 4
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

commercial nature, as alleged here. Such cases are thus inapposite to Defendants' arguments. Furthermore, even in those cases involving the transmission of commercial e-mails, the issue before the court was whether a *single* commercial e-mail, rather than thousands of commercial e-mails, constituted a sufficient contact for the assertion of personal jurisdiction.

*4 Not only have Defendants reached into Washington by sending mass e-mails, both Virtumundo and Adknowledge acknowledge that they have generated revenue from business activity conducted in Washington.[FN7] Such revenue-generation from Washington further supports the conclusion that Defendants are " 'purposefully deriv[ing] benefit' from their interstate activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Kulko v. California Superior Court*, 436 U.S. 84, 96, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)); *see also Easter v. Am. W. Fin.*, 381 F.3d 948, 961 n. 7 (9th Cir.2004) (noting the significance of deriving income from the forum state in the purposeful availment analysis).

> FN7. Virtumundo has admitted that in 2004, 0.04% of its revenue was generated from Washington, and that in 2005, it derived 0.16% of its revenue from Washington. (Defs.' Mot., Brandt Decl. ¶ 22.) Adknowledge does not provide specific figures and only states that it "does not generate any substantial percentage of its revenues from consumers" in Washington. (*Id.*, Geroe Decl. ¶ 11.) While Adknowledge may not, in its opinion, derive "substantial" revenue from Washington consumers, its statement necessarily implies that it does derive some amount of revenue from e-mail activity directed at Washington.

Defendants' attempts to distance themselves from Washington are insufficient to defeat Plaintiffs' prima facie showing of jurisdiction. Adknowledge, for example, argues that it goes to lengths to remove consumers who self-report a Washington address from its e-mail lists in the hopes of minimizing contacts with Washington. (Defs.' Mot., Geroe Decl. ¶ ¶ 12-16.) These efforts reportedly began in 2004. However, Gordon has alleged that he already had begun receiving unsolicited e-mails as early as August 2003. Adknowledge's efforts to remove Washington e-mail addresses in 2004 has no bearing on its alleged contacts prior to that date, and

Adknowledge offers no evidence suggesting that it was not knowingly sending e-mails to Washington residents before these changes were implemented. Further, while the evidence and briefing with respect to Adknowledge's actual business activity is not as developed as that regarding Virtumundo,[FN8] Plaintiffs have specifically alleged Adknowledge's participation in the allegedly unlawful conduct. (*See* Am. Compl. ¶ 3.7.) Significantly, Defendants have not directly controverted these allegations, and, in fact, have acknowledged that both Virtumundo *and* Adknowledge have generated revenue from Washington. The Court is satisfied that Plaintiffs have sufficiently demonstrated that Adknowledge and Virtumundo purposefully availed themselves of the Washington forum.

> FN8. As the Court noted *supra* note 2, Defendants have only alleged that Virtumundo and Adknowledge are separate corporate entities that *currently* have no relationship to each other, but Defendants have remained silent as to whether a business relationship existed in the past. In light of Plaintiffs' allegations that Defendants took concerted steps to send unsolicited e-mail to Plaintiff Gordon and other Washington residents in as early as August 2003, the fact that Virtumundo and Adknowledge have no current business relationship merely begs the question as to the existence of a prior relationship, particularly during any portion of the time period at issue in this lawsuit.

Defendants' arguments that Plaintiffs have failed to provide specific evidence with respect to Defendant Lynn are also unpersuasive. "There is no bar to exercising personal jurisdiction over officers and employees of a non-resident corporation if they ha[ve] the requisite minimum contacts." *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). Plaintiffs have alleged that Defendant Lynn is the Chief Executive Officer ("CEO") of Adknowledge and the sole shareholder of *both* entities. (Am.Compl.¶ 1.4.) Lynn is also alleged to have had knowledge of, directed, and authorized Virtumundo's and Adknowledge's allegedly illegal actions. (*Id.*) A corporate officer can be personally liable for torts which he authorizes or directs or in which he participates. *Coastal Abstract Serv., Inc., v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir.1999); *accord Johnson v. Harrigan-Peach Land Dev. Co.*, 79 Wash.2d 745, 489 P.2d 923

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MOYNIHAN DECL. - 15



Slip Copy                                                                                                    Page 5
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

(Wash.1971). Defendants have provided no evidence to the contrary, except to suggest that Defendant Lynn is the CEO only of Adknowledge. While Defendants are correct in arguing that each defendant's contacts with the forum state must be assessed individually, *Calder,* 465 U.S. at 790, Defendants have not provided any evidence from which the Court can conclude that Defendant Lynn has insufficient contacts with the forum state to support the assertion of jurisdiction over him as an individual in the present case, other than to make a conclusory argument that Plaintiffs have failed to make a prima facie showing of personal jurisdiction. Defendants have failed to directly controvert Plaintiffs' allegations supporting jurisdiction over Defendant Lynn. The foregoing applies to the John Doe Defendants as well.

*5 Finally, Defendants attempt to argue that they did not purposefully avail themselves of the privilege of doing business in Washington because neither Gordon's e-mail address, nor the e-mail addresses of other Washington residents receiving Defendants' marketing e-mails, include any information designating the location of the recipient. As a result, Defendants argue, such e-mail could not have been targeted at a particular geographic location. Several courts have considered and rejected similar arguments in the context of lawsuits involving bulk unsolicited e-mail. *See, e.g., Verizon Online Servs., Inc. v. Ralsky,* 203 F.Supp.2d 601 (E.D.Va.2002); *State v. Heckel,* 122 Wash.App. 60, 93 P.3d 189 (Wash.Ct.App.2004).* For example, in *Heckel,* the Washington State Attorney General brought suit against an individual for alleged violations of Washington's CEMA. After the trial court imposed a permanent injunction and a civil penalty on the defendant, he appealed the trial court's decision arguing, *inter alia,* that the State failed to prove that he knew that specific e-mail addresses were registered to Washington residents. The *Heckel* court rejected this argument, noting that the defendant's argument, if taken to its logical conclusion, would produce the impracticable result of shielding offenders from liability simply where they "had no specific knowledge about particular recipients." *Heckel,* 93 P.3d at 192-93.

Similarly, in *Ralsky,* Verizon Online Services brought suit against a group of defendants in Virginia for an alleged conspiracy to transmit millions of unsolicited bulk e-mail messages to Verizon's member database through Verizon's proprietary online network. In support of their argument that a court in Virginia could not constitutionally assert

personal jurisdiction, the defendants claimed that they did not know that their unsolicited bulk e-mail messages would harm servers located in Virginia, and therefore that they could not have purposefully availed themselves of the forum. The *Ralsky* court squarely rejected this argument, noting that such an argument "would allow spammers to send UBE with impunity, avoiding personal jurisdiction simply by alleging that they did not know the exact location of an ISP's e-mail servers." *Ralsky,* 203 F.Supp.2d at 620. In particular, the *Ralsky* court was unwilling to permit tortfeasors to "escape personal jurisdiction for deliberate acts by simply pleading ignorance of where the harm of [the] action would lie." *Id.* at 620 n. 13. To do so, the court reasoned, would be "fundamentally unfair." *Id.* at 622.

Like the defendants in *Heckel* and *Ralsky,* Defendants' attempts in the present case to sidestep jurisdiction by pleading ignorance are unpersuasive. Although Virtumundo's and Adknowledge's e-mail lists might not plainly indicate to which states the e-mails are being sent, both Virtumundo and Adknowledge admit that they are aware of certain portions of their revenue coming from Washington. Further, Adknowledge's attempts to *reduce* the number of e-mails sent to Washington starting in 2004 clearly shows known e-mail contact with Washington both before and after those measures were implemented. Additionally, Defendants have, at all times, had access to the Washington Association of Internet Service Providers registry of e-mail addresses, which Washington courts have recognized as a valid means for ascertaining whether a particular e-mail address is owned by a Washington resident. *See Heckel,* 93 P.3d at 69-70.

*6 For the foregoing reasons, the Court finds that Defendants have "purposefully availed" themselves of this Washington forum.

2. "Arises Out Of"

The Court must next determine whether the claims made against Defendants arise out of their Washington-related activities. In making this determination, the Court considers whether Plaintiffs' claims would have arisen "but for" Defendants' contacts with Washington. *Harris Rutsky,* 328 F.3d at 1131-32. As noted *supra,* Defendants have not directly controverted Plaintiffs' allegations that Plaintiff Gordon received from Defendants thousands of unsolicited e-mails sent to him in Washington. But for Defendants' conduct, Plaintiffs' alleged injury

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 6
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

would not have occurred. The Court finds that Plaintiffs' claims arise out of Defendants' Washington-related activities.

### 3. Reasonableness

"Once it has been established that a defendant purposefully established minimum contacts with a forum ...' he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." ' *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir.2002). Assessing the reasonableness of asserting jurisdiction prevents the use of jurisdictional rules "in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage in comparison to his opponent." ' *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir.1993) (citing *Burger King*, 471 U.S. at 478)). The Court examines seven factors to determine whether the exercise of jurisdiction is reasonable:
(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 1487-88. No factor is dispositive in itself; the Court must balance all seven. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir.1991).

Defendants argue that the exercise of jurisdiction would be unreasonable on three grounds. First, Defendants argue that jurisdiction would not be reasonable in the present case because they have not purposefully interjected themselves into Washington state affairs. However, Plaintiffs allege, and Defendants do not directly controvert, that Defendants have transmitted thousands of unsolicited e-mails to Plaintiff Gordon and other Washington residents. Furthermore, Defendants have knowingly engaged in acts aimed at Washington residents because they have admitted that they derive revenue from their business activity in Washington. Defendants have purposefully interjected themselves into Washington.

*7 Second, Defendants argue that the burden of

proceeding with this litigation in Washington is substantial. The Court disagrees. It is unsurprising that a nonresident defendant would prefer to litigate an action in the state in which its principal place of business is located. However, such a preference-coupled with the assertion of a lesser burden on Plaintiffs to litigate here (*see* Defs.' Mot. 14)-is insufficient to establish the existence of a substantial burden on Defendants if they must litigate in Washington. The fact that Defendants apparently will want to call witnesses for this action who currently reside in California, New York, and Texas (*see id.*) also fails to demonstrate a substantial burden of litigating in *Washington*, as this inconvenience would necessarily apply in any state in which this action ultimately proceeds. Finally, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir.2004). Notwithstanding the fact that most or all of Defendants' witnesses may reside out of state, Defendants have provided evidence of no other circumstances that would indicate that litigating an action in Washington will present a substantial burden or a deprivation of due process. *See Yahoo! Inc.*, 379 F.3d at 1136 ("[W]hile the defendant's burden in litigating in the forum is considered, it will not be deemed unreasonable unless it constitutes a deprivation of due process.") (citing *Core-Vent Corp.*, 11 F.3d at 1488).

Third, and finally, Defendants argue that the efficiency of the forum also weighs against a finding of reasonableness. Defendants largely re-present the same argument they have made regarding the substantial burden of litigating in Washington. However, as with Defendants' substantial burden argument, because Defendants still must secure their California, New York, and Texas witnesses to attend a trial in the alternative forums of either Kansas or Missouri, the added efficiency of litigating this action outside of Washington would be marginal, if not nonexistent.

Defendants do not address any of the remaining reasonableness factors. Even considering these factors, the majority weigh in favor of asserting personal jurisdiction. Litigating this action in Washington is, without question, highly convenient for Plaintiffs, because this is where they chose to initiate the lawsuit. Furthermore, nothing in the record indicates that litigation of this matter in Washington would create sovereignty conflicts with either Missouri or Kansas. Moreover, Washington

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MOYNIHAN DECL. - 17

92

Slip Copy                                                                    Page 7
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

has a substantial interest in adjudicating a dispute involving the sending of thousands of unsolicited e-mails to one (or many) of its residents in violation of Washington law. Accordingly, because a majority of the reasonableness factors favor the assertion of personal jurisdiction, the Court finds that Defendants have failed to present a compelling case that the exercise of personal jurisdiction would be unreasonable in the present case.

*8 Finally, it is apparent from the briefs that there exist a number of factual disputes in the present case that may prove dispositive later in the litigation. For example, the precise manner in which Plaintiff Gordon initially "opted-in" with Virtumundo or Adknowledge is disputed.[FN9] In addition, the parties dispute whether Gordon's attempt to put Defendants on notice that he did not wish to receive unsolicited e-mail was sufficient under the statutory language of the Federal Can-Spam Act. Although resolution of these factual disputes undoubtedly will have a significant impact on which parties ultimately succeed on the merits, the fact that such disputes exist has no bearing on the jurisdictional issue presently before the Court: whether Defendants have established sufficient contacts with Washington. Accordingly, for purposes of this Rule 12(b)(2) motion, the Court does not need to resolve these factual arguments.

> FN9. Gordon claims that he had no prior relationship with Defendants at the time he received the initial unsolicited e-mail (Pls.' Opp'n, Gordon Decl. ¶ 4), whereas Defendants claim that Plaintiff Gordon has misrepresented the fact that he did not opt-in with Virtumundo or Adknowledge.

III. CONCLUSION

For the reasons set forth in this Order, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

SO ORDERED.

W.D.Wash.,2006.
Gordon v. Virtumundo, Inc.
Slip Copy, 2006 WL 1495770 (W.D.Wash.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1501155 (Trial Motion, Memorandum and Affidavit) Reply in Support of Defendants'

Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Apr. 7, 2006) Original Image of this Document (PDF)
• 2006 WL 1501154 (Trial Pleading) ÝFirst Amended¨ Complaint for Damages Under the Can-Spam Act of 2003 Ý15 U.S.C. ¦7701, et seq.¨; Washington Consumer Protection Act (RCW 19.86); The Washington Commercial Electronic Mail Act (RCW 19.190); RCW 19.170 et seq., and Injunctive Relief (Apr. 3, 2006) Original Image of this Document (PDF)
• 2006 WL 1176845 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Mar. 16, 2006) Original Image of this Document (PDF)
• 2006 WL 1501153 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (2006) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MOYNIHAN DECL. - 18

93

# Exhibit C

MOYNIHAN DECL - 19

### About the Wayback Machine

Browse through 55 billion web pages archived from 1996 to a few months ago. To start surfing the Wayback, type in the web address of a site or page where you would like to start, and press enter. Then select from the archived dates available. The resulting pages point to other archived pages at as close a date as possible. Keyword searching is not currently supported.

http://archive.bibalex.org, the internet archive at the New Library of Alexandria, Egypt, mirrors the Wayback Machine. Try your search there when you have trouble connecting to the Wayback servers.

Wayback Machine Hardware

Web Collaborations with the Smithsonian and the Library of Congress

Terms, Privacy, Copyright

Contact Us

Frequent Asked Questions

### Contributors

Aaron Parkening
Aaron Stewart
Abagail Thorne-Lyman
Adam Tuttle
Adrian Scott
Adrian Blakey
Adrianne Hurndell
Alan Rath
Alan Wen
Alexis Rossi
Alicia Coryell
Alzbeta Smith
Amber Shipley
Amy Vecchione
Andy Jenks
Andy Jewell

### The Wayback Machine

**WayBackMachine** INTERNET ARCHIVE

http://                                    Take Me Back

Advanced Search

### Archive That!

Don't see your site in the Wayback Machine? Submit an URL for inclusion.
We will archive the site you have submitted and you will be able to view it in the wayback machine within 6 months.
Please note: sites that are database driven, generate dynamic web pages or have robots.txt exclusions can not be archived.

You must be a registered user to submit a site to Archive That. Please login or register as a new user.

### New Web Archive On Demand Service

Internet Archive announces the latest release of Archive-It 2.0, a subscription-based archiving service geared towards a broad range of institutions at a cost considerably lower than other archive platforms. Archive-It enables subscribers to capture, categorize, and preserve online material from their own institutions' as well as from the world wide web. Users are able to explore and acess these text-searchable collection, without needing additional technical expertise.

Current partners include the Library of Virginia, University of Toronto, Indiana University and North Carolina State Archives, alongside other respected academic and memory institutions.

New Archive-It features include enhancements to the user interface, improved access to collections, advanced search and reporting capabilities.

Contact the Archive-It team for more details about subscribing.



http://web.archive.org/web/*/http://WWW.GORDONW...COM



**Wayback Machine**

**Enter Web Address:** http://

Take Me Back      All      Adv. Search   Compare Archive Pages

Searched for http://WWW.GORDONWORKS.COM

122 Results

## Search Results for Jan 01, 1996 - Aug 30, 2006

Note some duplicates are not shown. See all
* denotes when site was updated.

| 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|---|---|---|---|---|
| 0 pages | 0 pages | 0 pages | 3 pages | 5 pages | 14 pages | 14 pages | 27 pages | 34 pages | 13 pages | 0 pages |
|  |  |  | May 08, 1999 * | Aug 15, 2000 * | Jan 12, 2001 | Feb 06, 2002 | Jan 25, 2003 * | Jan 09, 2004 | Feb 01, 2005 * |  |
|  |  |  | Oct 08, 1999 * | Sep 01, 2000 * | Feb 02, 2001 | May 28, 2002 * | Jan 31, 2003 | Jan 14, 2004 | Feb 04, 2005 |  |
|  |  |  | Nov 04, 1999 * | Nov 09, 2000 * | Feb 03, 2001 | Jun 02, 2002 | Feb 03, 2003 | Jan 26, 2004 | Feb 07, 2005 |  |
|  |  |  |  | Nov 21, 2000 | Feb 04, 2001 | Jun 05, 2002 | Feb 05, 2003 | Feb 03, 2004 | Feb 09, 2005 |  |
|  |  |  |  | Dec 05, 2000 * | Mar 01, 2001 * | Jul 26, 2002 | Feb 12, 2003 | Mar 22, 2004 * | Feb 11, 2005 |  |
|  |  |  |  |  | Mar 02, 2001 | Aug 02, 2002 | Feb 16, 2003 | Mar 27, 2004 * | Feb 12, 2005 |  |
|  |  |  |  |  | Apr 01, 2001 * | Aug 04, 2002 | Feb 22, 2003 | Apr 03, 2004 | Mar 04, 2005 * |  |
|  |  |  |  |  | Apr 05, 2001 | Sep 15, 2002 | Apr 02, 2003 | Apr 14, 2004 | Mar 05, 2005 |  |
|  |  |  |  |  | Apr 10, 2001 | Sep 22, 2002 | Apr 06, 2003 | Apr 15, 2004 | Mar 07, 2005 * |  |
|  |  |  |  |  | Apr 19, 2001 | Sep 24, 2002 | Apr 24, 2003 | May 08, 2004 * | Mar 10, 2005 * |  |
|  |  |  |  |  | May 15, 2001 | Sep 29, 2002 | Apr 24, 2003 | May 09, 2004 | Mar 26, 2005 |  |
|  |  |  |  |  | Sep 26, 2001 * | Oct 16, 2002 * | May 24, 2003 | May 19, 2004 * | Mar 28, 2005 * |  |
|  |  |  |  |  | Nov 29, 2001 * | Nov 26, 2002 * | May 30, 2003 | May 24, 2004 * | Mar 29, 2005 * |  |
|  |  |  |  |  | Dec 20, 2001 | Nov 27, 2002 | Jun 03, 2003 | Jun 11, 2004 * |  |  |
|  |  |  |  |  |  |  | Jun 12, 2003 | Jun 15, 2004 |  |  |
|  |  |  |  |  |  |  | Jun 13, 2003 | Jun 16, 2004 |  |  |
|  |  |  |  |  |  |  | Jun 24, 2003 | Jun 18, 2004 |  |  |
|  |  |  |  |  |  |  | Jun 28, 2003 | Jun 22, 2004 |  |  |
|  |  |  |  |  |  |  | Jul 24, 2003 | Jun 23, 2004 |  |  |
|  |  |  |  |  |  |  | Jul 29, 2003 | Jul 01, 2004 |  |  |
|  |  |  |  |  |  |  | Aug 05, 2003 | Jul 03, 2004 |  |  |
|  |  |  |  |  |  |  | Sep 19, 2003 | Jul 07, 2004 |  |  |
|  |  |  |  |  |  |  | Oct 07, 2003 | Jul 11, 2004 |  |  |
|  |  |  |  |  |  |  | Oct 24, 2003 | Jul 27, 2004 * |  |  |
|  |  |  |  |  |  |  | Oct 29, 2003 | Sep 21, 2004 * |  |  |
|  |  |  |  |  |  |  | Nov 18, 2003 |  |  |  |
|  |  |  |  |  |  |  | Nov 27, 2003 |  |  |  |
|  |  |  |  |  |  |  | Dec 17, 2003 |  |  |  |
|  |  |  |  |  |  |  | Dec 31, 2003 |  |  |  |

Inter... art³   Wayback Machine

MCKINNON DECL - 21

96

http://web.archive.org/web/*/http://WWW.GORDONWW..COM

8/30/2006 4:36 PM

Wayback Machine

Inte.. .Arc'

Sep 23, 2004 *
Oct 09, 2004 *
Oct 13, 2004 *
Oct 22, 2004
Oct 23, 2004
Nov 03, 2004
Nov 13, 2004
Nov 18, 2004

Home | Help

Internet Archive | Terms of Use | Privacy Policy

MOYNIHAN DECL - 22

97

Jobs,Careers, Employment & Job Search, Job & Career Inform...    http://web.archive.org/web/20040327003319/www.gordonworks.com/

Top of Page
Text Version
Job Links
Business Links
Search Engines
Goal-Setting Page
Sponsor's Page
AMAZON.COM

Surf The Net Up To 1000% Faster

Do you want to *confidentially* find job opportunities that match your skills, interests and salary requirements? If so, **click here** to try our FREE service. END insertion of banner called: "Find your dream job/Career Central (button) -- 120 x 90" -->

Start a new career. Visit www.career.com

### Know anyone who might enjoy this site?
### Please ... Let 'em Know!

|  | Full Name | Email Address |
|---|---|---|
| You |  |  |
| Friend |  |  |

☐ Tell me how to add a referral form to my site.

Let 'em Know!    Reset



Please visit our sponsor - for your health and nutrition needs

### 4.9 Cents/Minute Long Distance

# TEENGREEN ™

### Search Engines



Search: All Products    Enter keywords...

Amazon.com logo    Search

[Top of Page] [The Links]

MOYNIHAN DECL. - 23

1 of 22

8/24/2006 1:42 PM



Jobs,Careers, Employment & Job Search, Web-Jobs-Market Information ...rb://web.archive.org/web/20040320?19/www.gordonworks.com/
Case 2:04-cv-05125-FVS    Document 408    Filed 08/31/2006

Career Links!!!

Resiliency !!!

As the Webmaster for this site, I have found great joy in doing this site's maintenance. However, there is one drawback for those of us who have Internet web sites. That drawback is providing email links on web pages, which are then "harvested" by spiders and robots of spammers. These spammers then send their unsolicited commercial email messages by the thousands to us.

I created this site in 1996. During the time since its creation, I have had to handle an email burden of up to 2,000 messages each and every day. Changing Internet Service Providers (ISP) several times did not diminish the onslaught of spam.

This site is now hosted by Webmasters.com Immediately after changing ISPs, I noticed a precipitous drop in the amount of emails that I receive each day. My web host has provided me with the tools to reduce the spam that I receive to less than 100 email messages per day.

On a more personal level, I have taken the extraordinary step of suing spammers that were sending me 5-50 emails per day. Copies of those lawsuits can be found at the links, below.

American Homeowners Assn.
Commonwealth Marketing Group
Theodore Hansson Co.

The time that I have spent handling spam (1000s of hours) has helped me to develop a system that shifts the "financial" burden from me back to those who choose to send me spam. Dealing with the spam problem is the activity, which has taken me away from this site's weekly maintenance and has caused me to postpone adding dozens of new link requests. I will periodically, begin adding these new links and removing the expired ones.

Thank you for taking the time to explore the resources that we link to. We continue to be a free service to our Internet community. We do NOT provide job counseling, resumes or posting. But those resources are linked to this site.

A special thanks to our sponsor for renewing its support of our web site...Dancing Wolf, Inc.

Please bookmark this page, visit us often and tell your friends and family about us.

Best wishes for your employment and career endeavors!

Regards,

99

Jobs,Careers, Employment & Job Search, Work, Labor & Career Information... http://web.archive.org/web/20030321093819/www.gordonworks.com/

Jim Gordon

P.S. Please check out our sister site Small Office Home Office-Business Links.

## Stop Business-Watchdogs Stop

| Assn. of Certified Fraud Examiners | Better Business Bureau | FTC ConsumerLine | Internet Scambusters |
|---|---|---|---|

| National Consumer Complaint Center | National Fraud Information Center 1(800) 876-7060 | Netcheck Commerce Bureau | Netrageous | The Public Eye |
|---|---|---|---|---|

THE GORDON GROUP claims no affiliation with nor endorsement by any of these agencies or companies.

### *Tools TOOLS OF THE TRADE Tools*

This area will feature ready-to-use tools for business, entrepreneurs and job-seekers. Click on the hammer for *TOOLS.* Hammer



# The Links, A-M, N-Z!!!

To Report Dead Links

-A-

B C D E F G H I J K L M N O P Q R S T U V W X Y Z

MCMILLAN DECL - 25

8/24/2006 1:42 PM

100

Jobs,Careers, Employment & Job Search,Work,Labor Market Inform...Case 2:04-cv-05125-FVS    Document 108    Filed 08/31/2006 19/www.gordonworks.com/

1. 1-jobs.com

2. 100 Hot Jobs Web Sites

3. 2001 Colleges, Universities and Scholarships

    101 Top College, University and Scholarship Page

4. A & A Resume-Professional Services

5. A Virtual Job Fair...Use Table of Contents Link

6. A Work Day - Canadian Employment Resources

7. A Write Impression - Resume Service

8. AboutWork Welcome Page

9. Academic Employment Network-Job Listings

10. ActiJob - Canada

    ActivEmploi

11. ADGUIDE'S Employment Web Site

    College Recruiter Employment Web Site

    High School Recruiter Employment Web Site

12. Adsearch- Help Wanted Ads

13. Agency Central

Jobs,Careers, Employment & Job Search;Work,Labor,Markets;Information... http://web.archive.org/web/20040b/2002619/www.gordonworks.com/

14. AJB Job Search Index

15. All Canadian Jobs

16. All Jobs in the UK

17. Alumni Network

18. America's Employers-The Job-Seekers' Home

19. American Preferred Jobs

20. AmericanJobs.com

21. Apollo Consulting - Sophisticated Career Development...

22. ASAE- Employment List **Over 160 Links**

23. Asia-Net, Inc---Chinese, Japanese & Korean Bi-linguals...Jobs

24. Ask The Career Wiz

25. Ask The Employer

26. AT & T College Network: Jobs Station

27. Australian Correspondence Schools

-B-

A C D E F G H I J K L M N O P Q R S T U V W X Y Z

28. B2BHRM.com

MOYNIHAN DECL. - 27



29. Bakos Group-Career Management Professionals

30. Bay Area Job Board.com

31. Bay Area Jobs

32. Best Jobs USA

33. BigWigs.net

34. Bilingual-Jobs.com

    E-cv.com

35. Blue Sun Technical Recruiting

36. Boldface Jobs

37. Bookhaven Press---Career & Business Books\Software

38. Brassring.com

39. Bullseye Job Shop

    Computerworld's Center for Professional Development

    The Sunday Paper- Online Classifieds

    -C-

    A B D E F G H I J K L M N O P Q R S T U V W X Y Z

40. Calgary Youth Employment Centre

MOYNIHAN DECL - 28

8/24/2006 1:42 PM

103

Jobs,Careers, Employment & Job Search, Work, Labor Market Information... http://web.archive.org/web/20030320...19/www.gordonworks.com/

41. California Career & Employment Center

42. Canadian Executive Recruitment

43. Career Action Center

44. Career and Resume Management for the 21st Century

45. Career Chase

46. Career Choices-Exploring Occupations

47. Career City

48. Career Consulting Corner

49. Career Development Manual

     Career Services

     Co-operative Education & Career Services

50. Career Expos- High Tech

51. Career Fair Finder

     Best Jobs- Careers 96

     Career Fairs & Events

     Career Fair Calendar-JOBTRAK

     Career Fairs Clearinghouse- JOBWEB

MOYNIHAN DECL - 29

104

Jobs,Careers, Employment & ... Search, Work, Jobs, Career Information Cm ...    http://web.archive.org/web/20020307203819/www.gordonworks.com/

Lendman Group- Career Fairs

52. Career Internetworking

53. Career Magazine

54. Career Mosaic

55. Career NFOsource

56. Career Paradise- Colossal Lists of Career Links

57. Career Paths Online

58. Career Planning Process

59. Career Resource Center

60. Career Resource Home Page

61. Career Shop---Applicants

62. Career Site

    Candidate Lobby & Sign-in

    Employer Lobby & Sign-in

63. The Career Star System

64. Career Success Map

65. Career Talk



Jobs,Careers, Employment & Job Search,Work,Labor Market Information... http://web.archive.org/web/20030320319/www.gordonworks.com/

66. career.com

67. CareerAmerica Job Bank

68. CareerBank.com

69. CAREERBUILDER

70. CareerConnect

71. CareerConnect- Virginia Employment Commission

72. CareerLab

73. CareerMart

74. CareerNET: Career Resources-Associations

75. Career NET

76. CareerPath.com- Classifieds from 19 Major Cities

77. CareerVoyager

78. Careers and Jobs

79. Careers in Government

80. CareersColorado.com

81. Careers Online-Start Here to Explore Your Future

82. CareerWeb-Jobs, Employment and Careers

Jobs,Careers, Employment & Job Search, Work, Labor Market Inform...    http://web.archive.org/web/20040321002319/www.gordonworks.com/

83.  Casino Careers Online

84.  Chinapoint-China, Asia and Europe Jobs

85.  **College**

       College Board Online

       College Channel

       CollegeNET Home Page

       Collegescape Home Page

       Internet College Exchange

       The Main Quad

86.  College Grad Job Hunter

87.  College Recruiter Magazine

88.  CollegeRecruiter.com

89.  Colorado Guide-listings of environmental and outdoor jobs throughout the
country and world

90.  Colorado Online Job Connection, The

91.  Compensation Survey, The SHRM/Mercer

92.  Competitive Position Market Analysis for Computer Careers

93.  computerwork.com

107

Jobs,Careers, Employment & Job Search, Work, Labor Market Inform... http://web.archive.org/web/20040720019/www.gordonworks.com/

94. Contract Employment Weekly

95. Cool Works <sup>sm</sup>

     Jobs by State

96. Corporate Gray On-line...Career Transition for Military Personnel

97. *Creative Job Search-Ask the Experts*

-D-

A B C E F G H I J K L M N O P Q R S T U V W X Y Z

98. DARE Personnel-Australia

99. Definitive Guide to Internet Career Resources---A to Z Links

100. Destinations.ca

101. Developers.Net---Computer Programming & Software Engineeering

102. Disability Resources

    Americans With Disabilities Act Document Center

       ▪ Job Accommodations Network-JAN

       ▪ Pre-Employment Screening Considerations and the ADA

    Assistive Technology for the Disabled Computer User

    Computers for Handicapped Independence Program

*108*

Jobs,Careers, Employment & Job Search, Work, Labor Market Inform... http://web.archive.org/web/20040327005319/www.gordonworks.com/

Special Education Resources on the Internet

World Information on Disability

103. Do A Project - Referral Service for Contract Employment

-E-

A B C D F G H I J K L M N O P Q R S T U V W X Y Z

104. EAGLEVIEW-Where The Best Jobs Find You

105. Educational Vacancies---U.K.

106. EH&S Employment Services---Environmental Health & Safety

107. Electronic Recruiting News

108. Employers Online

109. Employment Opportunities and Resume Postings

110. Employment Resources

111. Engineer500.com

112. Engineer-Cad.com

113. Engineering Job Source

114. Engineering Jobs

115. EngineerWeb



Jobs,Careers, Employment & Job Search, Work, Labor Market Inform... http://web.archive.org/web/20040427005319/www.gordonworks.com/

116. Environmental Jobs and Careers

117. Equal Opportunity Publications

118. Executive Recruiters Galleria

119. Experience Inc.

120. Extreme Resume Drop

-F-

A B C D E G H I J K L M N O P Q R S T U V W X Y Z

121. Federal Information Exchange

122. Federal Job Search

123. Federal Jobs Digest

124. Federal Jobs Net

125. FinAid: The Financial Aid Information Page

126. Fincareer.com-The Forum for Professionals in Global Finance

127. Find Your Future @4work.com

128. Findjobs.com

129. Florida Jobs

130. Food and Drink Jobs.com

110

Jobs,Careers, Employment & Case 2:04-cv-05125-FVS Information Document 108 e.org Filed 06/30/2006 //www.gordonworks.com/

131. Free Scholarship & Financial Aid

    2001 Colleges, Colleges, College Scholarships, and Financial Aid Page

132. Free Employment Guide

133. Free Telecommuting Jobs

<div align="center">-G-</div>

<div align="center">A B C D E F H I J K L M N O P Q R S T U V W X Y Z</div>

134. Gary Richards Co. HVAC Technical Employment

135. General Job Posting on the Internet

136. GetJobs.com

137. GO4JOB

138. Goal-Setting Tools & Tips

139. **Graduate & Professional Schools**

    AAMC Academic Medicine Web Site

    Career & Graduate Study in Psychology

    Graduate Schools Ranking

    GRE On-Line

    Peterson Education Center

Jobs,Careers, Employment & Job Search Work, Labor Market Inform...  http://web.archive.org/web/20040321002319/www.gordonworks.com/

Pre-Law

Yahoo! - Education:Universities

140. GraduateResumes.com

141. Gradunet- On Line Careers Guide

142. GreatTeacher.net

-H-

A B C D E F G I J K L M N O P Q R S T U V W X Y Z

143. Hard@Work

144. Harvest Personnel-Staffing Services for the 21st Century

145. HeadHunter.NET

146. Health Care Careers & Jobs

147. HealthCareWeb

148. HEART-Career Connection

149. Help Guide to Assist in Job Search

150. Help-Wanted.Net

151. Helpwanted. com---Recruitment On-line, Inc.

Resume- Talent Pool

112

Jobs,Careers, Employment & Job Search,Work,Labor Market Inform.Document 408    Filed 08/31/2006 319/www.gordonworks.com/

152. HireAbility

153. HiTechCareer Centre

  Career Fair Show Guide

  Employer Database

154. Hot Nurse Jobs

-I-

A B C D E F G H J K L M N O P Q R S T U V W X Y Z

155. IEEE Employment Marketplace-Richland, WA

156. iJive.com...Canada Career Site... Find local employers, employment agencies, job banks & career resources that serve Canadians.

157. IndustryLink Homepage

158. InfoTech, Inc.

159. Insurance National Search

160. International Job Centers

161. Internet Career Connection

162. Internet Job Search Aids

-J-

MOYNIHAN DECL - 38

16 of 22

8/24/2006 1:42 PM

Jobs,Careers, Employment & Job Search, Work,Labor Market Inform. OGHttp://web.archive.org/web/20040303..819/www.gordonworks.com/

A B C D E F G H I K L M N O P Q R S T U V W X Y Z

163. Job Clincher Resume Services

164. Job Link USA

165. Job Resources by Region

      Northeast

      Midwest

      Southeast

      Western

166. Job Options

      Salary Calculator Form

167. Job Search for Engineeers

168. Job Search Series Brochures

      Career Services

169. Job Show

170. Jobs Via Mail

171. JOBACCESS

      How to Handle Challenging Interview Questions

MOYNIHAN DECL - 39

8/24/2006 1:42 PM

114

Jobs,Careers, Employment & Job Search, Work, Labor Market Inform... http://web.archive.org/web/20040324023819/www.gordonworks.com/

172. JobBank USA **JobBank USA - specializes in providing career information including job and resume database services to job candidates, employers and recruitment firms in the U.S. and worldwide.**

173. JobBoard Surf Shop

174. JobCenter Employment Services (800) 562-2368

175. JobDirect

176. jobEngine---Matchmakers for Computer Industry Professionals

177. JobHunt- All Job Resources

178. JobLynx- 10,000 FREE Links to Jobs

179. JobNext.com

180. JobProfiles.com---The Personal Side of Work...

181. JobQuest Home Page

182. jobs.co.uk - Gateway to all the top job boards in the UK

183. JobSite.com

184. Jobsquare.com

185. Jobs for Engineers

186. Jobs for Programmers-The Web's Top Employment Site for Programmers

187. Jobs for Scientists

MOYNIHAN DECL - 40

115

Jobs,Careers, Employment & Job Search,Work,Labor Market Information    http://web.archive.org/web/20040321083319/www.gordonworks.com/

188. Jobs in Higher Education

189. Jobs MetaSearch@JobBank USA

190. JobSafari

191. JobServe: The Largest Source of IT Vacancies in the UK

192. Jobsite UK Recruitment Forum

193. JobSmart---General Salary Surveys

    JobSmart---Profession-Specific Salary Surveys

    Salary Negotiation Strategies

194. JobSource

195. JOBTRAK

196. JobWeb Home Page

197. JobWebs.com

198. Johnson O'Connor Research Foundation-Aptitude Testing

199. Engineering Jobs

-K-

A B C D E F G H I J L M N O P Q R S T U V W X Y Z

200. K's Resume Service at Preferred Jobs

MOYNIHAN DECL - 41

19 of 22                                                                              8/24/2006 1:42 PM



Case 2:05-cv-05079-FVS    Document 99    Filed 10/03/2006
Case 2:04-cv-05125-FVS    Document 108    Filed 08/31/2006
Jobs,Careers, Employment & Job Search, Work, Labor, Market Inform...    http://web.archive.org/web/20040327063319/www.gordonworks.com/

201. Kelly Services Home Page

202. Knowledge Workers' Network

203. KuDeTa- Japan Jobs & Resumes

-L-

A B C D E F G H I J K M N O P Q R S T U V W X Y Z

204. Law Employment Center

205. lawenforcementjob.com

206. LAWMATCH

207. Le Web Cafe-Careers

208. Legalhire.com

209. LibrarySpot

210. Life Career Retreat- Insurance & Financial Services Careers

211. Lucas Careers.com - Executive Recruiters

-M-

A B C D E F G H I J K L N O P Q R S T U V W X Y Z

212. Mad Kane - Workplace Humor

213. Medical JobOptions.com

1  Floyd E. Ivey                                    Hon. Fred Van Sickle
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  1141 N. Edison, Suite C
   P.O. Box 6125
3  Kennewick, WA 99336
   Telephone (509) 735-3581
4  Fax (509) 735-3585
   Attorneys for Defendant
5
   Mr. Robert J. Siegel
6  1325 4th Ave Ste 940
   Seattle, WA 98101-2509
7  Telephone (206) 624-9392
   Fax (206) 624-0717
8  Attorney for Plaintiff

9

10              **IN THE UNITED STATES DISTRICT COURT**
11           **FOR THE EASTERN DISTRICT OF WASHINGTON**

12
   JAMES S. GORDON, JR., an individual,    )    NO.  CV-05-5079-FVS
13                                          )
                                            )    **NOTICE OF HEARING**
14              Plaintiffs                  )
                                            )
15                                          )    (WITHOUT ORAL
                                            )     ARGUMENT)
16  vs.                                     )
                                            )    November 10, 2006 @ 6:30 pm
17  ASCENTIVE, LLC                          )
    a Delaware Limited Liability Company,   )
18                                          )
                Defendant                   )
19  _____ )

20      PLEASE TAKE NOTICE that Defendant's Motion to Dismiss Plaintiffs'

21  First Amended Complaint will be heard on November 10, 2006 at 6:30 p.m., or as

22  soon thereafter as the Court deems appropriate, without Oral Argument.

23      Dated:  October 3, 2006

24                      LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

25
                        By  s/ FLOYD E. IVEY
26                          _____
                            FLOYD E. IVEY, WSBA#6888
                            Attorneys for Defendant
27

28
                                              LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
                                                         Attorneys at Law
                                                          P.O. Box 6125
Notice of Hearing - 1.                              Kennewick, Washington 99336-0125
Z:\IPClient\Ascentive LLC v.                               (509) 735-3581
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.NOTICE Hearing Dismiss 061002.wpd



1        I hereby certify that on October 3, 2006, I electronically filed **Notice of
**Hearing** with the Clerk of the Court using the CM/ECF System which will send
2    notification of such filing to Robert Siegel.

3                            S/ FLOYD E. IVEY
                            FLOYD E. IVEY
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Hearing - 2.
Z : \ I P C l i e n t \ A s c e n t i v e    L L C    v .
Gordon\Pleadings\MotionDismissFirstAmendcomplaint.060927\MotionDismissFi
rstAmended060518\MotionDismissFAC.NOTICE Hearing Dismiss 061002.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Jobs,Careers, Employment & Job Search Work, Labor, Market Information    http://web.archive.org/web/20040327003319/www.gordonworks.com/

214. MedSearch - Healthcare Careers

215. MFGJOBS - Career Information

216. Minnesota Job Bank

217. Minorities' Job Bank

      Black Collegian

      InterCareer Net- Japan

      Resources for Students of Color

      Saludos Web

218. MiracleWorkers.com

219. MizBiz.com

220. Mojolin - International Unix & Linux Job Site

221. Mojosco - Network Engineer Job Site

222. My Job Cafe

223. Myboss.com - Job Humor

224. Myjob.com

225. Myjobsearch.com

To Report Dead Links

Jobs,Careers, Employment & Job Search, Work, Labor Office Information...http://web.archive.org/web/20040220019/www.gordonworks.com/

## Other Links

| Top of Page | Business Links | TEENGREEN<sup>TM</sup> | Search Engines |

In Association with Amazon.com

*Jim Gordon*

*jim@gordonworks.com*

Copyright © 1996-2004 Jim Gordon

Created August 1996

Most recent revision February 17, 2004

Microsoft Best When Viewed With NETSCAPE Now!

121

1                  UNITED STATES DISTRICT COURT

2                EASTERN DISTRICT OF WASHINGTON

3

4

5    JAMES S. GORDON, JR., an individual
     residing in Benton County, Washington,          No. CV-04-5125-FVS

6
                     Plaintiff,
7                                                    **ORDER**

8           v.

9
     IMPULSE MARKETING GROUP, INC.,a Nevada
10   Corporation,

11                   Defendant.

12   IMPULSE MARKETING GROUP, INC.,

13                   Third-Party Plaintiff,

14
            v.
15

16   BONNIE GORDON, JAMES S. GORDON, III,
     JONATHAN GORDON, JAMILA GORDON, ROBERT
17   PRITCHETT and EMILY ABBEY,

18                   Third-Party Defendants.

19

20        **BEFORE THE COURT** is Impulse Marketing's Motion to Compel and

21   Motion for Sanctions (Ct. Rec. 235); Motion to Compel and Request for

22   Sanctions brought by Third-Party Defendants James Gordon, III, (Ct.

23   Rec. 298), Jonathan Gordon (Ct. Rec. 300), Bonnie Gordon (Ct. Rec.

24   256), Robert Pritchett (Ct. Rec. 259); Amended Motion to Compel and

25   Request for Sanctions brought by Bonnie Gordon (Ct. Rec. 274), and

26   Jamila Gordon (Ct. Rec. 270); Defendant's Motion to Strike portions

ORDER - 1

122

*Exhibit 8*

1  of the declarations the Third-Party Defendants submitted in support

2  of their motions.  (Ct. Rec. 325).

3      Third-Party Plaintiff Impulse Marketing ("Impulse Marketing") is

4  represented by Floyd Ivey, Sean Moynihan, and Peter Glantz.  Third-

5  Party Defendants are proceeding *pro se*.

6      ***Motions to Disqualify Counsel***

7      Although the motions brought by Third-Party Defendants Bonnie

8  and Jamila Gordon are captioned as motions to compel, these motions

9  also request the Court disqualify Impulse Marketing's attorney Floyd

10  Ivey.  Bonnie and Jamila Gordon are the wife and daughter,

11  respectively, of the Plaintiff, James Gordon, Jr.  Both Bonnie and

12  Jamila Gordon allege Mr. Ivey previously represented the Plaintiff in

13  legal matters and that this previous representation amounts to a

14  conflict of interest.  Thus, they contend Mr. Ivey should be

15  disqualified from representing Impulse Marketing because such

16  representation places Mr. Ivey in conflict with the interests of

17  Plaintiff.

18      1.   <u>Standing</u>

19      Before the Court addresses whether Mr. Ivey's representation of

20  Impulse Marketing presents a conflict of interest, the Court must

21  address the threshold question of standing.  Standing is a

22  jurisdictional matter that goes to the power of a federal court to

23  decide an issue placed before it.  The standing doctrine "embraces

24  several judicially self-imposed limits on the exercise of federal

25  jurisdiction, such as the general prohibition on a litigant's raising

26  another person's legal rights...."  *Allen v. Wright*, 468 U.S. 737,

ORDER - 2

*123*

1  750-51, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Neither the United

2  States Supreme Court nor the Ninth Circuit has addressed the

3  particular issue of whether the standing doctrine bars a nonclient

4  party from moving to disqualify the opposing party's counsel on the

5  grounds of a conflict of interest. *See FMC Techs., Inc. v. Edwards*,

6  -- F. Supp. 2d --, 2006 WL 624454, *2 (W.D. Wash. 2006). There is a

7  split of authority on this issue. *Id.* (citing *Colyer v. Smith*, 50

8  F.Supp.2d 966, 969 (C.D. Cal. 1999)).

9      In *Colyer*, the district court noted that under the majority view

10  on this issue "only a current or former client of an attorney has

11  standing to complain of that attorney's representation of interests

12  adverse to that current or former client." *Colyer*, 50 F.Supp.2d at

13  969 (citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d

14  83, 88 (5th Cir. 1976) (stating that "courts do not disqualify an

15  attorney on the grounds of conflict of interest unless the former

16  client moves for disqualification.")). However, the *Colyer* court

17  acknowledged the possibility of nonclient standing where an

18  "unethical change of sides was manifest and glaring" or an ethical

19  violation was "open and obvious," confronting the court with a "plain

20  duty to act." *Colyer*, 50 F.Supp.2d at 969 (citing *Yarn Processing*,

21  530 F.3d at 89). Similarly, the minority view is that a nonclient

22  litigant may bring a motion to disqualify. *See Colyer*, 50 F.Supp.2d

23  at 970-71 (citing *Kevlik v. Goldstein*, 724 F.2d 844 (1st Cir. 1984)).

24  "Like the exception to the majority view, the minority view relies in

25  part on the 'court's well recognized power to control the conduct of

26  the attorneys practicing before it.'" *FMC Techs., Inc.*, 2006 WL

ORDER - 3

*124*

1  624454,*2 (citing *Colyer*, 50 F.Supp.2d at 970).

2      In addressing the standing question, the *Colyer* court held that

3  a nonclient litigant "must establish a personal stake in the motion

4  to disqualify sufficient to satisfy the irreducible constitutional

5  minimum of Article III." *FMC Techs., Inc.*, 2006 WL 624454, *3

6  (citing *Colyer*, 50 F.Supp.2d at 971). Further, the *Colyer* court

7  noted that "where an ethical breach so infects the litigation in

8  which disqualification is sought that it impacts the moving party's

9  interest in a just and lawful determination of her claims, she may

10  have the constitutional standing needed to bring a motion to

11  disqualify based on a third-party conflict of interest or other

12  ethical violation." *FMC Techs., Inc.*, 2006 WL 624454, *3. Like the

13  court in *Colyer*, the district court in *FMC Technologies, Inc.* adopted

14  the rule that "nonclient litigants may, under proper circumstances,

15  bring motions to disqualify counsel based on conflicts of interest."

16  2006 WL 624454, *3.

17      Although the Ninth Circuit has not decided the issue before the

18  Court, the question was presented in *Kasza v. Browner*, 133 F.3d 1159

19  (9th Cir. 1998). In *Kasza*, the court noted that as "a general rule,

20  courts do not disqualify an attorney on the grounds of conflict of

21  interest unless the former client moves for disqualification."

22  *Kasza*, 133 F.3d at 1171 (quoting *United States v. Rogers*, 9 F.3d

23  1025, 1031 (2d Cir. 1983) (quoting in turn *In re Yarn Processing*

24  *Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976))). However,

25  the *Kasza* court did not decide the issue because it held there was no

26  basis for disqualification even if the court assumed the plaintiff

ORDER - 4

*125*

had standing.  133 F.3d at 1171.

In the present case, without making a final determination on whether it should adopt the majority or minority view, the Court is mindful of the outcome under each view.  If the Court adopts the majority view, Third-Party Defendants Bonnie and Jamila Gordon do not have standing to move to disqualify Mr. Ivey.  If the Court adopts the minority view, Bonnie and Jamila Gordon, under the proper circumstances, have standing to bring a motion to disqualify Mr. Ivey based on an alleged conflict of interest between Plaintiff and Mr. Ivey.  Under the minority view, Bonnie and Jamila Gordon must show "the ethical conflict at issue here sufficiently impacts the 'just and lawful determination' of their claims and that the conflict involved is so intertwined with the current litigation that this Court must consider [the] motion to disqualify[.]"  *FMC Techs., Inc.*, 2006 WL 624454, *3.  Assuming, without deciding, that Bonnie and Jamila have standing to bring this motion to disqualify, the Court proceeds to review the merits of the motion.

    2.  **Disqualification of Floyd Ivey**

When faced with an allegation that an attorney's representation presents a conflict of interest, it is "the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar."  *Gas-A-Tron of Ariz. v. Union Oil Co. of Calif.*, 534 F.2d 1322, 1324 (9th Cir. 1976).  The Local Rules for the Eastern District of Washington do not specifically adopt the provisions of the Washington Rules of Professional Conduct as ethical rules governing the practice of

ORDER - 5

1    lawyers before the courts in this district.  However, the Local Rules

2    grant the Court authority to discipline any attorney who violates the

3    Washington Rules of Professional Conduct.[1]  Thus, the Washington

4    Rules of Professional Conduct shall govern the Court's

5    disqualification analysis.

6        Here, Bonnie Gordon alleges Mr. Ivey participated in numerous

7    conversations with the Plaintiff regarding spamming, including

8    conversation related to Impulse Marketing.  Further, she points to

9    several emails in which Mr. Ivey and the Plaintiff communicated about

10   the possibility of Mr. Ivey assisting the Plaintiff in filing

11   lawsuits for violations of Washington's anti-spam statute.  Mr. Ivey

12   acknowledges he provided legal services to the Plaintiff in the past,

13   but contends those services were unrelated to the pending litigation.

14   With respect to the current litigation, Mr. Ivey contends his

15   communication with the Plaintiff included an exchange of general

16   statements, but there was never any formal representation.

17       These allegations implicate Rule 1.9 of the Rules of

18   Professional Conduct, which states:

19           A lawyer who has formerly represented a client in a
         matter shall not thereafter:
20           (a) Represent another person in the same or a
         substantially related matter in which that person's
21       interests are materially adverse to the interests of the
         former client unless the former client consents in writing
22       after consultation and a full disclosure of the material
         facts; or

23

24   _____

25       [1]  *See* LR 83.3 ("This Court may impose discipline on any
     attorney practicing before this Court, ... who engages in conduct
         violating applicable Rules of Professional Conduct of the
26   Washington State Bar, or who fails to comply with the rules or
     orders of this Court.").

ORDER - 6

*127*

         (b) Use confidences or secrets relating to the
    representation to the disadvantage of the former client,
    except as rule 1.6 would permit.

Wash. Rules of Prof'l Conduct R. 1.9 (2005).  Under Rule 1.9(a), the

significant elements include (1) whether the conflict involves a

*former client*; (2) whether the subsequent representation is

*materially adverse* to the former client; and (3) whether the matters

are *substantially related*.  *Id; see also Trone v. Smith*, 621 F.2d

994, 998 (9th Cir. 1980).

         Here, it is clear Plaintiff has not consented to Mr. Ivey's

representation of Impulse Marketing, but it is not clear whether

Plaintiff was ever a "former client" of Mr. Ivey.  Assuming, without

deciding, that Plaintiff was a former client of Mr. Ivey, Bonnie and

Jamila Gordon must also show the matters currently at issue are

substantially related to the subject matter of the former

representation.  *Sanders v. Woods*, 121 Wash.App. 593, 597-98, 89 P.3d

312 (Div. 3, 2004); *Trone*, 621 F.2d at 996 ("The relevant test for

disqualification is whether the former representation is

"substantially related" to the current representation.")  The

determination of whether the two representations are substantially

related turns on whether the lawyer was so involved in the former

representation that he can be said to have switched sides.  *Sanders*,

121 Wash.App. at 598, 89 P.3d 312.

         Here, the facts of the case reveal that on September 22, 2003,

Plaintiff sent Mr. Ivey an unsolicited email in which Plaintiff

outlined the procedural steps he had taken to reduce the spam he had

been receiving.  Plaintiff also explained in this email that he had

ORDER - 7



1  drafted a complaint and was "seeking an attorney to 'perfect' [his]

2  complaint so that [he could] file it in District Court." (Ct. Rec.

3  283-2, at 52.). In the alternative, Plaintiff stated he "*may want to*

4  *hire an attorney to represent [him] in court.*" *Id.* (emphasis added).

5  In response, Mr. Ivey said he was interested but encouraged Plaintiff

6  to contact the Attorney General. *Id.* In response, Plaintiff

7  forwarded Mr. Ivey a copy of an email Plaintiff previously sent to

8  the Attorney General. In the email to the Attorney General,

9  Plaintiff explained he had received over 12,000 unsolicited

10  commercial email (spam) in the past month, that he had successfully

11  identified the origin of some of those emails, and that he had sent

12  demand letters to the senders, citing the Washington anti-spam

13  statute. Plaintiff suggested to the Attorney General that the State

14  of Washington "turn this proverbial lemon into lemonade--making spam

15  a "profit center" for the State of Washington as well as other

16  organizations within the State." (Ct. Rec. 283-2, at 56).

17      On September 25, 2003, Plaintiff sent another email to Mr. Ivey.

18  (Ct. Rec. 283-2, at 57). Plaintiff explained that the amount of spam

19  he was receiving was becoming an imposition on his business and on

20  his personal use of the internet and that he believed Washington's

21  anti-spam statute was designed to prevent the "abuse" he was

22  experiencing. *Id.* Plaintiff closed his email by thanking Mr. Ivey

23  for considering the issues. *Id.* at 58. Mr. Ivey responded by

24  stating that his attorney services would cost $225 per hour and that

25  he could not guarantee a solution. Mr. Ivey closed his email by

26  stating there would be a "real budget needed ... to commence the

ORDER - 8

1    effort.  Please advise if you want to examine the prospect of going

2    forward." *Id.* at 57.

3         On September 30, 2003, Plaintiff sent another email to Mr. Ivey,

4    in which Plaintiff explained that he had email documentation showing

5    the violations he alleged and had drafted two complaints.  (Ct. Rec.

6    295-1, at 15).  Plaintiff asked Mr. Ivey how he would like to proceed

7    and requested Mr. Ivey identify the proposed costs.  *Id.*  Plaintiff's

8    next email is dated December 30, 2003.  (Ct. Rec. 295-1, at 17).

9    From the context of that email, it appears Plaintiff chose to proceed

10   *pro se* and filed the complaints in superior court against two

11   companies.  In the email, Plaintiff told Mr. Ivey that a superior

12   court had granted Plaintiff's request for temporary restraining

13   orders against these two companies.  *Id.*  Plaintiff asked Mr. Ivey if

14   he was still interested and in what way he envisioned assisting the

15   Plaintiff.  *Id.*  Beyond these emails, the record does not reveal any

16   other contact between Mr. Ivey and Plaintiff.

17        After reviewing these emails, the Court concludes Mr. Ivey's

18   representation of Impulse Marketing is not substantially related to

19   any previous representation of Plaintiff.  The emails reveal Mr. Ivey

20   never offered any formal legal advice and never reviewed any legal

21   pleadings for Plaintiff.  Further, it appears Plaintiff declined to

22   examine the prospect of hiring Mr. Ivey and chose instead to proceed

23   *pro se* with his anti-spam case.  In determining whether a conflict of

24   interest exists, the "underlying concern is the possibility, or the

25   appearance of the possibility, that the attorney may have received

26   confidential information during the prior representation that would

ORDER - 9

1    be relevant to the subsequent matter in which disqualification is

2    sought." *Sanders*, 121 Wash.App. at 599, 89 P.3d 312. Here, the

3    emails produced by Mr. Ivey show no confidential information was

4    disclosed. Further, Bonnie and Jamila Gordon have not presented any

5    evidence providing even the appearance of the possibility that

6    confidential information was disclosed. For these reasons, the Court

7    determines Mr. Ivey's representation of Impulse Marketing does not

8    present a conflict of interest. Therefore, Bonnie and Jamila

9    Gordon's motions to disqualify Floyd Ivey are denied.

10    **Impulse Marketing's "Second" Motion to Compel**

11    On April 18, 2006, Impulse Marketing re-noted for hearing its

12    "First Motion to Compel." The Court previously denied this motion to

13    compel, directing the parties to meet and confer in an attempt to

14    resolve their discovery problems. It is not clear from the record

15    whether the parties did in fact "meet and confer" but Impulse

16    Marketing continues to argue Plaintiff is not providing adequate

17    responses to Defendant's discovery requests. Plaintiff objects to

18    the motion to compel, arguing the alleged "deficiencies" in

19    Plaintiff's responses are actually Impulse Marketing's "improper

20    demands." The Court determines it is appropriate and necessary to

21    refer the parties' discovery dispute to a discovery master.

22    Therefore, Impulse Marketing's motion to compel is denied and an

23    Order referring this matter to a discovery master will be

24    forthcoming.

25    **Third-Party Defendants' Motions to Compel and for Sanctions**

26    Third-Party Defendants each allege Impulse Marketing failed to

ORDER - 10

131

1  make the "required Rule 26 disclosures" and "provided evasive,

2  incomplete disclosure, answer, or response to discovery propounded

3  by" [sic] Third-Party Defendants.  In support of their motions to

4  compel, Third-Party Defendants provided copies of some of their

5  interrogatories and Impulse Marketing's answers.  In response to many

6  of Third-Party Defendants' interrogatories, Impulse Marketing

7  asserted the standard ambiguous, irrelevant and overbreadth

8  objections.  Because Third-Party Defendants failed to cite any legal

9  authority or provide any legal analysis in response to Impulse

10  Marketing's objections to the propounded discovery requests, it is

11  difficult for the Court to analyze and resolve the discovery dispute.

12  Thus, the Court determines it is necessary to refer the parties'

13  discovery dispute to a discovery master.  Therefore, Third-Party

14  Defendants' motions to compel are denied and an order referring this

15  matter to a discovery master will be forthcoming.  Accordingly,

16      **IT IS HEREBY ORDERED:**

17      1.  Impulse Marketing's Motion to Compel and Motion for

18  Sanctions (**Ct. Rec. 235**) is **DENIED**.

19      2.  Motions to Compel and Request for Sanctions brought by

20  Third-Party Defendants James Gordon, III, (**Ct. Rec. 298**), Jonathan

21  Gordon (**Ct. Rec. 300**), Bonnie Gordon (**Ct. Rec. 256**), Robert Pritchett

22  (**Ct. Rec. 259**) are **DENIED**.

23      3.  Amended Motions to Compel and Request for Sanctions brought

24  by Bonnie Gordon (**Ct. Rec. 274**) and Jamila Gordon (**Ct. Rec. 270**) are

25  **DENIED; Bonnie and Jamila Gordon's request to disqualify Floyd Ivey**

26  **are denied.**

ORDER - 11

*132*

1   4.   Defendant's Motion to Strike (**Ct. Rec. 325**) is **MOOT**.

2   5.   Bonnie Gordon's Motion to Expedite (**Ct. Rec. 337**) is **MOOT**.

3   6.   Bonnie Gordon's Motion to Strike (**Ct. Rec. 339**) is **MOOT**.

4   7.   Jamila Gordon's Motion to Expedite (**Ct. Rec. 342**) is **MOOT**.

5   8.   Jamila Gordon's Motion to Strike (**Ct. Rec. 344**) is **MOOT**.

6       **IT IS SO ORDERED.**   The District Court Executive is hereby

7   directed to enter this Order and furnish copies to counsel **AND to the**

8   **Third-Party Defendants who are proceeding *pro se*.**

9       **DATED** this 15th day of May, 2006.

10                          _s/ Fred Van Sickle_
                            Fred Van Sickle
11                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 12

133

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON, SEATTLE

8

9    OMNI INNOVATIONS, LLC, a
Washington Limited Liability          NO. 06-01284
10   company; EMILY ABBEY, an
individual,
11                                           FIRST AMENDED COMPLAINT
                    Plaintiffs,
12
         v.
13
     ASCENTIVE, LLC, a Delaware
14   limited liability company; ADAM
     SCHRAN, individually and as part of
15   his marital community; JOHN DOES,
     I-X,
16
                    Defendants,
17                    PARTIES, JURISDICTION, VENUE
18   1.   Plaintiff OMNI INNOVATIONS, LLC, (hereinafter "OMNI") is a Washington
19        limited liability company duly licensed and registered with the State of Washington,
20        with its principal place of business in Franklin County, Washington.
21   2.   Plaintiff EMILY ABBEY, (hereinafter "ABBEY") is an individual residing in King
22        County, Washington.
23   3.   On information and belief, plaintiff alleges that Defendant **ASCENTIVE, LLC,**
          **("ASCENTIVE") is a limited liability company registered in Delaware,** with its
24        principal place of business located in Philadelphia, Pennsylvania.
25

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -1

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Exhibit 9

134

4.  On information and belief, ADAM SCHRAN, ("Schran") is an officer, director, and/or majority shareholder of Ascentive, and as such controls its policies, activities, and practices, including those alleged herein on behalf of those defendants. All acts and practices undertaken by Schran on behalf of Ascentive are and were for the benefit of his marital community. SCHRAN resides in the State of Pennsylvania and transacts or has transacted business in the State of Washington and in the Western District of Washington.

5.  Jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1332 (diversity).

6.  This Court has supplemental jurisdiction of state law claims pursuant to U.S.C. § 1367.

7.  Venue is proper pursuant to 28 U.S.C. §1391.

8.  From and after May 2005, Plaintiff OMNI provided and enabled computer access for multiple users to a computer server that provides access to the Internet.

9.  The domain names served by Plaintiff OMNI include: anthonycentral.com, chiefmusician.net, ehahome.com, itdidnotendright.com, jammtomm.com, jaycelia.com, celiajay.com, jaykaysplace.com, rcw19190020.com, and gordonworks.com (collectively the "Domains" and individually and generically a "Domain").

10. At all times material hereto, for the Domains and each of them, the information that all e-mail addresses at each Domain (the "Recipient Addresses") belong to Washington residents was and is available upon request from the registrant of each Domain, each registrant being a Washington resident and each Domain being registered with a Washington address.

11. During the time period of approximately August 2003 through May 2006, Plaintiff received at the Domains electronic-mail messages (collectively the "E-mails" or individually and generically as an "Email").

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -2

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

135

12.   The E-mails, and each of them, were received by Plaintiff OMNI's servers serving the Domains, or at the Domains themselves, and/or on individual Plaintiffs' email accounts, and on their computers.

13.   Each of the E-mails misrepresents or obscures information in identifying the point of origin or the transmission path thereof, and contains header information that is materially false or materially misleading. The misrepresentations include without limitation: IP address and host name information do not match, or are missing or false, in the "from" and "by" tokens in the Received header field; and dates and times of transmission are deleted or obscured.

14.   On information and belief, Plaintiff alleges that some of the E-mails used the Internet domain name of a third party or third parties without permission of that third party or those third parties, and/or used false, or misleading information in registering the domains used to send the subject E-mails.

15.   Defendant initiated the transmission of the E-mails, and each of them. In the alternative, Defendant conspired or otherwise acted in collusion with another or others or assisted another or others to transmit the E-mails, and each of them.

16.   At all times material hereto, Defendants knew or had reason to know that the Recipient Addresses, and each of them, were and are held by a Washington resident.

FIRST CAUSE OF ACTION – CAN-SPAM ACT
**15 U.S.C. §7701 et seq.**

17.   On the basis of the facts set forth hereinabove, Defendants initiated the transmission of the E-mails, and each of them, to a protected computer in violation of 15 U.S.C. §7704(a), causing damage to Plaintiff as the provider of the Internet access service receiving each such E-mail in the amount of $100 for each such E-mail, as provided in 15 U.S.C. §7706 (g) (3).

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -3

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717



18.   Defendants did willfully and knowingly so act in violation of the provisions of 15
U.S.C. §7701 et seq., and Defendant's acts did cause Plaintiffs to suffer injury and
damages.

SECOND CAUSE OF ACTION – CEMA

**RCW 19.190.010 - .070**

19.   On the basis of the facts set forth hereinabove, Defendants initiated, conspired with
another to initiate, or assisted the transmission of the E-mails, and each of them, in
violation of RCW 19.190.020, causing damage to Plaintiff as the interactive computer
service receiving each such E-mail in the amount of $1,000 for each such E-mail, as
provided in RCW 19.190.040 (2).

THIRD CAUSE OF ACTION – CONSUMER PROTECTION ACT

**Ch. 19.86 RCW**

20.   On the basis of the facts set forth hereinabove, Defendants initiated the E-mails, and
each of them, in violation of RCW 19.190.030 and Chapter 19.86 RCW, causing
damage to Plaintiff as the interactive computer service receiving each such E-mail.
Defendant's acts constitute unfair and deceptive practices in the course of trade and
commerce, which acts caused injury to Plaintiffs, and which acts therefore violate
RCW 19.86.

REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

1.   Entry of a Judgment in favor of Plaintiff against the Defendants in the amount of $1,100
per unlawful E-mail, plus such other and further damages as may be proved at trial, plus
treble damages to the extent permitted by Chapter 19.86 RCW and to the extent permitted

COMPLAINT FOR DAMAGES, PENALTIES, ETC. -4

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

*137*

1    by 15 U.S.C. §7706 (g) (3) (C), plus prejudgment and post-judgment interest at the

2    highest rate permitted by law, plus cost of suit and reasonable attorney fees pursuant to

3    Chapter 19.86 RCW and 15 U.S.C. §7706 (g) (4);

4    2.  Entry of a permanent injunction against the Defendants prohibiting the Defendants from

5    sending or causing to be sent electronic mail messages of any kind or nature to e-mail

6    addresses at the Domains, hereinabove.

7    3.  Such other and further relief as the Court deems just and equitable in the premises.

8

9    RESPECTFULLY SUBMITTED this 19th day of September, 2006.

10

11    MERKLE SIEGEL & FRIEDRICHSEN, P.C.          DOUGLAS E. MCKINLEY, JR
                                                          Attorney at Law
12

13    /S/ Robert J. Siegel                               /S/ Douglas E. McKinley, Jr.
      Robert J. Siegel, WSBA #17312                      Douglas E. McKinley, Jr., WSBA #20806
14    Attorney for Plaintiffs                            Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25    COMPLAINT FOR DAMAGES, PENALTIES, ETC. -5    **MERKLE SIEGEL & FRIEDRICHSEN**
                                                      1325 Fourth Ave., Suite 940
                                                      Seattle, WA 98101
                                                      Phone: 206-624-9392
                                                      Fax: 206-624-0717

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
(206) 624-9392

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON, RICHLAND

| | |
|---|---|
| **JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM',**<br><br>Plaintiffs,<br><br>v.<br><br>**ASCENTIVE, LLC, a Delaware limited liability company; ADAM SCHRAN, individually and as part of his marital community; JOHN DOES, I-X,**<br><br>Defendants. | NO. CV-05-5079-FVS<br><br>**[FIRST AMENDED] COMPLAINT FOR DAMAGES UNDER THE CAN-SPAM ACT OF 2003 [15 U.S.C. §7701, *et seq.*] ; WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86); THE WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT (RCW 19.190 et seq.); RCW 19.170 et seq., and Injunctive Relief**<br><br>**[JURY DEMANDED]** |

COMES NOW, Plaintiff James S. Gordon, Jr. and brings this First Amended COMPLAINT against defendants named herein. Plaintiffs allege the following on information and belief:

1. **PARTIES**

   1.1    Plaintiff James S. Gordon, Jr. ("Gordon") is a married individual who is and was a resident of Benton and/or Franklin County, Washington, and who was doing business as an interactive computer service as 'gordonworks.com', during the time of all acts complained of herein.

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -1
GORDON v. ASCENTIVE, LLC, ET AL.

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

*139*

*Exhibit 10*

1.2      Defendant Ascentive, LLC ("Ascentive") upon information and belief, is a
Delaware limited liability company, with its principle place of business located in
Philadelphia, Pennsylvania.

1.3      Defendant Adam Schran ("Schran") is an officer, director, and/or majority
shareholder/member of Ascentive, and as such controls its policies, activities, and
practices, including those alleged herein on behalf of Ascentive.  All acts and practices
undertaken by Schran on behalf of Ascentive are and were for the benefit of his marital
community.  Defendant resides in the State of Pennsylvania and transacts or has
transacted business in the State of Washington and in the Eastern District of Washington.

1.4      The actions alleged herein to have been undertaken by the defendants were
undertaken by each defendant individually, were actions of which each defendant had
knowledge and that each defendant authorized, controlled, directed, or had the ability to
authorize, control or direct, and/or were actions each defendant assisted and/or
participated in, and are actions for which each defendant is liable.  Each defendant aided,
abetted, assisted, and conspired with the actions of each other defendant herein in that
each defendant had knowledge of those actions, provided assistance and benefited from
those actions, in whole or in part. Each of the defendants was the agent of each of the
other defendants, and in committing those acts herein alleged, was acting within the
course and scope of such agency and with the permission and consent of other
defendants.

## II.     JURISDICTION

2.1      This Court has original jurisdiction of the causes of action herein which are
brought under the CAN-SPAM Act of 2003 – 15 U.S.C. §7701, *et seq*.,  15 U.S.C.
§7707(g)(1).

2.2      The unlawful actions of the defendants were committed in the States of
Washington, Georgia, and in the judicial district of this Court.

2.3      The Defendants regularly transact business within the State of Washington by
virtue of the fact that they regularly send commercial bulk emails into the State, which

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -2
GORDON v. ASCENTIVE, LLC, ET AL.

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

140

1    emails are received on computers and other electronic devices owned and maintained by

2    residents of the State in the State.  As a result of the Defendants' acts and transactions

3    within the State of Washington, this Court has personal jurisdiction over the Defendants

     under RCW 4.28.185(1)(a).

4    2.4      The causes of action complained of herein include allegations that commercial

5    electronic messages sent by or on behalf of the Defendants to the Plaintiffs violate RCW

6    19.190 et seq., the Washington Commercial Electronic Mail Act (CEMA) and RCW

7    19.86 et seq.  the Washington State Consumer Protection Act (CPA), and RCW 19.170

     et seq.

8    2.5      This Court has diversity jurisdiction as plaintiffs and defendants are residents of

9    different states, and the complaint includes a prayer for relief in excess of $75,000,

10   exclusive of interest and costs.

11   2.6      Jurisdiction to commence this action is conferred by 15 U.S.C. §7701, *et seq.*,  15

12   U.S.C. §7707(g)(1); RCW 19.86.080, 19.86.090, 19.86.160, RCW 19.190.030 and RCW

13   4.12.020-.025.

14   **III.    General Allegations**

15   3.1      Plaintiffs reallege and incorporate as though fully set forth herein, all prior

16   paragraphs herein.

17   3.2      Plaintiff Gordon is the registrant of the internet domain "gordonworks.com", and

     is an interactive computer service as that term is defined in 15 U.S.C. §7703(11); 47 USC

18   231(e)(4); and RCW 19.190.010 (7).

19   3.3      Gordon provides or enables computer access by multiple users to a computer

20   server that hosts the "gordonworks.com" domain name and further provides electronic

21   mail accounts to individuals utilizing their personal domain names for electronic

22   messaging, including individuals residing within the Federal judicial district in which this

     case is brought.

23   3.4      Plaintiff Gordon is a user of the interactive computer service provided by

24   'gordonworks.com', and maintains electronic mail message accounts with

25

FIRST AMENDED COMPLAINT FOR DAMAGES,         **MERKLE SIEGEL & FRIEDRICHSEN**
PENALTIES, ETC. -3                           1325 Fourth Ave., Suite 940
GORDON v. ASCENTIVE, LLC, ET AL.             Seattle, WA 98101
                                             Phone: 206-624-9392
                                             Fax: 206-624-0717



1   'gordonworks.com, including under the address jim@gordonworks.com as well as the

2   domain name "rcw19190020.com".

3.5   At all times relevant to this action, Plaintiff's status as Washington resident is and

3   was public knowledge and available to defendants upon request from the Plaintiff, his

4   domain registrar information, and other readily accessible sources.

5   3.6   The Defendants have initiated the transmission of numerous commercial email

6   messages directed to and through Plaintiff's interactive computer service, and/or to and

7   through Plaintiff Gordon's domain 'gordonworks.com', and/or further addressed to

    Plaintiff Gordon's email address jim@gordonworks.com.

8

9   **IV.    Causes of Action**

10

11                     **4.1    First Cause of Action**

12   **Violations of the Can-Spam Act of 2003** [15 U.S.C. §7701 et seq.]

     Plaintiff realleges all preceding paragraphs and incorporates them herein as if set forth in full:

13   4.1.1   Plaintiff has received hundreds of commercial electronic mail messages from or

14   on behalf of defendants, sent to his interactive computer service located in Benton and Franklin

15   Counties, Washington, and/or to its registered domains, including 'gordonworks.com' in

16   violation of the CAN-SPAM Act of 2003, 15 U.S.C. §7701 et seq.

17   4.1.2   Plaintiff further alleges that he received numerous items of electronic mail from

18   the defendants sent to his 'gordonworks.com' domain name and servers, and to email addresses

19   served thereby, that were responded to with specific requests not to receive future commercial

20   electronic mail messages, which requests went unheeded for a substantial amount of time during

21   which defendants continued to send unlawful email to plaintiff in violation of 15 U.S.C.

     §7704(a)(4).

22   4.1.3   Plaintiff further alleges that the defendants sent at least one (1) separate item of

23   electronic mail to the plaintiff to an address most likely harvested from domain name

24

25

FIRST AMENDED COMPLAINT FOR DAMAGES,          **MERKLE SIEGEL & FRIEDRICHSEN**
PENALTIES, ETC. -4                            1325 Fourth Ave., Suite 940
GORDON v. ASCENTIVE, LLC, ET AL.              Seattle, WA 98101
                                              Phone: 206-624-9392
                                              Fax: 206-624-0717



registration and/or by other means of anonymous Internet information harvesting. Said conduct was in violation of 15 U.S.C. §7704(b)(1)(A)(i), and (ii).

4.1.4    Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiff at and through his 'gordonworks.com' domain, and to individual email accounts at that domain and on its server, which electronic mail included materially misleading subject lines, which constitutes a violation of 15 USC 7704(a)(2).

4.1.5    Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiff at and through its 'gordonworks.com' domain, and to individual email accounts served thereby, which electronic mail failed to provide a functioning mechanism, clearly and conspicuously displayed, that a recipient may use, in a manner specified in the message, to request not to receive further messages from the sender, which constitutes violations of 15 USC 7704(a)(3)(A), and 7704(a)(4)(A)(ii).

4.1.6    Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiff at and through its 'gordonworks.com' domain and server to individual email accounts served thereby, which electronic mail failed to provide clear and conspicuous notice that the mail is an "advertisement", which constitutes a violation of 15 USC 7704(a)(4)(A)(i).

4.1.7    Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiff at and through its 'gordonworks.com' domain and server, and to individual email accounts served thereby, which electronic mail constitutes a violation of 15 USC 7704(a)(2).

4.1.8    Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiff at and through its 'gordonworks.com' domain and server, and to

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -5
GORDON v. ASCENTIVE, LLC, ET AL.

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717



individual email accounts served thereby, which electronic mail failed to include a physical

postal address, which constitutes a violation of 15 USC 7704(a)(4)(A)(iii).

4.1.9   As a proximate result of said unlawful conduct by said defendants, Plaintiff is

entitled to damages for the actual monetary loss incurred or statutory damages in the amount of

up to $100.00 in the case of violation of Section 5(a)(1) or up to $25.00 in the case of each

violation of the other subsections of Section 5 in the form of statutory damages as set forth in 15

U.S.C. §7707(g)(1) and (3)(A).

4.1.10   Plaintiff furthermore seeks a preliminary and permanent injunction against the

defendants for their current and future violations of the CAN-SPAM Act of 2003 as it and

members of the general public will continue to incur damages as a result of the unlawful conduct

of said defendants.  The seeking of injunctive relief by the plaintiff is specifically authorized by

15 U.S.C. §7707(g)(1)(A).

4.1.6   Plaintiff furthermore seeks his attorney fees and costs against the defendants

pursuant to 15 U.S.C. §7707(g)(4).

### 4.2     Second and Third Causes of Action
### Violations of the Washington CEMA [RCW 19.190.020 et seq.]
### and the Washington Consumer Protection Act [RCW 19.86 et seq.]

Plaintiffs reallege all preceding paragraphs and incorporates them herein as if set forth in full:

4.2.1     It is a violation of RCW 19.190.020(1)(a)(b) and 19.190.030(1)(a)(b) to initiate

the transmission, conspire with another to initiate the transmission, or assist the transmission,

of a commercial electronic mail message from a computer located in Washington or to an

electronic mail address that the sender knows, or has reason to know, is held by a

Washington resident that uses a third party's internet domain name without permission of the

third party, or otherwise misrepresents or obscures any information in identifying the point of

origin or the transmission path of a commercial electronic mail message, or contains false or

misleading information in the subject line.

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -6
GORDON v. ASCENTIVE, LLC, ET AL.

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717



4.2.2    Defendants initiated the transmission, or assisted and/or conspired to transmit numerous commercial electronic mail messages to Plaintiff Gordon's 'gordonworks.com domain, and to his individual email account which defendants knew, or had reason to know were located in the state of Washington, which emails misrepresented or obscured information identifying the point of origin or the transmission path, and/or which contained false or misleading information in the subject line, which constitutes violations of RCW 19.190 et seq.

4.2.3    It is further a violation of RCW 19.190.080 to "solicit, request, or take any action to induce a person to provide personally identifying information by means of a web page, electronic mail message, or otherwise using the internet by representing oneself, either directly or by implication, to be another person, without the authority or approval of such other person." Numerous emails sent by Defendants and received by Plaintiff violated this provision of the CEMA.

4.2.4    Pursuant to RCW 19.190.020(1)(a)(b), each email sent in this Second Cause of Action is a separate and distinct violation of RCW 19.190, and pursuant to RCW 19.190.030(1)(a)(b), (2), and (3) constitutes a separate and distinct violation of the Consumer Protection Act, RCW 19.86.

4.2.5    Further, defendants' acts herein alleged, constitute separate and distinct violations of RCW 19.86 as they constitute unfair or deceptive acts and practices, occurring in the regular course of defendants' conduct of trade and commerce, and are unfair methods of competition, which acts have been, or are likely to be perpetrated against other residents of the State. Defendants' acts further violated RCW 9.35 et seq., which the legislature has found are matters vitally affecting the public interest (RCW 9.35.800) for the purpose of applying the Consumer Protection Act, chapter 19.86 RCW. A violation of RCW 9.35.020 is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, chapter 19.86 RCW.

Plaintiffs have been damaged as a result of Defendants' statutory violations as set forth herein, in an amount to be proven at trial.

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -7
GORDON v. ASCENTIVE, LLC, ET AL.

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717



### 4.3 Fourth Cause of Action

### RCW 19.170 et seq.

Plaintiff realleges all preceding paragraphs and incorporates them herein as if set forth in full:

4.3.1   RCW 19.170 et seq. makes it unlawful under Washington State law to deceptively advertise or promote "free" prizes, gifts, awards, travel coupons or certificate, free item, or any other item offered in a promotion that is different and distinct from the goods, service, or property promoted by a sponsor.  The statute makes a violation of RCW 19.170 a per se violation of the State Consumer Protection Act (RCW 19.86 et seq.)

4.3.2   Numerous email advertisements, i.e., "spam" which Defendants transmitted to Plaintiffs, as described herein, violated RCW 19.170 et seq., in the following ways:  In violation of RCW 19.170.030:

(a) The offending emails contained offers, and promotions for prizes, gifts, and awards which failed to identify the name and address of the promoter and the sponsor of the promotion; and/or,

(b) failed to state the verifiable retail value of each prize offered in it; and/or,

(c) failed to disclose the verifiable retail value and odds for each prize which must be stated in immediate proximity on the same page with the first listing of each prize in type at least as large as the typeface used in the standard text of the offer; and/or

(d)  failed to conspicuously disclose, if a person is required or invited to view, hear, or attend a sales presentation in order to claim a prize that has been awarded, may have been awarded, or will be awarded, the requirement or invitation must be conspicuously disclosed under subsection (7) of this section to the person in the offer in bold-face type at least as large as the typeface used in the standard text of the offer; and/or,

(e)  or failed to otherwise comply with RCW 19.170.030 which requires that "No item in an offer may be denominated a prize, gift, award, premium, or similar term that implies the item is free if, in order to receive the item or use the item for its intended purpose the intended recipient is required to

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -8
GORDON v. ASCENTIVE, LLC, ET AL.

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

spend any sum of money, including but not limited to shipping fees, deposits, handling fees, payment for one item in order to receive another at no charge, or the purchase of another item or the expenditure of funds in order to make meaningful use of the item awarded in the promotion. The payment of any applicable state or federal taxes by a recipient directly to a government entity is not a violation of this section."

In violation of RCW 19.170.040:

(a)   included a prize in an offer when the promoter or sponsor knows or has reason to know that the prize will not be available in a sufficient quantity based upon the reasonably anticipated response to the offer.

(b)   failed to comply with subsection (5) which provides: "If the prize is not available for immediate delivery to the recipient, the recipient shall be given, at the promoter or sponsor's option, a rain check for the prize, the verifiable retail value of the prize in cash, or a substitute item of equal or greater verifiable retail value."

(c)   failed to comply with subsection 5(b), which provides: "If the rain check cannot be honored within thirty days, the promoter or sponsor shall mail to the person a valid check or money order for the verifiable retail value of the prize described in this chapter."

(d)   failed to comply with subsection (6), which provides: "A sponsor shall fulfill the rain check within thirty days if the person named as being responsible fails to honor it."

(e)   failed to comply with subsection (7) , which provides: "The offer shall contain the following clear and conspicuous statement of recipients' rights printed in type at least as large as the typeface used in the standard text of the offer:" If you receive a rain check in lieu of the prize, you are entitled by law to receive the prize, an item of equal or greater value, or the cash equivalent of the offered prize within thirty days of the date on which you claimed the prize." ".

(f)   failed to comply with subsection (8) , which provides: "It is a violation of this chapter to misrepresent the quality, type, value, or availability of a prize."

**5. Demand for jury.**      Plaintiff demands that this cause be tried to a jury.

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -9
GORDON v. ASCENTIVE, LLC, ET AL.

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1

## PRAYER FOR RELIEF

2    Plaintiffs pray for relief as follows:

3    That the Court adjudge and decree that defendant has engaged in the conduct complained
of herein.

4    That the Court adjudge and decree that the conduct complained of herein constitutes

5    violations of the Federal Can-Spam Act of 2003, 15 U.S.C. §7705, and that Plaintiffs are

6    entitled to all damages provided for thereunder, as may be proved at trial;

7    That the Court adjudge and decree that the conduct complained of herein constitutes

violations of the Washington Commercial Electronic Mail Act, RCW 19.190 et seq., and

8    that Plaintiff is entitled to all damages provided for thereunder, as may be proved at trial,

9    including but not limited to treble damages of up to three times the per statutory damages

10    provided therein for each violation committed by the defendants, in an amount to be proven

11    at trial;

12    That the Court adjudge and decree that the conduct complained of herein constitutes

violations of RCW 19.170 et seq. and that Plaintiff is entitled to all damages provided for

13    thereunder, as may be proved at trial, including but not limited to aggravated damages

14    under RCW 19.170.060 of up to three times the amount of statutory damages for these

15    violations committed by the defendants willfully and knowingly, and for defendants'

unlawful activity.

16
That the Court adjudge and decree that the conduct complained of herein constitutes

17    violations of the Washington Consumer Protection Act, RCW 19.86 et seq., and that

18    Plaintiff is entitled to all damages provided for thereunder, as may be proved at trial;

19    That the Court adjudge and decree that the conduct complained of herein further

constitutes violations of RCW 9.35 et seq., and as such constitute violations of the

20    Washington Consumer Protection Act, RCW 19.86 et seq., and that Plaintiff is entitled to

21    all damages provided for thereunder, as may be proved at trial;

22    That the Court assess civil penalties, pursuant to 19.190.040(1) of five hundred dollars

23    ($500) per violation against defendant for each and every one of the commercial electronic

24    mail messages sent to plaintiff Gordon in violation of RCW 19.190.020.

25

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -10
GORDON v. ASCENTIVE, LLC, ET AL.

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

That the Court assess civil penalties, pursuant to 19.190.040(1) one thousand dollars ($1,000) per violation against defendant for each and every one of the commercial electronic mail messages sent through plaintiff Gordon's interactive computer service in violation of RCW 19.190.020.

That the Court assess civil penalties in the way of treble damages pursuant to RCW 19.86.140, of two thousand dollars ($2,000) for each and every one of the violations of RCW 19.86 caused by the conduct complained of herein.

That the Court enter judgment pursuant to RCW19.86.140 providing that Plaintiff has been injured by the conduct complained of herein, and ordering that Plaintiff recover from the defendant the costs of this action, including reasonable attorney's fees.

That the Court order such other relief as it may deem just and proper to fully and effectively remedy the effects of, and prevent future instances of, the conduct complained of herein, or which may otherwise seem proper to the Court.

DATED this _13TH_ day of April, 2006.

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**

Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -11
GORDON v. ASCENTIVE, LLC, ET AL.

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

149

1
2                        **Certificate of Service**
3
    I hereby, certify that on April 13, 2006, I filed this pleading with this
4
5   Court. The Clerk of the Court will provide electronic notification system
6
    using the CM/ECF, which will send an electronic copy of this Notice to:
7
8   Floyd E. Ivey.
9
10
    /S/ Robert J. Siegel
11  Robert J. Siegel, WSBA #17312
12  Attorneys for Plaintiffs
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                                       MERKLE SIEGEL & FRIEDRICHSEN, P.C.
                                              1325 Fourth Ave., Suite 940
28  NO. CV-05-5079-FVS      Page 3 of 3         Seattle, WA 98101-2509
    NOTICE OF HEARING – PLAINTIFF'S              Phone: 206-624-9392
    MOTION TO EXPEDITE MOTION TO                  Fax: 206-624-0717
    AMEND COMPLAINT.

150

# UNITED STATES DISTRICT COURT

Western District of Washington, Seattle

JAMES S. GORDON, Jr., a married
Individual, d/b/a
'GORDONWORKS.COM',

V.

ASCENTIVE, LLC, a Delaware
Corporation, ADAM SCHRAN,
individually and as part of his
marital community; JOHN DOES, I-X,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

## C 06-1284 TSZ

TO: Ascentive, LLC

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY,

Robert J. Siegel
1325 Fourth Avenue
Suite 940
Seattle, WA 98101

an answer to the complaint which is served on you with this summons, within _____
days after service of this summons on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint. Any
answer that you serve on the parties to this action must be filed with the Clerk of this Court
within a reasonable period of time after service.

## BRUCE RIFKIN

_____
CLERK

_____
(By) DEPUTY CLERK

DATE  7-7-06

Exhibit 11

15 (

**Floyd Ivey**

| | |
|---|---|
| **From:** | Bob Siegel [bob@msfseattle.com] |
| **Sent:** | Monday, September 11, 2006 6:37 PM |
| **To:** | Floyd Ivey |
| **Cc:** | doug@mckinleylaw.com; Bob Siegel |
| **Subject:** | RE: Omni Innovations LLC v. Ascentive, Schran |

Floyd,

Thank you for your request.  However, it is respectfully declined.
First, we will soon amend the complaint to include a resident of Seattle,
who is elderly and would be much inconvenienced by having to prosecute
her claims in Richland.  Further, since we assume that you will not undertake
to represent your client in this action, due to what would be a glaring conflict
of interest, we do not expect that the location of counsel will create any prejudice
to your client.  Of course, should you even attempt to appear to represent
interests adverse to your former client Omni, without obtaining the required
waiver, such conflict would certainly result in a motion to disqualify, which, of
course would likely be granted.

As for the experience of the Courts, I am sure that the Western District
would consider itself sufficiently experienced in this area, as do I.

Sincerely,
Bob Siegel

> **From:** Floyd Ivey [mailto:fivey@LICBS.com]
> **Sent:** Monday, September 11, 2006 6:01 PM
> **To:** Bob Siegel; doug@mckinleylaw.com
> **Subject:** Omni Innovations LLC v. Ascentive, Schran
>
> Gentlemen,
>
> You've filed the indicated action in the Western District.  Mr. Gordon resides in the Eastern District.  The
> court here is familiar with these cases.  I ask that you voluntarily transfer to the Eastern District.
>
> Thank you.
>
> Floyd E. Ivey
> Attorney at Law
> Liebler, Ivey, Connor, Berry & St. Hilaire
> Box 6125
> 1141 N. Edison, Suite C
> Kennewick, Wa. 99336
> 509 735 3581
> 509 735 3585(fax)
> 509 948 0943(cell)

Exhibit 12

152

11/1/2006

CORPOR

Corporations Menu

Enter Keywords Sea

## Search Results

« S

Your search for businesses starting with **"omni innovations"** returned the following results:

OMNI INNOVATIONS, LLC

« S

**Disclaimer**
Information in the Secretary of State's Online Corporations Database is updated Monday through Friday by 5:0 Pacific Standard Time (state holidays excluded). Neither the State of Washington nor any agency, officer, or er the State of Washington warrants the accuracy, reliability, or timeliness of any information in the Public Access shall not be liable for any losses caused by such reliance on the accuracy, reliability, or timeliness of such infor While every effort is made to ensure the accuracy of this information, portions may be incorrect or not current. or entity who relies on information obtained from the System does so at his or her own risk.

Address Confidentiality | Apostilles | Archives | Charitable Trusts & Solicitations | Corporations | Digital Signatures
Elections & Voting | International Trade | Library | Medals of Merit & Valor | News Releases | Oral History | Productivity Board
State Flag | State Seal | Washington History

Washington Secretary of State
801 Capitol Way South
PO Box 40234, Olympia WA 98504-0234
(360) 753-7115

Phone Numbers | Privacy Policy | Accessibility

Exhibit 13

153



Corporations Menu

» Print Page

Enter Keywords          Sea

## Corporations Division - Registration Data Search

**OMNI INNOVATIONS, LLC**

| | |
|---|---|
| **UBI Number** | 602 054 409 |
| **Category** | Limited Liability Regular |
| **Profit/Nonprofit** | Profit |
| **Active/Inactive** | Active |
| **State of Incorporation** | WA |
| **Date of Incorporation** | 07/25/2000 |
| **License Expiration Date** | 07/31/2007 |

**Registered Agent Information**

| | |
|---|---|
| **Agent Name** | JAMES S GORDON |
| **Address** | 9804 BUCKINGHAM DR |
| **City** | PASCO |
| **State** | WA |
| **ZIP** | 99301 |

**Special Address Information**

| | |
|---|---|
| **Address** | |
| **City** | |
| **State** | |
| **Zip** | |

« Return to Search List

154