# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT
## NO.
## DC# CV-06-01284-TSZ
## Western Washington (Seattle)

---

**IN RE: ASCENTIVE LLC and ADAM SCHRAN,**

**Petitioners,**

**UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON,**

**Respondent,**

**OMNI LLC et al,**

**Real Parties in Interest**

---

## EMERGENCY PETITION FOR
## WRIT OF MANDAMUS OR PROHIBITION OR TO STAY PROCEEDINGS
## UNDER CIRCUIT RULE 27-3

---

Floyd E. Ivey, WSBA #6888
pro hac vice
William J. Connor, WSBA #8234
**Liebler, Ivey, Connor, Berry & St. Hilaire**
1141 North Edison, Suite C
P. O. Box 6125
Kennewick, Washington 99336
Telephone: 509-735-3581
Facsimile:  509-735-3585

**Attorneys for Petitioners**

# CORPORATE DISCLOSURES

ASCENTIVE LLC is a privately held corporation.

**(I)** **Attorneys of Record**

| | |
|---|---|
| Douglas E. McKinley | Robert Siegel |
| Box 202 | 1325 4th Ave. Suite 940 |
| Richland, Wa. 99352 | Seattle, Wa. 98101-2509 |
| 509 628 0809 | 206 624 9392 |
| 509 628 2307 | 206 624 0717 |

**ATTORNEYS FOR OMNI LLC et al.**

Floyd E. Ivey
LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
P.O. Box 6125
1141 North Edison Street, Suite C
Kennewick, WA 99336
509-735-3581

**ATTORNEYS FOR PETITIONERS**

**(II)    Statement of Facts Showing The Existence of an Emergency.**

OMNI LLC et al has moved to Disqualify Defendants' counsel Floyd E. Ivey.  The Court has granted the Motion by Order of November 29, 2006.  The Court's Order is attached hereto as Exhibit 1.

A timely Motion for Reconsideration was filed and noted for hearing on December 11, 2006.  The court has not ruled on the Motion for Reconsideration.  The Memorandum in Support of Defendants' Motion for Reconsideration is attached hereto as Exhibit 2.

By Minute Order of December 1, 2006, the Court has ordered that Defendants' engage new counsel and file an Answer by December 21, 2006.  A copy of the Court's Minute Order is attached as Exhibit 3.

Defendants' Motion to Stay the Minute Order deadline of engaging new counsel and filing an Answer was filed and noted for hearing, in the time set by Local Rule, for December 21, 2006.  The court has not ruled on the Motion to Stay.  Defendants' Memorandum in Support of Defendants' Motion to Stay is attached hereto as Exhibit 4.

Mr. James Gordon is the owner of Omni LLC.  Counsel Floyd E. Ivey represents defendants in other cases where Mr. James Gordon is the plaintiff.  A like or identical Motion to Disqualify counsel Ivey in his representation of James Gordon in the Eastern District of Washington case of Gordon v. Impulse

Marketing Group Inc was denied by Judge Van Sickle in 2006. Judge Van Sickle's Order is attached hereto as Exhibit 5.

**(iii)    Certificate of Service.**

I hereby certify that a true and correct copy of the foregoing Petition for Writ of Mandamus has been served upon Judge T. S. Zilly, United States District Court for the Western District of Washington, and counsel of record for Omni LLC et al, Douglas E. McKinley, Box 202, Richland, Washington, and Robert Siegel, 1325 4th Ave. Suite 940, Seattle, Wa. 98101-2509 via ECF filing with the Western District Court on this 20th day of December, 2006.

\_

Floyd E. Ivey, WSBA #6888
Liebler, Ivey, Connor, Berry & St. Hilaire
Attorneys for the Petitioners

# I.

## STATEMENT OF FACTS

This case, Omni LLC et al v. Ascentive et al, was filed in the Western District of Washington. Plaintiffs assert claims under Washington's Anti-Spam statute RCW 19.190. Plaintiff Omni LLC is owned by James Gordon. James Gordon has brought other anti-spam cases. Counsel Floyd E. Ivey represents defendants in other cases brought by Plaintiff James Gordon in the Eastern District of Washington cases of Gordon v. Ascentive LLC and Adam Schran (CV-05-5079-FVS), Gordon v. Impulse Marketing Group (CV-04-5125-FVS). Counsel Floyd E. Ivey has represented defendants in the Benton County Superior Court, State of Washington case of Gordon v. Efinancials LLC (No. 05-2-1489-7). The Case of Gordon v. Efinancials LLC was moved to King County on Ivey's Motion to Change Venue. These facts are set forth in Exhibit 2, Defendants' Motion for Reconsideration.

Mr. James Gordon, plaintiff in Gordon v. Impulse Marketing Group Inc, Eastern District, was directly involved in representing his Third Party Defendant daughter Jamila Gordon and in signing pleadings for Jamila Gordon and filing said pleadings for Jamila Gordon in a like or identical Motion to Disqualify brought more than one year following the appearance by counsel Floyd E. Ivey for Defendant. (Exhibit 2, page 7 with reference to the Record). Judge Van Sickle

denied the Motion to Disqualify. (Exhibit 5)   With the exception of the statement by Mr. James Gordon that counsel Ivey provided Mr. Gordon contract advice relative to Omni LLC, this present Motion to Disqualify is suported by the same evidence as found in the Eastern District case of Gordon v. Impulse Marketing Group Inc.  Counsel Floyd E. Ivey denies any knowledge of or any services to Omni LLC and Mr. Gordon has provided no documentary evidence that counsel Floyd E. Ivey provided any services regarding Omni LLC.

   The Parties Moving to Disqualify counsel Floyd E. Ivey in the Eastern District case of Gordon v. Impulse Marketing Group Inc. were Mr. James Gordon's wife Bonnie Gordon and daughter Jamila Gordon.  Mr. James Gordon's specific and documented participation in bringing the denied Motion to Disqualify in the Eastern District demonstrates that the entirety of the record supporting the Motion to Disqualify, now granted in the Western District, was available for presentation at the time of the bringing of the Motion to Disqualify in the Eastern District.

   Plaintiff Omni LLC's Motion to Disqualify in the Western District is a Motion to Reconsider Judge Van Sickle's Denial of the Motion to Disqualify in the Eastern District.  The granted Motion to Disqualify in the Western District leaves counsel Floyd E. Ivey as counsel for defendants against James Gordon in the Eastern District.   The Defendants timely responded to

the Motion to Disqualify providing a record of approximately 198 pages.

## II.

## ARGUMENT

ISSUE ONE: Should the Circuit Court stay the Western District's Minute Order of December 1, 2006 until such time that the Defendants' Motion for Reconsideration has been decided and, if Defendants' Motion for Reconsideration is denied, until such time as the Defendants have the opportunity to file an Emergency Petition for Writ of Mandamus?

ANALYSIS: The Order of November 29, 2006, disqualifies counsel Ivey. The Minute Order of December 1, 2006 requires Defendants ot engage new counsel and file an Answer by December 21, 2006.  Defendants' Motion for Reconsideration of the Order disqualifying counsel Ivey and Defendants' Motion for Stay of the December 1, 2006 Minute Order are pending.

If the Defendants' are required to engage new counsel by December 21, 2006 then the effects of Disqualification will have occurred.

The matter of Disqualification has been considered in *Cole v. U.S. Dist. Court For Dist. of Idaho* 366 F.3d 813, 816 (9th Cir. Idaho 2004); *Christensen v. United States Dist. Court,* 844 F.2d 694, 697 & n. 5 (9th Cir.1988).  The facts of the representation by Ivey of Mr. James Gordon and of Omni LLC, when considered in light of these decisions, suggests that this Circuit will likely grant a

Writ for Mandamus should the Motion for Reconsideration be Denied. (Please refer to Defendants' Memorandum in support of Motion for Stay, Exhibit 4)

Additionally, the fact of the District Court's likely overlooking or misapprehending significant portions of the record suggests the likelihood that the Motion for Reconsideration should be granted. (Please refer to Defendants' Memorandum in support of Motion for Reconsideration, Exhibit 2).

### III.

### CONCLUSION

The effect of the Court's Order disqualifying counsel Floyd E. Ivey will finally be effective on December 21, 2006 even with Motions for Reconsideration and for Stay pending, unless the District Court's Minute Order of December 1, 2006 is Stayed by this Circuit. Accordingly, this Petition should be granted. The District Court's Minute Order of December 1, 2006 should be stayed until such time that the Motion for Reconsideration has been granted, and, if the Motion for Reconsideration is Denied until such time to allow Defendants to file their Emergency Writ of Mandamus re: disqualification.

Respectfully submitted this 20th day of December, 2006.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

                                      _____
                                      Floyd E. Ivey, WSBA #6888
                                      Attorneys for Petitioners