1

2   Floyd E. Ivey                          Hon. Judge T. S. Zilly
     Liebler, Ivey, Connor, Berry & St. Hilaire
3   1141 N. Edison, Suite C
     P.O. Box 6125
4   Kennewick, WA 99336
     Telephone (509) 735-3581
5   Fax (509) 735-3585
     Attorneys for Defendant
6
     DOUGLAS E. MCKINLEY, JR.
7   Attorney At Law
     P.O. Box 202 Richland, Washington 99352
8   509-628-0809
     Fax (509) 628-2307
9   Attorney for Plaintiff

10   ROBERT J. SIEGEL
      1325 4th Ave Ste 940
11   Seattle, WA
      98101-2509

12

13

14            **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE WESTERN DISTRICT OF WASHINGTON**

15

16   OMNI INNOVATIONS LLC et al      )    NO. CV-06-01284-TSZ
                                       )
17                                   )
              Plaintiffs           )    DEFENDANT'S PETITION
18                                   )    FOR STAY PENDING
     ASCENTIVE, LLC                 )    RECONSIDERATION OF
19   a Delaware Limited Liability Company,   )    ORDER DISQUALIFYING
                                   )    COUNSEL FLOYD E. IVEY
20              Defendant          )    OR UNTIL WRIT OF
     _____ )    MANDAMUS FILED
21

22         Defendants now Petition for A Stay of the Order disqualifying Counsel Ivey

23   of November 29, 2006 and the Court's Minute Order of December 1, 2006

24   pending hearing of Defendants' Motion for Reconsideration of the Court's

25   November 29, 2006 Order disqualifying Counsel Floyd E. Ivey. This Motion is

26   brought pursuant to Local rule 7(d)(2)(A) re: seeking relief from a deadline or

27   limit. This motion supported by Defendants' Memorandum supporting Petition for

28   Stay and the Declaration of Floyd E. Ivey in Support of Petition for Stay.

Defendant's Motion for Reconsideration - 1.              LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni                     Attorneys at Law
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion             P.O. Box 6125
ToSTAY.MANDAMUS.MOTION.061212.wpd                     Kennewick, Washington 99336-0125
                                             (509) 735-3581

*Ext. Petition for Mandamus [handwritten]*

Dockets.Justia.com

DATED this 12st day of December, 2006.

**LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE**


**s/ FLOYD E. IVEY**
**Floyd E. Ivey, WSBA #6888**
**Attorneys for the Defendants Ascentive and Schran**


I hereby certify that on December 12, 2006, I electronically filed **Defendant's Motion for Stay** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert Siegel and Douglas McKinley. I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: NA.


S/ FLOYD E. IVEY
FLOYD E. IVEY

Defendant's Motion for Reconsideration - 2.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
ToSTAY.MANDAMUS.MOTION.061212.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2   Floyd E. Ivey                                          Hon. Judge T. S. Zilly
    Liebler, Ivey, Connor, Berry & St. Hilaire
3   1141 N. Edison, Suite C
    P.O. Box 6125
4   Kennewick, WA 99336
    Telephone (509) 735-3581
5   Fax (509) 735-3585
    Attorneys for Defendant
6
    DOUGLAS E. MCKINLEY, JR.
7   Attorney At Law
    P.O. Box 202 Richland, Washington 99352
8   509-628-0809
    Fax (509) 628-2307
9   Attorney for Plaintiff

10  ROBERT J. SIEGEL
    1325 4th Ave Ste 940
11  Seattle, WA
    98101-2509

12

13

14              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WASHINGTON
15

16  OMNI INNOVATIONS LLC et al          )     NO.  CV-06-01284-TSZ
                                        )
17                                      )     ORDER ON DEFENDANTS'
                Plaintiffs              )     PETITION FOR STAY
18                                      )
    ASCENTIVE, LLC                      )
19  a Delaware Limited Liability Company, )
                                        )
20              Defendant               )
    _____)
21

22          The Court having considered Defendants' Petition for Stay of this matter

23  pending hearing of Defendants' Motion for Reconsideration and pending deadlines

24  and limits per the Courts' Minute Order of December 1, 2006 now (grants) (denies)

25  Defendants' Petition for Stay and does hereby Stay these proceedings

26  until_____ by which time Defendants will have had opportunity

27  to file a Writ of Mandamus.

28

Order on Defendant's Petition for Stay - 1.              LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
                                                                     Attorneys at Law
                                                                      P.O. Box 6125
                                                             Kennewick, Washington 99336-0125
                                                                     (509) 735-3581

1

DATED this _____ day of _____, 200___.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order on Defendant's Petition for Stay - 2.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Floyd E. Ivey                                                      Hon. Judge Zilly
Liebler, Ivey, Connor, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Telephone (509) 735-3581
Fax (509) 735-3585
Attorneys for Defendant

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202 Richland, Washington 99352
509-628-0809
Fax (509) 628-2307
Attorney for Plaintiff

ROBERT J. SIEGEL
1325 4th Ave Ste 940
Seattle, WA
98101-2509

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OMNI INNOVATIONS LLC et al ) | NO.  CV-06-01284-TSZ |
| ) | |
| Plaintiffs ) | **DECLARATION OF FLOYD E. IVEY IN SUPPORT OF PETITION FOR STAY** |
| ASCENTIVE, LLC ) | |
| a Delaware Limited Liability Company; ) | |
| ADAM SCHRAN, individually and as part ) | |
| of his marital community; JOHN DOES, I-X) | |
| Defendants ) | |
| _____) | |

Floyd E. Ivey now declares that I have appeared for Defendant Ascentive,

LLC in the matter of Omni LLC v. Ascentive LLC on October 20, 2006.  The

damage to Defendants Ascentive LLC and Mr. Schran, by disqualification of

counsel Ivey is not limited to the present case of Omni LLC v. Ascentive LLC.  I

have been the lead counsel representing Ascentive LLC and Mr. Schran in the

Eastern District since approximately August 2005.  In that matter I have brought a

DeclarationIvey Motion Opposing Plaintiff's Motion to Disqualify -
1.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
forMANDAMUS.STAY.DECIVEY.061212.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   Motion to Dismiss for Lack of Jurisdiction with the matter to be further considered

2   at trial.  I have pursued discovery issues in opposing discovery and in seeking

3   responses to discovery from Plaintiff.  I have interacted with Ascentive and Mr.

4   Schran on numerous occasions.

5       Additionally, I am a lead counsel in the Eastern District case of Gordon v.

6   Impulse Marketing Group, Inc, CV-04-5125-FVS and have personally drafted and

7   filed the majority of pleadings in that case through approximately March 2006 and

8   Court Rec. 255 in Gordon v. Impulse.  Since approximately August 2005 I have

9   been the sole counsel for Defendants Gordon v Ascentive LLC, Eastern District of

10  Washington, CV-05-5079-FVS; since approximately the fall of 2005 I was the sole

11  counsel representing Defendants in Gordon v. Efinancials LLC, Benton County

12  Superior Court, until such time that on my Motion for Change of Venue the case

13  was moved to King County.

14      As Counsel for Defendant in these several cases, in opposition to Mr.

15  Gordon, I have filed dozens of pleadings, have moved to dismiss, have pursued

16  motions to compel and presently have pending, in Gordon v. Ascentive LLC, in the

17  Eastern District, a Motion to Dismiss Plaintiff Gordon's First Amended Complaint.

18

19      Disqualification in the Western District matter of Omni LLC v. Ascentive

20  has the specific potential to affect Defendant's choice of counsel in the other cases

21  of Gordon v. Impulse and Gordon v. Ascentive in the Eastern District.

22  Specifically, should the disqualification be effected in the Western District what

23  will be the effect of Defendants, other than Ascentive, in their continuing reliance

24  on co-counsel who have labored with counsel Ivey in the matter of Gordon v.

25  Impulse in the Eastern District?

26      It is reasonably considered that another attorney may not gain the same

27  quality of attorney-client relationship and rapport that I have with  petitioner

28

1  Defendants. Except for compelling reasons, such as necessary bar admissions,

2  clients should be permitted to have the counsel of their choice. A lost choice of

3  counsel at trial cannot be remedied on direct appeal.

4      DATED this 12th day of December, 2006

5                LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

6

7      By s/FLOYD E. IVEY
           FLOYD E. IVEY, WSBA #6888
8          Counsel for Defendant
           1141 N. Edison, Suite C
9          Kennewick, WA 99336

10

11     I hereby certify that on December 12, 2006, I electronically filed
    **Declaration of Floyd E. Ivey Supporting Petition for Stay** with the Clerk of the
    Court using the CM/ECF System which will send notification of such filing to
12  Plaintiffs' counsel Robert J. Siegel and Douglas McKinley.
                    S/ FLOYD E. IVEY
13                  FLOYD E. IVEY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DeclarationIvey Motion Opposing Plaintiff's Motion to Disqualify -
3.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
forMANDAMUS.STAY.DECIVEY.061212.wpd

                    LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
                              Attorneys at Law
                                P.O. Box 6125
                        Kennewick, Washington 99336-0125
                              (509) 735-3581

1

2   Floyd E. Ivey                                    Hon. Judge T. S. Zilly
    Liebler, Ivey, Connor, Berry & St. Hilaire
3   1141 N. Edison, Suite C
    P.O. Box 6125
4   Kennewick, WA 99336
    Telephone (509) 735-3581
5   Fax (509) 735-3585
    Attorneys for Defendant
6
    DOUGLAS E. MCKINLEY, JR.
7   Attorney At Law
    P.O. Box 202 Richland, Washington 99352
8   509-628-0809
    Fax (509) 628-2307
9   Attorney for Plaintiff

10  ROBERT J. SIEGEL
    1325 4th Ave Ste 940
11  Seattle, WA
    98101-2509

12

13

14              IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF WASHINGTON
15

16  OMNI INNOVATIONS LLC et al          )    NO.  CV-06-01284-TSZ
                                        )
17                                      )
              Plaintiffs                )    DEFENDANT'S
18                                      )    MEMORANDUM IN
    ASCENTIVE, LLC                      )    SUPPORT OF PLAINTIFFS'
19  a Delaware Limited Liability Company, )  PETITION FOR A STAY
                                        )
20            Defendant                 )
                                        )
21  ──────────────────────────────────────)

22

    **PETITION FOR A STAY**
23

24      The Court has Disqualified counsel Floyd E. Ivey by its Order of November

25  29, 2006 and, by its Minute Order of December 1, 2006, has ordered that

26  Defendants have until December 21, 2006 to find new counsel and to file an

27  Answer to the amended complaint.

28
    Defendant's Memorandum in Support of Plaintiffs' Petition for a
    Stay - 1.
    Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
    Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
    MANDAMUS.STAY.MEMO.061212...wpd

                          LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
                                    Attorneys at Law
                                     P.O. Box 6125
                            Kennewick, Washington 99336-0125
                                    (509) 735-3581

1    Defendant has noted its Motion for Reconsideration, under Local Rule 7(h),

2  for hearing on the day of filing of December 11, 2006. Defendant has noted this

3  Petition for a Stay for Relief from the deadline or limit imposed by the Minute

4  Order of December 1, 2006, no earlier than seven Judicial Days from the date of

5  filing, on Friday, December 21, 2006. The deadline from which relief is sought is

6  that imposed by the Court requiring Defendants to engage other counsel by

7  December 21, 2006.

8    Defendant seeks, in the event that the Court has not granted the Motion for

9  Reconsideration or if the Motion for Reconsideration has been denied and this

10 Petition for a Stay has not been ruled on by December 21, 2006, a stay of the

11 Court's Order that new counsel be engaged and an Answer filed by December 21,

12 2006 until such time as this Petition for a Stay has been ruled on, and if the Motion

13 for Reconsideration has not been granted for a reasonable time for Defendants'

14 filing and the rendering of a decision by the appellate court responsive to

15 Defendants' Writ of Mandamus.

16

17 **THE GROUNDS FOR THIS PETITION FOR A STAY IS FRAMED IN**

18 **TERMS OF THE LIKELIHOOD OF THE GRANTING OF A WRIT OF**

19 **MANDAMUS**

20    Defendants present the following analysis in support of this Petition for a

21 Stay. Substantial reason exists to believe that the appellate court will grant a Writ

22 of Mandamus relative to the facts of disqualification in this matter.

23    The rule is that a writ of mandamus may be used to review the disqualification of

24 counsel. *Cole v. U.S. Dist. Court For Dist. of Idaho* 366 F.3d 813, 816 (9th Cir.

25 Idaho 2004); *Christensen v. United States Dist. Court,* 844 F.2d 694, 697 & n. 5

26 (9th Cir.1988). The reason is because the harm of such disqualification cannot be

27 corrected with an ordinary appeal. *Cole, Id. at* 816-17.   Whether a writ of

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 2.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

1  mandamus should be granted is determined case-by-case, weighing the factors

2  outlined in *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir.1977).

3  These are whether (1) the party seeking the writ has no other means, such as a

4  direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a

5  way not correctable on appeal, (3) the district court's order is clearly erroneous as a

6  matter of law, (4) the order is an oft-repeated error, or manifests a persistent

7  disregard of the federal rules, and (5) the order raises new and important problems,

8  or issues of law of first impression.   *Cole Id.* at 816-17.

9        The *Bauman* factors should not be mechanically applied.  Evidence showing

10  that all the *Bauman* factors are affirmatively presented by a case does not

11  necessarily mandate the issuance of a writ, nor does a showing of less than all,

12  indeed of only one, necessarily mandate denial; instead, the decision whether to

13  issue the writ is within the discretion of the court.  *Cole, Id at* 816-17.  Not all of

14  the *Bauman* factors are relevant to every case. The *Bauman* factors are guidelines

15  to be "weighed together based on the facts of the individual case".  *Cole, Id*

16  Footnote 3.

17

18  **FIRST BAUMAN FACTOR**

19        The first *Bauman* factor highlights the need for mandamus to be used only

20  when no other realistic alternative is (or was) available to a petitioner.  This factor

21  is affirmatively presented in the context of a disqualification of counsel when the

22  petition arises from the action of a district court. *Cole, Id.* 817; *Christensen,Id* at

23  697 (noting that an order disqualifying counsel is not a collateral order subject to

24  immediate attack and that the petitioner can never obtain the relief sought, i.e.,

25  maintaining the disqualified counsel for pending litigation, through a direct

26  appeal). Parties normally have the right to counsel of their choice, so long as the

27  counsel satisfy required bar admissions, and it is no small thing to disqualify a

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 3.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   counsel before trial. Absent mandamus relief, a counsel's wrongful disqualification,

2   which cannot be immediately appealed, can cause great harm to a litigant. This

3   harm cannot be corrected by the ordinary appellate process because that occurs

4   after the trial has been held, when it is too late to replace the counsel. **This is why**

5   **the rule of *Christensen,* permitting mandamus relief after a disqualification of**

6   **counsel by a district court, makes good sense.** (Emphasis added)

7        In *Cole, Id* at 818, it is noted that Plaintiffs could have, but did not, move for

8   reconsideration. Defendant herein has moved for reconsideration. Petitioners'

9   failure, in *Cole*, to submit the disqualification issue to the district court gravely

10   weakened the petitioners' case for the writ of mandamus. The need to show the lack

11   of an available remedy absent a writ of mandamus goes to the heart of this

12   extraordinary remedy which should be sparingly employed. *Cole, Id at* 818. A

13   finding that the first *Bauman* factor is shown should be held to weigh toward the

14   granting of the writ. *Cole, Id.* at 820.

15

16   **SECOND BAUMAN FACTOR**

17        Next addressed is the second *Bauman* factor: whether petitioners will be

18   damaged in a way not corretable through ordinary appeal. This factor is readily

19   shown under the authority of *Cole, Id* at 820 and *Christensen, Id* at 697(holding

20   that attorney disqualification satisfies the second *Bauman* factor). The damage in

21   this case includes the petitioners' loss of a lead counsel who has been a principal in

22   the defense against plaintiff Gordon's anti-spam cases since January, 2005. I have

23   opposed Plaintiff Gordon as follows: in Gordon v. Impulse Marketing Group Inc.,

24   Eastern District of Washington, CV-04-5125-FVS since January 2005; since

25   approximately August 2005 in Gordon v Ascentive LLC, Eastern District of

26   Washington, CV-05-5079-FVS; since approximately the fall of 2005 in Gordon v.

27   Efinancials LLC, Benton County Superior Court.

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 4.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

                         LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
                                 Attorneys at Law
                                   P.O. Box 6125
                             Kennewick, Washington 99336-0125
                                   (509) 735-3581

1    As Counsel for Defendants opposing Mr. Gordon, I have filed dozens of

2    pleadings, have moved to dismiss, have pursued motions to compel and presently

3    have pending, in Gordon v. Ascentive LLC, in the Eastern District a Motion to

4    Dismiss Plaintiff Gordon's First Amended Complaint.

5        It is reasonably considered that another attorney may not gain the same

6    quality of attorney-client relationship and rapport that counsel Ivey has with

7    petitioner Defendants.  Except for compelling reasons, such as necessary bar

8    admissions, Ascentive and Mr. Schran should be permitted to have the counsel of

9    their choice. A lost choice of counsel at trial cannot be remedied on direct appeal.

10   These are fundamental concerns which have been address in precedent.

11       If the Order of disqualification is allowed to stand and once a new attorney

12   is brought in, the effect of this Court's Order will be irreversible.  Hence counsel

13   for Ascentive has Moved for Reconsideration and separately seeks, by this

14   Petition, a Writ of Mandamus and additionally, recognizing the possibility of

15   scheduling issues and the holiday season, seeks Stay of the Court's separate

16   direction that Defendants have new counsel appear by December 21, 2006 until

17   such time that these matters have been ruled upon.  Additionally, should the Writ

18   of Mandamus be granted Defendants seek sufficient time to implement the actions

19   thereafter required.

20

21   **THIRD BAUMAN FACTOR**

22       Next analyzed is the third *Bauman* factor, whether there was clear error.

23   Absence of this factor is often dispositive of the petition. Clear error is, if not

24   necessary, a "highly significant" factor. *Cole, Id* at 820; *Merle Norman Cosmetics,*

25   *Inc. v. United States Dist. Court,* 856 F.2d 98, 100 (9th Cir.1988); *see In re Grand*

26   *Jury Investigation,* 182 F.3d 668, 670 (9th Cir.1999).  To find clear error, a

27   reviewing court must ask whether, "on the entire evidence," it is "left with the

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 5.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  definite and firm conviction that a mistake has been committed." *United States v.*

2  *United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948);

3  *Easley v. Cromartie,* 532 U.S. 234, 242 121 S.Ct. 1452 (U.S.N.C.,2001).  In the

4  instant matter the Defendant has moved to reconsider.  Defendant's Memorandum

5  in Support of Reconsideration states the factors Defendant believes the Court to

6  have overlooked or misapprehended and which constitute manifest error.  Rather

7  than reiterate all grounds which Defendant believes constitute clear error,

8  Defendant now summarizes the factors and incorporates said Defendant's

9  Memorandum in Support of Defendant's Motion for Reconsideration of the Order

10  Disqualifying Counsel Floyd E. Ivey herein as Exhibit 1, page 13 to 52, to this

11  Memorandum.

12        The factors Defendant believes the court to have overlooked or

13  misapprehended and which constitute manifest error are summarized as follows:

14        **Manifest Error** presented by the Court's Order is summarized as follows:

15        1.  **Manifest Error Number 1:**  That it is Undisputed that counsel Ivey

16  provided Mr. Gordon contract services for Omni LLC.

17        2.  **Manifest Error Number 2:** That Mr. Gordon was not among the Parties

18  in the prior Motion to Disqualify in Gordon v. Impulse in the Eastern District.

19        3.  **Manifest Error Number 3:** That Mr. Gordon's subjective belief in the

20  attorney-client relationship was not before Judge Van Sickle.

21        4.  **Manifest Error Number 4:** The conclusion that Judge Van Sickle's

22  Order, *see* docket no. 14 at 7-18, is not binding on the parties in the present case.

23        5.  **Manifest Error Number 5:** That it is undisputed that Ivey did not seek a

24  waiver.

25        6.  **Manifest Error Number 6:** That Plaintiff did not waive conflict by

26  delay or specific refusal to seek disqualification.

27        7.  **Manifest Error Number 7:** That the Court interrelated the

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 6.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  unsubstantiated claim of representation of Omni LLC and Mr. Gordon's

2  unsolicited email regarding anti-spam claims to reach the conclusion that the

3  claims were "substantially related," to Mr. Ivey's current representation of

4  Defendants in Omni LLC v. Ascentive.

5      8. **Manifest Error Number 8:** That the Court did not find that Plaintiff is

6  collaterally estopped from again raising the matter of disqualifying counsel Ivey.

7      9. **Manifest Error Number 9:** That the Court did not find that Plaintiff

8  impermissibly employed Rules of Professional Conduct and the Motion to

9  Disqualify as litigation tactics.

10

11  **THE FOURTH BAUMAN FACTOR**

12      The fourth factor, oft-repeated error or persistent disregard of the federal

13  rules, does not apply in that there is no evidence that this error has been made more

14  than once.

15

16  **THE FIFTH BAUMAN FACTOR**

17      The fifth factor, where the order raises new and important problems, or

18  issues of law of first impression, is next analyzed.  Addressed in this Motion to

19  Disqualify are issues which, if not novel, are rarely encountered.  Plaintiff Mr.

20  Gordon has commenced more than nine actions in Washington State relative to

21  RCW 19.190.

22      Issues are common among the many cases.  The relation among the many

23  cases and the overlapping of contentions, application of the law, facts which are

24  presently known to be common to all cases, of admissions, estoppels, decisions,

25  and other acts will invariably be encountered.

26      Issues which Defendants contend rise to the level of novelty include the

27  following:

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 7.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

1      1. The importance of Mr. Gordon's role as representative of JAMILA

2  GORDON in the Eastern District case of Gordon v. Impulse and Mr. Gordon's

3  direct involvement in the bringing of the Motion to Disqualify in Gordon v.

4  Impulse. The issue is whether or not Mr. Gordon's actions of representation, of

5  signing and filing pleadings in support of the Eastern District Motion to Disqualify

6  create such commonality for Mr. Gordon and the cases in the Western District and

7  the Eastern district to cause the Eastern District denial of the Motion to Disqualify

8  to be binding on Mr. Gordon and Omni LLC in the Western District.  2.  The

9  extent to which Mr. Gordon's subjective belief that he was represented by Counsel

10  Ivey was before the Judge Van Sickle in the Eastern District Motion to Disqualify

11  relative to the present Motion to Disqualify;

12      3. Whether or not Plaintiffs in Omni LLC v. Ascentive were collaterly

13  estopped by Judge Van Sickle's denial of the Motion to Disqualify in the Eastern

14  District case of Gordon v. Impulse or the extent to which Judge Van Sickle's Order,

15  *see* docket no. 14 at 7-18, is not binding on the parties in the present case;

16      4. Whether or not the recitation by counsel Ivey, Declaration of Ivey Court

17  Rec. 12, of contact with Mr. Gordon's counsel, Douglas McKinley, prior to

18  appearance in Gordon v. Impulse, Gordon v. Ascentive LLC and Gordon v.

19  Efinancials LLC, affirmativey demonstrates that counsel Ivey sought and received

20  waiver from Mr. Gordon;

21      5. Whether or not the communication of counsel Ivey with Mr. Gordon's

22  counsel in the Eastern District case of Gordon v. Ascentive, Declaration of Ivey at

23  Court Rec. 12, in opposition to the Omni LLC Motion to Disqualify demonstrated

24  counsel Ivey's communication with and the receipt of waiver from Mr. Gordon

25  which was also effective for the matter of Omni LLC v. Ascentive in the Western

26  District;

27      6. Whether or not Mr. Gordon's and Mr. Gordon's counsel's delay in

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 8.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  bringing a Motion to Disqualify, by some 14 months following counsel Ivey's

2  appearance in the Eastern District matter of Gordon v. Impulse, months following

3  appearance in the Eastern District matter of Gordon v. Ascentive and several

4  months following appearance in the Benton County State of Washington matter of

5  Gordon v. Efinancials LLC, was delay constituting waiver by Mr. Gordon of a

6  complaint of conflict:

7         7.  Whether or not the number of filings by counsel Ivey in opposition to Mr.

8  Gordon in the Eastern District cases of Gordon v. Impulse, Gordon v. Ascentive

9  and Gordon ve. Efinancials, Court Rec. 16 Exhibit 3 pages 46-69 as addressed in

10  Declaration of Floyd E. Ivey opposing the Motion to Disqualify in Gordon v.

11  Impulse and found at Court Rec. 16 Exhibit 3 pages 12-20) prior to a Motion to

12  Disqualify being brought in Gordon v. Impulse further supports waiver by Mr.

13  Gordon relative to the Western District matter of Omni LLC v. Ascentive;

14         8.  Whether or not Mr. Gordon's bare statement the counsel Ivey provided

15  contract services to Mr. Gordon relative to Omni LLC without documents

16  supporting such services and in view of counsel Ivey's denial of having rendered

17  services relative to Omni LLC meets any burden of proof required of Plaintiff in

18  support of Plaintiff's Motion to Disqualify:

19         9.  Whether or not the Court in Omni LLC has misapprehended the record

20  and has interrelated the unsubstantiated claim of representation by counsel Ivey of

21  Omni LLC with Mr. Gordon's unsolicited email regarding anti-spam claims ino

22  reach the conclusion that the claims were "substantially related," to Mr. Ivey's

23  current representation of Defendants in Omni LLC v. Ascentive.

24         10.  Whether or not Counsel Siegel and Counsel McKinley have employed

25  the Rules of Professional Conduct and a Motion to Disqualify as litigation tactics;

26         11.  Whether or not Mr. Gordon, through counsel Mr. Siegel and Mr.

27  McKinley have failed to address any evidence of prejudice to Plaintiff Mr.

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 9.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    Gordon's case such as to form the basis for denial of the Omni LLC Motion to

2    Disqualify;

3         12.  Whether or not the disqualification of counsel Ivey in the Western

4    District will affect Defendant's right to counsel in the Eastern District matters of

5    Gordon v. Impulse and Gordon v. Ascentive.

6         13.  Whether or not the disqualification of counsel Ivey in the Western

7    District will affect the representation of defendant Impulse Marketing Group Inc

8    by co-counsel Sean Moynihan in his continuing opposition to Plaintiff Mr.

9    Gordon.

10

11        Among the cases Mr. Gordon has brought under RCW 19.190 et seq are the

12   following:

13        1.  Gordon v. Commonwealth Marketing Group, Inc. No. 03-2-02677-5,

14   Benton County Superior Court, Washington (Court Rec. 16, Exhibit 3, page 81).

15        2.  Gordon v. American Homeowners Association, No. 03-2-02647-3,

16   Benton County Superior Court, Washington (Court Rec. 16, Exhibit 3, page 83).

17        3.  Gordon v. Ayanian, No. 03-2-02728-3, Benton County Superior Court,

18   Washington (Court Rec. 16, Exhibit 3, page 86).

19        4.  Gordon v. Theodore Hansson Company, No. 03-2-02676-7, Benton

20   County Superior Court, Washington (Court Rec. 16, Exhibit 3, page 94).

21        5.  Gordon v. Kane, No. 03-2-02729-1, Benton County Superior Court,

22   Washington (Court Rec. 16, Exhibit 3, page 96).

23        6.  Gordon v. Kraft Foods, Inc. No. CV-05-5002-EFS, Eastern District of

24   Washington. (Court Rec. 16, Exhibit 4, page 32).

25        7.  Gordon v. Impulse Marketing Group, Inc. No. CV-04-5125-FVS, Eastern

26   district of Washington. (Court Rec. 16, Exhibit 3 page 1; Exhibit 4 page 1)

27        8.  Gordon v. Ascentive LLC, No. CV-05-5079-FVS, Eastern District of

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 10.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Washington. (Court Rec. 16, Exhibit 3, page 62).

2      9.  Gordon v. Efinancial LLC, Benton County Superior Court, (Court Rec.

3  16, Exhibit 3, page 66).

4      Facts discovered from one or more of these cases will be of importance in

5  the Defense against Mr. Gordon's presently pending cases and in cases likeliy to be

6  pursued by Mr. Gordon in the future.

7

8  **CONCLUSION**

9

10      Defendants' request a Stay of the Court's directions in the present case to

11  engage new counsel and file an Answer by December 21, 2006 pending decisions

12  by the Court on Defendants' Motion for Reconsideration and, if denied, pending a

13  reasonable time for the Defendants' filing for a Writ of Mandamus.

14

15  DATED this 12th day of December, 2006.

16

17          **LIEBLER, IVEY, CONNOR, BERRY & ST.**
        **HILAIRE**

18

19

20          **s/ FLOYD E. IVEY**
        **Floyd E. Ivey, WSBA #6888**

21          **Attorneys for the Defendants Ascentive and**
        **Schran**

22

23

24

25

26      I hereby certify that on December 12, 2006, I electronically filed

27  **Defendant's Memorandum in Support of Petition for Stay** with the Clerk of the
Court using the CM/ECF System which will send notification of such filing to

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 11.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1　　Robert Siegel and Douglas McKinley.　I hereby certify that I have served the
2　　foregoing to the following non-CM/ECF participants by other means: NA.

3

4　　　　　　　　　　　　S/ FLOYD E. IVEY

5　　　　　　　　　　　　FLOYD E. IVEY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Memorandum in Support of Plaintiffs' Petition for a
Stay - 12.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.Stay.Mandamus.061209\Motion
MANDAMUS.STAY.MEMO.061212..wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2  Floyd E. Ivey                                    Hon. Judge T. S. Zilly
   Liebler, Ivey, Connor, Berry & St. Hilaire
3  1141 N. Edison, Suite C
   P.O. Box 6125
4  Kennewick, WA 99336
   Telephone (509) 735-3581
5  Fax (509) 735-3585
   Attorneys for Defendant
6
   DOUGLAS E. MCKINLEY, JR.
7  Attorney At Law
   P.O. Box 202 Richland, Washington 99352
8  509-628-0809
   Fax (509) 628-2307
9  Attorney for Plaintiff

10 ROBERT J. SIEGEL
   1325 4th Ave Ste 940
11 Seattle, WA
   98101-2509

12

13

14            IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WASHINGTON
15

16 OMNI INNOVATIONS LLC et al          )   NO.  CV-06-01284-TSZ
                                       )
17                                     )
              Plaintiffs               )   DEFENDANT'S
18                                     )   MEMORANDUM IN
   ASCENTIVE, LLC                      )   SUPPORT OF PLAINTIFFS'
19 a Delaware Limited Liability Company, )  MOTION TO RECONSIDER
                                       )   THE ORDER
20            Defendant                )   DISQUALIFYING COUNSEL
   _____ )   FLOYD E. IVEY
21

22 **MOTION FOR RECONSIDERATION PER LR 7(h)**

23

24      The Court has Disqualified counsel Floyd E. Ivey by its Order of November

25 29, 2006.  Defendant requests Reconsideration under Local Rule 7(h).  This

26 Motion for Reconsideration is timely filed within ten judicial days of the entry of

27 the Order.  The Court has overlooked or misapprehended evidence before the

28
   Defendant's Memorandum in Support of Motion for         LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
   Reconsideration of the Order granting Plaintiff's Motion to              Attorneys at Law
   Disqualify - 1.                                                            P.O. Box 6125
   Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni         Kennewick, Washington 99336-0125
   Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion          (509) 735-3581
   ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

Exhibit 1 Defendants
Motion for Stay

13

1  Court in the record or clear matters of law.  The Order is manifestly erroneous.

2  Local Rule 7(h) requires a showing of manifest error in the prior ruling or a

3  showing of new facts or legal authority which could not have been brought to its

4  attention earlier with reasonable diligence.  Manifest error is **"...[a]n error that is**

5  **plain and indisputable, and that amounts to a complete disregard of the**

6  **controlling law or the credible evidence in the record"**.  *Andreiu v. Ashcroft*

7  253 F.3d 477, 489 (9th Cir. 2001).  The district court's Order is manifestly

8  erroneous which is easily ascertainable as demonstrated herein.  *Chamberlan v.*

9  *Ford Motor Co.* 402 F.3d 952, 959 (9th Cir. Cal. 2005).

10

11  **INTRODUCTION:**

12      **1.  WESTERN DISTRICT JUDICIAL FINDING OF PLAINTIFFS**

13  **TENDENCY TO EXAGGERATE: Judge Coughenour notes Defendant's**

14  **tendency to exaggerate and Instructs Counsel Siegel:** Defendant observes Judge

15  Coughenour's note at Footnote 5, Gordon v. Virtumundo, Inc, CV-06-0204JCC,

16  May 26, 2006 as follows:

17      "FN5. Defendants point out, and **the Court has noted, Plaintiffs' tendency**

18      **to exaggerate claims in its briefing**....While these exaggerations and

19      inconsistencies are not fatal to Plaintiffs' efforts to defeat the instant motion,

20      the Court is concerned with Plaintiff's imprecision in their representations to

21      the Court.  **Plaintiffs' Counsel is instructed to ensure that future filings**

22      **comply with the dictates of Federal Rule of Civil Procedure 11(b).**

23      (Emphasis added)(Attached hereto as Exhibit 7 pages 32-39)

24

25      **2.  PLAINTIFFS' LITIGATION TACTICS: Plaintiff's Tactical Delay**

26  **and Employment of Rules and Motion for Disqualification:** Mr. Gordon and

27  counsel for Mr. Gordon have withheld critical facts from the court thereby

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 2.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

14

1  encouraging the Court to reach conclusions which are manifestly erroneous.  These

2  facts were plainly known to Plaintiff and Plaintiff's counsel when the present

3  Motion to Disqualify was filed.  Plaintiff's attorneys Mr. Siegel and Mr. McKinley

4  knew of and failed to raise critical facts to the Court's attention.  These facts are

5  clearly revealed in the record before this Court.

6      A highly unusual fact is that Mr. Gordon, in Gordon v. Impulse Marketing

7  Group Inc in the Eastern District and for the prior Motion to Disqualify in that

8  case, represents his Third Party Defendant daughter.  Mr. Gordon, the owner of

9  Omni LLC, Gordon Declaration, signed and filed pleadings on behalf of JAMILA

10  GORDON regarding the denied Motion to Disqualify in Gordon v. Impulse.

11      Mr. Gordon's specific involvement in the prior Eastern District Motion to

12  Disqualify and the fact that his involvement was not clearly revealed by Plaintiff,

13  to the Court in the Western District, illustrates the cynicism of Plaintiff in

14  employing the Rules of Professional Conduct and this Motion to Disqualify as

15  litigation tactics.  Such tactical use obviously increases costs to the Defendant,

16  seeks to deprive the Defendant of its choice of counsel and imposes burdens on the

17  Western District which have already or are currently being addressed by the

18  Eastern District.

19      This fact of Mr. Gordon's involvement in the prior Motion to Disqualify was

20  brought to the Court's attention in the present case, through the record filed by

21  Defendant Ascentive, with the record either overlooked or misapprehended by the

22  Court.

23      Further, Plaintiff's failure to move for Reconsideration of Judge Van

24  Sickle's Order denying the Eastern District Motion to Disqualify collaterally

25  estops Plaintiff from pursuing the like Motion in the Western District.

26      The Collateral Estoppel of Plaintiff and Plaintiffs' tactical use of Rules and

27  Motions are addressed as the concluding demonstration of manifest error

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 3.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   supporting this Motion for Reconsideration.

2

3   **THE STATE OF THE RECORD:** Defendant respectfully observes that

4   Defendants' responses to Plaintiffs' Motion to Disqualify comprise Court Rec. 10

5   through 16 and 25. Defendants' Memorandum in Response to Plaintiffs' Motion

6   to Disqualify Counsel Floyd E. Ivey has been filed in three discrete sections

7   comprising a total of 205 pages including exhibits 1 through 4. Exhibit 3 of Court

8   Rec. 16 comprises 98 pages. Exhibit 4 of Court Rec. 16 comprises 71 pages. The

9   Exhibits include pleadings from the Eastern District Motion to Disqualify in

10   Gordon v. Impulse Marketing Group Inc., CV-04-5125-FVS.

11

12   **MANIFEST ERROR IS SUMMARIZED AS FOLLOWS:**

13       1. **Manifest Error Number 1:** That it is Undisputed that counsel Ivey

14   provided Mr. Gordon contract services for Omni LLC.

15       2. **Manifest Error Number 2:** That Mr. Gordon was not among the Parties

16   in the prior Motion to Disqualify in Gordon v. Impulse in the Eastern District.

17       3. **Manifest Error Number 3:** That Mr. Gordon's subjective belief in the

18   attorney-client relationship was not before Judge Van Sickle.

19       4. **Manifest Error Number 4:** The conclusion that Judge Van Sickle's

20   Order, *see* docket no. 14 at 7-18, is not binding on the parties in the present case.

21       5. **Manifest Error Number 5:** That it is undisputed that Ivey did not seek a

22   waiver.

23       6. **Manifest Error Number 6:** That Plaintiff did not waive conflict by

24   delay or specific refusal to seek disqualification.

25       7. **Manifest Error Number 7:** That the Court interrelated the

26   unsubstantiated claim of representation of Omni LLC and Mr. Gordon's

27   unsolicited email regarding anti-spam claims to reach the conclusion that the

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 4.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

16

1   claims were "substantially related," to Mr. Ivey's current representation of

2   Defendants in Omni LLC v. Ascentive.

3       **8. Manifest Error Number 8:** That the Court did not find that Plaintiff is

4   collaterally estopped from again raising the matter of disqualifying counsel Ivey.

5       **9. Manifest Error Number 9:** That the Court did not find that Plaintiff

6   impermissibly employed Rules of Professional Conduct and the Motion to

7   Disqualify as litigation tactics.

8

9   **Manifest Error Number 1.**   The Court Order states that it is undisputed that Ivey

10  provided services to Gordon regarding contracts for Omni LLC.  The Court has

11  overlooked or misapprehended the record before the court or clear matters of law

12  and consequently this statement is manifestly erroneous.  The record demonstrates

13  that counsel Ivey disputes the contention that Ivey provided services to Gordon

14  regarding contracts for Omni LLC as seen in Court Rec. 12, Declaration of Floyd

15  E. Ivey stating in part, pages 1-2, as follows:

16      I have reviewed the Declaration of Mr, James Gordon in Support of

17      Disqualification. **Mr. Gordon alleges that I have provided assistance to**

18      **Mr. Gordon regarding Omni Innovations LLC. I find no record of**

19      **having consulted with or having undertaken any work relative to Omni**

20      **Innovations LLC....I find no file, no memos, notes or any evidence that**

21      **assistance was provided to Mr. Gordon relative to Omni Innovations**

22      **LLC....However, it is with certainty that I have not engaged in any effort**

23      **regarding Omni Innovations LLC and any issue in the case of Omni**

24      **Innovations LLC.** (Attached hereto as Exhibit 1 pages 19-20, Court Rec.

25      12, pages 1-2)

26      Mr. Gordon states, Gordon Declaration, that counsel Ivey provided contract

27  services regarding Omni LLC.  Yet Mr. Gordon supports this contention solely

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 5.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

(7

1  with his bare statement. Mr. Gordon has no Billing Statement from counsel Ivey.

2  He offers no draft or final contract to be considered or used by Omni LLC. Mr.

3  Gordon has no email with counsel Ivey regarding any representation of Omni LLC.

4  The court has overlooked or misapprehended the substance of Mr. Gordon's

5  statement thus creating manifest error.

6  **Manifest Errors Number 2, 3 and 4.** The Court Order states at page 4, footnote 1,

7  as follows:

8      **Mr. Gordon's statement as to his subjective belief in the attorney-client**

9      **relationship is a significant piece of evidence distinguishing the present**

10     **motion from the motion to disqualify that was pending before Judge**

11     **Van Sickle in Gordon v. Impulse Marketing Group, Inc., Case No. CV-**

12     **04-5125-FVS. The motion before Judge Van Sickle was also brought by**

13     **different parties who had no attorney-client relationship with Mr. Ivey.**

14     **Judge Van Sickle's Order,** *see* **docket no. 14 at 7-18, is not binding on**

15     **the parties in the present case.**

16

17     The Court has overlooked or misapprehended the record before the court or

18 clear matters of law and consequently the Order is manifestly erroneous regarding

19 each of the three conclusions stated at page 4, footnote 1 as follows:

20     **Manifest error Number 2.** The conclusion that the parties bringing the

21 Motion to Disqualify, in Impulse v. Gordon, had no attorney-client relationship

22 with Mr. Ivey, is manifestly erroneous. The conclusion that the parties bringing

23 the Motion to Disqualify, in Impulse v. Gordon, presumes that Mr. Gordon was not

24 a participant in the Motion to Disqualify before Judge Van Sickle. This conclusion

25 is manifestly erroneous.

26     **Manifest error Number 3.** The conclusion that Mr. Gordon's subjective

27 belief in the attorney-client relationship was not before Judge Van Sickle is

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 6.
Z:\IPCIient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

        LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
                    Attorneys at Law
                     P.O. Box 6125
             Kennewick, Washington 99336-0125
                  (509) 735-3581



1 manifestly erroneous.

2     **Manifest error Number 4.** The conclusion that Judge Van Sickle's Order,

3 *see* docket no. 14 at 7-18, is not binding on the parties in the present case is

4 manifestly erroneous.

5

6     **1. First addressed is Manifest error Number 2., the conclusions**

7 **regarding the identification of the parties bringing the Motion to Disqualify in**

8 **Impulse v. Gordon and regarding Mr. Gordon's participation in the Motion**

9 **to Disqualify in Impulse v. Gordon.**

10     Contrary to the Court's assertion, Mr. Gordon was a direct participant in the

11 Gordon v. Impulse Motion to Disqualify. Mr. Gordon was the representative of

12 Ms. JAMILA GORDON. Ms. JAMILA GORDON designated her father, Mr.

13 James Gordon, to represent her interests in the Gordon v. Impulse case and

14 executed a Power of Attorney to Mr. Gordon for that purpose. Ms. JAMILA

15 GORDON stated in her "Third-Party Defendant Jamila E. Gordon's Motion to

16 Compel and for Sanctions and Affidavit Re: Discovery", found at pages 32-40,

17 Exhibit 3, designated Court Rec. 16, the following:

18     **My father, has a power of attorney that I have executed** in Benton
County, OR. Mr. Ivey has this document. **I have asked my father, James S.**
19 **Gordon, Jr. to represent my interests in this matter.** Thus, **Mr. Ivey shall**
**interact drect1y with my father** or develop another workaround as I do not
20 wish to be contacted by Impulse or its attorneys in any manner. (Emphasis
added) (Attached hereto as Exhibit 2 page 21, from Court Rec. 16, Exhibit 3,
21 page 34)

22     Also see argument at Defendant's Memorandum pages 9-10, Exhibit 3 of

23 Court Rec. 16.

24     Mr. Gordon signed the document, found at Court Rec. 16, pages 32-40, on

25 behalf of Ms. JAMILA GORDON and certified that he filed the document on

26 March 9, 2006 as seen at page 38 of Court Rec. 16, Exhibit 3. (Attached hereto as

27 Exhibit 3 pages 22-24, from Court Rec. 16, Exhibit 3, page 32, 38 and 40)

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 7.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

19

1   Ms. JAMILA GORDON'S declaration supporting the Motion to Disqualify
2   was signed by Mr. Gordon and was filed by Mr. Gordon. Mr. Gordon signed for
3   Ms. JAMILA GORDON and certified the filing, on March 20, 2006, of the
4   "Declaration [of JAMILA GORDON] and Response to Impulse and Ivey Initial
5   Memorandum Response Re: third Party Defendant's Motion to Compel and
6   **Motion to Disqualify**" as seen at page 17 and 18 of Exhibit 4, Court Rec. 16 in
7   this matter. (Attached hereto as Exhibit 4 pages 25-27, are pages 8, 17 and 18 of
8   the said Declaration of JAMILA GORDON, found in this case at Court Rec. 16,
9   Exhibit 4, pages 8, 17 and 18).
10         Mr. Gordon's specific and direct participation in the Eastern District Motion
11   to Disqualify is clear. In the Eastern District case of Gordon v. Impulse, CV-04-
12   5125-FVS, Mr. Gordon represented his daughter, Jamila Gordon, and executed and
13   filed Ms. Jamila Gordon's pleadings in support of the Motion to Disqualify. Thus
14   it was manifestly erroneous to conclude that the parties bringing the Motion to
15   Disqualify in the Eastern District had no relationship to the parties in the present
16   Omni LLC v. Ascentive case.
17
18         **2. Secondly, addressing Manifest error Number 3., the Court's**
19   **statement that Mr. Gordon's subjective belief in the attorney-client**
20   **relationship was not before Judge Van Sickle and that such is a significant**
21   **piece of evidence distinguishing the present motion from the motion to**
22   **disqualify that was pending before Judge Van Sickle in Gordon v. Impulse**
23   **Marketing Group, Inc., Case No. CV-04-5125-FVS.**
24         Having shown from the record that Mr. James Gordon was the representative
25   of Ms. Jamila Gordon and that Mr. James Gordon signed the "Declaration [of
26   JAMILA GORDON] and Response to Impulse and Ivey Initial Memorandum
27   Response Re: third Party Defendant's Motion to Compel and **Motion to**
28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 8.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  **Disqualify**" as seen at page 17 and 18 of Exhibit 4, Court Rec. 16 in this matter

2  and attached hereto as Exhibit 4, it is clear and apparent that the statements

3  ostensibly by Ms. JAMILA GORDON were derived from her father, Mr. Gordon.

4  and, by Mr. Gordon's signature as Power of Attorney, were specifically known to

5  and adopted by Mr. Gordon.

6      More directly to the point of Mr. Gordon's subjective belief of the attorney-

7  client relationship being before Judge Van Sickle, is Bonnie Gordon's statement

8  found in the record before the court in Omni LLC v. Ascentive.  Mr. Gordon's wife

9  disclosed to Judge Van Sickle the intimate and detailed sharing between husband

10  Mr. Gordon and wife Mrs. Gordon in her Declaration in Gordon v. Impulse.  That

11  Declaration is before this court at page 23 of Exhibit 2, Court rec. 16.  Mrs.

12  Gordon, in support of the Motion to Disqualify in Gordon v. Impulse and as seen

13  in the present record, stated the following:

14      As a result of 30 years of marriage, my husband and I discuss and
       collaborate on most things including litigation and strategies for same. This
15     collaboration has revealed the following, we both understood Mr. Ivey was
       "his" attorney and that all that was discussed between the two of them was
16     privileged. I was shocked to hear that Mr. Ivey had switched sides. The
       documents in my possession appear to reveal a betrayal of my husband and a
17     skirting of the truth by Mr. Ivey.  **Exhibit 4** - email dated 9/22/03; **Exhibit 5**
       - email dated 9/25/03; **Exhibit 6** - dated 9/30/03; **Exhibit 7** - dated 9/30/03
18     to Jamila Gordon; **Exhibit 8** - dated 12/30/03; **Exhibit 9** - dated 4/4/05.
       (Attached hereto as Exhibit 4A pages 28-29, are pages 19 and 23 of the said
19     Declaration of BONNIE GORDON, found in this case at Court Rec. 16,
       Exhibit 2, pages 19 and 23)

20     The Court is manifestly erroneous in concluding that **"Mr. Gordon's**

21  **statement as to his subjective belief in the attorney-client relationship is a**

22  **significant piece of evidence distinguishing the present motion from the**

23  **motion to disqualify that was pending before Judge Van Sickle in Gordon v.**

24  **Impulse Marketing Group, Inc., Case No. CV-04-5125-FVS."**  The JAMILA

25  GORDON pleading signed by Mr. Gordon contained such allegations.  Mrs.

26  BONNIE GORDON'S Declaration specifically described the co-joined husband

27

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 9.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

21

1   and wife's subjective belief in the attorney-client relationship. Mr. Gordon's

2   subjective belief was specifically in the record before Judge Van Sickle. The Court

3   in Omni LLC noted Mr. Gordon's statement of such "subjective belief" from Mr.

4   Gordon's Declaration in Omni LLC. The Court did not reach the identical

5   "subjective belief" in the record in this matter.

6        The Court in its Order of Disqualification in Omni, at page 4 lines 3-12,

7   cites *Bohn v. Cody*, 119 Wn.2d 357, 363 (1992) in support of this conclusion.

8   However, this statement from *Bohn* is immediately followed by the statement that

9   "The client's subjective belief, however, does not control the issue unless it is

10  reasonably formed based on the attending circumstances, including the attorney's

11  words or actions. (citations omitted)"

12       Mr. Gordon's assertion that services were provided re: Omni LLC is

13  disputed. Mr. Gordon offered no document or writing but only his bare assertion.

14  The email Exhibits, considered by the Court in Omni LLC v. Ascentive and by

15  Judge Van Sickle in Gordon v. Impulse, become the sole undisputed evidence on

16  which the Motion to Disqualify is based. The email Exhibits are the identical

17  email Exhibits which were presented and argued to Judge Van Sickle. It is

18  manifestly erroneous, in light of the absolute absence of supporting evidence, for

19  the Court to conclude that Mr. Gordon's subjective belief is reasonably formed

20  based on the attending circumstances, including the attorney's words or actions.

21

22       **3. Third, addressing Manifest error Number 4., the Court's conclusion**

23  **that Judge Van Sickle's Order,** *see* **docket no. 14 at 7-18, is not binding on the**

24  **parties in the present case.** With the exception of Mr. Gordon's reference, with

25  no documented evidence, that contract drafting was provided by counsel Ivey for

26  Mr. Gordon relative to Omni LLC, the same record was before Judge Van Sickle

27  resulting in the Eastern District's denial of the Motion to Disqualify.

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 10.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1       There was no Motion for Reconsideration brought in the Eastern District.

2 Plaintiff's Motion to Disqualify in the Western District should be considered a

3 Motion to Reconsider Judge Van Sickle's Order of May 15, 2006.

4       The showing of Mr. Gordon's representation of Jamila Gordon in Gordon v.

5 Impulse in the Eastern District and Mr. Gordon's direct and personal participation

6 in Gordon v. Impulse, removes any excuse for Plaintiff's failure to submit all

7 evidence, including allegations regarding Omni LLC, in the Eastern District

8 Motion to Disqualify.  Mr. Gordon's participation, regarding the Motion to

9 Disqualify in Gordon v. Impulse including filing of pleadings, which included a

10 pleading supporting the Motion to Disqualify in Gordon v. Impulse, demonstrates

11 that all of the record presented in the Western District was available and could

12 have been presented to Judge Van Sickle in the Eastern District in the spring of

13 2006.

14       The Order disqualifying counsel Ivey in Omni LLC v. Ascentive leaves

15 counsel Ivey as attorney of record opposing Plaintiff Gordon in the Eastern District

16 cases of Gordon v. Impulse and Gordon v. Ascentive.  The commonality of Omni

17 LLC v. Ascentive in the Western District with the two cases of Gordon v.

18 Ascentive and Gordon v. Impulse in the Eastern District, renders the May 2006

19 Order of Judge Van Sickle in diametric opposition to the November 2006 Order of

20 Judge Zillly.

21       Specifically before the Western District are the two issues of the Western

22 District's Reconsideration of an Order from the Eastern District and of Forum

23 Shopping by Plaintiff Omni LLC and Mr. Gordon.  It is manifestly erroneous for

24 the Western District to create such uncertainty in light of the extent of the record

25 before the Western District in this matter.

26

27 **Manifest Errors Number 5 and 6.**  The Court Order states that it is undisputed

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 11.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581



1   that Ivey did not seek a waiver. The Court has overlooked or misapprehended the

2   record before the court or clear matters of law and consequently this statement is

3   manifestly erroneous. The matter of waiver is specifically addressed in the record.

4   The failure of the Court to find waiver by Plaintiff is manifestly erroneous.

5       **Manifest Error Number 5:** The Order in Omni LLC states at page 5 line

6   22 that "It is undisputed that Mr. Ivey did not seek a waiver of conflict from Mr.

7   Gordon. Gordon Decl..." Contrary to this assertion, the matter of waiver is

8   extensively addressed in the record. The Declaration of Floyd E. Ivey Re: Issues

9   of Disqualification: Initial Response, in Gordon v. Impulse, is submitted to the

10  Court in the Western District at Court Rec. 16, Exhibit 3 commencing at Court

11  Rec. Page 12. Issues of prior representation are addressed in Court Rec. 16,

12  Exhibit 3 commencing at page 13 line 18 through page 14 line stating:

13      PRIOR SERVICES TO MR. GORDON BY ATTORNEY FLOYD E. IVEY

14          I was initially contacted by attorneys Mr. Sean Moynihan and or Mr. Peter
        Glantz, attorneys for Impulse in approximately November or December, 2004. I
15      advised that I knew Mr. James Gordon and had assisted briefly in matters
        wholly unrelated to electronic mail issues. I also advised that Mr. Gordon had
16      contacted me regarding electronic mail issues but that I had not assisted Mr.
        Gordon relative to electronic mail.
17          In approximately December 2004 or January 2005 I contacted attorney Mr.
        Douglas McKinley Jr., counsel for Mr. Gordon in the Impulse matter, and
18      told him that I had been requested to be local counsel in the Impulse defense, that
        I had known Mr. James Gordon and had assisted him in matters unrelated to
19      electronic mail.
            I also told Mr. McKinley that Mr. Gordon had contacted me, in
20      approximately 2003, requesting assistance regarding electronic mail. I told Mr.
        McKinley that 1 had not assisted Mr. Gordon regarding electronic mail. I asked
21      attorney Mr. McKinley to determine and advise if there was any contention of a
        conflict. Mr. McKinley, within a short time, advised that Mr. Gordon did not object
22      to my appearance on behalf of Impulse.
            I subsequently also appeared as defense in the matter of Gordon v.
23      Ascentive, Eastern District of Washington, CV 05-0579-FVS and as local counsel
        Gordon v. Efinancials, LLC, Benton County Case 05-2-01489-7. (Attached hereto as
24      Exhibit 5 pages 30-31, from Court Rec. 16, Exhibit 3, pages 13-14)

25      Thus, by the record before the court in Omni LLC v. Ascentive, the conclusion that

26  attorney Ivey did not seek a waiver from Mr. Gordon is manifestly erroneous.

27

28
Defendant's Memorandum in Support of Motion for          LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Reconsideration of the Order granting Plaintiff's Motion to                    Attorneys at Law
Disqualify - 12.                                                                 P.O. Box 6125
Z:\IPClient\Ascentive  LLC  v.  Gordon\Ascentive  v.  Omni           Kennewick, Washington 99336-0125
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion        (509) 735-3581
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

24

1      **Manifest Error Number 6:** Plaintiff's delay and specific refusal to seek

2    disqualification constitutes waiver by Plaintiff.  Approximately eleven months

3    following counsel Ivey's appearance in Gordon v. Impulse, Mr. Gordon's counsel,

4    in correspondence, raised the issue of conflict.  This issue is addressed in the

5    record before the Western District.  Counsel Ivey responded stating:

6        "Let's immediately address this comment".

7        On November 2, 2005, at 7:29 p.m. Mr. McKinley responded, indicated a
        difference of recollection but confirmed that " ... **Mr. Gordon has indicated**
8        **that it is his present desire is to bring IMG to account for their actions,**
        **not to cause you problems in your law practice.** Accordingly, I have not
9        raised any further concern...(Attached hereto as Exhibit 6 page 31, from
        Court Rec. 16, Exhibit 3, page 16.)
10

11       Thereafter, on March 17 and March 20, 2006, fourteen months following

12    counsel Ivey's appearance in opposition to Mr. Gordon in Gordon v. Impulse,

13    approximately seven months following counsel Ivey's appearance in opposition to

14    Mr. Gordon in Gordon v. Ascentive and following appearance by counsel Ivey in

15    Gordon v. Efinancials, the issue was raised by the Motions to Compel brought by

16    Mr. Gordon's wife and Mr. Gordon's daughter, Jamila Gordon.  Mr. Gordon

17    signed and filed pleadings supporting the Motion to Disqualify in the Eastern

18    District.

19       By the record before the court in Omni LLC v. Ascentive, the failure of the

20    court to hold that Plaintiff waived any issue re: conflict, either by delay or by

21    Plaintiff's specific statement, is manifestly erroneous.

22

23    **Manifest Error Number 7.**  At page 5 of the Order in Omni LLC v. Ascentive the

24    Court reaches a manifestly erroneous conclusion stating that:

25        "Because Mr. Gordon's and Mr. Ivey's email exchange concerned anti-spam
        lawsuits, and the present litigation is an anti-spam lawsuit brought by Mr.
26        Gordon's company, Omni, the prospective attorney-client relationship
        formed between Mr. Ivey and Mr. Gordon in the fall of 2003 is relevantly
27        interconnected, and therefore "substantially related," to Mr. Ivey's current

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 13.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581



representation of Defendants.

Counsel Ivey has refuted any representation of Omni LLC for contract or any purpose. Mr. Gordon has not related Omni LLC to any issue of anti-spam lawsuits. The sole evidence remaining for the Court in Omni LLC in the Western District, as it was in the Eastern District of Gordon v. Ascentive, were the email transmissions seen to be identical between the Western District and the Eastern District.

The Court has indicated that the conclusion reached at page 5 of the Order is significant in its decision. The conclusion is not supported by the record and is manifestly erroneous. The Court, in relying on this conclusion, has overlooked or misapprehended the record before the court or clear matters of law and consequently this Court is manifestly erroneous in considering the conclusion as a basis for granting the Motion to Disqualify.

**Manifest Error Number 8.** The facts demonstrate Plaintiff Mr. Gordon's direct participation in the prior Motion to Disqualify in the Eastern District. Mr. Gordon not only signed and filed documents for Third Party Defendant JAMILA GORDON, in support of the Motion to Disqualify in Eastern District, but was and remains her designated representative in Gordon v. Impulse. Judge Van Sickle's Order denying the Motion to Disqualify was not Reconsidered. Plaintiff is collaterally estopped from again raising the issue.

In the present matter of Omni LLC v. Ascentive, Omni LLC is identified as Mr. Gordon's company per Gordon's Declaration. In the case of Gordon v. Impulse, a Motion to Disqualify counsel Ivey was brought by Third Party Defendants Mrs. Gordon and Ms. Jamila Gordon, Mr. Gordon's wife and daughter respectively. Mr. Gordon was intimately involved in the bringing of the Motion to Disqualify. There was no Motion for Reconsideration brought by Mr. Gordon, his

Defendant's Memorandum in Support of Motion for Reconsideration of the Order granting Plaintiff's Motion to Disqualify - 14.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion ToDisqusl.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  wife or daughter. Mr. Gordon is now collaterally estopped from pursuing the

2  Motion to Disqualify.

3      In a like circumstance in *Uniroyal, Inc. v. Rudkin-Wiley Corp.* 837 F.2d

4  1044, 1047-48, (C.A.Fed.,1988), the district court did not accord a decision from a

5  separate case collateral estoppel effect because it concluded that specific issues in

6  the separate case had not been given serious attention. Additionally, the propriety

7  of the district court's action was not contested. *Uniroyal, Inc. v. Rudkin-Wiley*

8  *Corp.* 939 F.2d 1540, 1547 (C.A.Fed. (Conn.),1991). There is no issue herein

9  which has not been given serious attention. Mr. Gordon and Omni LLC are

10 collaterally estopped by the decision in Gordon v. Impulse.

11      Evidence of a mutuality of parties in separate litigation is required for the

12 Court to give another District's decision collateral estoppel effect. *Kohn v.*

13 *Southwest Regional Council of Carpenters* 289 F.Supp.2d 1155, 1173

14 (C.D.Cal.,2003) holding that the prevailing rule is that administrative

15 determinations may be given collateral estoppel effect between the parties and their

16 privies if they are the result of fair adversary hearings and are supported by

17 substantial evidence.

18      Mr. Gordon is present and participating in both the Omni LLC v. Ascentive

19 and in the Gordon v. Impulse Motions to Disqualify. There is identity of the

20 parties, there were adversary hearings and substantial evidence was considered by

21 Judge Van Sickle in the Eastern District. The Court in Omni LLC has overlooked

22 or misapprehended the record before the court or clear matters of law and

23 consequently is manifestly erroneous in not concluding that Plaintiff is collaterally

24 estopped.

25 **Manifest Error Number 9.**    Counsel Ivey immediately discussed prior legal

26 assistance to Mr. Gordon with Mr. Gordon's attorney Mr. McKinley. Eleven

27 months after Counsel Ivey's appearance in three cases opposing Mr. Gordon, i.e.,

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 15.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Gordon v. Impulse, Gordon v. Ascentive and Gordon v. Efinancials, Mr. McKinley

2  refers to a conflict but advises that Mr. Gordon has no desire to pursue the issue.

3      Thereafter, fourteen months after counsel Ivey's appearing in Gordon v.

4  Impulse, Mrs. Bonnie Gordon and Ms. Jamila Gordon raise the issue of

5  disqualification within a Motion to Compel. At this time Counsel Ivey had

6  originated and filed dozens of pleadings in Impulse, had filed many pleadings in

7  Gordon v. Ascentive and was actively and ultimately successful in pursuing a

8  change of venue of Gordon v. Efinancial from Benton County to King County.

9  (Court Rec. 16, Exhibit 3, pages 46-69)

10      The use of ethical rules and motions to disqualify as tactical instruments are

11  well recognized and condemned by the 9th Circuit. *Optyl Eyewear Fashion Intern.*

12  *Corp. v. Style Companies, Ltd.* 760 F.2d 1045, 1048, 1050 (9th Cir. Cal. 1985).

13  Delay in filing the motion to disqualify is suggestive of its use for purely tactical

14  purposes. Additionally, delay is evidence of failure to mitigate in a timely manner.

15  *Matter of Firestorm 1991* 129 Wash.2d 130, 145 916 P.2d 411 (1996); *First Small*

16  *Business Inv. Co.,* 108 Wash.2d at 337, 738 P.2d 263. Tactical use of the motion

17  to disqualify can be the sole grounds for denying a motion to disqualify. *Firestrom*

18  *1991 Id.* at 145.

19      The Motion to Disqualify in Omni LLC v. Ascentive was brought twenty-

20  one months following counsel Ivey's January 2005 appearance in Gordon v.

21  Impulse. The Motion to Disqualify in Omni LLC v. Ascentive was brought

22  following the court's denial of joining Omni LLC as an additional Plaintiff in both

23  Gordon v. Impulse and Gordon v. Ascentive in the Eastern District. The Motion to

24  Disqualify in Omni LLC v. Ascentive was brought following counsel Ivey's

25  having filed dozens of pleadings in defense of Impulse, Ascentive and Efinancials.

26      It is manifestly erroneous, based on this record, for the court in Omni LLC v.

27  Ascentive, Western District, to not find that the Plaintiff's use of the ethical rules

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 16.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

28

1  and a motion to disqualify is a condemned tactical maneuver.

2

3  **CONCLUSION**

4      The eleven month delay prior to the Gordon's counsel's comment regarding

5  conflict, followed by agreement that Mr. Gordon did not wish to take any further

6  action, opened the process where Plaintiff's considered tactical offenses to the

7  substantial defense against Mr. Gordon's several email cases.  Thereafter, fourteen

8  months after appearance by counsel Ivey, followed the transparent action by Mrs.

9  Bonnie Gordon and Ms. Jamila Gordon, with crafting and signing by Mr. Gordon,

10  of the Third Party Defendant's Motion to Disqualify.  The Motion to Disqualify

11  was buried within a Motion to Compel and brought to light by counsel Ivey.  That

12  motion was denied.  Then, twenty-one months following counsel Ivey's

13  appearance in Impulse et al, Plaintiff's seek a new decision by a new judge in a

14  different Division of the Federal District Courts.

15      Plaintiffs have employed a tactical use of the Motion to Disqualify.

16      Plaintiffs have sought and obtained Western District Reconsideration of an

17  Order from the Eastern District of Washington.

18      Plaintiffs were denied joinder of Omni LLC in the Eastern District.

19      Plaintiffs have shopped for this new forum.

20      However, following more than twenty-one months of involvement by

21  counsel Ivey in opposing Mr. Gordon, at no time has Plaintiff pointed to any

22  evidence of prejudice.  The absence of pertinent evidence leads to the conclusion

23  that there has not been representation of issues which constitute a violation of any

24  Rule of Ethics.  *First Small Business Inv. Co. of California v. Intercapital,* 108

25  Wash.2d 324, 332 738 P.2d 263, 267 (1987).  A litigant cannot delay filing a

26  motion to disqualify in order to use the motion later as a tool to deprive his

27  opponent of counsel of his choice after substantial preparation of a case has been

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 17.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

29

1  completed. *Central Milk Producers Coop. v. Sentry Food Stores, Inc.*, 573 F.2d

2  988, 992 (8th Cir.1978).

3      The Court should Reconsider and deny Plaintiff's Motion to Disqualify.

4          DATED this 11th day of December, 2006.

6  **LIEBLER, IVEY, CONNOR, BERRY & ST.
HILAIRE**

8  **s/ FLOYD E. IVEY**

9  **Floyd E. Ivey, WSBA #6888
Attorneys for the Defendants Ascentive and

10 Schran**

12     I hereby certify that on December 11, 2006, I electronically filed
**Defendant's Memorandum in Support of Motion for Reconsideration of the

13 Court's Order of Disqualification** with the Clerk of the Court using the CM/ECF
System which will send notification of such filing to Robert Siegel and Douglas

14 McKinley.  I hereby certify that I have served the foregoing to the following non-
CM/ECF participants by other means: NA.

16           S/ FLOYD E. IVEY

17           FLOYD E. IVEY

28

Defendant's Memorandum in Support of Motion for
Reconsideration of the Order granting Plaintiff's Motion to
Disqualify - 18.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion.RECONSIDER.draft.061203\Motion
ToDisqual.RECONSIDER.MEMO.061211.FINAL.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

30

Floyd E. Ivey
Liebler, Ivey, Connor, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Telephone (509) 735-3581
Fax (509) 735-3585
Attorneys for Defendant

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202 Richland, Washington 99352
509-628-0809
Fax (509) 628-2307
Attorney for Plaintiff

ROBERT J. SIEGEL
1325 4th Ave Ste 940
Seattle, WA
98101-2509

Hon. Judge Zilly

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OMNI INNOVATIONS LLC et al<br><br>Plaintiffs<br><br>ASCENTIVE, LLC<br>a Delaware Limited Liability Company;<br>ADAM SCHRAN, individually and as part<br>of his marital community; JOHN DOES, I-X<br>Defendants | NO.  CV-06-01284<br><br>**DECLARATION OF FLOYD E. IVEY IN RESPONSE TO PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL FLOYD E. IVEY** |

Floyd E. Ivey now declares that I have appeared for Defendant Ascentive, LLC in this matter on October 20, 2006.

I have separately moved for the Rescheduling or Striking of Plaintiffs' Motion to Disqualify.

I have reviewed the Declaration of Mr. James Gordon in Support of Disqualification.  Mr. Gordon alleges that I have provided assistance to Mr.

Declaration Ivey Motion Opposing Plaintiff's Motion to Disqualify-
1.
Z:\IPClient\Ascentive  LLC  v.  Gordon\Ascentive  v.  Omni
Innovations\Motions\MotionDisqualify\Motion to Disqualify.DECIVEY.061020.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

*Exhibit ( motion for Reconsideration*

1    Gordon regarding Omni Innovations LLC. I find no record of having consulted

2    with or having undertaken any work relative to Omni Innovations LLC. I have

3    had, in years past, minimal contact with Mr. Gordon. That prior contact is fully

4    addressed in the Exhibits and Memorandum which is identified as Exhibits to the

5    Defendants' Memorandum Opposing Plaintiff's Motion to Disqualify.

6        The Exhibits annexed to Mr. Gordon's Declaration, in this present matter,

7    were previously considered in a like Motion to Disqualify brought in a like case by

8    Mr. Gordon's wife in the Eastern District. I find no file, no memos, notes or any

9    evidence that assistance was provided to Mr. Gordon relative to Omni Innovations

10    LLC.

11        However, it is with certainty that I have not engaged in any effort regarding

12    Omni Innovations LLC and any issue in the case of Omni Innovations LLC. Any

13    contact by Mr. Gordon with this office relative to his intent to pursue violations of

14    RCW 19.190 are documented in the email annexed to Mrs. Gordon's Declaration

15    in the Eastern District matter of Gordon v. Impulse Marketing Group.

16        DATED this 20th day of October, 2006

17        LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

18

19        By s/ FLOYD E. IVEY

20        FLOYD E. IVEY, WSBA #6888
       Counsel for Defendant

21        1141 N. Edison, Suite C
       Kennewick, WA 99336

22

23        I hereby certify that on October 20, 2006, I electronically filed **Declaration**

24    **of Floyd E. Ivey Opposing Motion to Disqualify** with the Clerk of the Court

25    using the CM/ECF System which will send notification of such filing to Plaintiffs'

26    counsel Robert J. Siegel and Douglas McKinley.

27        S/ FLOYD E. IVEY

28        FLOYD E. IVEY

DeclarationIvey Motion Opposing Plaintiff's Motion to Disqualify -
2.
Z:\PClient\Accentive  LLC  v.  Gordon\Accentive  v.  Omni
Innovations\Motions\MotionDisqualify\MotionToDisqualify.DECIVEY.061020.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

20 32

Case 2:06-cv-01284-JCC    Document 42    Filed 12/20/2006    Page 40 of 59
Case 2:06-cv-01284-TSZ    Document 36    Filed 12/12/2006    Page 33 of 52
Case 2:06-cv-01284-TSZ    Document 16    Filed 10/20/2006    Page 34 of 98

Case 2:04-cv-05125-FVS    Document 270    Filed 03/09/2006

1  and turned around and represented Impulse and other parties even
2  though my dad had discussed and corresponded about suing spammers
3  – an apparent breach of ethics Mr. Ivey - I have copies of the 15 or more
4  emails between Mr. Ivey and my father.

5
6  My father, has a power of attorney that I have executed in Benton
7  County, OR. Mr. Ivey has this document. I have asked my father, James
8  S. Gordon, Jr. to represent my interests in this matter. Thus, Mr. Ivey
9  shall interact directly with my father or develop another workaround as
   I do not wish to be contacted by Impulse or its attorneys in any manner.
10

11                          **Interrogatories**
12  Examples of the non-responsive answers to interrogatories by Impulse
13  are the following:

14  **Interrogatory #11:** Who actually sets up and sends email on behalf of
15  Impulse?

16

17  **Response:** Impulse asserts the Ambiguity, Irrelevancy, and
18  Overbreadth Objections. The inquiry is not relevant to the issues
19  alleged in the Third Party Complaint. The information sought will not
20  lead to the discovery of admissible evidence. Bushman v. New Holland,
21  83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield
22  Tire Co., 41 F.R.D. 55 (D.P.R. 1966).
23

24  As Impulse has alleged that I was part of a scheme to defraud it and
25  that I allegedly opted into its marketing partners' web sites, I have a

*Exhibit 2*
*Motion For Reconsideration*

2X 33

Case 2:06-cv-01284-JCC    Document 42    Filed 12/20/2006    Page 41 of 59
Case 2:06-cv-01284-TSZ    Document 36    Filed 12/12/2006    Page 34 of 52
Case 2:06-cv-01284-TSZ    Document 16    Filed 10/20/2006    Page 32 of 98
Case 2:04-cv-05125-FVS    Document 270    Filed 03/09/2006

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 0 9 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | ) Case No.: CV-04-5125-FVS |
| vs. | ) THIRD-PARTY DEFENDANT, |
| | ) JAMILA E. GORDON'S MOTION |
| Impulse Marketing Group, Inc., | ) TO COMPEL AND FOR |
| | ) SANCTIONS AND AFFIDAVIT |
| Defendant | ) RE: DISCOVERY |
| | ) |
| Impulse Marketing Group, Inc., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| Jamila E. Gordon, Third-Party | ) |
| Defendant | ) |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

_Exhibit B_    21

_Exhibit 3 Motion for_
_Reconsideration_

34

Case 2:06-cv-01284-JCC    Document 42    Filed 12/20/2006    Page 42 of 59
Case 2:06-cv-01284-TSZ    Document 36    Filed 12/12/2006    Page 35 of 52
Case 2:06-cv-01284-TSZ    Document 16    Filed 10/20/2006    Page 40 of 98

Case 2:04-cv-05125-FVS    Document 270    Filed 03/09/2006

1   The Court having considered Third party Defendant's Motion to Compel

2   and for Sanctions – said Order is hereby (granted) _____ (denied)

3   _____. Impulse is Ordered to Respond in full to Third Party

4   Defendant's Discovery by _____, 2006. Sanctions are awarded in

5   the amount of $_____ and are to be paid to Third Party

6   Defendant or to this Court by Impulse by _____, 2006.

7

8   Dated this _____ day of _____, 2006

9

10  _____

11  JUDGE VAN SICKLE

12

13

14

15                          Certificate of Service

16  I, hereby, certify that on March 9, 2006, I filed this Order on Third
    Party Defendant's Motion to Compel and for Sanctions with this Court.
17  I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E.
    Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon, Emily
18  Abbey, and Robert Pritchett by other means.

19  _____    P DA

20

21

22

23

24

25

I declare under penalty of perjury under the laws of the United States

that the foregoing is true and correct.

Jamila E. Gordon, Pro Se

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 9th day of March, 2006.

_____

Certificate of Service

I, hereby, certify that on March 9, 2006, I filed this motion with this
Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan,
Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon,
Emily Abbey, and Robert Pritchett by other means.

_____

Case 2:06-cv-01284-JCC    Document 42    Filed 12/20/2006    Page 44 of 59
Case 2:06-cv-01284-TSZ    Document 36    Filed 12/12/2006    Page 37 of 52
Case 2:06-cv-01284-TSZ    Document 16    Filed 10/20/2006    Page 8 of 71
Case 2:04-cv-05125-FVS    Document 297    Filed 03/20/2006

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 2 0 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | ) Case No.: CV-04-5125-FVS |
| vs. | ) |
| Impulse Marketing Group, Inc., | ) DECLARATION AND RESPONSE TO IMPULSE AND IVEY INITIAL MEMORANDUM RESPONSE RE: THIRD PARTY DEFENDANT'S MOTION TO COMPEL AND MOTION TO DISQUALIFY |
| Defendant | ) |
| | ) |
| Impulse Marketing Group, Inc., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| Jamila E. Gordon, Third-Party | ) |
| Defendant | ) |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

*Gordon v Impulse*
*CV 04 5125 FVS*
*Exhibits to Memorandum*
*re. Disqualification*
*Exhibit X #1*

*Exhibit 4 Motion For Reconsideration*

in this case – this calculated merit-less distraction is a waste of judicial resources predicated on the realization that Impulse's theory of the case is smoke and mirrors – something that our jury will clearly see.

15) My opinion is that Mr. Ivey is not a man of his word. That is the reason why I have requested my father's help. He has buffered me from the day-to-day skirmishes with Impulse. However, he has not submitted anything to the Court on my behalf without my input and foreknowledge. It appears that Impulse could correspond via email [to my father and copying 3rd parties and Mr. Siegel] or suggest yet another way to overcome the impasse regarding the need to communicate in this case. We have been pulled into Impulse's mean-spirited and illegal charade, but we will defend ourselves to the best of our collective abilities.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Jamila E. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 20th day of March, 2006





Certificate of Service

I, hereby, certify that on March 20, 2006, I filed this affidavit with this
Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan,
Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon,
Emily Abbey, and Robert Pritchett by other means.

Case 2:06-cv-01284-JCC    Document 42    Filed 12/20/2006    Page 47 of 59
Case 2:06-cv-01284-TSZ    Document 36    Filed 12/12/2006    Page 40 of 52
Case 2:06-cv-01284-TSZ    Document 16    Filed 10/20/2006    Page 19 of 36

MAR 2 0 2006

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 1 7 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

9                   DISTRICT OF WASHINGTON AT RICHLAND

10

11   James S. Gordon, Jr., Plaintiff,       )   Case No.: CV-04-5125-FVS
                                            )
12          vs.                             )
                                            )   DECLARATION AND
13   Impulse Marketing Group, Inc.,         )   RESPONSE TO IMPULSE AND
                                            )   IVEY INITIAL MEMORANDUM
14   Defendant                              )   RESPONSE RE: THIRD PARTY
                                            )   DEFENDANT'S MOTION TO
15                                          )   COMPEL AND MOTION TO
                                            )   DISQUALIFY
16   Impulse Marketing Group, Inc.,         )
                                            )
17   Third-Party Plaintiff,                 )

18          v.

19   Bonnie F. Gordon, Third-Party

20   Defendant
     _____
21   TO: Clerk of the Court

22   AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

23   AND TO: Peter J. Glantz and Sean A. Moynihan

24

25

Exhibit 2

Exhibit 4A Motion
for Reconsideration

2840

Case 2:06-cv-01284-JCC     Document 42     Filed 12/20/2006     Page 48 of 59
Case 2:06-cv-01284-TSZ     Document 36     Filed 12/12/2006     Page 41 of 52
Case 2:06-cv-01284-TSZ     Document 16     Filed 10/20/2006     Page 23 of 36

web sites which do not disclose a link to Impulse – claiming
that it is a marketing partner simply because it purchased an
email list from another spammer. Impulse has failed to disclose
via interrogatories and requests for production its list of so-
called marketers ostensibly to avoid being painted with the
same brush as these "fly-by-night" criminal spam gangs.
Discovery now appears to be a one-way street whereby Impulse
hounds Plaintiff for discovery while maintaining a closed fist on
its requirement for disclosure. For pro se defendants, the
distinction between our collective claims, if there is one, is not
discernible to us.

9)    As a result of 30 years of marriage, my husband and I discuss
and collaborate on most things including litigation and
strategies for same. This collaboration has revealed the
following, we both understood Mr. Ivey was "his" attorney and
that all that was discussed between the two of them was
privileged. I was shocked to hear that Mr. Ivey had switched
sides. The documents in my possession appear to reveal a
betrayal of my husband and a skirting of the truth by Mr. Ivey.
**Exhibit 4** – email dated 9/22/03; **Exhibit 5** – email dated
9/25/03; **Exhibit 6** – dated 9/30/03; **Exhibit 7** – dated 9/30/03
to Jamila Gordon; **Exhibit 8** – dated 12/30/03; **Exhibit 9** –
dated 4/4/05.

10)   I find it peculiar that Mr. Ivey would retain my husband's
email from 2002, but not the 2003 emails that would indicate a
conflict.

Case 2:06-cv-01284-JCC    Document 42    Filed 12/20/2006    Page 49 of 59
Case 2:06-cv-01284-TSZ    Document 36    Filed 12/12/2006    Page 42 of 52
Case 2:06-cv-01284-TSZ    Document 16    Filed 10/20/2006    Page 13 of 98

## DISQUALIFICATION

1       I am local Counsel for Impulse Marketing Group, Inc. (hereafter Impulse) in

2  the above entitled matter. I appeared for the Defendant on January 26, 2005.

3       Mrs. Bonnie Gordon and Ms. Jamila Gordon have filed, on March 9, 2006,

4  pleadings which implicitly constitute Motions to Disqualify counsel Floyd E. Ivey.

5       Mrs. Bonnie Gordon filed, on March 9, 2006, a pleading entitled "Amended

6  Motion to Compel and For Sanctions and Affidavit re: Discovery." Mrs. Gordon,

7  commencing at Page 2, addresses acts of Floyd E. Ivey which she deems to violate

8  ethical obligations of counsel. ATTACHED AS EXHIBIT A, pages 10-20.

9       Ms. Jamila Gordon's pleading is entitled Third-Party Defendant Jamila

10  Gordon's Motion to Compel and for Sanctions and Affidavit re: Discovery. Ms.

11  Jamila Gordon, commencing at the bottom of page 2 recites prior representation of

12  Mr. James Gordon, by counsel Floyd E. Ivey, and asserts that Mr. James Gordon

13  "...discussed and corresponded about suing spammers - an apparent breach of

14  ethics Mr. Ivey - I have copies of the 15 or more emails between Mr. Ivey and my

15  father." ATTACHED AS EXHIBIT B, pages 21-29.

## PRIOR SERVICES TO MR. GORDON BY ATTORNEY FLOYD E. IVEY

       I was initially contacted by attorneys Mr. Sean Moynihan and or Mr. Peter

Glantz, attorneys for Impulse in approximately November or December, 2004. I

advised that I knew Mr. James Gordon and had assisted briefly in matters wholly

unrelated to electronic mail issues. I also advised that Mr. Gordon had contacted

me regarding electronic mail issues but that I had not assisted Mr. Gordon relative

to electronic mail.

       In approximately December 2004 or January 2005 I contacted attorney Mr.

Douglas McKinley, Jr., counsel for Mr. Gordon in the Impulse matter, and told

him that I had been requested to be local counsel in the Impulse defense, that I had

known Mr. James Gordon and had assisted him in matters unrelated to electronic

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

*Exhibits Motion for Reconsideration*

30Q42

Case 2:06-cv-01284-JCC     Document 42     Filed 12/20/2006     Page 50 of 59
Case 2:06-cv-01284-TSZ     Document 36     Filed 12/12/2006     Page 43 of 52
Case 2:06-cv-01284-TSZ     Document 16     Filed 10/20/2006     Page 14 of 98

1  mail.

2     I also told Mr. McKinley that Mr. Gordon had contacted me, in

3  approximately 2003, requesting assistance regarding electronic mail. I told Mr.

4  McKinley that I had not assisted Mr. Gordon regarding electronic mail.

5     I asked attorney Mr. McKinley to determine and advise if there was any

6  contention of a conflict. Mr. McKinley, within a short time, advised that Mr.

7  Gordon did not object to my appearance on behalf of Impulse.

8     I subsequently also appeared as defense in the matter of Gordon v.

9  Ascentive, Eastern District of Washington, CV 05-0579-FVS and as local counsel

10 Gordon v. Efinancials, LLC, Benton County Case 05-2-01489-7.

11

12 <u>ASSISTANCE TO MR. GORDON UNRELATED TO ELECTRONIC MAIL</u>

13    Matters where contact occurred between attorney Ivey and Mr. James

14 Gordon included the following:

15    1. providing, in likely May 2002, a blank Confidentiality Agreement to Mr.

16 Gordon with the name "MEDIA LOGIC" indicated. I do not find a file related to

17 this issue but solely a computer file copy of the in blank CDA;

18    2. on May 3, 2002 I received an email from Mr. Gordon regarding the

19 patenting process. I have not assisted Mr. Gordon re: patenting;

20    3. in an email response to Mr. Gordon on May 3, 2002, I noted his use of a

21 Trademark and commented that this raised trademark issues. I do not find that I

22 provided any Trademark Services to Mr. Gordon;

23    4. email of 7/16/02, 8/28/02, 11/2/02 and 11/19/02 regarded his business

24 with Dancing Wolf, Inc. I do not find that any action was taken.

25    I do not find that files were opened for these matters. My assistance to Mr.

26 Gordon, re: these matters, was minimal.

27

28 <u>CONTACTS BY MR. GORDON REGARDING ELECTRONIC MAIL</u>

Declaration Ivey re: Disqualification - Page 3 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Case 2:06-cv-01284-JCC    Document 42    Filed 12/20/2006    Page 51 of 59
Case 2:06-cv-01284-TSZ    Document 36    Filed 12/12/2006    Page 44 of 52
Case 2:06-cv-01284-TSZ    Document 16    Filed 10/20/2006    Page 16 of 98

1    of November 2, 2005 at 3:27 p.m.

2

3        At 5:51 p.m. November 2, 2005, I noted the comment and responded to Mr.

4    McKinley stating in part: "Let's immediately address this comment".

5        I summarized my assistance to Mr. Gordon. I noted that Mr. Gordon had

6    sent email to me regarding electronic mail issues and that I had declined to assist.

7    At the time of this email on November 2, 2005, I found no email or files relating to

8    electronic mail issues. I so advised Mr. McKinley following a review of files and

9    email over a period of approximately two hours. I reminded Mr. McKinley that

10   the issue of conflict had been raised with Mr. McKinley at the earliest time of my

11   involvement and that Mr. McKinley had indicated no objection to my appearance

12   for Impulse. These comments are seen at EXHIBIT C, pages 30-34.

13       On November 2, 2005, at 7:29 p.m. Mr. McKinley responded, indicated a

14   difference of recollection but confirmed that "...Mr. Gordon has indicated that it is

15   his present desire is to bring IMG to account for their actions, not to cause you

16   problems in your law practice. Accordingly, I have not raised any further concern.

17   Parenthetically, Mr. Gordon has shown me email traffic back and forth between

18   Mr. Gordon and you related to initiating a spam suit against CMG, including

19   emails from you to Mr. Gordon. Based on my renew of this correspondence and

20   your representations below, it would appear to me that your records are

21   incomplete." As seen in EXHIBIT C, pages 30-34, I forwarded the exchange of

22   EXHIBIT C, pages 30-34, to my co-counsel Mr. Moynihan and Mr. Glantz.

23

24       Mr. McKinley's comments were made approximately 11 months following

25   my appearance in the Impulse Case. The activity, by November 2, 2005, in the

26   Impulse case, the Ascentive Case and the Efinancls LLC case were as follows:

27       1. Impulse - one-hundred forty-nine (149) filings had been made in Impulse

28   with attorney Ivey making all of the Impulse filings. (ATTACHED AS

Declaration Ivey re: Disqualification - Page 5 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Exhibit 6 motion for
Reconsideration

3x 44

Westlaw.

Slip Copy                            Page 1
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

C
Briefs and Other Related Documents
Gordon v. Virtumundo, Inc.W.D.Wash.,2006.Only the
Westlaw citation is currently available.
     United States District Court,W.D. Washington.
James S. GORDON, Jr., a married individual, d/b/a
'Gordonworks.com'; Omni Innovations, LLC., a
Washington limited liability company, Plaintiffs,
v.
VIRTUMUNDO, INC., a Delaware corporation,
d/b/a Adnowledgemail.com; Adknowledge, Inc., a
Delaware corporation, d/b/a Aknowledgemail.com;
Scott Lynn, an individual; and John Does, 1-X,
Defendants.
**No. CV06-0204JCC.**

May 24, 2006.

Robert J. Siegel, Merkle, Siegel & Friedrichsen,
Seattle, WA, for Plaintiffs.
Derek Alan Newman, Newman & Newman, Seattle,
WA, for Defendants.

ORDER
COUGHENOUR, J.
**\*1** This matter has come before the Court on
Defendants' Motion to Dismiss for Lack of Personal
Jurisdiction under Rule 12(b)(2) (Dkt. No. 8), Plaintiffs'
Opposition thereto (Dkt. No. 11), and Defendants'
Reply (Dkt. No. 17). The Court has considered the
briefs, declarations, and exhibits submitted by the
parties and determined that oral argument is not
necessary. For the reasons that follow, the Court
DENIES Defendants' motion to dismiss.

I. BACKGROUND

Plaintiffs James S. Gordon, Jr. ("Gordon") and Omni
Innovations, LLC ("Omni") have brought this action for
alleged violations of the Federal Can-Spam Act of
2003, 15 U.S.C. §§ 7701-11, the Washington

Commercial Electronic Mail Act ("CEMA"), Wash.
Rev.Code 19.190.010-110, and the Washington
Consumer Protection Act. Gordon is a Washington
resident and registrant of the internet domain
gordonworks.com ("Gordonworks"). Gordonworks is
an interactive computer service and internet access
service that, among other functions, provides e-mail
accounts to individuals. (Am.Compl.(Dkt. No. 15) ¶
3.4.) The internet domain server on which the
Gordonworks domain resides is owned by Omni. [FN1]

> FN1. Unless otherwise indicated, this Order's
> references to "Plaintiffs" includes both
> Gordon and Omni.

Defendants Virtumundo, Inc. ("Virtumundo") and
Adknowledge, Inc. ("Adknowledge") are
non-Washington-resident businesses that provide online
marketing services to third-party clients. Virtumundo is
a Delaware corporation with its principal place of
business in Kansas. Adknowledge is also a Delaware
corporation with its principal place of business in
Missouri. Virtumundo and Adknowledge are separate
corporate entities and currently have no relationship
with one another. [FN2] Virtumundo and Adknowledge
market products for their clients by transmitting e-mails
to interested consumers. Their services are
permission-based-meaning that consumers must
voluntarily provide their contact information to the
companies and must also specify the subject matter of
the ads that they are interested in receiving. In the past
two years, Virtumundo has derived a portion of revenue
from business activities conducted in Washington.
Defendant Scott Lynn ("Lynn") is a Missouri citizen
and serves as Chief Executive Officer of Defendant
Adknowledge. He is also the sole shareholder of both
companies. [FN3]

> FN2. Defendants specifically state that
> "Adknowledge, Inc. and Virtumundo, Inc. are
> two separate corporate entities and *currently*
> have no relationship to each other." (Defs.'

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

3X-45

*Exhibit 7 Motion for Reconsideration*

Slip Copy                                                                      Page 2
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

Mot., Brandt Decl. ¶ 7 (emphasis added).)
Defendants do not address whether the two
entities *formerly* had a relationship to one
another. Plaintiffs' allegations are that some
relationship did exist between the two.

FN3. Unless otherwise indicated, this Order's
references to "Defendants" includes
Acknowledge, Virtumundo, and Lynn.

Plaintiff Gordon alleges that between August 21, 2003,
and February 15, 2006, he received approximately 6000
misleading, unsolicited e-mail ads from Defendants that
were transmitted through Omni's domain server to his
e-mail address "james@gordonworks.com," $^{FN4}$ as well
as to other individuals using Gordonworks for domain
hosting. (Pls.' Opp'n, Gordon Decl. ¶ 10; Am. Compl.
¶ 3.7.) Gordon alleges that he has sent approximately
200 direct e-mail requests to various Virtumundo e-mail
addresses to cease transmission of all e-mails, but that
the e-mails nevertheless persisted, even after the filing
of the present action.$^{FN5}$ These e-mails allegedly were
sent to various addresses under the Virtumundo domain
name.$^{FN6}$

FN4. The record is not clear as to precisely
how these e-mails were procured. While
Plaintiff Gordon alleges that he had no prior
business relationship with either Virtumundo
or Adknowledge, he also states that he was
"tricked" into subscribing to various prize
websites.

FN5. Defendants point out, and the Court has
noted, Plaintiffs' tendency to exaggerate
claims in its briefing. (*E.g.*, *compare* Pls.'
Opp'n 3 (claiming to have sent "literally
thousands" of cease-and-desist e-mails), *with*
Pls.' Opp'n, Gordon Decl. ¶ 7 (claiming to
have sent 200 cease-and-desist e-mails).)
While these exaggerations and inconsistencies
are not fatal to Plaintiffs' efforts to defeat the
instant motion, the Court is concerned with
Plaintiffs' imprecision in their representations
to the Court. Plaintiffs' Counsel is instructed to
ensure that future filings comply with the

dictates of Federal Rule of Civil Procedure
11(b).

FN6. The addresses were
abuse@virtumundo.com,
legal@virtumundo.com,
postmaster@virtumundo, and
webmaster@virtumundo.com. Defendants
deny ever having received these e-mails.
Plaintiff Gordon alleges, however, that the
e-mails never "bounced" back to him,
suggesting that Defendant Virtumundo did
receive these e-mails.

## II. ANALYSIS

### A. Applicable Legal Standards

**\*2** When a district court acts on a defendant's motion to
dismiss without holding an evidentiary hearing, the
plaintiff must only make a prima facie showing of
jurisdictional facts to withstand the motion to dismiss.
*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163,
1168 (9th Cir.2005). Under this standard, the plaintiff
must provide evidence that, if believed, would support
jurisdiction over the defendant. *Harris Rutsky & Co.
Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122,
1129 (9th Cir.2003). Unless directly controverted, a
plaintiff's version of the facts is to be taken as true. *Doe
v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.2001).
Conflicts between the facts contained in the parties'
affidavits, as well as all reasonable inferences, must be
resolved in the plaintiff's favor. *Id.*

In order for a court to exercise jurisdiction over
nonresident defendants, jurisdiction must be conferred
by an applicable rule or statute. *Sec. Investor Prot.
Corp. v. Vigman*, 764 F.2d 1309, 1313-14 (9th
Cir.1985). Where, as here, there is no applicable federal
statute governing personal jurisdiction, the district court
applies the law of the state in which the district court
sits. Fed. R. Civ. P. 4(k)(1)(A); *Harris Rutsky & Co.
Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,
1129 (9th Cir.2003). In addition, an assertion of
jurisdiction must accord with constitutional principles
of due process. *Id.* Federal due process requires that a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 3
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

nonresident defendant have minimum contacts with the forum state of such a nature that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. _Int'l Shoe Co. v. Washington,_ 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state, or (2) there is a strong relationship between the defendant's forum contacts and the cause of action. _Decker Coal Co. v. Commonwealth Edison Co.,_ 805 F.2d 834, 839 (9th Cir.1986). The former is known as "general" jurisdiction and the latter as "specific" jurisdiction. _See Ziegler v. Indian River County,_ 64 F.3d 470, 473 (9th Cir.1995).

**B. General Jurisdiction**

A court may constitutionally assert general jurisdiction over a nonresident defendant only when the defendant's contacts with the forum state are so substantial and of such a nature as to justify suit in the forum state, even if the cause of action before the court arises from dealings entirely distinct from those activities. _Int'l Shoe Co.,_ 326 U.S. at 318. Plaintiffs have not opposed Defendants' general jurisdiction argument. Accordingly, this Court will only address the issue of specific personal jurisdiction.

**C. Specific Jurisdiction**

This Court may only exercise specific jurisdiction over a nonresident defendant if jurisdiction is proper under Washington's long-arm statute and comports with federal due process principles. Washington's long-arm statute, Revised Code of Washington section 4.28.185, permits the assertion of personal jurisdiction to the extent permitted by due process, except where limited by the terms of the statute. _Omeluk v. Langsten Slip & Bathyggeri A/S,_ 52 F.3d 267, 269 (9th Cir.1995) (citing _Deutsch v. W. Coast. Mach.,_ 80 Wash.2d 707, 497 P.2d 1311, 1314 (Wash.1972)). Accordingly, "the statutory and constitutional standards merge into a single due process test." _Shute v. Carnival Cruise Lines,_ 897 F.2d 377, 380 (9th Cir.1990), _rev'd on other grounds,_ 499

U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The Ninth Circuit has held that in order to establish specific jurisdiction, a plaintiff must demonstrate that (1) the defendant has _purposefully availed_ itself of the privilege of conducting activities in the state; (2) the claim _arises out of_ or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction would be _reasonable. Omeluk,_ 52 F.3d at 270.

**1. Purposeful Availment**

**\*3** The purposeful availment requirement ensures that Defendants will not be "haled into a jurisdiction through random, fortuitous, or attenuated contacts." _Ziegler,_ 64 F.3d at 473 (internal quotation omitted). In cases involving the assertion of personal jurisdiction primarily on the basis of internet activity, the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity over the internet. _Cybersell, Inc. v. Cybersell, Inc.,_ 130 F.3d 414, 419 (9th Cir.1997). In addition, in tort cases, personal jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state. _Ziegler,_ 64 F.3d at 473.

At the outset, the Court notes that it is the nonresident defendant's contacts with the _forum state_ that are relevant for purposes of a personal jurisdiction analysis. _See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,_ 433 F.3d 1199, 1207 (9th Cir.2006) ("In any personal jurisdiction case we must evaluate _all_ of a defendant's contacts with the _forum state_ ....") (emphasis added). Merely demonstrating that a nonresident defendant has limited-or no-contacts with a _particular plaintiff_ does not dispose of the personal jurisdiction inquiry. Having clarified that it is Defendants' contacts with the state of Washington, and not merely contacts with Plaintiffs, that are significant, the Court finds that Plaintiffs have made a prima facie showing that Defendants' internet activity amounts to purposeful availment in Washington, as follows.

Plaintiffs have alleged that each defendant "aided, abetted, assisted, and conspired with the acts of each

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                              Page 4
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

other defendant" (Am.Compl.¶¶ 1.6, 3.7), which has caused Plaintiffs to receive thousands of unsolicited e-mails through the Gordonworks domain. Defendants have attempted to attack the credibility of Plaintiffs' evidence, but otherwise have not directly controverted the allegations that they are sending mass unsolicited e-mails to Washington citizens. Rather, both Virtumundo and Adknowledge have directed-and continue to direct-marketing e-mails to Washington residents and are thus purposefully availing themselves of the forum state in a "knowing and repeated" manner through commercial transmissions over the internet. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997) ("If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.").

Defendants' authority to the contrary is not on point. Defendants rely heavily on the recent Ninth Circuit opinion *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, in arguing that e-mail, like an internet website, is of a "passive nature" and can be accessed from locations outside of Washington. While both an internet website and e-mail may transmit information in analogous manners, the nature of the alleged unlawful conduct at issue here renders the comparison to *Cybersell* inappropriate because Defendants are alleged to have sent *thousands* of unsolicited e-mails to Plaintiff Gordon and other Washington residents. In contrast, *Cybersell* did not involve e-mail spammers. Defendants also cite a number of cases holding that contacts through e-mail, telephone, and fax are insufficient in and of themselves to constitute sufficient minimum contacts for the assertion of personal jurisdiction. (Defs.' Mot. 7, 10-12.) Several of these cases involve mere *correspondence* by e-mail, rather than e-mail of a commercial nature, as alleged here. Such cases are thus inapposite to Defendants' arguments. Furthermore, even in those cases involving the transmission of commercial e-mails, the issue before the court was whether a *single* commercial e-mail, rather than thousands of commercial e-mails, constituted a sufficient contact for the assertion of personal jurisdiction.

**\*4** Not only have Defendants reached into Washington

by sending mass e-mails, both Virtumundo and Adknowledge acknowledge that they have generated revenue from business activity conducted in Washington.[FN7] Such revenue-generation from Washington further supports the conclusion that Defendants are " 'purposefully deriv[ing] benefit' from their interstate activities." *Burger King v. Rudzewicz,* 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Kulko v. California Superior Court,* 436 U.S. 84, 96, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)); *see also Easter v. Am. W. Fin.,* 381 F.3d 948, 961 n. 7 (9th Cir.2004) (noting the significance of deriving income from the forum state in the purposeful availment analysis).

> FN7. Virtumundo has admitted that in 2004, 0.04% of its revenue was generated from Washington, and that in 2005, it derived 0.16% of its revenue from Washington. (Defs.' Mot., Brandt Decl. ¶ 22.) Adknowledge does not provide specific figures and only states that it "does not generate any substantial percentage of its revenues from consumers" in Washington. (*Id.,* Geroe Decl. ¶ 11.) While Adknowledge may not, in its opinion, derive "substantial" revenue from Washington consumers, its statement necessarily implies that it does derive some amount of revenue from e-mail activity directed at Washington.

Defendants' attempts to distance themselves from Washington are insufficient to defeat Plaintiffs' prima facie showing of jurisdiction. Adknowledge, for example, argues that it goes to lengths to remove consumers who self-report a Washington address from its e-mail lists in the hopes of minimizing contacts with Washington. (Defs.' Mot., Geroe Decl. ¶¶ 12-16.) These efforts reportedly began in 2004. However, Gordon has alleged that he already had begun receiving unsolicited e-mails as early as August 2003. Adknowledge's efforts to remove Washington e-mail addresses in 2004 has no bearing on its alleged contacts prior to that date, and Adknowledge offers no evidence suggesting that it was not knowingly sending e-mails to Washington residents before these changes were implemented. Further, while the evidence and briefing with respect to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

3548

Slip Copy                                                                    Page 5
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

Adknowledge's actual business activity is not as developed as that regarding Virtumundo.[FN8] Plaintiffs have specifically alleged Adknowledge's participation in the allegedly unlawful conduct. (*See* Am. Compl. ¶ 3.7.) Significantly, Defendants have not directly controverted these allegations, and, in fact, have acknowledged that both Virtumundo *and* Adknowledge have generated revenue from Washington. The Court is satisfied that Plaintiffs have sufficiently demonstrated that Adknowledge and Virtumundo purposefully availed themselves of the Washington forum.

> FN8. As the Court noted *supra* note 2, Defendants have only alleged that Virtumundo and Adknowledge are separate corporate entities that *currently* have no relationship to each other, but Defendants have remained silent as to whether a business relationship existed in the past. In light of Plaintiffs' allegations that Defendants took concerted steps to send unsolicited e-mail to Plaintiff Gordon and other Washington residents in as early as August 2003, the fact that Virtumundo and Adknowledge have no current business relationship merely begs the question as to the existence of a prior relationship, particularly during any portion of the time period at issue in this lawsuit.

Defendants' arguments that Plaintiffs have failed to provide specific evidence with respect to Defendant Lynn are also unpersuasive. "There is no bar to exercising personal jurisdiction over officers and employees of a non-resident corporation if they ha[ve] the requisite minimum contacts." *Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). Plaintiffs have alleged that Defendant Lynn is the Chief Executive Officer ("CEO") of Adknowledge and the sole shareholder of *both* entities. (Am.Compl.¶ 1.4.) Lynn is also alleged to have had knowledge of, directed, and authorized Virtumundo's and Adknowledge's allegedly illegal actions. (*Id.*) A corporate officer can be personally liable for torts which he authorizes or directs or in which he participates. *Coastal Abstract Serv. Inc., v. First Am. Title Ins. Co.,* 173 F.3d 725, 734 (9th Cir.1999); *accord*

*Johnson v. Harrigan-Peach Land Dev. Co. .,* 79 Wash.2d 745, 489 P.2d 923 (Wash.1971). Defendants have provided no evidence to the contrary, except to suggest that Defendant Lynn is the CEO only of Adknowledge. While Defendants are correct in arguing that each defendant's contacts with the forum state must be assessed individually, *Calder,* 465 U.S. at 790, Defendants have not provided any evidence from which the Court can conclude that Defendant Lynn has insufficient contacts with the forum state to support the assertion of jurisdiction over him as an individual in the present case, other than to make a conclusory argument that Plaintiffs have failed to make a prima facie showing of personal jurisdiction. Defendants have failed to directly controvert Plaintiffs' allegations supporting jurisdiction over Defendant Lynn. The foregoing applies to the John Doe Defendants as well.

*5 Finally, Defendants attempt to argue that they did not purposefully avail themselves of the privilege of doing business in Washington because neither Gordon's e-mail address, nor the e-mail addresses of other Washington residents receiving Defendants' marketing e-mails, include any information designating the location of the recipient. As a result, Defendants argue, such e-mail could not have been targeted at a particular geographic location. Several courts have considered and rejected similar arguments in the context of lawsuits involving bulk unsolicited e-mail. *See, e.g., Verizon Online Servs., Inc. v. Ralsky,* 203 F.Supp.2d 601 (E.D.Va.2002); *State v. Heckel,* 122 Wash.App. 60, 93 P.3d 189 (Wash.Ct.App.2004). For example, in *Heckel,* the Washington State Attorney General brought suit against an individual for alleged violations of Washington's CEMA. After the trial court imposed a permanent injunction and a civil penalty on the defendant, he appealed the trial court's decision arguing, *inter alia,* that the State failed to prove that he knew that specific e-mail addresses were registered to Washington residents. The *Heckel* court rejected this argument, noting that the defendant's argument, if taken to its logical conclusion, would produce the impracticable result of shielding offenders from liability simply where they "had no specific knowledge about particular recipients." *Heckel,* 93 P.3d at 192-93.

Similarly, in *Ralsky,* Verizon Online Services brought

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                    Page 6
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

suit against a group of defendants in Virginia for an alleged conspiracy to transmit millions of unsolicited bulk e-mail messages to Verizon's member database through Verizon's proprietary online network. In support of their argument that a court in Virginia could not constitutionally assert personal jurisdiction, the defendants claimed that they did not know that their unsolicited bulk e-mail messages would harm servers located in Virginia, and therefore that they could not have purposefully availed themselves of the forum. The *Ralsky* court squarely rejected this argument, noting that such an argument "would allow spammers to send UBE with impunity, avoiding personal jurisdiction simply by alleging that they did not know the exact location of an ISP's e-mail servers." *Ralsky,* 203 F.Supp.2d at 620. In particular, the *Ralsky* court was unwilling to permit tortfeasors to "escape personal jurisdiction for deliberate acts by simply pleading ignorance of where the harm of [the] action would lie." *Id.* at 620 n. 13. To do so, the court reasoned, would be "fundamentally unfair." *Id.* at 622.

Like the defendants in *Heckel* and *Ralsky,* Defendants' attempts in the present case to sidestep jurisdiction by pleading ignorance are unpersuasive. Although Virtumundo's and Adknowledge's e-mail lists might not plainly indicate to which states the e-mails are being sent, both Virtumundo and Adknowledge admit that they are aware of certain portions of their revenue coming from Washington. Further, Adknowledge's attempts to *reduce* the number of e-mails sent to Washington starting in 2004 clearly shows known e-mail contact with Washington both before and after those measures were implemented. Additionally, Defendants have, at all times, had access to the Washington Association of Internet Service Providers registry of e-mail addresses, which Washington courts have recognized as a valid means for ascertaining whether a particular e-mail address is owned by a Washington resident. *See Heckel,* 93 P.3d at 69-70.

**\*6** For the foregoing reasons, the Court finds that Defendants have "purposefully availed" themselves of this Washington forum.

2. "Arises Out Of"

The Court must next determine whether the claims made against Defendants arise out of their Washington-related activities. In making this determination, the Court considers whether Plaintiffs' claims would have arisen "but for" Defendants' contacts with Washington. *Harris Rutsky,* 328 F.3d at 1131-32. As noted *supra,* Defendants have not directly controverted Plaintiffs' allegations that Plaintiff Gordon received from Defendants thousands of unsolicited e-mails sent to him in Washington. But for Defendants' conduct, Plaintiffs' alleged injury would not have occurred. The Court finds that Plaintiffs' claims arise out of Defendants' Washington-related activities.

3. Reasonableness

"Once it has been established that a defendant purposefully established minimum contacts with a forum ...' he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1114 (9th Cir.2002). Assessing the reasonableness of asserting jurisdiction prevents the use of jurisdictional rules "in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage in comparison to his opponent.' " *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1487 (9th Cir.1993) (citing *Burger King,* 471 U.S. at 478)). The Court examines seven factors to determine whether the exercise of jurisdiction is reasonable: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 1487-88. No factor is dispositive in itself; the Court must balance all seven. *Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir.1991).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                                    Page 7
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

Defendants argue that the exercise of jurisdiction would be unreasonable on three grounds. First, Defendants argue that jurisdiction would not be reasonable in the present case because they have not purposefully interjected themselves into Washington state affairs. However, Plaintiffs allege, and Defendants do not directly controvert, that Defendants have transmitted thousands of unsolicited e-mails to Plaintiff Gordon and other Washington residents. Furthermore, Defendants have knowingly engaged in acts aimed at Washington residents because they have admitted that they derive revenue from their business activity in Washington. Defendants have purposefully interjected themselves into Washington.

*7 Second, Defendants argue that the burden of proceeding with this litigation in Washington is substantial. The Court disagrees. It is unsurprising that a nonresident defendant would prefer to litigate an action in the state in which its principal place of business is located. However, such a preference-coupled with the assertion of a lesser burden on Plaintiffs to litigate here (*see* Defs.' Mot. 14)-is insufficient to establish the existence of a substantial burden on Defendants if they must litigate in Washington. The fact that Defendants apparently will want to call witnesses for this action who currently reside in California, New York, and Texas (*see id.*) also fails to demonstrate a substantial burden of litigating in *Washington,* as this inconvenience would necessarily apply in any state in which this action ultimately proceeds. Finally, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distrib., LLC v. New Sensor Corp.,* 380 F.3d 1107, 1112 (9th Cir.2004). Notwithstanding the fact that most or all of Defendants' witnesses may reside out of state, Defendants have provided evidence of no other circumstances that would indicate that litigating an action in Washington will present a substantial burden or a deprivation of due process. *See Yahoo! Inc.,* 379 F.3d at 1136 ("[W]hile the defendant's burden in litigating in the forum is considered, it will not be deemed unreasonable unless it constitutes a deprivation of due process.") (citing *Core-Vent Corp.,* 11 F.3d at 1488).

Third, and finally, Defendants argue that the efficiency of the forum also weighs against a finding of reasonableness. Defendants largely re-present the same argument they have made regarding the substantial burden of litigating in Washington. However, as with Defendants' substantial burden argument, because Defendants still must secure their California, New York, and Texas witnesses to attend a trial in the alternative forums of either Kansas or Missouri, the added efficiency of litigating this action outside of Washington would be marginal, if not nonexistent.

Defendants do not address any of the remaining reasonableness factors. Even considering these factors, the majority weigh in favor of asserting personal jurisdiction. Litigating this action in Washington is, without question, highly convenient for Plaintiffs, because this is where they chose to initiate the lawsuit. Furthermore, nothing in the record indicates that litigation of this matter in Washington would create sovereignty conflicts with either Missouri or Kansas. Moreover, Washington has a substantial interest in adjudicating a dispute involving the sending of thousands of unsolicited e-mails to one (or many) of its residents in violation of Washington law. Accordingly, because a majority of the reasonableness factors favor the assertion of personal jurisdiction, the Court finds that Defendants have failed to present a compelling case that the exercise of personal jurisdiction would be unreasonable in the present case.

*8 Finally, it is apparent from the briefs that there exist a number of factual disputes in the present case that may prove dispositive later in the litigation. For example, the precise manner in which Plaintiff Gordon initially "opted-in" with Virtumundo or Adknowledge is disputed.[FN9] In addition, the parties dispute whether Gordon's attempt to put Defendants on notice that he did not wish to receive unsolicited e-mail was sufficient under the statutory language of the Federal Can-Spam Act. Although resolution of these factual disputes undoubtedly will have a significant impact on which parties ultimately succeed on the merits, the fact that such disputes exist has no bearing on the jurisdictional issue presently before the Court: whether Defendants have established sufficient contacts with Washington. Accordingly, for purposes of this Rule 12(b)(2) motion,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 8
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

the Court does not need to resolve these factual arguments.

> FN9. Gordon claims that he had no prior relationship with Defendants at the time he received the initial unsolicited e-mail (Pls.' Opp'n, Gordon Decl. ¶ 4), whereas Defendants claim that Plaintiff Gordon has misrepresented the fact that he did not opt-in with Virtumundo or Adknowledge.

### III. CONCLUSION

For the reasons set forth in this Order, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

SO ORDERED.

W.D.Wash.,2006.
Gordon v. Virtumundo, Inc.
Slip Copy, 2006 WL 1495770 (W.D.Wash.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 2825505 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss (Aug. 24, 2006) Original Image of this Document (PDF)
• 2006 WL 1501155 (Trial Motion, Memorandum and Affidavit) Reply in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Apr. 7, 2006) Original Image of this Document (PDF)
• 2006 WL 1501154 (Trial Pleading) ÝFirst Amended" Complaint for Damages Under the Can-Spam Act of 2003 Ý 15 U.S.C. |7701, et seq."; Washington Consumer Protection Act (RCW 19.86); The Washington Commercial Electronic Mail Act (RCW 19.190); RCW 19.170 et seq., and Injunctive Relief (Apr. 3, 2006) Original Image of this Document (PDF)
• 2006 WL 1176845 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Mar. 16, 2006) Original Image of this Document (PDF)
• 2006 WL 1501153 (Trial Motion, Memorandum and

Affidavit) Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (2006) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.