UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT
NO.
DC# CV-06-01284-TSZ
Western Washington (Seattle)

IN RE: ASCENTIVE LLC and ADAM SCHRAN,

Petitioners,

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON,

Respondent,

OMNI LLC et al,

Real Parties in Interest

SECOND AMENDED EMERGENCY PETITION FOR
WRIT OF MANDAMUS OR PROHIBITION OR TO STAY
PROCEEDINGS
UNDER FRAP 21, CIRCUIT RULE 21-2

Floyd E. Ivey, WSBA #6888
pro hac vice
William J. Connor, WSBA #8234
**Liebler, Ivey, Connor, Berry & St. Hilaire**
1141 North Edison, Suite C
P. O. Box 6125
Kennewick, Washington 99336
Telephone: 509-735-3581
Facsimile:   509-735-3585
**Attorneys for Petitioners**

# CORPORATE DISCLOSURES

ASCENTIVE LLC is a privately held corporation.

**(I)** **Attorneys of Record**

| | |
|---|---|
| Douglas E. McKinley | Robert Siegel |
| Box 202 | 1325 4th Ave. Suite 940 |
| Richland, Wa. 99352 | Seattle, Wa. 98101-2509 |
| 509 628 0809 | 206 624 9392 |
| 509 628 2307 | 206 624 0717 |

**ATTORNEYS FOR OMNI LLC et al.**

Floyd E. Ivey
LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
P.O. Box 6125
1141 North Edison Street, Suite C
Kennewick, WA 99336
509-735-3581

**ATTORNEYS FOR PETITIONERS**

## (II) STATEMENT OF FACTS SHOWING THE EXISTENCE OF AN EMERGENCY.

**A. STATEMENT OF PROCEDURE AND RECORD:** Omni LLC Moved to Disqualify counsel Floyd E. Ivey. The Record provided herewith includes the following:

Exhibit 1: The Declaration of James Gordon filed in support of the Motion. (Declaration of James Gordon attached as Exhibit 1; Court Rec. 4-1 through 4-8.)

Exhibit 2: Defendant's Memorandum in Response to Plaintiff's Motion to Disqualify on October 20, 2006. (Memorandum attached here as Exhibit 2; Court Rec. Document 16 from the Western District–Document 16 is comprised of three discrete filings including the 1. Memorandum with attached Exhibits 1 and 2(pages 1-36), 2. Exhibit 3(pages 1-98) and 3. Exhibit 4(pages 1-71).

Exhibit 3: Petitioners herein filed Declaration of Floyd E. Ivey in response to Plaintiff's Motion to Disqualify on October 20, 2006. (Declaration attached herein as Exhibit 3; Court Rec. 12 from the Western District.)

Exhibit 4: Plaintiff filed Declaration of James S. Gordon, Jr. In reply Re: Motion to Disqualify Counsel on November 1, 2006. (Exhibit 4 herein; Court Rec. 21 from the Western District with two attached invoices from counsel Ivey's law office.)

Exhibit 5: Petitioners filed Defendant's Surreply to Plaintiffs' Motion to

Disqualify on November 1, 2006. (Surreply attached as Exhibit 5; Court Rec.25.)

Exhibit 6: The Court granted Plaintiff's Motion to Disqualify by Order of November 29, 2006. (Order attached as Exhibit 6; Court Rec. 30.)

Exhibit 7: The Court entered its Minute Order of December 1, 2006 requiring Defendant to obtain new counsel and Answer by December 21, 2006. (Exhibit 7; court Rec. 31.)

Exhibit 8: Defendants' Motion for Reconsideration was filed for hearing on December 11, 2006. (The Motion for Reconsideration is attached as Exhibit 8: Court Rec. 32 from the Western District.)

Exhibit 9: (The Memorandum in Support of Defendants' Motion for Reconsideration attached as Exhibit 9. Court Rec. 33 from the Western District.)

Exhibit 10: Following Defendants' filing of its Emergency Petition for Writ of Mandamus or Prohibition on December 20, 2006, the District Court filed its Minute Order Denying Defendants' Motion for Reconsideration and Granting Defendants' Motion for Stay to January 29, 2007. (Court's Minute Order of December 20, 2006 attached as Exhibit 10; Court Rec. 44.)

**B. STATEMENT OF EMERGENCY RE: DISQUALIFICATION AND RELIEF SOUGHT:** This Emergency Petition for a Writ of Mandamus stems from the Court's Minute Order of December 20, 2006, Exhibit 9 herein. The Petitioners seek relief from the disqualification of counsel which will be effective

January 29, 2007 absent this Circuit Courts Grant of this Second Emergency Petition for Writ of Mandamus and its Stay of the Order disqualifying until such time that the Circuit Court has decided the issues herein.

This case, Omni LLC et al v. Ascentive et al, was filed in the Western District of Washington. Plaintiffs assert claims under Washington's Anti-Spam statute RCW 19.190. Plaintiff Omni LLC is owned by James Gordon. James Gordon has brought other anti-spam cases.

Counsel Floyd E. Ivey, commencing in January 2005, has and presently represents defendants in other cases brought by Plaintiff James Gordon. Cases in the Eastern District of Washington include Gordon v. Ascentive LLC and Adam Schran (CV-05-5079-FVS) and Gordon v. Impulse Marketing Group (CV-04-5125-FVS). Counsel Floyd E. Ivey has represented defendants in the Benton County Superior Court, State of Washington case of Gordon v. Efinancials LLC (No. 05-2-1489-7). The Case of Gordon v. Efinancials LLC was moved to King County on Ivey's Motion to Change Venue. These facts are set forth in Exhibit 2, Defendants' Motion for Reconsideration.

Mr. James Gordon's wife and daughter, Bonnie Gordon and Jamila Gordon, Third Party Defendants in Gordon v. Impulse Marketing Group Inc., brought a Motion to Disqualify counsel Ivey which was denied by Eastern District of Washington Judge Van Sickle on May 15, 2006. (Judge Van Sickle's Order

attached as Exhibit 2, pages 7-18 of 36.) Mr. Gordon, owner of Omni LLC and plaintiff in Gordon v. Impulse Marketing Group Inc, Eastern District, was directly involved in representing his Third Party Defendant daughter Jamila Gordon and in signing pleadings for Jamila Gordon and filing said pleadings for Jamila Gordon in the Motion to Disqualify in the Eastern District. The Motion to Disqualify in the Eastern District was brought more than one year following the appearance by counsel Floyd E. Ivey for Defendant. (Exhibit 2; Court Rec. 16 page 13 of 98). With the exception of the statement by Mr. James Gordon that counsel Ivey provided Mr. Gordon contract advice relative to Omni LLC, this present Motion to Disqualify is suported by the same evidence as found in the Eastern District case of Gordon v. Impulse Marketing Group Inc. Counsel Floyd E. Ivey denies any knowledge of or any services to Omni LLC and Mr. Gordon has provided no documentary evidence that counsel Floyd E. Ivey provided any services regarding Omni LLC.

Mr. James Gordon's specific and documented participation in bringing the denied Motion to Disqualify in the Eastern District demonstrates that the entirety of the record supporting the Motion to Disqualify, now granted in the Western District, was available for presentation at the time of the bringing of the Motion to Disqualify in the Eastern District.

Plaintiff Omni LLC's Motion to Disqualify in the Western District is a

Motion to Reconsider Judge Van Sickle's Denial of the Motion to Disqualify in the Eastern District. The granted Motion to Disqualify in the Western District leaves counsel Floyd E. Ivey as counsel for defendants against James Gordon in the Eastern District. The Defendants timely responded to the Motion to Disqualify providing a record of approximately 198 pages.

## II. ISSUE

ISSUE: Whether a writ of mandamus should be granted. Such determination is made on a case-by-case, weighing the factors outlined in *Bauman v. United States Dist. Court,* 557 F.2d 650 (9th Cir.1977). Are the *Bauman* factors demonstrated in the underlying record such that this Petition should be granted?

## III. ANALYSIS

Defendants present the following analysis in support of this Emergency Petition for a Writ of Mandamus. Substantial reason and facts exists to find that disqualification in this matter was and is unwarranted and that the Circuit Court should Grant this Petition for a Writ of Mandamus.

The rule is that a writ of mandamus may be used to review the disqualification of counsel. *Cole v. U.S. Dist. Court For Dist. of Idaho* 366 F.3d 813, 816 (9th Cir. Idaho 2004); *Christensen v. United States Dist. Court,* 844 F.2d 694, 697 & n. 5 (9th Cir.1988). The reason is because the harm of such disqualification cannot be corrected with an ordinary appeal. *Cole, Id. at* 816-17.

Whether a writ of mandamus should be granted is determined case-by-case, weighing the factors outlined in *Bauman v. United States Dist. Court,* 557 F.2d 650 (9th Cir.1977). These are whether (1) the party seeking the writ has no other means, such as a direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems, or issues of law of first impression. *Cole Id.* at 816-17.

Not all of the *Bauman* factors are relevant to every case. The *Bauman* factors are guidelines to be "weighed together based on the facts of the individual case". *Cole, Id* Footnote 3.

**FIRST BAUMAN FACTOR**

The first *Bauman* factor highlights the need for mandamus to be used only when no other realistic alternative is available to a petitioner. This factor is affirmatively presented in the context of a disqualification of counsel when the petition arises from the action of a district court. *Cole, Id.* 817; *Christensen, Id* at 697 (noting that an order disqualifying counsel is not a collateral order subject to immediate attack and that the petitioner can never obtain the relief sought, i.e., maintaining the disqualified counsel for pending litigation, through a direct appeal). Parties normally have the right to counsel of their choice, so long as the

counsel satisfy required bar admissions, and it is no small thing to disqualify a counsel before trial. Absent mandamus relief, a counsel's wrongful disqualification, which cannot be immediately appealed, can cause great harm to a litigant. This harm cannot be corrected by the ordinary appellate process because that occurs after the trial has been held, when it is too late to replace the counsel. **This is why the rule of *Christensen*, permitting mandamus relief after a disqualification of counsel by a district court, makes good sense.** (Emphasis added)

In *Cole, Id* at 818, Plaintiffs could have, but did not, move for reconsideration. Defendant herein has moved for reconsideration with the Court denying the Motion by Minute Order (Exhibit 7 hereto). Petitioners' failure, in *Cole*, to submit the disqualification issue to the district court gravely weakened the petitioners' case for the writ of mandamus. The need to show the lack of an available remedy absent a writ of mandamus goes to the heart of this extraordinary remedy which should be sparingly employed. *Cole, Id at* 818. A finding that the first *Bauman* factor is shown should be held to weigh toward the granting of the writ. *Cole, Id.* at 820.

**SECOND BAUMAN FACTOR**

The second *Bauman* factor regards whether petitioners will be damaged in a

way not corretable through ordinary appeal. This factor is readily shown under the authority of *Cole, Id* at 820 and *Christensen, Id* at 697(holding that attorney disqualification satisfies the second *Bauman* factor). The damage in this case includes the Petitioners' loss of a lead counsel who has been a principal in the defense against plaintiff Gordon's anti-spam cases since January, 2005. Counsel Ivey has opposed Plaintiff Gordon as follows: in Gordon v. Impulse Marketing Group Inc., Eastern District of Washington, CV-04-5125-FVS since January 2005; since approximately August 2005 in Gordon v Ascentive LLC, Eastern District of Washington, CV-05-5079-FVS; since approximately the fall of 2005 in Gordon v. Efinancials LLC, Benton County Superior Court.

As Counsel for Defendants opposing Mr. Gordon, counsel Ivey has filed dozens of pleadings, has moved to dismiss, has pursued motions to compel and presently have pending, in Gordon v. Ascentive LLC, in the Eastern District a Motion to Dismiss Plaintiff Gordon's First Amended Complaint and a Motion to Compel pending before Discovery Master Clarke.

It is reasonably considered that another attorney may not gain the same quality of attorney-client relationship and rapport that counsel Ivey has with petitioner Defendants. Except for compelling reasons, such as necessary bar admissions, Petitioners herein should be permitted to have the counsel of their choice. A lost choice of counsel at trial cannot be remedied on direct appeal. These

SECOND AMENDED EMERGENCY PETITION FOR WRIT OF MANDAMUS                     Page 9

are fundamental concerns which have been address in precedent.

If the Order of disqualification is allowed to stand and once a new attorney is brought in, the effect of this Court's Order will be irreversible. Hence counsel for Petitioners' has Petitioned for a Writ of Mandamus.

## THIRD BAUMAN FACTOR

Next analyzed is the third *Bauman* factor, whether there was clear error. Absence of this factor is often dispositive of the petition. Clear error is, if not necessary, a "highly significant" factor. *Cole, Id* at 820(Citations omitted). To find clear error, a reviewing court must ask whether, "on the entire evidence," it is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242  121 S.Ct. 1452 (U.S.N.C.,2001). In the instant matter the Defendant has moved to reconsider. Defendant's Memorandum in Support of Reconsideration states the factors which the District Court has overlooked or misapprehended and which constitute manifest error. Rather than reiterate all grounds which Defendant believes constitute clear error now summarizes the factors and refers to the detailed analysis of manifest error examined in Defendant's Memorandum in Support of Defendant's Motion for Reconsideration of the Order Disqualifying Counsel Floyd E. Ivey herein as Exhibit 9, page 1-18 of 40, to this Petition.

The factors Defendant which the court has overlooked or misapprehended and which constitute manifest error are as follows:

1. **Manifest Error Number 1:** That it is Undisputed that counsel Ivey provided Mr. Gordon contract services for Omni LLC. (The Minute Order Denying Defendants' Motion for Reconsideration recites as clarification invoices from counsel Ivey to Mr. Gordon which were relied on by the Court in the denial of the Motion for Reconsideration. The only invoices from the law office found in the record, by Petitioner, are attached to Exhibit 4, Court Rec. 21 Exhibit A for August 28, 2000 and May 24, 2002. Neither illustrate any relation to Omni LLC or to anti-spam issues.)

2. **Manifest Error Number 2:** That Mr. Gordon was not among the Parties in the prior Motion to Disqualify in Gordon v. Impulse in the Eastern District.

3. **Manifest Error Number 3:** That Mr. Gordon's subjective belief in the attorney-client relationship was not before Judge Van Sickle.

4. **Manifest Error Number 4:** The conclusion that Judge Van Sickle's Order, *see* docket no. 14 at 7-18, is not binding on the parties in the present case.

5. **Manifest Error Number 5:** That it is undisputed that Ivey did not seek a waiver.

6. **Manifest Error Number 6:** That Plaintiff did not waive conflict by

delay or specific refusal to seek disqualification.

7. **Manifest Error Number 7:** That the Court interrelated the unsubstantiated claim of representation of Omni LLC and Mr. Gordon's unsolicited email regarding anti-spam claims to reach the conclusion that the claims were "substantially related," to Mr. Ivey's current representation of Defendants in Omni LLC v. Ascentive.

8. **Manifest Error Number 8:** That the Court did not find that Plaintiff is collaterally estopped from again raising the matter of disqualifying counsel Ivey.

9. **Manifest Error Number 9:** That the Court did not find that Plaintiff impermissibly employed Rules of Professional Conduct and the Motion to Disqualify as litigation tactics.

## THE FOURTH BAUMAN FACTOR

The fourth factor, oft-repeated error or persistent disregard of the federal rules, does not apply in that there is no evidence that this error has been made more than once.

## THE FIFTH BAUMAN FACTOR

The fifth factor, where the order raises new and important problems, or issues of law of first impression, is next analyzed. Addressed in this Motion to Disqualify are issues which are important and which may be issues of law of first

impression.

Plaintiff Mr. Gordon has commenced more than nine actions in Washington State relative to RCW 19.190. Issues are common among the many cases. The relation among the many cases and the overlapping of contentions, application of the law, facts which are presently known to be common to all cases, of admissions, estoppels, decisions, and other acts will invariably be encountered.

Issues which Defendants contend rise to the level of novelty include the following:

1. Whether Mr. Gordon's direct involvement in the bringing of the Motion to Disqualify counsel Ivey in the Eastern District case of Gordon v. Impulse by his representation of JAMILA GORDON, in the Eastern District case of Gordon v. Impulse, and his actions of representation, of signing and filing pleadings in support of the Eastern District Motion to Disqualify create such commonality for Mr. Gordon and the cases in the Western District and the Eastern district as to cause the Eastern District Judge Van Sickle's denial of the Motion to Disqualify to be binding on Mr. Gordon and Omni LLC in the Western District.

2. The extent to which Mr. Gordon's subjective belief that he was represented by Counsel Ivey was before the Judge Van Sickle in the Eastern District Motion to Disqualify relative to the present Motion to Disqualify;

3. Whether or not Plaintiffs in Omni LLC v. Ascentive were collaterly

estopped by Judge Van Sickle's denial of the Motion to Disqualify in the Eastern District case of Gordon v. Impulse or the extent to which Judge Van Sickle's Order is not binding on the parties in the present case (Exhibit 2, pages 7-18 of 36);

    4. Whether or not the recitation by counsel Ivey, (Exhibit 2 herein; Court Rec. 16, pages 13-18 of 98 and pages 41-42 of 98) of contact with Mr. Gordon's counsel, Douglas McKinley, prior to appearance in Gordon v. Impulse, Gordon v. Ascentive LLC and Gordon v. Efinancials LLC, affirmatively demonstrates that counsel Ivey sought and received waiver from Mr. Gordon;

    5. Whether or not the communication of counsel Ivey with Mr. Gordon's counsel in the Eastern District case of Gordon v. Ascentive, (Exhibit 2 herein; Court Rec. 16, pages 13-18 of 98 and pages 41-42 of 98), in opposition to the Omni LLC Motion to Disqualify where Mr. Gordon's counsel stated "Mr. Gordon has indicated that it is his present is to bring IMG to account for their actions, not to cause you problems in your law practice. Accordingly, I have not raised any further concern." (Page 41 of 98 of Exhibit 2), demonstrated counsel Ivey's communication with and the receipt of waiver from Mr. Gordon which was also effective for the matter of Omni LLC v. Ascentive in the Western District;

    6. Whether or not Mr. Gordon's and Mr. Gordon's counsel's delay in bringing a Motion to Disqualify, by some 14 months following counsel Ivey's appearance in the Eastern District matter of Gordon v. Impulse, months following

appearance in the Eastern District matter of Gordon v. Ascentive and several months following appearance in the Benton County State of Washington matter of Gordon v. Efinancials LLC, was delay constituting waiver by Mr. Gordon of a complaint of conflict;

7. Whether or not the number of filings by counsel Ivey in opposition to Mr. Gordon in the Eastern District cases of Gordon v. Impulse, Gordon v. Ascentive and Gordon v. Efinancials(Exhibit 2; Court Rec. 16 pages 46-69 of 98) as addressed in Declaration of Floyd E. Ivey opposing the Motion to Disqualify in Gordon v. Impulse and found at (Court Rec. 16 Exhibit 2 pages 12-20 of 98) prior to a Motion to Disqualify being brought in Gordon v. Impulse further supports waiver by Mr. Gordon relative to the Western District matter of Omni LLC v. Ascentive;

8. Whether or not Mr. Gordon's bare statement the counsel Ivey provided contract services to Mr. Gordon relative to Omni LLC without documents supporting such services and in view of counsel Ivey's denial of having rendered services relative to Omni LLC meets any burden of proof required of Plaintiff in support of Plaintiff's Motion to Disqualify:

9. Whether or not the Court in Omni LLC has misapprehended the record and has interrelated the unsubstantiated claim of representation by counsel Ivey of Omni LLC with Mr. Gordon's unsolicited email regarding anti-spam claims in

SECOND AMENDED EMERGENCY PETITION FOR WRIT OF MANDAMUS　　　　　　　　Page 15

order to reach the conclusion that the claims were "substantially related," to Mr. Ivey's current representation of Defendants in Omni LLC v. Ascentive.

10. Whether or not Counsel Siegel and Counsel McKinley have employed the Rules of Professional Conduct and a Motion to Disqualify as litigation tactics;

11. Whether or not Mr. Gordon, through counsel Mr. Siegel and Mr. McKinley have failed to address any evidence of prejudice to Plaintiff Mr. Gordon's case such as to form the basis for denial of the Omni LLC Motion to Disqualify;

12. Whether or not the disqualification of counsel Ivey in the Western District will affect Defendant's right to counsel in the Eastern District matters of Gordon v. Impulse and Gordon v. Ascentive.

13. Whether or not the disqualification of counsel Ivey in the Western District will affect the representation of defendant Impulse Marketing Group Inc by co-counsel Sean Moynihan in his continuing opposition to Plaintiff Mr. Gordon.

14. Whether or not Judge Van Sickle's Denial of Mr. Gordon's Motion to join Omni LLC as an additional Plaintiff in the Eastern District cases of Gordon v. Ascentive LLC and Gordon v. Impulse Marketing Group operates as a waiver by Mr. Gordon and Omni LLC regarding a conflict on the part of then defendant counsel Ivey. (Exhibit 8, page 16 lines 22-24.)

Among the cases Mr. Gordon has brought under RCW 19.190 et seq are the following:

1. Gordon v. Commonwealth Marketing Group, Inc. No. 03-2-02677-5, Benton County Superior Court, Washington (Court Rec. 16, Exhibit 2, page 81 of 98).

2. Gordon v. American Homerowners Association, No. 03-2-02647-3, Benton County Superior Court, Washington (Court Rec. 16, Exhibit 2, page 83 of 98).

3. Gordon v. Ayanian, No. 03-2-02728-3, Benton County Superior Court, Washington (Court Rec. 16, Exhibit 2, page 86 of 98).

4. Gordon v. Theodore Hansson Company, No. 03-2-02676-7, Benton County Superior Court, Washington (Court Rec. 16, Exhibit 2, page 94 of 98).

5. Gordon v. Kane, No. 03-2-02729-1, Benton County Superior Court, Washington (Court Rec. 16, Exhibit 2, page 96 of 98).

6. Gordon v. Kraft Foods, Inc. No. CV-05-5002-EFS, Eastern District of Washington. (Court Rec. 16, Exhibit 2, page 32 of 71).

7. Gordon v. Impulse Marketing Group, Inc. No. CV-04-5125-FVS, Eastern district of Washington. (Court Rec. 16, Exhibit 2 page 1 of 98; Exhibit 2 page 1 of 71)

8. Gordon v. Ascentive LLC, No. CV-05-5079-FVS, Eastern District of

Washington. (Court Rec. 16, Exhibit 2, page 62 of 98).

9. Gordon v. Efinancial LLC, Benton County Superior Court, (Court Rec. 16, Exhibit 3, page 66 of 98).

Facts discovered from one or more of these cases will be of importance in the Defense against Mr. Gordon's presently pending cases and in cases likely to be pursued by Mr. Gordon in the future.

### III. CONCLUSION

The effect of the Court's Order disqualifying Defendants' counsel Floyd E. Ivey will finally be effective on January 29, 2007 unless the Circuit Court grants this Petition for Writ of Mandamus. Accordingly, this Petition should be granted. The District Court's Order disqualifying counsel should be stayed until this Circuit Court has rendered its decisions.

Respectfully submitted this 22th day of December, 2006.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

S/FLOYD E. IVEY

Floyd E. Ivey, WSBA #6888
Attorneys for Petitioners

**Certificate of Service.**
I hereby certify that a true and correct copy of the foregoing Second Amended Emergency Petition for Writ of Mandamus has been served upon Judge T. S. Zilly,

United States District Court for the Western District of Washington, and counsel of record for Omni LLC et al, Douglas E. McKinley, Box 202, Richland, Washington, and Robert Siegel, 1325 4th Ave. Suite 940, Seattle, Wa. 98101-2509 via ECF filing with the Western District Court on this 22nd day of December, 2006 and upon the 9th Circuit Court of Appeals by U.S. Mail on December 22, 2006 to P.O. Box 193939, San Francisco, Ca., 94119-3939.

S/ FLOYD E. IVEY

_____
Floyd E. Ivey, WSBA #6888
Liebler, Ivey, Connor, Berry & St. Hilaire
Attorneys for the Petitioners