Omni Innovations LLC v. Ascentive LLC et al — Doc. 52
Case 2:06-cv-01284-JCC   Document 52   Filed 12/22/2006   Page 1 of 5
Case 2:06-cv-01284-TSZ   Document 25   Filed 11/01/2006   Page 1 of 5

Floyd E. Ivey
Liebler, Ivey, Connor, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Telephone (509) 735-3581
Fax (509) 735-3585
Attorneys for Defendant

Hon. Judge T. S. Zilly

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202 Richland, Washington 99352
509-628-0809
Fax (509) 628-2307
Attorney for Plaintiff

ROBERT J. SIEGEL
1325 4th Ave Ste 940
Seattle, WA
98101-2509

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OMNI INNOVATIONS LLC et al<br><br>Plaintiffs<br><br>ASCENTIVE, LLC<br>a Delaware Limited Liability Company,<br><br>Defendant | NO. CV-06-01284-TSZ<br><br>DEFENDANT'S SURREPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL FLOYD E. IVEY |

**OBJECTION AND MOTION TO STRIKE**

The Declaration of James S. Gordon Jr. In Reply re: Motion to Disqualify Counsel is conclusory at paragraph 2 re: "...I retained the legal services of Floyd E. Ivey to assist me in drafting contracts for Omni among other matters..." Mr. Gordon offers this conclusion with no draft contract or any writing. Mr. Gordon does not offer a copy of a contract or recite what "other matters" might be. Mr.

Defendant's Surreply to Motion to Disqualify - 1.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni Innovations\Motions\MotionDisqualify\Motion ToDisqual.DEF.SURREPLY.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

EXHIBIT 5 to Second Amended Petition for Writ of Mandamus

Dockets.Justia.com

1 | Gordon's conclusion is incompetent as testimony and should be stricken.

## THE BASIS FOR DISQUALIFICATION

Plaintiffs do not analyze the alleged assistance of Mr. Gordon re: Omni Innovations LLC relative to acts which disqualify. Mr. Gordon does not allege, and Plaintiffs' counsel does not argue, that attorney Ivey consulted with Mr. Gordon or provided services to Omni regarding any issue relevant to the present matter in the Western District or to any of Mr. Gordon's many cases regarding electronic mail..

The email exchange between Mr. Gordon and attorney Ivey was produced by and relied upon by Mr. Gordon's wife, Bonnie Gordon, and daughter Jamila Gordon in their seeking of disqualification in the Eastern District. The email exhibits relied upon by Mr. Gordon in the present matter and by Mrs. Gordon in the Eastern District are identical and were fully addressed in the Eastern District. The Motion in Gordon v. Impulse was denied.

Plaintiffs' Motion to Disqualify brings into consideration Ethical Rule 1.9 which precludes representation of an opposing party in a matter where counsel has represented in the same or a substantially related matter in which the opposing party's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation and a full disclosure of the material facts or where counsel uses confidences or secrets relating to the representation to the disadvantage of the former client. Mr. Gordon does not declare that assistance was to the same or substantially related matters. Mr. Gordon does not declare or identify confidences or secrets supposedly known to attorney Ivey which can be used to the disadvantage of Mr. Gordon and Omni. Omni's counsel does not argue that either of these factors exist.

Rather, Counsel for Omni present inflamatory personal attacks against

Defendant's Surreply to Motion to Disqualify - 2.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni Innovations\Motions\MotionDisqualify\Motion ToDisqual.DEF.SURREPLY.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  attorney Ivey. There has been no relevant representation by attorney Ivey of Mr.
2  Gordon or of Omni. Exhibits presented to the Eastern District re: Disqualification
3  demonstrated that Mr. Gordon pursued cases Pro Se in Benton County Superior
4  Court. There is no evidence of prejudice. The absence of pertinent evidence leads
5  to the conclusion that there has not been representation of issues which constitute a
6  violation of any Rule of Ethics. *First Small Business Inv. Co. of California v.*
7  *Intercapital,* 108 Wash.2d 324, 332 738 P.2d 263, 267 (1987).
8        The relevant test for disqualification is whether the former representation is
9  "substantially related" to the current representation. *Gas-A-Tron of Arizona v.*
10 *Union Oil Co. of California, 534 F.2d 1322, 1325 (9th Cir.),* cert. denied, 429 U.S.
11 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976). The interest to be preserved by
12 preventing attorneys from accepting representation adverse to a former client is the
13 protection and enhancement of the professional relationship in all its dimensions. It
14 is necessary to preserve the value attached to the relationship both by the attorney
15 and by the client. These objectives require a rule that prevents attorneys from
16 accepting representation adverse to a former client if the later case bears a
17 substantial connection to the earlier one. *NCK Org'n Ltd. v. Bergman,* 542 F.2d
18 128 (2nd Cir. 1976). Substantiality is present if the factual contexts of the two
19 representations are similar or related. *Trone v. Smith* 621 F.2d 994, 998 (C.A.Cal., 1980).
20       Plaintiffs do not present these factors to the Western District. Plaintiff's
21 counsel does present arguments relative to disqualification. Attorney Ivey asserts
22 that there has been no representation of any issue of interest in the cases of
23 Impulse, Ascentive and or Efinancials and that there has been no representation of
24 Mr. Gordon relative to Omni. Attorney Ivey asserts that there is no violation of
25 Rule 1.9. or of any Rule of Ethics.
26       A motion to disqualify should be made with reasonable promptness after a
27 party discovers the facts which lead to the motion. The issue of attorney Ivey
28

Defendant's Surreply to Motion to Disqualify - 3.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni Innovations\Motions\MotionDisqualify\Motion ToDisqual.DEF.SURREPLY.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  having provided limited services to Mr. Gordon prior to any representation adverse
2  to Mr. Gordon was raised at the outset with counsel McKinley for Mr. Gordon.
3  There was no delay in discovery of some prior representation.  Yet appearances in
4  several cases and the filing of many pleadings occurred prior to the matter of
5  Disqualification being raised by Mr. Gordon's Wife and Daughter.  A litigant
6  cannot delay filing a motion to disqualify in order to use the motion later as a tool
7  to deprive his opponent of counsel of his choice after substantial preparation of a
8  case has been completed.  *Central Milk Producers Coop. v. Sentry Food Stores,*
9  *Inc.,* 573 F.2d 988, 992 (8th Cir.1978).  Delay alone is a basis to find waiver and is
10 sufficient is sufficient for the Court to deny a Motion to Disqualify.  *First Small*
11 *Business* at 337.
12      The former client may expressly or impliedly waive his objection and
13 consent to the adverse representation by failing to object within a reasonable time.
14 *Trone v. Smith,* 621 F.2d 994, 998-999 (9th Cir.1980); *Trust Corporation of*
15 *America v. Piper Aircraft Corporation,* 701 F.2d 85, 87-88 (9th Cir.1983).  It is
16 well settled that a former client who is entitled to object to an attorney representing
17 an opposing party on the ground of conflict of interest but who knowingly refrains
18 from asserting it promptly is deemed to have waived that right.  *Central Milk*
19 *Producers Co-op v. Sentry Food Stores,* 573 F.2d 988, 992 (CA8 1978); *Redd v.*
20 *Shell Oil Co.,* 518 F.2d 311, 315 (CA10 1975).  Gordon's failure to object within a
21 reasonable time, coupled with the long delay in filing a motion to disqualify,
22 constitute a *de facto* consent to the continued representation of these Defendants by
23 Ivey.  *Trust Corp. of Montana v. Piper Aircraft Corp.* 701 F.2d 85, 87-88 (C.A.Mont.,1983
24      Plaintiffs' recite Sanders v. Woods 121 Wn. App. 593(2004) wherein
25 attorney Ivey and his firm were disqualified.  The case of Sanders v. Woods is
26 irrelevant to the question of disqualification in the instant matter.  The facts of the
27 present Gordon cases against Impulse, Ascentive and Efinancials and Omni/Abbey
28

Defendant's Surreply to Motion to Disqualify - 4.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni
Innovations\Motions\MotionDisqualify\Motion
ToDisqual.DEF.SURREPLY.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  case against Ascentive, as they relate to Disqualification, stand alone and apart
2  from the facts of Sanders v. Woods.
3      The Motion to Disqualify should be denied.
4          DATED this 1st day of November, 2006.

6  **LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE**

9  **s/ FLOYD E. IVEY**
Floyd E. Ivey, WSBA #6888
**Attorneys for the Defendants Ascentive and Schran**

12      I hereby certify that on November 1, 2006, I electronically filed **Defendant's Surreply to Plaintiffs' Motion to Disqualify** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert Siegel and Peter J. Glantz. I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: NA.

16  S/ FLOYD E. IVEY
FLOYD E. IVEY

Defendant's Surreply to Motion to Disqualify - 5.
Z:\IPClient\Ascentive LLC v. Gordon\Ascentive v. Omni Innovations\Motions\MotionDisqualify\Motion ToDisqual.DEF.SURREPLY.061101.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581