1  The Honorable Thomas S. Zilly

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington limited liability company; Emily Abbey, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ASCENTIVE, LLC, a Delaware limited liability company; ADAM SCHRAN, individually and as part of his marital community; JOHN DOES, I-X,<br><br>Defendants. | No. 06-CV-01284 TSZ<br><br>**DEFENDANTS' MOTION TO DISMISS AND TO STAY THIS LITIGATION**<br><br>NOTE FOR MOTION CALENDAR: March 16, 2007 |

MOTION TO DISMISS AND STAY - i
(06-CV-01284 TSZ)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................. 1

II. FACTS ........................................................ 1

    A.    Abbey Does Not Allege She Is an Internet Access Service ........... 1

    B.    Identical Theories have been Alleged by Plaintiff Omni in Related Lawsuits in this District ...................................... 2

III. ABBEY'S CLAIMS SHOULD ALL BE DISMISSED .................... 3

    A.    CR 12(b)(6) Standards .......................................... 3

    B.    Abbey's Claimed Damages Are All Based on Her Legal Status as an Internet Access Service, with No Supporting Factual Allegation ........ 3

        1.    CAN-SPAM Only Provides Relief to Internet Access Service Providers. .................................................. 4

        2.    Abbey's Claimed Damages Under CEMA and WCPA Are Based on Her (Nonexistent) Status as an Internet Service Provider. .................................................. 4

    C.    Plaintiffs' CEMA Claims Are Preempted by CAN-SPAM as a Matter of Law ................................................ 5

IV. THIS LAWSUIT SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' SUMMARY JUDGMENT MOTION IN OMNI ......... 6

    A.    Standards for Granting a Stay of Proceedings ....................... 6

    B.    A Stay Is Appropriate Because This Court Is Adjudicating Omni Innovations's Identical Claims in <u>Omni</u> ........................... 7

V. CONCLUSION .................................................. 9

MOTION TO DISMISS AND STAY - ii
(06-CV-01284 TSZ)

**Newman & Newman,**
**Attorneys at Law, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**I.  INTRODUCTION**

Defendants Ascentive, LLC ("Ascentive") and Adam Schran ("Schran") (together, "Defendants") hereby move to dismiss pursuant to Fed. R. Civ. P 12(b)(6). Plaintiff Emily Abbey's ("Abbey") has not alleged sufficient facts to establish standing under the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq*. ("CAN-SPAM"). Moreover, all three of her causes of action are based on her status as an Internet access service, yet Plaintiffs' First Amended Complaint ("FAC", Dkt. #2) fails to allege Abbey provides an Internet access service. Consequently, all Abbey's claims must be dismissed. Furthermore, Plaintiffs' Washington state law claims based upon immaterial violations of email header protocol should be dismissed as a matter of law because they are preempted by CAN-SPAM.

Additionally, Defendants move to stay this case pending resolution of the lawsuit brought by Plaintiff Omni alleging precisely the same claims before Judge Coughenour. Case No. CV06-0204JCC, W.D.Wash. ("<u>Omni</u>"). Omni is scheduled for trial on April 16, 2007. The complaints and causes of action alleged by Plaintiff Omni Innovations, LLC's ("Omni Innovations") are virtually identical in each case. If the court rules that Omni Innovations does not have standing under CAN-SPAM and the Washington Commercial Electronic Mail Act (RCW 19.190) ("CEMA"), that ruling will have a dispositive issue preclusion/collateral estoppel effect on this case. Omni Innovations seeks only statutory damages and is, therefore, not suffering irreparable harm from the emails in question. In contrast, without a stay of proceedings in this case, the Court's resources are likely to be wasted and the parties will incur unnecessary legal fees and costs.

**II.  FACTS**

    **A.  Abbey Does Not Allege She Is an Internet Access Service.**

Both Plaintiffs seek damages allegedly resulting from the receipt of unsolicited commercial email (aka "spam"). (FAC ¶¶ 11, 15.) For all their causes of action,

MOTION TO DISMISS AND STAY - 1
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Plaintiffs allege Defendants caused damage "to Plaintiff <u>as the provider of the Internet access service</u>" or "to Plaintiff <u>as the interactive computer service</u>"(emphasis added).  (<u>Id</u>. ¶¶ 17, 19, 20.)  However, the FAC only alleges Omni Innovations is an "Internet access service" or "interactive computer service" – it does not allege Abbey provides such services.  (<u>Id</u>. ¶ 8.)

**B.    Identical Theories have been Alleged by Plaintiff Omni in Related Lawsuits in this District.**

In this case, Plaintiffs seek damages based upon the following theories of email header protocol:

> 13. Each of the E-mails misrepresents or obscures information in identifying the point of origin or the transmission path thereof, and contains header information that is materially false or materially misleading. The misrepresentations include without limitation: IP address and host name information do not match, or are missing or false, in the "from" and "by" tokens in the Received header field; and dates and times of transmission are deleted or obscured.
>
> 14. On information and belief, Plaintiff alleges that some of the E-mails used the Internet domain name of a third party or third parties without permission of that third party or those third parties.

(FAC at ¶ 13-14.)

Omni Innovations brought essentially identical claims in <u>Omni</u>.  (*See* <u>Omni</u>, Case No. CV06-0204JCC, First Amended Complaint (Dkt. # 15).)  In that case, the defendants moved for summary judgment alleging, *inter alia*, that Omni Innovations (i) does not have standing because it is not, and never was, an Internet access service adversely affected by the subject emails; and (ii) that Omni Innovations's theories regarding email header protocol cannot give rise to a violation under CAN-SPAM or CEMA.  (*See* <u>Omni</u>, Defendants' Motion for Summary Judgment (Dkt. # 98).)

Omni Innovations's novel theories of email header protocol asserted in <u>Omni</u> are unsupported by case law, FTC rule or regulation, or express statutory language.  (*See* <u>Omni</u>, Defendants' Motion for Summary Judgment (Dkt. # 98) at 16-28.)  Omni Innovations alleges violations of CAN-SPAM and CEMA from emails sent by the defendants which allegedly have an improper IP address and host name protocol, transfer

MOTION TO DISMISS AND STAY - 2
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

token information and other immaterial email header information.  (Id.)  The basis of Omni Innovations's claims are technical in nature and involve the intricacies and inner-workings of email transmission over the Internet.  (Id.)

**III.   ABBEY'S CLAIMS SHOULD ALL BE DISMISSED**

As a matter of law, Abbey's damages are all predicated on her status as an Internet access service.  As a matter of fact, however, the FAC does not allege she provides such a service.  Accordingly, all of her claims should be dismissed.

**A.   CR 12(b)(6) Standards.**

A complaint should be dismissed for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6) if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint."  Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff.  Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).  However, "[w]hile a court must accept all material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party, conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat a motion to dismiss."  Segal Co. v. Amazon, 280 F. Supp. 2d 1229, 1232 (W. D. Wash. 2003).

**B.   Abbey's Claimed Damages Are All Based on Her Legal Status as an Internet Access Service, with No Supporting Factual Allegation.**

Even viewed in the light most favorable to Abbey, the FAC provides no factual support for the causes of action she alleges.  She is not an Internet access service, so her CAN-SPAM claim fails.  Her other two claims are preempted by CAN-SPAM.  In addition, the FAC provides no factual basis for the damages Abbey seeks.  Consequently,

MOTION TO DISMISS AND STAY - 3
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

all her causes of action must be dismissed.

   1.   *CAN-SPAM Only Provides Relief to Internet Access Service Providers.*

In enacting the CAN-SPAM act, 15 U.S.C. § 7701 et seq., Congress expressly recognized that commercial email offers "unique opportunities for the development and growth of frictionless commerce." 15 U.S.C. § 7701(a)(1). Congress enacted a system to:

> 1) create a nationwide standard for commercial email;
>
> 2) prohibit senders of commercial electronic mail from misleading recipients as to the source or content of such mail; and
>
> 3) ensure that recipients of commercial electronic mail have the right to decline additional email from a particular source.

15 U.S.C. § 7701(b). The Act does not create any private cause of action for individual recipients of unsolicited commercial email, even if those emails violate the requirements of the Act. Rather, the Act is enforceable only by the Federal Trade Commission and other specified federal agencies, by state Attorneys General; and by "provider(s) of Internet access service" who are "adversely affected by a violation of section 7704 (a)(1), (b), or (d) of [the Act], or a pattern or practice that violates paragraph (2), (3), (4), or (5) of section 7704 (a)." 15 U.S.C. § 7706(g)(1) (emphasis added).

CAN-SPAM defers to section 231(e)(4) of title 47 for the definition of "Internet access service":

> The term "Internet access service" means a service that enables users to access content, information, electronic mail, or other services offered over the Internet, and may also include access to proprietary content, information, and other services as part of a package of services offered to consumers. Such term does not include telecommunications services.

The FAC does not allege Abbey provides any such service. Accordingly, Abbey's CAN-SPAM claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to allege facts sufficient to establish standing.

   2.   *Abbey's Claimed Damages Under CEMA and WCPA Are Based on Her (Nonexistent) Status as an Internet Service Provider.*

Abbey's other causes of action allege Defendants violated CEMA and the

MOTION TO DISMISS AND STAY - 4
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Washington Consumer Protection Act ("WCPA"), RCW 19.86.010 *et seq*. However, with respect to both claims, the only damage she alleges is "damage to Plaintiff as the interactive computer service." (FAC ¶¶ 19-20.) Abbey does not claim to be an interactive computer service, so the FAC does not provide any factual basis for her to claim damages. Without damages, her claims are meritless and must be dismissed. *See, e.g.*, In re Cray Inc. Derivative Litig., 431 F. Supp. 2d 1114, 1134 (W.D.Wash. 2006) (granting a motion to dismiss claims which "fail to identify recoverable damages for loss of goodwill or business reputation") (Zilly, J.).

### C. Plaintiffs' CEMA Claims Are Preempted by CAN-SPAM as a Matter of Law.

To the extent that Plaintiffs allege causes of action under Washington Law for immaterial falsehoods or deception – whether in the email header information or otherwise – those claims are preempted by CAN-SPAM and must be dismissed.

CEMA prohibits transmitting a commercial email message that "misrepresents or obscures any information in identifying the point of origin" of the message. RCW 19.190.020. Plaintiffs contend that each of Defendants' allegedly misleading headers "misrepresents or obscures" information in identifying the point of origin. (FAC ¶ 13.) However, to the extent Plaintiffs rely on CEMA to recover for emails with headers that contain an immaterial misrepresentation or obfuscation (or other non-tortious fraud or misrepresentation), those claims are preempted by CAN-SPAM.

Congress intended CAN-SPAM to create a single national standard for commercial email, and to that end it preempts state laws, subject to a narrow exception:

> This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

15 U.S.C. 7707(b)(1). In Omega World Travel, Inc. v. Mummagraphics, Inc., 469 F. 3d 348 (4th Cir. 2006), the Fourth Circuit considered the CAN-SPAM preemption clause in relation to an Oklahoma law that prohibits, among other things, sending a commercial

MOTION TO DISMISS AND STAY - 5
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

email that "misrepresents any information in identifying the point of origin or the transmission path of the electronic mail message." This is virtually identical to the CEMA provision upon which Plaintiffs base their suit. (FAC ¶ 20.) *See* RCW 19.190.030 (prohibiting sending a commercial email that "misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message"). In Omega, the district court held that the Oklahoma statute created a cause of action for immaterial errors and sought to govern email header protocol and was therefore preempted. The Fourth Circuit affirmed, reasoning "[r]ather than banning all commercial e-mails or imposing strict liability for insignificant inaccuracies, Congress targeted only e-mails containing something more than an isolated error." Omega, *supra*, 469 F.3d at 348.

The Fourth Circuit thus held that permitting claims under state law for immaterial errors would subvert Congress' intent to create a national standard:

> In sum, Congress' enactment governing commercial e-mails reflects a calculus that a national strict liability standard for errors would impede "unique opportunities for the development and growth of frictionless commerce," while more narrowly tailored causes of action could effectively respond to the obstacles to "convenience and efficiency" that unsolicited messages present.

Id. Like the Oklahoma statute, CEMA is preempted to the extent it purports to impose liability for immaterial errors and to set a national standard to govern proper email header protocol. Plaintiffs claims under CEMA rely on such allegations and, therefore, are preempted.

### IV. THIS LAWSUIT SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' SUMMARY JUDGMENT MOTION IN OMNI

#### A. Standards for Granting a Stay of Proceedings.

In the interests of judicial economy, the Court may exercise its inherent power to stay proceedings until the resolution of a related case that would resolve a dispositive issue. *See* Leyva v. Certified Grocers of California, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest

MOTION TO DISMISS AND STAY - 6
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *see also* Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc., 896 F. Supp. 973, 975 (N.D. Cal. 1995) ("in the interest of wise judicial administration, a federal court may stay its proceedings where a parallel state action is pending") (internal citation omitted).

"Collateral estoppel" or "offensive nonmutual issue preclusion" generally prevents a party from relitigating an issue that the party has litigated and lost. *See* Catholic Social Servs., Inc. v. I.N.S., 232 F.3d 1139, 1152 (9th Cir. 2000). The application of "offensive nonmutual issue preclusion" is appropriate only if:

1. there was a full and fair opportunity to litigate the identical issue in the prior action, *see* Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1399 (9th Cir. 1992); Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1114 (9th Cir. 1999); Appling v. State Farm Mut. Auto Ins. Co., 340 F.3d 769, 775 (9th Cir. 2003);
2. the issue was actually litigated in the prior action, *see* Appling, 340 F.3d at 775;
3. the issue was decided in a final judgment, *see* Resolution Trust Corp., 186 F.3d at 1114; and
4. the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action, *see* id.

*See also* Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006); Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).

**B.   A Stay Is Appropriate Because This Court Is Adjudicating Omni Innovations's Identical Claims in Omni.**

If there is a judgment that Omni Innovations does not have standing as an Internet access service in Omni, then issue preclusion will be dispositive as to Omni Innovations's federal CAN-SPAM claims in the instant lawsuit. Alternatively, if the Court rejects Omni Innovations' theories regarding email protocol and whether immaterial violations can entitle a plaintiff to recover statutory damages, then those findings will apply to Omni Innovations's theories in the instant matter.

MOTION TO DISMISS AND STAY - 7
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1       First, Omni Innovations is the plaintiff in <u>Omni</u> and has had a full and fair
2   opportunity to litigate the identical issue in the related action.  Omni Innovations has had
3   an opportunity to make a record in <u>Omni</u> and, if applicable, may advance any facts or
4   testimony at trial that supports its claim to be an Internet access service.

5       Second, the matters of (i) whether Omni Innovations has standing as an Internet
6   access service that is adversely affected; and (ii) whether Omni Innovations's novel
7   theories give rise to a claim for statutory damages under CAN-SPAM or CEMA are
8   before the Court in the <u>Omni</u> case.

9       Third, the matter is fully briefed and before the court in <u>Omni</u> on summary
10  judgment.  Trial is scheduled for April 17, 2007.  Plaintiffs merely request a stay pending
11  resolution of that case and a final judgment.

12      Finally, since Omni Innovations is a plaintiff in <u>Omni</u>, the fourth prong of issue
13  preclusion has been satisfied.

14      In the interest of judicial economy and avoiding the potential waste of hundreds of
15  hours of attorney time and unnecessary pretrial motion practice before the Court, this
16  Court should stay this lawsuit.  In the event that the Court does not grant a stay, then the
17  parties will have no alternative but to commence discovery.  Defendants will request
18  substantially the same documents and issue the same requests for admission as
19  propounded by the defendants' counsel in the <u>Omni</u> lawsuit.  Plaintiffs will likely provide
20  the same answers and the same documents.  In turn, the parties will take depositions and
21  develop much of the same record as in the related action.  These efforts will take many
22  months and consume many thousands of dollars.  However, all of that time and money
23  could be for naught if there is a judgment either that (i) Omni Innovations is not an
24  Internet access service adversely affected by emails or (ii) Omni Innovations's novel
25  theories concerning email protocol lack merit.  Such rulings would eliminate Omni
26  Innovations's CAN-SPAM and CEMA claims in the instant lawsuit pursuant to the
27  doctrine of offensive nonmutual issue preclusion.

28      This case is in its nascent stages and the parties have not yet devoted resources to

MOTION TO DISMISS AND STAY - 8
(06-CV-01284 TSZ)

**Newman & Newman,**
**Attorneys at Law, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  conduct discovery and pretrial motion practice. Balancing the lack of actual damages to
2  Plaintiffs against the unnecessary expenditure of resources, this Court should grant a stay
3  until such time as it makes a final adjudication of whether Omni Innovations has standing
4  and whether its email header protocol theories will prevail.

## V. CONCLUSION

Pursuant to Fed. R. Civ. P. 12(b)(6), Abbey's claims must all be dismissed because her damages are based on a legal theory which has no factual support in the FAC. Claims based upon immaterial violations of email header protocol are also preempted by CAN-SPAM as a matter of law.

Furthermore, the Court should stay this litigation pending resolution of collateral issues in Omni. This Court will resolve many of the same issues in that case as in this case – including the threshold issue of whether Omni Innovations has standing – and it would be a waste of judicial resources and the resources of the parties to litigate this case when the Court is already deciding the same issues in another matter.

DATED this 21st day of February, 2007.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By:  /s/
     Derek A. Newman, No. 26967
     Roger M. Townsend, No. 25525

Attorneys for Defendants Ascentive, LLC and Adam Schran

MOTION TO DISMISS AND STAY - 9
(06-CV-01284 TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800