The Honorable Thomas S. Zilly

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington limited liability company; Emily Abbey, an individual,<br><br>                      Plaintiffs,<br><br>v.<br><br>ASCENTIVE, LLC, a Delaware limited liability company; ADAM SCHRAN, individually and as part of his marital community; JOHN DOES, I-X,<br><br>                      Defendants. | NO. 06-CV-01284 TSZ<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF ABBEY'S CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND TO STAY THIS LITIGATION**<br><br>NOTE FOR MOTION CALENDAR: March 16, 2007 |

## I. INTRODUCTION

In their Motion to Dismiss and to Stay ("Motion") (Dkt. No. 65), Defendants argued a stay of proceedings in this lawsuit is warranted until Omni Innovations, LLC v. Virtumundo et al., No. CV06-0204JCC, W.D.Wash. (Coughenour, J.) ("Omni") – which presents collateral issues directly relevant to the outcome of the above-captioned lawsuit – is fully resolved. In their Response in Opposition to Defendants' Motion to Dismiss and to Stay This Litigation ("Response," Dkt. No. 69), Plaintiffs provided no substantive argument in opposition to a stay of proceedings. Accordingly, Defendants respectfully request this Court grant a stay until the final resolution of Omni. Defendants further request the dismissal of Plaintiffs' Washington state law claims which are based on

DEFS.' REPLY RE MOT. TO DISMISS AND STAY - 1
(CV06-1284TSZ)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

alleged immaterial misrepresentations, and accordingly are preempted under CAN-SPAM.

## II. FACTS AND ARGUMENT

### A. Plaintiffs present no credible arguments in opposition to Defendants' request for a stay of proceedings.

As Plaintiffs' Response indicates, they are unable to provide any credible reasons for denying a stay of proceedings in this lawsuit pending the resolution of Omni. Pursuant to local rules, this Court may construe Plaintiffs' failure to oppose Defendants' arguments as a concession that those arguments have merit. LR 7(b)(2).

Defendants' Motion provided extensive case authority for a stay of proceedings in this lawsuit. The holdings of Leyva v. Certified Grocers of California, 593 F.2d 857, 863-64 (9th Cir. 1979) and Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc., 896 F. Supp. 973, 975 (N.D. Cal. 1995) provide excellent reasons for staying this case in the interest of fairness, efficiency, and wise judicial administration. Defendants provided an analysis of the issue preclusion factors in Catholic Social Servs., Inc. v. I.N.S., 232 F.3d 1139, 1152 (9th Cir. 2000), which suggest the decision in Virtumundo will have a decisive impact on this case and warrant a stay of proceedings. Plaintiffs did not discuss these cases or offer any authority to the contrary.

The only argument Plaintiffs make is that CAN-SPAM's definition of "Internet access service" is different from CEMA's definition of "interactive computer service." Therefore, Plaintiffs argue, "even if the Court in the other action determined that Omni is not an [Internet access service] under CAN-SPAM, the Court will *not* have necessarily determined whether Omni is an [interactive computer service] under CEMA." (Response at 4:13-15; emphasis original.) This is a red herring for at least three reasons.

First, the Omni decision will have a dispositive effect on this case even if that decision applies only to Plaintiffs' CAN-SPAM claims. The Omni court may dismiss Plaintiffs' CAN-SPAM claims if it determines Plaintiffs do not provide an Internet access service. Accordingly, it would be an enormous waste of resources if Omni is allowed to

DEFS.' REPLY RE MOT. TO DISMISS AND STAY - 2
(CV06-1284TSZ)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  re-litigate the same issue in this lawsuit.  A stay is appropriate in the interest of judicial
2  economy.
3      Second, CAN-SPAM's definition of "Internet access service" is nearly identical to
4  CEMA's definition of "interactive computer service."  At 47 U.S.C. § 231(e)(4), CAN-
5  SPAM defines an Internet access service as "a service that <u>enables users to access</u>
6  content, information, electronic mail, or other services offered <u>over the Internet</u> ..."
7  (emphasis added).  CEMA's definition of "Internet service provider", at RCW
8  19.190.010(8), applies to a party "that provides or <u>enables computer access</u> by multiple
9  users to a computer server, including specifically a service or system that provides access
10 <u>to the internet</u> ..."(emphasis added).  In light of the clear similarities between the statutes,
11 Plaintiffs' argument that the <u>Omni</u> court's ruling on CAN-SPAM "cannot possibly impact
12 Omni's state law CEMA claims" (Response at 4:17-18) lacks credibility.  The <u>Omni</u>
13 decision on CAN-SPAM will significantly affect the outcome of Plaintiffs' CAN-SPAM
14 and CEMA claims in this case.
15     Third, Plaintiffs' ability to define themselves as Internet access service providers is
16 only <u>one</u> of the relevant issues to be determined in the Virtumundo case.  Plaintiffs do not
17 even address the other issue Defendants raised in their Motion:

> Alternatively, if the Court rejects Omni Innovations' theories regarding email protocol and whether immaterial violations can entitle a plaintiff to recover statutory damages, then those findings will apply to Omni Innovations' theories in the instant matter.

21 (Motion at 7:24-28.)  Pursuant to LR 7(b)(2), Plaintiffs' lack of response should be
22 interpreted as a concession that there are no sound arguments in opposition to
23 Defendants' request for a stay.  Defendants respectfully request this Court stay all
24 proceedings in this matter pending resolution of the collateral issues in <u>Omni</u>.
25   **B.   Plaintiffs admit Abbey has no valid CAN-SPAM claims.**
26     After Defendants filed the instant Motion, Plaintiffs filed an unopposed motion to
27 amend their complaint (Dkt. No. 68), with a Second Amended Complaint ("SAC")
28 attached to that motion.  Their SAC admits Emily Abbey ("Abbey") has no valid CAN-

DEFS.' REPLY RE MOT. TO DISMISS AND STAY - 3
(CV06-1284TSZ)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

SPAM claims, and clarifies the alleged factual basis for her CEMA and WCPA claims. As indicated below, her CEMA and WCPA claims are preempted anyway.

### C. Plaintiffs' Washington state law claims are preempted under CAN-SPAM because Plaintiffs allege only immaterial misrepresentations and falsehoods.

Plaintiffs have now submitted their third version of the complaint, yet continue to allege only <u>immaterial</u> misrepresentations in connection with Defendants' purported emails. The court in <u>Omega World Travel, Inc. v. Mummagraphics, Inc.</u>[1], 469 F. 3d 348 (4th Cir. 2006) determined state law claims for immaterial errors were preempted under CAN-SPAM. The Western District of Washington has not yet issued a definitive ruling with respect to this issue. As provided in Defendants' Motion (at 5:9-6:20), this Court should adopt the Fourth Circuit's reasoning to avoid the subversion of Congress's intent in enacting CAN-SPAM.

In their First Amended Complaint ("FAC", Dkt. No. 2), Plaintiffs alleged as follows:

> The misrepresentations include without limitation: IP address and host name information do not match, or are missing or false, in the "from" and "by" tokens in the Received header field; and dates and times of transmission are deleted or obscured.

(FAC ¶ 13.) Their SAC continues to allege only immaterial misrepresentations.[2] Plaintiffs now allege some emails "fail to include a valid physical address in the body of the E-mail". (SAC ¶ 13.) Plaintiffs also replace their allegation that some emails "used the Internet domain name of a third party or third parties without permission of that third party or those third parties" (FAC ¶ 14) with "used false, and/or misleading information

---

[1] <u>Omega</u> was decided in 2006, the year after the decision Plaintiffs cite from one of their many other cases, <u>Gordon v. Impulse Marketing Group, Inc.</u>, 375 F.Supp.2d 1040 (E.D.Wash. 2005). (Response at 5.) As Plaintiffs well know, this case is in the Western District, not the Eastern. Moreover, Defendants respectfully submit the <u>Omega</u> decision provides more persuasive authority than <u>Gordon</u>.

[2] Defendants are moving to dismiss Plaintiffs' state law claims under Fed. R. Civ. P. 12(b)(6). Therefore, Plaintiffs' arguments concerning the specific content of emails to be produced in discovery are irrelevant. (Response at 6:3-11.) As a matter of law, the SAC does not allege facts sufficient to maintain Plaintiffs' state law claims based on immaterial misrepresentations.

DEFS.' REPLY RE MOT. TO DISMISS AND STAY - 4
(CV06-1284TSZ)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  in registering the domains used to send the subject E-mails" (SAC ¶ 13).  Under the

2  reasoning of Omega, these changes are all irrelevant.

3        The very statute Plaintiffs cite – 15 U.S.C. § 7707(b)(1) – indicates Congress

4  intended CAN-SPAM to create a single national standard for commercial email, and

5  intended to preempt state laws directed toward immaterial errors.  In Omega, the Fourth

6  Circuit determined Congress's intent in enacting CAN-SPAM was to preempt

7  Oklahoma's email statute (which is nearly identical to CEMA) to the extent it imposes

8  liability for minor errors of the sort alleged in Plaintiffs' SAC.  Omega, *supra*, 469 F.3d at

9  348.  Plaintiffs' Response (at 6:17-7:24) entirely misses the point the Omega court made,

10 which is that state laws may prohibit material misrepresentations but may not address

11 immaterial ones such as those Plaintiffs allege in their SAC.

12       As the Omega court determined, Congress intended CAN-SPAM to provide a

13 uniform national standard for imposing liability in connection with immaterial

14 misrepresentations.  This Court should adopt the same reasoning and hold Plaintiffs'

15 claims are preempted to the extent they are based on immaterial misrepresentations.

16 **III.  CONCLUSION**

17       Plaintiffs did not provide a substantive response to Defendants' request for a stay.

18 There is good reason to stay proceedings in this lawsuit until the Omni case is fully

19 resolved, and Defendants respectfully request the Court do so without delay.  Defendants

20 further request this Court adopt the Fourth Circuit's sound reasoning in Omega and

21 dismiss Plaintiffs' state law claims as preempted under CAN-SPAM.

23       DATED this 16th day of March, 2007.

                           **NEWMAN & NEWMAN,**
                           **ATTORNEYS AT LAW, LLP**

           By: _____
               Derek A. Newman, WSBA No. 26967
               Roger M. Townsend, WSBA No. 25525

               Attorneys for Defendants

DEFS.' REPLY RE MOT. TO DISMISS AND STAY - 5
(CV06-1284TSZ)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800