1        The Honorable John C. Coughenour

2

3

4

5

6

7

8

9

10              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
11                      AT SEATTLE

12  OMNI INNOVATIONS, LLC, a               NO.  06-01284-JCC
    Washington limited liability company, and
13  EMILY ABBEY,                           DEFENDANT'S RESPONSE TO
                                           PLAINTIFF EMILY ABBEY'S
14                       Plaintiffs,       MOTION TO STRIKE NAME
                                           FROM LAWSUIT
15        v.

16  ASCENTIVE, LLC, a Delaware limited     Note for Motion Calendar:
    liability company; ADAM SCHRAN,        January 4, 2008
17  individually and as part of his marital
    community; JOHN DOES, I-X,
18
                         Defendants.
19

20

21                  I.    INTRODUCTION

22        Defendants Ascentive, LLC and Adam Schran (together, "Defendants") oppose the

23  Motion to Strike Name from Lawsuit (the "Motion") filed by Emily Abbey ("Abbey")

24  (Dkt. #91).  The Federal Rules of Civil Procedure bar Abbey from requesting a partial

25  dismissal of the claims in this action; accordingly, this Court should deny Abbey's

26  Motion in its entirety.  In the alternative, the Court should dismiss Abbey's claims with

27  prejudice.  As a second alternative, if the Court decides to allow Abbey to withdraw her

28

DEFS.' RESPONSE TO MOT. TO
STRIKE NAME FROM LAWSUIT - 1          NEWMAN & NEWMAN,      505 Fifth Ave. S., Ste. 610
CASE NO. 06-01284-JCC                 ATTORNEYS AT LAW, LLP  Seattle, Washington 98104
                                                             (206) 274-2800

claims without prejudice, thereby allowing her to re-file a lawsuit in which she claims she has no interest, it should require her to pay Defendants' reasonable attorneys' fees and costs incurred in defending this action.

## II.    FACTS

The emails attached to Abbey's Motion indicate she has some sort of fee agreement with her former counsel, and it is likely her agreement permitted her lawyer to name her as a plaintiff in this case despite her current protests.  (Motion Ex. D ("once you are removed from the Ascentive case, our fee agreement is no longer effective").)  There has been almost no discovery in this case, and Defendants have not had an opportunity to test the veracity of the alleged facts in Abbey's Motion.

Further, Defendants have had to spend considerable amounts of time and money defending themselves in this lawsuit since it was filed in September 2006.  If Abbey is dismissed from the case, Plaintiffs may re-file their Motion for Change of Venue, based on the absence of a plaintiff who resides in this judicial district.  (*See* Dkt. # 86.)  If Abbey is dismissed as a party, Defendants' ability to conduct discovery regarding her involvement in this lawsuit will be limited.  Abbey's dismissal would cause Defendants to suffer considerable prejudice.  This Court should deny the relief she requests in the Motion.

## III.    ARGUMENT

### A.    The Federal Rules of Civil Procedure Prohibit a Partial Dismissal of the Sort Abbey Requests in Her Motion

FED.R.CIV.P. 41(a)(1)(A) provides as follows:

> (a) Voluntary Dismissal.
> (1) By the Plaintiff.
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss

1                          an action without a court order by filing:

2                    (i) a notice of dismissal <u>before the opposing party serves either an answer or a motion for summary judgment</u>; or

3                    (ii) a stipulation of dismissal <u>signed by all parties</u> who have appeared.

4    <u>Id</u>. (emphasis added).  Defendants have filed an answer; consequently, Abbey cannot

5    dismiss this action without a court order.

6          Further, Abbey may not dismiss her own claims even <u>with</u> a court order unless

7    that order disposes of <u>all</u> claims in this action, not just those brought by Abbey.

8    Fed.R.Civ.P. 41(a)(1)(B) provides that "<u>an action</u> may be dismissed at the plaintiff's

9    request only by court order, on terms that the court considers proper".  The rule speaks to

10   the dismissal of an action in its entirety, not just one party's claims within an action; it

11   does not apply to the dismissal of fewer than all claims in a lawsuit.  <u>See</u> <u>Gobbo Farms &</u>

12   <u>Orchards v. Poole Chem. Co.</u>, 81 F.3d 122, 123 (10th Cir. 1996)("Gobbo offers no

13   authority, and we have found none, to support its contention that Rule 41(a) applies to

14   dismissal of less than all claims in an action"); <u>Smith, Kline & French Laboratories v A.</u>

15   <u>H. Robins Co.</u> 61 F.R.D. 24, 29, 181 USPQ 12 (E.D.Pa. 1973) ("when Rule 41(a) refers

16   to dismissal of an 'action', there is no reason to suppose that the term is intended to

17   include the separate claims which make up an action").  Since this lawsuit involves more

18   than one plaintiff, the action will not be dismissed in its entirety even if this Court grants

19   Abbey's Motion.  Consequently, granting the Motion would violate the terms of

20   Fed.R.Civ.P. 41(a)(1)(B).

21         Contrary to Abbey's assertions, Defendants will suffer considerable prejudice if

22   Abbey is allowed to dismiss her claims without prejudice and without payment of

23   Defendants' reasonable attorneys' fees and costs.  Defendants have had to incur

24   significant costs in defending this lawsuit since Plaintiffs initiated it in September 2006.

25   Defendants will still be defending this lawsuit even if Abbey is permitted to withdraw her

26   claims. They may even face another motion for change of venue to the Eastern District of

27   Washington – based on Abbey's withdrawal –  when the Court lifts the current stay of

28

DEFS.' RESPONSE TO MOT. TO
STRIKE NAME FROM LAWSUIT - 3
CASE NO. 06-01284-JCC

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   proceedings.  Defendants' discovery regarding Abbey will also be considerably restricted

2   if she is no longer a party.

3       Given the prejudice Defendants will face if this Court permits Abbey to withdraw

4   without prejudice and without payment of Defendants' fees, this Court should deny

5   Abbey's Motion.  *See* <u>United States ex rel. Doe v Dow Chem. Co.</u>, 343 F3d 325, 330 (5th

6   Cir. 2003) ( district court properly denied motion for voluntary dismissal under

7   FED.R.CIV.P. 41(a)(2) where motion was filed nine months after filing suit, and both

8   sides had filed responsive pleadings and motions).

9

10      **B.    This Court Should Either Dismiss Abbey's Claims With Prejudice or**
        **Condition Her Dismissal on An Award of Fees and Costs to Defendants**

11

12      If a dismissal is without prejudice to the plaintiff, the later it is granted the more

13  likely it is to harm the defendant by subjecting him to the potential of additional litigation

14  expenses.  *See, e.g.*, <u>Williams v. Ford Motor Credit Co.</u>, 627 F.2d 158, 160 (8th Cir.

15  1980) (district court abused its discretion by granting dismissal at end of trial, thereby

16  subjecting the defendant to greater litigation expense).  If this Court is inclined to dismiss

17  Abbey's claims fifteen (15) months after this lawsuit commenced, then it should dismiss

18  her case with prejudice to prevent Abbey from subjecting Defendants to further litigation

19  costs, should she re-file later.

20      Alternatively, the Court should require Abbey to pay Defendants' reasonable

21  attorneys' fees and costs incurred in defending this action.  This Court has the discretion

22  to condition dismissal under FED.R.CIV.P. 41(a)(2) on an award of costs and attorney's

23  fees to Defendants. <u>Mercer Tool Corp. v Friedr. Dick GmbH</u>, 175 F.R.D. 173, 176

24  (E.D.N.Y. 1997); *see also* <u>Anderberg v Masonite Corp.</u>, 176 F.R.D. 682, 687 (N.D.Ga.

25  1997) (court may cure prejudice to defendant by conditioning dismissal on moving party's

26  payment of costs and expenses borne by other party in action).

27

28

DEFS.' RESPONSE TO MOT. TO
STRIKE NAME FROM LAWSUIT - 4
CASE NO. 06-01284-JCC

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## IV.  CONCLUSION

This Court should deny Abbey's Motion, dismiss Abbey's claims with prejudice or require her to pay Defendants' reasonable attorneys' fees and costs incurred in defending this action.

DATED this 31st day of December, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, No. 26967
Randall Moeller, No. 21094

Attorneys for  Defendants

DEFS.' RESPONSE TO MOT. TO
STRIKE NAME FROM LAWSUIT - 5
CASE NO. 06-01284-JCC

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800