1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

OMNI INNOVATIONS, LLC, a Washington
Limited Liability Company, and EMILY ABBEY,

11

12

Plaintiffs,                                                            CASE NO. C06-1284-JCC

13

v.                                                                          ORDER

14

ASCENTIVE, LLC, a Delaware limited liability
company; ADAM SCHRAN, individually and as
part of his marital community; JOHN DOES, I-X,

15

16

Defendants.

17

18

This matter comes before the Court on Plaintiff Emily Abbey's "Motion & Declaration to Strike

Name from Lawsuit" (Dkt. No. 91), and Defendants' Response in opposition (Dkt. No. 92). Having

19

reviewed the papers filed and the record in this matter, the Court finds that oral argument is unnecessary

20

and rules as follows.

21

**I.      BACKGROUND**

22

On December 11, 2007, the Court granted plaintiff counsel's motion to withdraw. (Dkt. No. 90.)

23

As a result, Ms. Abbey is now *pro se*. She brings this motion, whereby she seeks to remove her name

24

from this action, claiming that she never authorized attorney Robert Siegel to add her as a Plaintiff. She

25

26

ORDER – 1

1    attaches emails documenting her repeated requests that Mr. Siegel have her removed. (Dkt. No. 91 at

2    4–11.) Defendants object to Ms. Abbey's motion, arguing that the Federal Rules of Civil Procedure do

3    not permit the action. In the alternative, Defendants request that, if the Court does choose to grant Ms.

4    Abbey's motion, it does so either with prejudice or on the condition that she pay Defendants' fees and

5    costs incurred in defending this action.

6    **II.    ANALYSIS**

7         As Defendants correctly point out, granting Ms. Abbey's motion will not dismiss the action,

8    because Omni Innovations, LLC, will remain as a Plaintiff. Accordingly, the Court construes Ms. Abbey's

9    motion as one brought pursuant to Federal Rule of Civil Procedure 21, which reads in relevant part, "[o]n

10   motion or on its own, the court may at any time, on just terms, add or drop a party," FED. R. CIV. P. 21.

11   Defendants' argument that Rule 41 (which governs dismissal of *claims*, not parties) does not permit Ms.

12   Abbey's motion is, therefore, not on point. *See* FED. R. CIV. P. 41.

13        Rule 21 vests a trial court with discretion to drop a party, provided that party is not indispensable

14   to the action. *See Sams v. Beech Aircraft Group*, 625 F.2d 273, 277 (9th Cir. 1980). Defendants do not

15   argue that Ms. Abbey is indispensable; instead, Defendants argue that allowing Ms. Abbey to be dropped

16   from the lawsuit will prejudice Defendants if the Court permits her to withdraw without prejudice or

17   without payment of Defendants' fees and costs. Defendants do not seriously challenge Ms. Abbey's claim

18   that she never authorized Mr. Siegel to associate her with this suit. Defendants simply speculate that an

19   "agreement" alluded to in the emails Ms. Abbey attaches to her motion "likely . . . permitted her lawyer

20   to name her as a plaintiff in this case despite her current protests." (Defs.' Opposition 2 (Dkt. No. 92).)

21   Essentially, Defendants express concern that Ms. Abbey is feigning a lack of interest in the case and might

22   later re-file the same action.

23        Assuming, for the sake of illustration, that Ms. Abbey had originally wanted to bring suit against

24   Defendants, she was not required to bring suit in conjunction with her co-Plaintiff, Omni

25   Innovations—she could have brought a wholly separate action. Viewed through this lens, dropping a

26   ORDER – 2

1  party-plaintiff in an action originally brought by two plaintiffs has the effect of severing the plaintiffs'

2  actions from each other and then dismissing the action brought by the dropped plaintiff. Thus, in granting

3  Ms. Abbey's motion, the Court may dismiss her action with prejudice, a condition that should sufficiently

4  address Defendants' concern.

5  **III.    CONCLUSION**

6      For the foregoing reasons, IT IS ORDERED:

7  1.    Ms. Abbey's motion (Dkt. No. 91) is GRANTED, and she shall be DROPPED as a
        plaintiff from this action. All claims brought by Ms. Abbey against Defendants in this
8        action are DISMISSED WITH PREJUDICE;

9  2.    The caption of this action shall be AMENDED accordingly;

10 3.    The remaining Plaintiff, Omni Innovations, LLC, shall file an amended complaint within
        ten (10) days of this Order. If Plaintiff fails to do so, the Court will entertain a motion to
11       dismiss this action in its entirety, with prejudice.

12    SO ORDERED this 15th day of January, 2008.

13

14

15

16                                John C. Coughenour
                                  United States District Judge
17

18

19

20

21

22

23

24

25

26   ORDER – 3